1  RHONDA L. NELSON (State Bar No. 116043)
   SEVERSON & WERSON
2  A Professional Corporation
   One Embarcadero Center, Suite 2600
3  San Francisco, CA 94111
   Telephone: (415) 398-3344
4  Facsimile: (415) 956-0439

5  Attorneys for Plaintiff
   IRETA IRBY
6

7

8                      UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT

10                       SAN FRANCISCO DIVISION

11

12  IRETA IRBY,                          )
                                         )
13              Plaintiff,               )    CASE NO. CV08-80004 MISC-PJH
                                         )
14        vs.                            )    DECLARATION OF RHONDA L.
                                         )    NELSON REGARDING POST-
15  BROOKS HENDERSON HADEN,              )    JUDGMENT INTEREST ON
                                         )    REGISTERED JUDGMENT FROM
16              Defendant.               )    ANOTHER DISTRICT
                                         )    28 U.S.C. §1961. [CCP §685]
17  ─────────────────────────────────── )

18
    I, Rhonda L. Nelson, declare and state:
19
          1.      I am a member of the law firm of Severson & Werson, attorneys of record for Ireta
20
    Irby ("Judgment Creditor") in this matter, and am duly licensed before all courts in the State of
21
    California. I make this declaration on behalf of the Judgment Creditor to set out the amount of
22
    post-judgment interest which has accrued on the Judgment which was renewed on September 25,
23
    1996, February 25, 1999, and January 10, 2008. I am authorized by the Judgment Creditor to
24
    make this declaration.
25
          2.      On November 21, 1988, the United States District Court for the District of Texas
26

27  entered judgment in favor of Ireta Irby and against Brooks Henderson Haden. The original
28

balance of the judgment was for $87,450.00. A copy of that Judgment is attached hereto as Exhibit "A".

3.    The Judgment has been renewed under the requirements of Texas law under Acts 1985 §34.001 (a copy of which is attached as Exhibit B) which requires only that a Writ of Execution be issued once every ten (10) years. Writs of execution were issued on September 25, 1996, and February 25, 1999. The Judgment from United States District Court for the Southern District of Texas was Certified on January 10, 2008, by that Court and registered in this Court on January 11, 2008.

4.    On January 10, 2008, the United States District Court for the Southern District of Texas Certified its judgment for registering in this district. A copy of the Certified Judgment is attached hereto as Exhibit "C" and is incorporated herein.

5.    Interest on the Judgment is determined by under 28 U.S.C. §1961. The rate of interest is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

6.    The rate of interest applicable as of November 10, 1988, pursuant to the Treasury Department historic rate is 8.15%. This would apply to a judgment entered on November 17, 1988. A copy of the table from which the interest rate is determined is attached as Exhibit "D".

7.    Interest is compounded annually as allowed by law. *Kaiser Aluminum & Chem. Corp. v. Bonjorno* 494 U.S. 827, 831-832 (1990).

8.    Interest has accrued as follows:

| Rate | BegDate | EndDate | Days Between | DailyRate | Accrued Interest* | Balance Compounded Annually(28 U.S.C.§1961) |
|---|---|---|---|---|---|---|
| | 11/17/1988 | 11/17/988 | 0 | | $0.00 | $87,450.00 |
| 8.15% | 11/17/1988 | 11/17/1989 | 365 | $19.53 | $7,127.18 | $94,577.18 |
| 8.15% | 11/17/1989 | 11/17/1990 | 365 | $21.12 | $7,708.04 | $102,285.21 |
| 8.15% | 11/17/1990 | 11/17/1991 | 365 | $22.84 | $8,336.25 | $110,621.46 |
| 8.15% | 11/17/1991 | 11/17/1992 | 366 | $24.70 | $9,040.35 | $119,661.81 |
| 8.15% | 11/17/1992 | 11/17/1993 | 365 | $26.72 | $9,752.44 | $129,414.25 |
| 8.15% | 11/17/1993 | 11/17/1994 | 365 | $28.90 | $10,547.26 | $139,961.51 |
| 8.15% | 11/17/1994 | 11/17/1995 | 365 | $31.25 | $11,406.86 | $151,368.37 |
| 8.15% | 11/17/1995 | 11/17/1996 | 366 | $33.80 | $12,370.32 | $163,738.69 |
| 8.15% | 11/17/1996 | 11/17/1997 | 365 | $36.56 | $13,344.70 | $177,083.39 |
| 8.15% | 11/17/1997 | 11/17/1998 | 365 | $39.54 | $14,432.30 | $191,515.69 |
| 8.15% | 11/17/1998 | 11/17/1999 | 365 | $42.76 | $15,608.53 | $207,124.22 |
| 8.15% | 11/17/1999 | 11/17/2000 | 366 | $46.25 | $16,926.87 | $224,051.09 |
| 8.15% | 11/17/2000 | 11/17/2001 | 365 | $50.03 | $18,260.16 | $242,311.26 |
| 8.15% | 11/17/2001 | 11/17/2002 | 365 | $54.11 | $19,748.37 | $262,059.62 |
| 8.15% | 11/17/2002 | 11/17/2003 | 365 | $58.51 | $21,357.86 | $283,417.48 |
| 8.15% | 11/17/2003 | 11/17/2004 | 366 | $63.28 | $23,161.81 | $306,579.29 |
| 8.15% | 11/17/2004 | 11/17/2005 | 365 | $68.46 | $24,986.21 | $331,565.50 |
| 8.15% | 11/17/2005 | 11/17/2006 | 365 | $74.03 | $27,022.59 | $358,588.09 |
| 8.15% | 11/17/2006 | 11/17/2007 | 365 | $80.07 | $29,224.93 | $387,813.02 |
| 8.15% | 11/17/2007 | 1/18/2008 | 62.00 | $86.59 | $5,368.82 | $393,181.84 |
| | | | TOTAL ACCRUED INTEREST | | $305,731.84 | |

9.	Previously, defendant Brooks H. Haden filed a Chapter 7 Bankruptcy petition in the Northern District of California in the Santa Rosa Division as Case No. 96-13933AJ. Plaintiff Irby filed a nondischargeability action against Haden. On April 17, 1998, the Hon. Alan J. Jaroslovsky issued an order determining that the Texas Judgment in favor of Irby is non-dischargeable. A copy of that judgment is attached hereto as Exhibit "E" and incorporated herein.

10.	In that Judgment for non-dischargeability, the United States Bankruptcy Court ordered costs of $685.20.

11. Ireta Irby applies for a writ of execution in the sum of $393,867.04 of this amount $305,731.84 represents accrued interest since November 17, 1988, and $685.20 represents awarded costs.

12. Judgment Debtor Brooks Henderson Haden has paid no part of the interest or principal owed on this judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 29th day of January 2008, at San Francisco, California.

/s/ Rhonda L. Nelson
Rhonda L. Nelson

-4-

# EXHIBIT A

# EXHIBIT A

5

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11·17·88
JESSE E. CLARK, CLERK
BY DEPUTY *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY        X
                 X
VS.            X    CIVIL ACTION NO. H-88-1781
                 X
BROOKS H. HADEN    X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this *17* day of *Nov.*, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By *[signature]*
               Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 2 1 1988
PM
12,1,2,8,4,5,6

# EXHIBIT B

# EXHIBIT B

§ 34.001. NO EXECUTION ON DORMANT JUDGMENT.  (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

(b)  If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant.  A second writ may be issued at any time within 10 years after issuance of the first writ.

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

# EXHIBIT C

# EXHIBIT C

AO 451 (Rev. 12/93)  Certification of Judgment

# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    TEXAS

IRETA IRBY

V.

BROOKS H. HADEN

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

 

Case Number:  H -88-1781

I, _____ MICHAEL N. MILBY _____ Clerk of the United States district court certify that the **PJH**

attached judgment is a true and correct copy of the original judgment entered in this action _____11/17/1988_____ , as it
<span>Date</span>

appears in the records of this court, and that

no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the

Federal Rules of Appellate Procedure has been filed.


**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.


____JAN 1 0 2008____
Date

**Michael N. Milby**

_____
Clerk

_____
(By) Deputy Clerk


*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal
Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a)
of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an
appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from
this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

## WRIT OF EXECUTION

*To the UNITED STATES MARSHAL for the Southern District of Texas:*

UNITED STATES COURT
SOUTHERN DISTRICT OF T[...]
FILED

**In Civil Action Number** | H-88-1781

**In this Division** | Houston

FEB 25 1999

MICHAEL N. MILBY, CLERK OF C[...]

**Which was styled:**

Ireta Irby

*- versus -*

Brooks H. Haden

**This judgment creditor:**

Ireta Irby

**Recovered a judgment of** | $ 87,450.00

**Plus costs of** | $ -0-

**Which judgment was entered on** | 11-17-88

**And bears interest at** | 8.55 %

**From this judgment debtor:**

Brooks H. Haden

You are commanded to take of the goods, land and choses-in-action of the judgment debtor enough to pay the judgment in full and the costs of this writ. Fail not, and return this writ, certifying how you executed it.

United States District Court
Southern District of Texas

*Michael N. Milby, Clerk*

**By:** _____ MICHAEL N. MILBY

Deputy Clerk

**Date Issued:** FEB 25 1999

SDTX-DC-24
02/03/98

RH 4487444

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

Ireta Irby

§
§
§
§
§
§    CASE NO.    H-88-1781
§
§
§
§

*versus*

Brooks H. Haden

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 25 1999    EC

### ABSTRACT OF JUDGMENT

MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| Date Judgment Entered: | 11-17-88 |
| Judgment in Favor of: | Ireta Irby -- Plaintiff |
| Judgment Against: | Brooks H. Haden -- Defendant |
| Amount of Judgment: | $ 87,450.00 |
| Amount of Costs: | $ -0- |
| Rate of Interest: | 8.55                                    % |
| Amount of Credits Since Judgment: | $ -0- |
| Amount Due: | $ 162,219.80 |

The above and foregoing is a correct Abstract of Judgment entered in the United States District Court, for the Southern District of Texas, in the above-captioned case.

**MICHAEL N. MILBY, Clerk**

DATED:    FEB 2 1999    By: _____

**Deputy Clerk**

4159560439    P.03/11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11·17·88
JESSE E. CLARK, CLERK
BY DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

IRETA IRBY

VS.

BROOKS H. HADEN

X
X
X    CIVIL ACTION NO. H-88-1781
X
X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of Nov., 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

UNITED STATES DISTRICT JUDGE

4155568459    P.05/11



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
PM
12,1,2,3,4,5,6

Nicolas De Lancie, Esq.
Lofton, De Lancie & Nels    305 Montgomery St., #1550
San Francisco, CA 94111

| XX | ATTORNEY FOR | XX | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |

NAME OF COURT: **United States District Court**
STREET ADDRESS: **Northern District of California**
MAILING ADDRESS: **450 Golden Gate Avenue, 16th Floor**
CITY AND ZIP CODE: **San Francisco, CA 94102**
BRANCH NAME: **(See attachment)**

PLAINTIFF: **IRETA IRBY**

DEFENDANT: **BROOKS H. HADEN**

**WRIT OF**

| XX | EXECUTION (Money Judgment) |
| | POSSESSION OF | | Personal Property |
| | | | Real Property |
| | SALE |

RECEIVED
UNITED STATES MARSHAL
96 SEP 25 PH 2: 45
NORTHERN DISTRICT
OF CALIFORNIA

CASE NUMBER: **FOREIGN JUDGMENT**
**96 034VRM**

FOR COURT USE ONLY

1. To the Sheriff or any Marshal or Constable of the County of:
   **San Francisco**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. (Name): **IRETA IRBY**
   is the [XX] judgment creditor · [ ] assignee of record
   whose address is shown ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~ (see attachment)

4. Judgment debtor (name and last known address):

   ```
   Brooks H. Haden
   19 Laurelwood Avenue
   Mill Valley, CA 94941
   ```

   [ ] additional judgment debtors on reverse

5. Judgment entered on (date): (see attachment)
6. [ ] Judgment renewed on (dates):
7. Notice of sale under this writ
   a. [XX] has not been requested.
   b. [ ] has been requested (see reverse).
8. [ ] Joint debtor information on reverse.

[SEAL]

9. [ ] See reverse for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [XX] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . $ 87,450.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . . $
13. Subtotal (add 11 and 12) . . . . . . . . . . $ 87,450.00
14. Credits . . . . . . . . . . . . . . . . . . . . . . $ 0
15. Subtotal (subtract 14 from 13) . . . . . $ 87,450.00
16. Interest after judgment (per filed affidavit CCP 685.050) . . . . . . . . . . . . . . . . . $ 68,402.67
17. Fee for issuance of writ . . . . . . . . . . $ 7.00
18. Total (add 15, 16, and 17) . . . . . . . . . $155,859.67
19. Levying officer:
   (a) Add daily interest from date of writ (at the legal rate on 15) of . . . . . . $ 23.9589
   (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3, CCP 699.220(b),(j)) . . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): SEP 1 2 1996    Clerk, by _____ , Deputy
THELMA NUDO
SEP 1 2 1996

— NOTICE TO PERSON SERVED: SEE REVERSE FOR IMPORTANT INFORMATION —
(Continued on reverse)

Form Approved by the
Judicial Council of California
EJ-130 (Rev. July 1, 1996)                    **WRIT OF EXECUTION**    Code of Civil Procedure, §§ 699.520, 712.010, 715.010

*See note on reverse.

| SHORT TITLE: | CASE NUMBER: FOREIGN JUDGMENT |
|---|---|
| Irby v. Haden | 96 034 VRW (U.S.D.C. So. Dist. Texas) |

—Items continued from the first page—

4. ☐ Additional judgment debtor *(name and last known address)*:

7. ☐ Notice of sale has been requested by *(name and address)*:

8. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
   a. on *(date)*:                                          a. on *(date)*:
   b. name and address of joint debtor:                    b. name and address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize)*:

9. ☐ *(Writ of Possession or Writ of Sale)*   Judgment was entered for the following:
   a. ☐ Possession of real property:   The complaint was filed on *(date)*:              *(Check (1) or (2))*:
       (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
          The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
       (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
          (a) $          was the daily rental value on the date the complaint was filed.
          (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
              dates *(specify)*:
   b. ☐ Possession of personal property
       ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property
   d. ☐ Sale of real property
   e. Description of property:

---

**— NOTICE TO PERSON SERVED —**

**WRIT OF EXECUTION OR SALE.**   Your rights and duties are indicated on the accompanying Notice of Levy.
**WRIT OF POSSESSION OF PERSONAL PROPERTY.**   If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
**WRIT OF POSSESSION OF REAL PROPERTY.**   If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
➤ A Claim of Right to Possession fo(    companies this writ (unless the Summons w(    rved in compliance with CCP 415.46).

Irby v. Haden                    Foreign Judgment  96 034 VRM

## ATTACHMENT TO WRIT OF EXECUTION (Money Judgment)

<u>Name of Court</u>:        The United States District Court for the Northern District of California
                      is the name of the court in which the foreign judgment has been
                      registered as foreign judgment number 96 034 VRM to enforce a
                      judgment originally entered in the United States District Court for the
                      Southern District of Texas, Houston Division in case number H-88-
                      1781.  The address of the District Court in the Southern District of
                      Texas is:  Bob Casey Federal Building, 151 Rusk Avenue, Houston,
                      Texas 77002.

<u>Item 3</u>:           The address of the judgment creditor is:

                      403 Quail Lane
                      Ruston, LA 71270

<u>Item 5</u>:           The Judgment for the amount of $87,450.00 was entered in the United States
                      District Court for the Southern District of Texas, Houston Division, on
                      November 17, 1988.

                      The "Certification of Judgment for Registration in Another District," certifying
                      the Judgment, was filed in the United States District Court for the Northern
                      District of California on August 14, 1996 as foreign judgment number 96 034
                      VRM.

# EXHIBIT D

# EXHIBIT D

| Date of Auction | Equivalent Coupon Issue Yield | Date of Auction | Equivalent Coupon Issue Yield |
|---|---|---|---|
| 08/29/85 | 7.91% | 05/31/90 | 8.24% |
| 09/26/85 | 7.87% | 06/28/90 | 8.09% |
| 10/24/85 | 8.08% | 07/26/90 | 7.88% |
| 11/26/85 | 7.37% | 08/23/90 | 7.95% |
| 12/19/85 | 7.57% | 09/20/90 | 7.78% |
| 01/16/86 | 7.85% | 10/26/90 | 7.51% |
| 02/13/86 | 7.71% | 11/15/90 | 7.28% |
| 03/13/86 | 7.06% | 12/13/90 | 7.02% |
| 04/10/86 | 6.31% | 01/10/91 | 6.62% |
| 05/13/86 | 6.56% | 02/12/91 | 6.21% |
| 06/05/86 | 7.03% | 03/07/91 | 6.46% |
| 07/08/86 | 6.35% | 04/04/91 | 6.26% |
| 07/31/86 | 6.18% | 05/02/91 | 6.07% |
| 08/28/86 | 5.63% | 05/30/91 | 6.09% |
| 09/25/86 | 5.79% | 06/27/91 | 6.39% |
| 10/23/86 | 5.75% | 07/25/91 | 6.26% |
| 11/20/86 | 5.77% | 08/22/91 | 5.68% |
| 12/23/86 | 5.93% | 09/19/91 | 5.57% |
| 01/15/87 | 5.75% | 10/17/91 | 5.42% |
| 02/12/87 | 6.09% | 11/14/91 | 4.98% |
| 03/12/87 | 6.04% | 12/12/91 | 4.41% |
| 04/09/87 | 6.30% | 01/09/92 | 4.02% |
| 05/12/87 | 7.02% | 02/06/92 | 4.21% |
| 06/04/87 | 7.00% | 03/05/92 | 4.58% |
| 07/02/87 | 6.64% | 04/02/92 | 4.55% |
| 08/04/87 | 6.98% | 04/30/92 | 4.40% |
| 09/01/87 | 7.22% | 05/28/92 | 4.26% |
| 09/30/87 | 7.88% | 06/25/92 | 4.11% |
| 10/22/87 | 6.90% | 07/23/92 | 3.51% |
| 11/19/87 | 6.93% | 08/20/92 | 3.41% |
| 12/17/87 | 7.22% | 09/17/92 | 3.13% |
| 01/14/88 | 7.14% | 10/15/92 | 3.24% |
| 02/11/88 | 6.59% | 11/17/92 | 3.76% |
| 03/10/88 | 6.71% | 12/10/92 | 3.72% |
| 04/07/88 | 7.01% | 01/07/93 | 3.67% |
| 05/05/88 | 7.20% | 02/04/93 | 3.45% |
| 06/02/88 | 7.59% | 03/04/93 | 3.21% |
| 06/30/88 | 7.54% | 04/06/93 | 3.37% |
| 07/28/88 | 7.95% | 04/30/93 | 3.25% |
| 08/25/88 | 8.32% | 05/27/93 | 3.54% |
| 09/22/88 | 8.04% | 06/24/93 | 3.54% |
| 10/20/88 | 8.15% | 07/22/93 | 3.58% |
| 11/17/88 | 8.55% | 08/19/93 | 3.43% |
| 12/15/88 | 9.20% | 09/16/93 | 3.40% |
| 01/12/89 | 9.16% | 10/14/93 | 3.38% |
| 02/15/89 | 9.32% | 11/16/93 | 3.57% |
| 03/09/89 | 9.43% | 12/09/93 | 3.61% |
| 04/06/89 | 9.31% | 01/06/94 | 3.67% |
| 05/04/89 | 9.15% | 02/03/94 | 3.74% |
| 06/01/89 | 8.85% | 03/03/94 | 4.22% |
| 06/29/89 | 8.16% | 03/31/94 | 4.51% |
| 07/27/89 | 7.75% | 04/28/94 | 5.02% |
| 08/24/89 | 8.27% | 5/26/94 | 5.28% |
| 09/21/89 | 8.19% | 6/23/94 | 5.31% |
| 10/19/89 | 7.90% | 7/21/94 | 5.49% |
| 11/16/89 | 7.69% | 8/18/94 | 5.67% |
| 12/11/89 | 7.66% | 9/15/94 | 5.69% |
| 01/11/90 | 7.74% | 10/13/94 | 6.06% |
| 02/13/90 | 7.97% | 11/10/94 | 6.482% |
| 03/08/90 | 8.36% | 12/08/94 | 7.22% |
| 04/05/90 | 8.32% | 1/5/95 | 7.34% |
| 05/03/90 | 8.70% | 2/2/95 | 7.03% |

Complete Annotation Materials, see Title 28 U.S.C.A.

1119

# EXHIBIT E

# EXHIBIT E

1    LOFTON, De LANCIE & NELSON
    NICOLAS De LANCIE (State Bar No. 84934)
2    RHONDA L. NELSON (State Bar No. 116043)
    505 Montgomery Street, Suite 1550
3    San Francisco, California 94111-2584
    Telephone: (415) 772-1900
4

    Attorneys for Plaintiff
5    IRETA IRBY

ORIGINAL FILED

APR 27 1998

KEENAN G. CASADY, CLERK
U.S.Bankruptcy Court-Santa Rosa

6

7

8            UNITED STATES BANKRUPTCY COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SANTA ROSA DIVISION

11

12    In re                       )     Case No. 96-13933 AJ
                            )     Chapter 7
13    BROOKS H. HADEN,         )

14              Debtor.      )

15                            )     Adversary No. 97-1034-AJ
    IRETA IRBY,              )
16                            )
             Plaintiff,    )
17                            )
      v.                     )
18                            )
    BROOKS H. HADEN,         )
19                            )
             Defendant.    )
20                            )

21

22                         **JUDGMENT**

23

24        This action came on regularly for trial on April 14, 1998, in the United States

25    Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable

26    Alan Jaroslovsky presiding. Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with

27    plaintiff Ireta Irby. Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.

28    Macdonald appeared with defendant Brooks H. Haden.

COPY

JUDGMENT
96097\Judgment

ENTERED   APR 2 8 1998   .

Page 1

1    After hearing the evidence and arguments of counsel, judgment is hereby

2  entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3  plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4  November 17, 1988, in the United States District Court for the Southern District of Texas,

5  Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6  Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7  Dated:    APR 27 1998

8

9                                          **ALAN JAROSLOVSKY**

10                                         ALAN JAROSLOVSKY
                                           United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT
96097\judgment                                                          Page 2

1

<u>PROOF OF SERVICE</u>

2

3
        I, the undersigned, declare as follows:

4
        I am over the age of 18 years, and not a party to this action.  My business address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111.  I am readily

5
familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so

6
collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, at San Francisco, California, I served the following

7
document(s), entitled **JUDGMENT**, by placing copies of said document(s) in sealed envelopes and served in the manner(s) described below on the addressee(s) listed below.

8

9
  [ X ]  **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's San Francisco office following ordinary business practices, addressed to the addressee(s) designated.

10

11
  [  ]  **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express overnight courier to the addressee(s) designated.

12

13
  [  ]  **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

14

15
  [  ]  **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile to the telephone number(s) of the addressee(s) designated.

16
      Iain A. Macdonald, Esq.
      Law Offices of Iain A. Macdonald

17
      Two Embarcadero Center, Suite 1670
      San Francisco, CA  94111-3930

18
        I declare under penalty of perjury under the laws of the State of California that

19
the foregoing is true and correct.  Executed on April 20, 1998, in San Francisco, California.

20

21
Béla Nuss

22

23

24

25

26

27

28

# POST JUDGEMENT INTEREST RATES

Interest is allowed on most judgments entered in the federal courts from the date of judgment until paid. The types of judgments generally fall under one of three statutes: 28 U.S.C. 1961, which governs civil and bankruptcy adversary judgment interest; 18 U.S.C. 3612 (f)(2), which governs criminal judgments or sentences; and 40 U.S.C. 3116, which governs deficiency judgments in condemnation proceedings. These statutory references should be checked with reliable statutory data bases such as Westlaw. Lexis, or other appropriately maintained sources of the U.S. Code for the latest changes.

Under each of the above statutes the rate of interest used in calculating the amount of post judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System. Prior to December 21, 2000 the rate of interest allowed under the statutes cited above was based on the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week t- bills settled immediately preceding entry of the judgment. The way the rate is used differs under each of the cited statutes, so those sections should be reviewed to determine how to apply it to any particular judgment.

## Current Applicable Rates

The current rate applicable under these sections is provided by the Federal Reserve and published each Monday for the preceding week (unless that day is a holiday in which case the rate is published on the next business day).

The specific rate referred to in the statutes is found in the table under the two columns headed WEEK ENDING. The two dates under those columns refer to the Friday averages of the last two weeks. Under those columns you need to go down to the row which states U.S. government securities - Treasury constant maturities nominal[10] - 1-year. Where the row and columns meet - that is the rate you use.

Prior current rates also are available by selecting the week preceding the date of judgment (or the date interest would otherwise apply under the above) and selecting the release date preceding the date of judgment. NOTE: if your judgment date is the same as the release date, you should select the prior week's release. REASON: the releases are considered to be issued at the close of business on the date of release.

## Rates Prior to December 21, 2000

Rates under the prior language were based on the average accepted auction price for the latest auction of 52 week t-bills.