1  BARTLETT, LEADER-PICONE & YOUNG, LLP
   Malcolm Leader-Picone *(State Bar No. 104620)*
2  2201 Broadway, Suite 803
   Oakland, CA  94612
3  Telephone:  (510) 444-2404
   Facsimile:  (510) 444-1291
4
   Attorneys for Defendant, specially appearing
5  BROOKS HENDERSON HADEN

6

7              **UNITED STATES DISTRICT COURT**

8             **NORTHERN DISTRICT OF CALIFORNIA**

9                **SAN FRANCISCO DIVISION**

10
   IRETA IRBY                            )   No.  3:08-c-80004-PJH
11                                        )
              Plaintiff,                  )   **NOTICE OF AND APPLICATION OF**
12                                        )   **DEFENDANT BROOKS HADEN FOR**
   vs.                                    )   **TEMPORARY RESTRAINING ORDER**
13                                        )   **TO PREVENT GARNISHMENT OF**
   BROOKS HENDERSON HADEN                 )   **WAGES UNDER EXPIRED**
14                                        )   **JUDGMENT; and APPLICATION FOR**
              Defendants.                 )   **ORDER VACATING JANUARY 11, 2008**
15                                        )   **REGISTRATION OF FOREIGN**
                                          )   **JUDGMENT; DECLARATION OF**
16                                        )   **MALCOLM LEADER-PICONE.**
                                          )
17                                        )
                                          )   Date:   TBA
18                                        )   Time:   TBA
                                          )   Crtrm:  3, 17th Floor
19                                        )   Hon. Phyllis J. Hamilton
                                          )
20                                        )
21  _____  )

22        __NOTICE OF APPLICATION FOR TEMPORARY RESTRAINING ORDER__

23        **TO THE COURT, TO PLAINTIFF IRETA IRBY THROUGH HER COUNSEL OF**

24  **RECORD, TO THE UNITED STATES MARSHAL, AND TO MECHANICS BANK:**

25        **PLEASE TAKE NOTICE** that defendant Brooks Haden does hereby apply to the Court

26  for a Temporary Restraining Order to prevent enforcement of the Writ of Execution, entered on March 3,

27  2008, and the Earnings Withholdings Order, dated March 7, 2008, which was served on Mechanics Bank,

28

_____
**NOTICE OF APPLICATION FOR TRO, etc.**                    **Case No. 3:08-c-80004-PJH**

Mr. Haden's employer. The grounds for the Temporary Restraining Order are (1) that defendant will be irreparably harmed by any interference with his receipt of his wages; (2) that the registration of the Texas judgment in the Northern District of California on January 11, 2008 was erroneous and must be vacated because the California judgment on the underlying debt expired as of August 20, 2006 and was never renewed in accordance with California law; and (3) that the registration of the Texas judgment in the Northern District of California on January 11, 2008 as well as the Writ of Execution, entered on March 3, 2008, were obtained by a fraud upon the Court in that this Court's prior judgment had expired on April 20, 2006, and plaintiff's counsel sought the Writ of Execution from this Court by failing to disclose to the Court in her declaration that this Court's prior judgment had not been renewed and had expired under California law as of April 20, 2006.

This Application is made based upon this Memorandum and the attached exhibits, as well as upon judicial notice of the Court's file with respect to the original registration of the Texas judgment under this Court's Case No. 3:96-fj-000034-VRW, and upon such other and further evidence and argument as may be adduced prior to any ruling on the Application.

DATED:  March 26, 2008.                     BARTLETT, LEADER-PICONE & YOUNG, LLP


                                            BY: **/s/ Malcolm Leader-Picone #104620**
                                                MALCOLM LEADER-PICONE
                                                Attorneys for Defendant
                                                BROOKS HENDERSON HADEN

NOTICE OF APPLICATION FOR TRO, etc.                     Case No. 3:08-c-80004-PJH

-ii-

# APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER VACATING REGISTRATION OF JUDGMENT ON JANUARY 11, 2008

## I.     PRELIMINARY STATEMENT.

Defendant Brooks Haden seeks the Court's immediate intervention into an illegal attempt to garnish his wages. Although plaintiff Ireta Irby did obtain a judgment against Mr. Haden in Texas in 1988, and although that Texas judgment may still be enforceable against Mr. Haden in Texas, the Court must prevent plaintiff's attempts to enforce the judgment in California at this time, because plaintiff allowed her California judgment based upon the Texas judgment to expire. Consequently, plaintiff is not permitted another California judgment on the same claim through her devious registration of the Texas judgment for a second time.

## II.     STATEMENT OF FACTS.

The following facts are taken from the Declaration of Rhonda L. Nelson Regarding Post-Judgment Interest on Registered Judgment from Another District, filed on January 29, 2008 in this action ("*Nelson Decl.*")[1], and the Declaration of Malcolm Leader-Picone ("*Leader-Picone Decl.*") that follows this Memorandum:

1.     On November 17, 1988, plaintiff Ireta Irby obtained a judgment against defendant Brooks Haden in the United States District Court for the Southern District of Texas ("Texas Judgment"). See, *Exh.* "A" to *Nelson Decl.*, a courtesy copy of which is being served with this Application.

2.     On August 20, 1996, plaintiff registered the Texas Judgment in the Northern District of California. See, *Exh.* "A" to the *Leader-Picone Decl.* The registered judgment, which will be referred to herein as the California Judgment, was assigned to Judge Walker with the case number 3:96-fj-00034-VRW.

3.     The California Judgment was never renewed and expired by operation of law on August 20, 2006, ten years after it came into existence.

4.     On January 10, 2008, plaintiff obtained a new Certification of Judgment for Registration in Another District from the United States District Court for the Southern District of Texas. See, *Exh.* "C" to the *Nelson Decl.*

---

[1] For the Court's convenience, a copy of Ms. Nelson's Declaration is submitted as an exhibit to this Application.

5.      The Clerk of this Court registered the Texas Judgment for a second time on January 11, 2008, under case number 3:08-mc-80004-PJH and assigned the case to the Hon. Phyllis J. Hamilton. See, *Exh*. "C" to the *Nelson Decl*.

6.      On January 29, 2008, plaintiff's counsel filed the Nelson Declaration in support of issuance of a Writ of Execution. The Nelson Declaration does not disclose that the Texas Judgment had been registered in California on August 20, 1996 and expired by operation of law on August 20, 2006.

7.      According to the Court's docket for this action, a Writ of Execution was entered on March 3, 2008; and an Earnings Withholding Order was issued on March 7, 2008. See, *Exh*. "B" to the *Leader-Picone Decl*.

8.      Mr. Haden's wages will be garnished on April 1, 2008, unless the Court intervenes and issues a temporary restraining order preventing the garnishment.

## III.      <u>ARGUMENT.</u>

The expired California judgment could not be brought back from the dead by means of a re-registration of the foreign judgment. Consequently, all efforts to enforce the Texas Judgment in California must be restrained, temporarily and permanently.

### A.      REGISTRATION OF THE TEXAS JUDGMENT ON AUGUST 20, 1996 CREATED A CALIFORNIA JUDGMENT WITH A TEN YEAR DURATION.

Pursuant to Section 1963 of Title 28, a judgment entered in one District Court can be registered in another District Court:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . in any judicial district, when the judgment has become final . . . . 28 *U.S.C*. § 1963.

In addition, Rule 69 of the Federal Rules of Civil Procedure requires that, except as otherwise provided by statute, district courts follow state practice regarding the collection and enforcement of judgments. *Ortland v. County of Tehama*, 939 F. Supp. 1465, 1473 (E.D. Cal. 1996). Together, these statutes establish a federal policy that District Courts must follow and respect the forum state's laws governing enforcement of judgments.

In this case, these statutes dictate that California law (not Texas law, as plaintiff might try to argue) governs the enforceability of the two judgments that plaintiff registered in this Court. As to those, the Ninth Circuit has clearly and directly pronounced how the federal statute for registration of judgment from other districts interacts with California statutes governing enforcement of judgments, and in particular with the California statute of limitations on enforcement of a judgment (*Cal. Code Civ. Proc.*, § 683.020 (formerly § 681)). In the case of *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), the Ninth Circuit held that a registration under 28 U.S.C. section 1963 creates a "new judgment" for statute of limitations purposes, which the judgment creditor has ten years from the date of registration in which to enforce the judgment under California law.

In *Marx*, the judgment creditor obtained a judgment against Go Publishing in 1971 in the United States District Court for the District of Columbia. In 1980, Marx registered the judgment in the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1963. In 1982, Marx commenced proceedings in the District Court for the Central District of California to enforce the judgment. Go Publishing resisted enforcement and argued a statute of limitations defense under Code of Civil Procedure section 681.[2] The district court rejected that argument, and the Ninth Circuit, in affirming the district court's ruling, analyzed the situation as follows:

> The California period of limitations for enforcement of judgments is ten years.
> *See Cal. Code Civ. Proc.* § 681. Go Publishing invoked the statute as a bar
> to the proceedings. The issue is whether registration under 28 U.S.C. § 1963
> creates a new judgment for statute of limitations purposes, giving the judgment-
> creditor ten years from the date of registration in which to satisfy the judgment.
> Under analogous California law, the ten year period for a valid and enforceable
> judgment of a sister state runs anew from the time of its filing in the state
> superior court, provided that at the time of registration the judgment is not then
> time barred and other requisites of the statute are fulfilled. [Citations.] Go
> Publishing argues, however, that this state rule is inapplicable where a district
> court judgment is registered under the federal statute. We disagree.
>
> The California statute provides for registration of judgments of sister states, and
> the provisions of 28 *U.S.C.* § 1963 are its federal analogue. **We discern no
> reason why the statute of limitations rule of the state should not apply to
> the federal proceeding. The registration of the district court judgment**

---

[2] The current statute now is Code of Civil Procedure section 683.020.

APPLICATION FOR TRO, etc.                                    Case No. 3:08-c-80004-PJH

-3-

under 28 *U.S.C.* § 1963, the judgment not then being time barred, *Cal. Code Civ. Proc.* § 337.5, commenced anew the running of the applicable statute, which is *Cal. Code Civ. Proc.* § 681. *Id*. at 1273; emphasis added.

In applying *Marx* to the present case, it cannot be contested that the registration of the Texas Judgment of August 20, 1996 created a new California judgment. That California judgment was subject to all California laws governing enforcement of judgments, including the rules governing the duration and renewal of California judgments. Thus, in *Marx*, the Ninth Circuit held that the judgment in that case had a ten year lifespan under California Code of Civil Procedure section 681, the predecessor to California Code of Civil Procedure section 683.020, from the date of registration in the District Court.

Similarly, in *Epps v. Russell*, 62 Cal.App.3d 201 (1976), cited by the Ninth Circuit in *Marx*, the judgment creditor registered his Texas judgment in a California superior court under the Sister State and Foreign Money Judgments Act (*Cal. Code Civ. Proc.*, §§ 1710.10-1710.65). The court held that the issuance of a California judgment under the Sister State and Foreign Money Judgments Act created a new judgment that was then entitled to the ten year statute of limitations for enforcement of judgments under California law.

In this case, Ms. Irby's California Judgment, obtained on August 20, 1996, likewise had a ten year lifespan in California from the date of registration, in accordance with California Code of Civil Procedure section 683.020.

**B.    PLAINTIFF FAILED TO RENEW HER CALIFORNIA JUDGMENT WITHIN 10 YEARS, SO IT IS NOW UNENFORCEABLE, AND ENFORCEMENT MUST CEASE.**

California Code of Civil Procedure section 683.020 provides:

Except as otherwise provided by statute, **upon the expiration of 10 years after the date of entry of a money judgment** or a judgment for possession or sale of property:

(a) **The judgment may not be enforced**.

(b) **All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease**.

(c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished. (Emphasis added.)

Under the plain language of section 683.020, absent an renewal of the California Judgment,

---

APPLICATION FOR TRO, etc.                                      Case No. 3:08-c-80004-PJH

prior to August 20, 2006, after August 20, 2006, the judgment could not be enforced and all enforcement procedures pursuant to the judgment had to cease.

If this seems a harsh result, it must be kept in mind that, under Rule 69 of the Federal Rules of Civil Procedure, and in accordance with the *Marx* case, plaintiff could have renewed her California judgment at any time before it expired, utilizing the mechanism set forth in California Code of Civil Procedure section 683.110 and following.[3] Upon application, a California judgment can be renewed for successive terms of 10 years. *Cal. Code Civ. Proc.*, § 683.120.[4] The application to renew the judgment must be filed "before the expiration of the 10-year period of enforceability provided by Section 683.020 or, if the judgment is a renewed judgment, at any time before the expiration of the 10-year period of enforceability of the renewed judgment provided by Section 683.120." *Cal. Code Civ. Proc.*, § 683.130(a).

There is nothing at all that prevented plaintiff from utilizing the procedures made available by California law to keep her California Judgment alive and enforceable. So, what happened here? Obviously, either Ms. Irby or her lawyer forgot to calendar the expiration date of the California judgment that they had obtained in 1996. Regardless of the cause of this situation, and the law leaves Ms. Irby and her counsel to sort that one out, the California Judgment was not renewed and it is not enforceable now and it all enforcement activities must cease immediately.

## C. PLAINTIFF IS NOT PERMITTED TO AVOID THE RUNNING OF THE STATUTE OF LIMITATIONS ON ENFORCEMENT OF HER JUDGMENT BY OBTAINING A NEW JUDGMENT.

Plaintiff will argue vociferously that she is not attempting to enforce the California Judgment, that is the judgment created by registration on August 20, 1996. Instead, plaintiff will claim, she is enforcing a new judgment based upon the January 11, 2008 registration. If California Code of Civil Procedure section 683.020 was not clear enough that the Texas Judgment, as registered in California, could not be enforced and

---

[3] "The period of enforceability of a money judgment or a judgment for possession or sale of property may be extended by renewal of the judgment as provided in this article." *Cal. Code Civ. Proc.*, § 683.110(a).

[4] "(a)The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered. ¶ (b) Except as otherwise provided in this article, the filing of the application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed. . . ." *Cal. Code Civ. Proc.*, § 683.120.

APPLICATION FOR TRO, etc.                                          Case No. 3:08-c-80004-PJH

-5-

all enforcement procedures pursuant to the judgment had to cease, then California Code of Civil Procedure section 683.050 should finalize it.

California Code of Civil Procedure section 683.050 permits a separate action to enforce a judgment to be filed at any time within the same ten year window as section 683.020. Section 683.050 is, depending on your perspective and the circumstances, a permitted alternative to renewal of a California judgment or an end-run around the renewal procedure. Thus, in *Barkley v. City of Blue Lake* (1993) 18 Cal.App.4th 1745, 1749, when the judgment creditor failed to enforce the judgment within 10 years, and also did not renew the judgment, he was permitted to file a separate action to enforce the judgment prior to the expiration of the 10 year statute of limitation. In *Barkley*, the California Court of Appeal held that a separate action to enforce the judgment was a viable alternative to renewal of the judgment, provided that the separate action was filed within the 10 year period, citing *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 636-637. *Pratali* held:

> A separate action on the judgment is expressly authorized in section 683.050 [of the Code of Civil Procedure] which states: "Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5." . . . The lawmakers did not intend the provisions to renew a judgment every 10 years to replace the then sole existing method of bringing an action on a judgment to retain the enforceability of a judgment. . .. [¶] [Instead], this alternate method to extend the life of a judgment was expressly authorized by statute and is proper in this case if the action on the judgment was filed within the 10-year period of limitations prescribed in section 337.5. *Pratali, supra*, at 637-638.

Re-registration of the Texas Judgment was analogous to plaintiff suing to obtain a second judgment by a separate action on the same liability. Thus, arguably, plaintiff might have been permitted to register the Texas Judgment for a second time within the ten year period of the statute of limitations running from the registration of the California Judgment on August 20, 1996. However, section 683.050 and *Barkley* and *Pratali,* make clear that it was too late for plaintiff to obtain a second registration of the Texas Judgment in California after the ten years had run on August 20, 2006. Therefore, the Court must vacate the January 11, 2008 registration of the Texas Judgment, and order the cessation of all enforcement activities.

APPLICATION FOR TRO, etc.                                    Case No. 3:08-c-80004-PJH

-6-

### D.   PLAINTIFF DECEIVED THE COURT IN SEEKING TO ENFORCE HER JUDGMENT AFTER SHE ALLOWED THE JUDGMENT TO LAPSE THROUGH HER OWN INACTION.

Plaintiff cannot dispute that a judgment creditor in California is only entitled to ten years in which to act to preserve the judgment from extinction, either by renewal of the judgment under section 683.110, *et seq.*, or by a separate action to enforce the judgment, or even, arguably, by re-registering the foreign judgment. Plaintiff did none of those things before August 20, 2006. Therefore, her judgment lapse. There is simply no procedure under California law to revive a judgment once it has been permitted to expire by the passage of time.

Nevertheless, when plaintiff or her counsel discovered the error and realized that the California Judgment had become unenforceable, plaintiff attempted an end run around the clear prohibition on enforcement of the expired California judgment, by re-registering the Texas Judgment in this Court.[5] In so doing, plaintiff and her counsel thumbed their noses at California law and procedure, and ignored Rule 69 of the Federal Rules of Civil Procedure and 28 *U.S.C*. § 1963 and the *Marx* case. They figured they could fool the District Court Clerk into registering the Texas Judgment for a second time. Their deception was easy enough to accomplish, because , absent a disclosure of the prior registration by plaintiff's counsel, there was no way for the Clerk to know that there was a prior judgment on the same debt. Consequently, the Clerk proceeded to register the Texas Judgment for a second time.

Then, plaintiff's counsel compounded her duplicity by filing a declaration in support of a Writ of Execution in which she purported to relay to the Court the history of the Texas Judgment and the attempts to enforce and extend it. Except that plaintiff's counsel deliberately left out of her procedural history the fact

---

[5] Plaintiff re-registered the Texas Judgment on January 11, 2008, after having been thwarted in her attempt to graft the damage award of the Texas Judgment to a declaratory judgment of non-dischargeability in the Bankruptcy Court. See, copy of docket attached as Exhibit "C" hereto. In moving to vacate the plaintiff's deceptive *ex parte* renewal of the Bankruptcy Court judgment, defendant's counsel pointed out in their brief that a renewal of the California Judgment was time barred under Code of Civil Procedure section 683.020. See, copy of brief attached as Exhibit "D" hereto. Plaintiff then stipulated to entry of an order vacating the improper renewal of the bankruptcy judgment, but not until after plaintiff had re-registered the Texas Judgment on January 11, 2008. See, copy of order attached as Exhibit "E" hereto. It is not unreasonable to infer that plaintiff's attempt to misleadingly renew the Bankruptcy Court judgment was plaintiff's first attempt to get around the failure to timely renew the August 20, 1996 California Judgment.

---

APPLICATION FOR TRO, etc.                                            Case No. 3:08-c-80004-PJH

that the Texas Judgment had been registered in this Court on August 20, 1996, and had been assigned with a case number to Judge Walker. Instead, plaintiff's counsel pretended that she was registering the judgment for the very first time.

The bottom line is that plaintiff's belated attempt to keep her judgment alive in California by this deceptive second registration, was too little too late. Plaintiff registered her Texas Judgment with the District Court for the Northern District of California on **August 20, 1996**. Since the California period of limitations for enforcement of judgment under Code of Civil Procedure section 683.020 is ten years, plaintiff had, under *Marx*, until **August 20, 2006** to file her renewal of judgment, or file a new action on the judgment or, possibly, even to re-register her Texas Judgment. However, it is undisputed that plaintiff failed to do so since her second registration of the Texas Judgment was filed on **January 11, 2008, seventeen months after the statute had run**! Based on the foregoing, and the principals set forth in *Marx,* plaintiff was time barred from enforcing her judgment in California and the registration must be vacated and all enforcement stopped.

### E. DEFENDANT IS ENTITLED TO A TEMPORARY RESTRAINING ORDER TO PREVENT THE GARNISHMENT OF HIS WAGES.

A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction. See 11A Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2951, at 253 (2d ed. 1995). A temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as it is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. The propriety of preliminary injunctive relief requires consideration of two factors, the likelihood of the plaintiff's success on the merits and the relative balance of potential hardships to the plaintiff, defendant, and the public. *State of Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir. 1988). These two factors have been incorporated into a test under which the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of

irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Los Angeles Memorial Coliseum Comm. v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). These formulations are not different tests, but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. *Big Country Foods, Inc. v. Board of Educ. of the Anchorage School Dist*., 868 F.2d 1085, 1088 (9th Cir. 1989).

In this case, the above points and authorities demonstrate that defendant has more than a probable likelihood of success on the merits and a huge burden if a TRO is not issued. On the other side of the equation, plaintiff will not be harmed in the slightest if the TRO issues and she is delayed in garnishing defendant's wages. Add to the equation that plaintiff obtained the second registration of the Texas Judgment and the Writ of Execution by perpetrating a deceit upon the Court by her failure to disclose the prior judgment, the balance of interests dictates that the Court should issue the TRO until it can rule upon the merits of defendant's contention that enforcement of the judgment is barred.

## IV.   <u>CONCLUSION</u>.

For the foregoing reasons, defendant urges the Court to issue a TRO and eventually rule that plaintiff's Texas Judgment has been rendered unenforceable in California by plaintiff's failure to timely renew the judgment under California law.

Respectfully submitted,

DATED:  March 26, 2008.                    BARTLETT, LEADER-PICONE & YOUNG, LLP


BY: <u>/s/ Malcolm Leader-Picone #104620</u>
      MALCOLM LEADER-PICONE
      Attorneys for Defendant
      BROOKS HENDERSON HADEN

## DECLARATION OF MALCOLM LEADER-PICONE

I, Malcolm Leader-Picone, declare:

1.    I am an attorney at law, licensed to practice before this Court, and counsel for plaintiff herein.  I have personal knowledge of the matters stated herein and, if sworn, could and would testify competently thereto.

2.    On November 17, 1988, plaintiff Ireta Irby obtained a judgment against defendant Brooks Haden in the United States District Court for the Southern District of Texas ("Texas Judgment"). See, *Exh.* "A" to *Nelson Decl.*, a courtesy copy of which is being served with this Application, and attached electronically to the electronically filed Application.

3.    On August 20, 1996, plaintiff registered the Texas Judgment in the Northern District of California. A true and correct copy of the registration document is attached hereto as Exhibit "A". The registered judgment, which will be referred to herein as the California Judgment, was assigned to Judge Walker with the case number 3:96-fj-00034-VRW.

4.    The California Judgment was never renewed and expired by operation of law on August 20, 2006, ten years after it came into existence.

5.    On October 16 ,2007, plaintiff's counsel applied to renew the declaratory judgment in Bankruptcy Court Case No. 97-01034, and the Bankruptcy Court Clerk, relying upon a Declaration of Rhonda L. Nelson, issued a Renewal of Judgment in the amount of $434,673.51. See, copy of Bankruptcy Court docket that I printed out from PACER, which is Exhibit "C" hereto.

6.    In moving to vacate the plaintiff's deceptive *ex parte* renewal of the Bankruptcy Court judgment, my partner pointed out in our brief that a renewal of the California Judgment was time barred under Code of Civil Procedure section 683.020. See, copy of brief attached hereto as Exhibit "D". the brief also argued that the Bankruptcy Court judgment was merely a declaratory judgment and that the renewed judgment improperly attempted to add in the amount of the Texas Judgment.

7.    Plaintiff next moved to amend the Bankruptcy Court judgment, but the Court refused to process the motion; leading plaintiff to withdraw the motion to amend. Attached hereto as Exhibit "E" is a

**LEADER-PICONE DECLARATION IN SUPPORT OF
APPLICATION FOR TRO, etc.**                                   **Case No. 3:08-c-80004-PJH**

-i-

true and correct copy of plaintiff's Notice of Withdrawal of Motion to Amend Judgment, including the attached email from Judge Jaroslovsky, informing plaintiff that it was not a mistake that the Bankruptcy Court judgment was only a declaratory judgment and not a money judgment.

8.      Plaintiff then stipulated to entry of an order vacating the improper renewal of the bankruptcy judgment, but not until after plaintiff had re-registered the Texas Judgment on January 11, 2008. See, copy of order attached hereto as Exhibit "F".

9.      It is not unreasonable to infer that plaintiff's attempt to misleadingly renew the Bankruptcy Court judgment was plaintiff's first attempt to get around the failure to timely renew the August 20, 1996 California Judgment.

10.     On January 10, 2008, plaintiff obtained a new Certification of Judgment for Registration in Another District from the United States District Court for the Southern District of Texas. See, *Exh.* "C" to the *Nelson Decl.*

11.     The Clerk of this Court registered the Texas Judgment for a second time on January 11, 2008, under case number 3:08-mc-80004-PJH and assigned the case to the Hon. Phyllis J. Hamilton. See, *Exh.* "C" to the *Nelson Decl.*

12.     On January 29, 2008, plaintiff's counsel filed the Nelson Declaration in support of issuance of a Writ of Execution. The Nelson Declaration does not disclose that the Texas Judgment had been registered in California on August 20, 1996 and expired by operation of law on August 20, 2006.

13.     According to the Court's docket for this action, a Writ of Execution was entered on March 3, 2008; and an Earnings Withholding Order was issued on March 7, 2008. A true and correct copy of those documents are attached hereto as Exhibit "B".

14.     Mr. Haden's wages will be garnished on April 1, 2008, unless the Court intervenes and issues a temporary restraining order preventing the garnishment.

////

1        I declare under penalty of perjury under the laws of the United States of America that the

2 foregoing is true and correct.

3 DATED:  March 26, 2008.                     **/s/ Malcolm Leader-Picone #104620**

4                                                MALCOLM LEADER-PICONE

# PROOF OF SERVICE

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803 Oakland, CA 94612.

On March 26, 2008, I served the following document(s) entitled:

**NOTICE OF AND APPLICATION OF DEFENDANT BROOKS HADEN FOR TEMPORARY RESTRAINING ORDER TO PREVENT GARNISHMENT OF WAGES UNDER EXPIRED JUDGMENT; and APPLICATION FOR ORDER VACATING JANUARY 11, 2008 REGISTRATION OF FOREIGN JUDGMENT; DECLARATION OF MALCOLM LEADER-PICONE..**

upon the following person(s) in said action as follows:

| **By Email and UPS Overnight:** | **Chambers Copy By UPS Overnight:** |
|---|---|
| Rhonda I. Nelson, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br><br>Telephone:    415-398-3344<br>Facsimile:    415-956-0439<br>Email:          rln@severson.com | Hon. Phyllis J. Hamilton<br>U.S. District Court Judge<br>U.S. District Court, Crtrm. 3, 17th Floor<br>U.S. Courthouse/Phillip Burton Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |
| **By UPS Overnight:** | **By UPS Overnight:** |
| U.S. Marshal: Federico L. Rocha<br>U.S. Courthouse/Phillip Burton Building<br>450 Golden Gate Avenue, Room 20-6888<br>San Francisco, CA 94102 | Mo Omar<br>Human Resources Department<br>Mechanics Bank<br>3170 Hilltop Mall Road<br>Richmond, CA 94806 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on March 26, 2008.

**/s/ Malcolm Leader-Picone #104620**
Malcolm Leader-Picone

---

**PROOF OF SERVICE**                                    **Case No. 3:08-c-80004-PJH**

1 | RHONDA L. NELSON (State Bar No. 116043)
SEVERSON & WERSON
2 | A Professional Corporation
One Embarcadero Center, Suite 2600
3 | San Francisco, CA 94111
Telephone: (415) 398-3344
4 | Facsimile: (415) 956-0439

5 | Attorneys for Plaintiff
IRETA IRBY

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT

10 | SAN FRANCISCO DIVISION

11

12 | IRETA IRBY,                                          )
                                                        )
13 |            Plaintiff,                               )     **CASE NO. CV 08-80004MISC-PJH**
                                                        )
14 |     vs.                                             )     **DECLARATION OF RHONDA L.**
                                                        )     **NELSON REGARDING POST-**
15 | BROOKS HENDERSON HADEN,                             )     **JUDGMENT INTEREST ON**
                                                        )     **REGISTERED JUDGMENT FROM**
16 |            Defendant.                               )     **ANOTHER DISTRICT**
                                                        )     **28 U.S.C.§1961. [CCP §685]**
17 | _____)

18
    I, Rhonda L. Nelson, declare and state:
19
20 |         1.      I am a member of the law firm of Severson & Werson, attorneys of record for Ireta

21 | Irby ("Judgment Creditor") in this matter, and am duly licensed before all courts in the State of

22 | California. I make this declaration on behalf of the Judgment Creditor to set out the amount of

23 | post-judgment interest which has accrued on the Judgment which was renewed on September 25,

24 | 1996, February 25, 1999, and January 10, 2008. I am authorized by the Judgment Creditor to

25 | make this declaration.

26 |         2.      On November 21, 1988, the United States District Court for the District of Texas

27

28 | entered judgment in favor of Ireta Irby and against Brooks Henderson Haden. The original

---

10281/0001/159292.5                    DECLARATION OF RHONDA L. NELSON REGARDING POST-
                                       JUDGMENT INTEREST – Case No. CV 08-80004MISC-PJH

balance of the judgment was for $87,450.00. A copy of that Judgment is attached hereto as Exhibit "A".

3.  The Judgment has been renewed under the requirements of Texas law under Acts 1985 § 34.001 (a copy of which is attached as Exhibit B) which requires only that a Writ of Execution be issued once every ten (10) years. Writs of execution were issued on September 25, 1996, and February 25, 1999. The Judgment from United States District Court for the Southern District of Texas was Certified on January 10, 2008, by that Court and registered in this Court on January 11, 2008.

4.  On January 10, 2008, the United States District Court for the Southern District of Texas Certified its judgment for registering it in this district. A copy of the Certified Judgment is attached hereto as Exhibit "C" and is incorporated herein.

5.  Interest on the Judgment is determined by under 28 U.S.C. § 1961. The rate of interest is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

6.  The rate of interest applicable as of November 10, 1988, pursuant to the Treasury Department historic rates is 8.15%. This would apply to a judgment entered on November 17, 1988. A copy of the table from which the interest rate is determined is attached as Exhibit "D".

7.  Interest is compounded annually as allowed by law. *Kaiser Aluminum & Chem. Corp. v. Bonjorno* 494 U.S. 827, 831-832 (1990).

8.  Interest has accrued as follows:

10281/0001/159292.5                   - 2 -          DECLARATION OF RHONDA L. NELSON REGARDING
                                                     POST-JUDGMENT INTEREST – Case No. CV 08-
                                                     80004MISC-PJH

| Rate | Beg Date | End Date | Days Between | Daily Rate | Accrued Interest* | Balance Compounded Annually (28 U.S.C. § 1961) |
|---|---|---|---|---|---|---|
| | 11/17/1988 | 11/17/988 | 0 | | $0.00 | $87,450.00 |
| 8.15% | 11/17/1988 | 11/17/1989 | 365 | $19.53 | $7,127.18 | $94,577.18 |
| 8.15% | 11/17/1989 | 11/17/1990 | 365 | $21.12 | $7,708.04 | $102,285.21 |
| 8.15% | 11/17/1990 | 11/17/1991 | 365 | $22.84 | $8,336.25 | $110,621.46 |
| 8.15% | 11/17/1991 | 11/17/1992 | 366 | $24.70 | $9,040.35 | $119,661.81 |
| 8.15% | 11/17/1992 | 11/17/1993 | 365 | $26.72 | $9,752.44 | $129,414.25 |
| 8.15% | 11/17/1993 | 11/17/1994 | 365 | $28.90 | $10,547.26 | $139,961.51 |
| 8.15% | 11/17/1994 | 11/17/1995 | 365 | $31.25 | $11,406.86 | $151,368.37 |
| 8.15% | 11/17/1995 | 11/17/1996 | 366 | $33.80 | $12,370.32 | $163,738.69 |
| 8.15% | 11/17/1996 | 11/17/1997 | 365 | $36.56 | $13,344.70 | $177,083.39 |
| 8.15% | 11/17/1997 | 11/17/1998 | 365 | $39.54 | $14,432.30 | $191,515.69 |
| 8.15% | 11/17/1998 | 11/17/1999 | 365 | $42.76 | $15,608.53 | $207,124.22 |
| 8.15% | 11/17/1999 | 11/17/2000 | 366 | $46.25 | $16,926.87 | $224,051.09 |
| 8.15% | 11/17/2000 | 11/17/2001 | 365 | $50.03 | $18,260.16 | $242,311.26 |
| 8.15% | 11/17/2001 | 11/17/2002 | 365 | $54.11 | $19,748.37 | $262,059.62 |
| 8.15% | 11/17/2002 | 11/17/2003 | 365 | $58.51 | $21,357.86 | $283,417.48 |
| 8.15% | 11/17/2003 | 11/17/2004 | 366 | $63.28 | $23,161.81 | $306,579.29 |
| 8.15% | 11/17/2004 | 11/17/2005 | 365 | $68.46 | $24,986.21 | $331,565.50 |
| 8.15% | 11/17/2005 | 11/17/2006 | 365 | $74.03 | $27,022.59 | $358,588.09 |
| 8.15% | 11/17/2006 | 11/17/2007 | 365 | $80.07 | $29,224.93 | $387,813.02 |
| 8.15% | 11/17/2007 | 1/18/2008 | 62.00 | $86.59 | $5,368.82 | $393,181.84 |
| | | | | TOTAL ACCRUED INTEREST | $305,731.84 | |

9.    Previously, defendant Brooks H. Haden filed a Chapter 7 Bankruptcy petition in the

Northern District of California in the Santa Rosa Division as Case No. 96-13933 AJ.  Plaintiff Irby

filed a nondischargeability action against Haden.  On April 17, 1998, the Hon. Alan J. Jaroslovsky

issued an order determining that the Texas Judgment in favor of Irby is non-dischargeable.  A copy

of that judgment is attached hereto as Exhibit "E" and incorporated herein.

10. In that Judgment for non-dischargeability, the United States Bankruptcy Court ordered

costs of $685.20.

1

11. Ireta Irby applies for a writ of execution in the sum of $ 393,867.04 of this amount

2

$305,731.84 represents accrued interest since November 17, 1988, and $685.20 represents

3

awarded costs.

4

5

12. Judgment Debtor Brooks Henderson Haden has paid no part of the interest or principal

6

owed on this judgment.

7

I declare under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.

9

Executed on the 29th day of January 2008, at San Francisco, California.

10

11

_____

/s/ Rhonda L. Nelson

12

Rhonda L. Nelson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY                      X
                                X
VS.                             X
                                X     CIVIL ACTION NO. H-88-1781
BROOKS H. HADEN                 X
                                X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of _Nov._, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
                    Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 2 1 1988
                                    PM
1,2,3,4,5,6

# EXHIBIT B

# EXHIBIT B

§ 34.001. NO EXECUTION ON DORMANT JUDGMENT.   (a) If a writ
of execution is not issued within 10 years after the rendition of a
judgment of a court of record or a justice court, the judgment is
dormant and execution may not be issued on the judgment unless it is
revived.

      (b)  If a writ of execution is issued within 10 years after
rendition of a judgment but a second writ is not issued within 10
years after issuance of the first writ, the judgment becomes
dormant.  A second writ may be issued at any time within 10 years
after issuance of the first writ.

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

# EXHIBIT C

# EXHIBIT C

AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    TEXAS

IRETA IRBY

V.

BROOKS H. HADEN

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

CV  08  80004 MISC

Case Number:  H -88-1781

I, _____ MICHAEL N. MILBY _____ Clerk of the United States district court certify that the **PJH**

attached judgment is a true and correct copy of the original judgment entered in this action ___11/17/1988___ , as it

Date

appears in the records of this court, and that

no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the

Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

___JAN 1 0 2008___

Date

**Michael N. Milby**

_____
Clerk

_____
(By) Deputy Clerk

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

### WRIT OF EXECUTION

*To the UNITED STATES MARSHAL for the Southern District of Texas.*

UNITED STATES COURT
SOUTHERN DISTRICT OF T
FILED

FEB 25 1999

MICHAEL N. MILBY, CLERK OF C

In Civil Action Number | H-88-1781

In this Division | Houston

Which was styled:

| Ireta Irby |

*- versus -*

| Brooks H. Haden |

This judgment creditor:

| Ireta Irby |

| | | |
|---|---|---|
| Recovered a judgment of | $ | 87,450.00 |
| Plus costs of | $ | -0- |
| Which judgment was entered on | | 11-17-88 |
| And bears interest at | | 8.55    % |

From this judgment debtor:

| Brooks H. Haden |

You are commanded to take of the goods, land and choses-in-action of the judgment debtor enough to pay the judgment in full and the costs of this writ. Fail not, and return this writ, certifying how you executed it.

United States District Court
Southern District of Texas

*Michael N. Milby, Clerk*

By: _____
     **MICHAEL N. MILBY**
                                    Deputy Clerk

Date Issued: FEB 25 1999

*HH 448 7944*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **SOUTHERN DISTRICT OF TEXAS** |

Ireta Irby

§
§
§
§
§    CASE NO. _____ H-88-1781 _____
§
*versus*                    §
§
Brooks H. Haden          §
§
§

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 25 1999    EC

**ABSTRACT OF JUDGMENT**

MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| **Date Judgment Entered:** | 11-17-88 |
| **Judgment in Favor of:** | Ireta Irby -- Plaintiff |
| **Judgment Against:** | Brooks H. Haden -- Defendant |
| **Amount of Judgment:** | $ 87,450.00 |
| **Amount of Costs:** | $ -0- |
| **Rate of Interest:** | 8.55                    % |
| **Amount of Credits Since Judgment:** | $ -0- |
| **Amount Due:** | $ 162,219.80 |

The above and foregoing is a correct Abstract of Judgment entered in the United States District Court, for the Southern District of Texas, in the above-captioned case.

**MICHAEL N. MILBY, Clerk**

DATED: _____ FEB 2 1999 _____ By: _____

**Deputy Clerk**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY                        X
                                  X
VS.                               X
                                  X     CIVIL ACTION NO. H-88-1781
BROOKS H. HADEN                   X
                                  X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of Nov. , 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
                    Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988

PM
12:1;2;8;4;5;6

Nicolas De Lancie, Esq.
Lofton, De Lancie & Nels... 305 Montgomery St., #1550
San Francisco, CA 94111

[XX] ATTORNEY FOR   [XX] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

| | |
|---|---|
| NAME OF COURT: | United States District Court |
| STREET ADDRESS: | Northern District of California |
| MAILING ADDRESS: | 450 Golden Gate Avenue, 16th Floor |
| CITY AND ZIP CODE: | San Francisco, CA 94102 |
| BRANCH NAME: | (See attachment) |

PLAINTIFF:   IRETA IRBY

DEFENDANT:   BROOKS H. HADEN

RECEIVED
UNITED STATES MARSHAL
96 SEP 25 PM 2:45
NORTHERN DISTRICT
OF CALIFORNIA

| WRIT OF | [XX] EXECUTION (Money Judgment) |
|---|---|
| | [ ] POSSESSION OF   [ ] Personal Property |
| | [ ] Real Property |
| | [ ] SALE |

CASE NUMBER: FOREIGN JUDGMENT
96 034VRM

FOR COURT USE ONLY

1. To the Sheriff or any Marshal or Constable of the County of:
   San Francisco
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* IRETA IRBY
   is the [XX] judgment creditor · [ ] assignee of record
   whose address is sXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX (see attachment)

4. Judgment debtor *(name and last known address):*

   ┌─────────────────────────┐
   │ Brooks H. Haden         │
   │ 19 Laurelwood Avenue    │
   │ Mill Valley, CA 94941   │
   └─────────────────────────┘

   [ ] additional judgment debtors on reverse

5. Judgment entered on *(date):* (see attachment)

6. [ ] Judgment renewed on *(dates):*

7. Notice of sale under this writ
   a. [XX] has not been requested.
   b. [ ] has been requested *(see reverse).*

8. [ ] Joint debtor information on reverse.

[SEAL]

9. [ ] See reverse for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [XXX] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . $ 87,450.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . . $
13. Subtotal *(add 11 and 12)* . . . . . . . . . . $ 87,450.00
14. Credits . . . . . . . . . . . . . . . . . . . . . . . $ 0
15. Subtotal *(subtract 14 from 13)* . . . . . . $ 87,450.00
16. Interest after judgment (per filed affidavit CCP 685.050) . . . . . . . . . . . . . . . . . . $ 68,402.67
17. Fee for issuance of writ . . . . . . . . . . . $ 7.00
18. Total *(add 15, 16, and 17)* . . . . . . . . $ 155,859.67
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) of . . . . . . . $ 23.9589
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3, CCP 699.220(b),(j)) . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date):* SEP 12 1996      Clerk, by   THELMA NUDO   SEP 12 1996   , Deputy

— NOTICE TO PERSON SERVED:   SEE REVERSE FOR IMPORTANT INFORMATION —

*(Continued on reverse)*

Form Approved by the
Judicial Council of California
EJ-130 (Rev. July 1, 1988)

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010

*See note on reverse.

| SHORT TITLE: | CASE NUMBER: FOREIGN JUDGMENT |
|---|---|
| Irby v. Haden | 96 034 VRW<br>(U.S.D.C. So. Dist. Texas) |

— Items continued from the first page —

4. ☐ Additional judgment debtor *(name and last known address)*:

7. ☐ Notice of sale has been requested by *(name and address)*:

8. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
   a. on *(date)*:
   b. name and address of joint debtor:

   a. on *(date)*:
   b. name and address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize)*:
9. ☐ *(Writ of Possession or Writ of Sale)*   Judgment was entered for the following:
   a. ☐ Possession of real property:   The complaint was filed on *(date)*:
      **(Check (1) or (2)):**
      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
          The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
          (a) $ _____ was the daily rental value on the date the complaint was filed.
          (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
              dates *(specify)*:
   b. ☐ Possession of personal property
      ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property
   d. ☐ Sale of real property
   e. Description of property:

— NOTICE TO PERSON SERVED —

WRIT OF EXECUTION OR SALE.   Your rights and duties are indicated on the accompanying Notice of Levy.
WRIT OF POSSESSION OF PERSONAL PROPERTY.   If the levying officer is not able to take custody of the property, the levying
officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced
as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY.   If the premises are not vacated within five days after the date of service on the
occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from
the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining
on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property
pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days
after the time the judgment creditor takes possession of the premises.
► A Claim of Right to Possession fo (    'companies this writ (unless the Summons w (    rved in compliance with CCP 415.46).

Irby v. Haden                         Foreign Judgment  96 034 VRM


## ATTACHMENT TO WRIT OF EXECUTION (Money Judgment)


Name of Court:        The United States District Court for the Northern District of California
                      is the name of the court in which the foreign judgment has been
                      registered as foreign judgment number 96 034 VRM to enforce a
                      judgment originally entered in the United States District Court for the
                      Southern District of Texas, Houston Division in case number H-88-
                      1781.  The address of the District Court in the Southern District of
                      Texas is:  Bob Casey Federal Building, 151 Rusk Avenue, Houston,
                      Texas 77002.


Item 3:               The address of the judgment creditor is:

                      403 Quail Lane
                      Ruston, LA 71270


Item 5:               The Judgment for the amount of $87,450.00 was entered in the United States
                      District Court for the Southern District of Texas, Houston Division, on
                      November 17, 1988.

                      The "Certification of Judgment for Registration in Another District," certifying
                      the Judgment, was filed in the United States District Court for the Northern
                      District of California on August 14, 1996 as foreign judgment number 96 034
                      VRM.

# EXHIBIT D

# EXHIBIT D

| Date of Auction | Equivalent Coupon Issue Yield | Date of Auction | Equivalent Coupon Issue Yield |
|---|---|---|---|
| 08/29/85 | 7.91% | 05/31/90 | 8.24% |
| 09/26/85 | 7.87% | 06/28/90 | 8.09% |
| 10/24/85 | 8.08% | 07/26/90 | 7.88% |
| 11/26/85 | 7.87% | 08/23/90 | 7.95% |
| 12/19/85 | 7.57% | 09/20/90 | 7.78% |
| 01/16/86 | 7.85% | 10/26/90 | 7.51% |
| 02/13/86 | 7.71% | 11/15/90 | 7.28% |
| 03/13/86 | 7.06% | 12/13/90 | 7.02% |
| 04/10/86 | 6.31% | 01/10/91 | 6.62% |
| 05/13/86 | 6.56% | 02/12/91 | 6.21% |
| 06/05/86 | 7.03% | 03/07/91 | 6.46% |
| 07/08/86 | 6.35% | 04/04/91 | 6.26% |
| 07/31/86 | 6.18% | 05/02/91 | 6.07% |
| 08/28/86 | 5.63% | 05/30/91 | 6.09% |
| 09/25/86 | 5.79% | 06/27/91 | 6.39% |
| 10/23/86 | 5.75% | 07/25/91 | 6.26% |
| 11/20/86 | 5.77% | 08/22/91 | 5.68% |
| 12/23/86 | 5.93% | 09/19/91 | 5.57% |
| 01/15/87 | 5.75% | 10/17/91 | 5.42% |
| 02/12/87 | 6.09% | 11/14/91 | 4.98% |
| 03/12/87 | 6.04% | 12/12/91 | 4.41% |
| 04/09/87 | 6.30% | 01/09/92 | 4.02% |
| 05/12/87 | 7.02% | 02/06/92 | 4.21% |
| 06/04/87 | 7.00% | 03/05/92 | 4.58% |
| 07/02/87 | 6.64% | 04/02/92 | 4.55% |
| 08/04/87 | 6.98% | 04/30/92 | 4.40% |
| 09/01/87 | 7.22% | 05/28/92 | 4.26% |
| 09/30/87 | 7.88% | 06/25/92 | 4.11% |
| 10/22/87 | 6.90% | 07/23/92 | 3.51% |
| 11/19/87 | 6.93% | 08/20/92 | 3.41% |
| 12/17/87 | 7.22% | 09/17/92 | 3.13% |
| 01/14/88 | 7.14% | 10/15/92 | 3.24% |
| 02/11/88 | 6.59% | 11/17/92 | 3.76% |
| 03/10/88 | 6.71% | 12/10/92 | 3.72% |
| 04/07/88 | 7.01% | 01/07/93 | 3.67% |
| 05/05/88 | 7.20% | 02/04/93 | 3.45% |
| 06/02/88 | 7.50% | 03/04/93 | 3.21% |
| 06/30/88 | 7.54% | 04/06/93 | 3.37% |
| 07/28/88 | 7.95% | 04/30/93 | 3.25% |
| 08/25/88 | 8.32% | 05/27/93 | 3.54% |
| 09/22/88 | 8.04% | 06/24/93 | 3.54% |
| 10/20/88 | 8.15% | 07/22/93 | 3.58% |
| 11/17/88 | 8.55% | 08/19/93 | 3.43% |
| 12/15/88 | 9.20% | 09/16/93 | 3.40% |
| 01/12/89 | 9.16% | 10/14/93 | 3.38% |
| 02/15/89 | 9.32% | 11/16/93 | 3.57% |
| 03/09/89 | 9.43% | 12/09/93 | 3.61% |
| 04/06/89 | 9.31% | 01/06/94 | 3.67% |
| 05/04/89 | 9.15% | 02/03/94 | 3.74% |
| 06/01/89 | 8.85% | 03/03/94 | 4.22% |
| 06/29/89 | 8.16% | 03/31/94 | 4.51% |
| 07/27/89 | 7.75% | 04/28/94 | 5.02% |
| 08/24/89 | 8.27% | 5/26/94 | 5.28% |
| 09/21/89 | 8.19% | 6/23/94 | 5.31% |
| 10/19/89 | 7.90% | 7/21/94 | 5.49% |
| 11/16/89 | 7.69% | 8/18/94 | 5.67% |
| 12/14/89 | 7.66% | 9/15/94 | 5.69% |
| 01/11/90 | 7.74% | 10/13/94 | 6.06% |
| 02/13/90 | 7.97% | 11/10/94 | 6.482% |
| 03/08/90 | 8.36% | 12/08/94 | 7.22% |
| 04/05/90 | 8.32% | 1/5/95 | 7.34% |
| 05/03/90 | 8.70% | 2/2/95 | 7.03% |

# EXHIBIT E

# EXHIBIT E

1 │ LOFTON, De LANCIE & NELSON
    NICOLAS De LANCIE (State Bar No. 84934)
2 │ RHONDA L. NELSON (State Bar No. 116043)
    505 Montgomery Street, Suite 1550
3 │ San Francisco, California 94111-2584
    Telephone: (415) 772-1900
4 │
    Attorneys for Plaintiff
5 │ IRETA IRBY

**ORIGINAL FILED**

APR 27 1998

KEENAN G. CASADY, CLERK
U.S.Bankruptcy Court-Santa Rosa

6 │
7 │
8 │                    UNITED STATES BANKRUPTCY COURT
9 │                    NORTHERN DISTRICT OF CALIFORNIA
10 │                         SANTA ROSA DIVISION
11 │
12 │ In re                          )   Case No. 96-13933 AJ
                                    )   Chapter 7
13 │ BROOKS H. HADEN,               )
                                    )
14 │          Debtor.               )
                                    )
15 │ _____       )   Adversary No. 97-1034-AJ
                                    )
16 │ IRETA IRBY,                    )
                                    )
                Plaintiff,          )
17 │                                )
          v.                        )
18 │                                )
    BROOKS H. HADEN,                )
19 │                                )
                Defendant.          )
20 │ _____       )
21 │
22 │                              **JUDGMENT**
23 │
24 │       This action came on regularly for trial on April 14, 1998, in the United States
25 │ Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable
26 │ Alan Jaroslovsky presiding. Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with
27 │ plaintiff Ireta Irby. Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.
28 │ Macdonald appeared with defendant Brooks H. Haden.

JUDGMENT
96097\Judgment

ENTERED  APR 28 1998

Page 1

1      After hearing the evidence and arguments of counsel, judgment is hereby

2   entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3   plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4   November 17, 1988, in the United States District Court for the Southern District of Texas,

5   Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6   Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7   Dated:    APR 27 1998

8

9                              **ALAN JAROSLOVSKY**

10                             ALAN JAROSLOVSKY
                              United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT
96097\judgment

Page 2

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, at San Francisco, California, I served the following document(s), entitled **JUDGMENT**, by placing copies of said document(s) in sealed envelopes and served in the manner(s) described below on the addressee(s) listed below.

[X]     **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's San Francisco office following ordinary business practices, addressed to the addressee(s) designated.

[ ]     **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express overnight courier to the addressee(s) designated.

[ ]     **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

[ ]     **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile to the telephone number(s) of the addressee(s) designated.

> Iain A. Macdonald, Esq.
> Law Offices of Iain A. Macdonald
> Two Embarcadero Center, Suite 1670
> San Francisco, CA  94111-3930

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 20, 1998, in San Francisco, California.

_Béla Nuss_
Béla Nuss

## POST JUDGEMENT INTEREST RATES

Interest is allowed on most judgments entered in the federal courts from the date of judgment until paid. The types of judgments generally fall under one of three statutes: 28 U.S.C. 1961, which governs civil and bankruptcy adversary judgment interest; 18 U.S.C. 3612 (f)(2), which governs criminal judgments or sentences; and 40 U.S.C. 3116, which governs deficiency judgments in condemnation proceedings. These statutory references should be checked with reliable statutory data bases such as Westlaw, Lexis, or other appropriately maintained sources of the U.S. Code for the latest changes.

Under each of the above statutes the rate of interest used in calculating the amount of post judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System. Prior to December 21, 2000 the rate of interest allowed under the statutes cited above was based on the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week t-bills settled immediately preceding entry of the judgment. The way the rate is used differs under each of the cited statutes, so those sections should be reviewed to determine how to apply it to any particular judgment.

### Current Applicable Rates

The current rate applicable under these sections is provided by the Federal Reserve and published each Monday for the preceding week (unless that day is a holiday in which case the rate is published on the next business day).

The specific rate referred to in the statutes is found in the table under the two columns headed WEEK ENDING. The two dates under those columns refer to the Friday averages of the last two weeks. Under those columns you need to go down to the row which states U.S. government securities - Treasury constant maturities nominal[10] - 1-year. Where the row and columns meet - that is the rate you use.

Prior current rates also are available by selecting the week preceding the date of judgment (or the date interest would otherwise apply under the above) and selecting the release date preceding the date of judgment. NOTE: if your judgment date is the same as the release date, you should select the prior week's release. REASON: the releases are considered to be issued at the close of business on the date of release.

### Rates Prior to December 21, 2000

Rates under the prior language were based on the average accepted auction price for the latest auction of 52 week t-bills.

AO 451 (Rev. 11/91)  Certification of ~~~~gment

ORIGINAL
FILED

# United States District Court

AUG 2 0 1996

~~RICHARD W. WIEKING~~
~~CLERK, U.S. DISTRICT COURT~~
~~NORTHERN DISTRICT CALIFORNIA~~

_____SOUTHERN_____ DISTRICT OF ___TEXAS___

IRETA IRBY

V.

BROOKS H. HADEN

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:  H-88-1781

I, ____MICHAEL MILBY____, Clerk of the United States district court

certify that the attached judgment is a true and correct copy of the original judgment entered in this action on

___November 21, 1988___, as it appears in the records of this court, and that
_____Date_____

*
no notice of appeal from this judgment has been filed, and no motion of any kind

listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

___August 14, 1996___
_____Date_____

___MICHAEL MILBY___
Clerk

_____
(By) Deputy Clerk

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the
Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed
in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered
on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ...
"an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

Exhibit __A__

5

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESSE E. CLARK, CLERK
BY DEPUTY

IRETA IRBY            X

VS.                   X

                      X    CIVIL ACTION NO. H-88-1781

BROOKS H. HADEN       X

                      X .

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this __17__ day of ___Nov___, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
                    Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
                                    PM
12 1 2 8 4 5 6

WG-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | LEVYING OFFICER *(Name and Address)*: |
|---|---|---|
| **RHONDA L. NELSON**<br>**SEVERSON & WERSON**<br>One Embarcadero Center  Ste 2600<br>San Francisco, CA  94111 | (415) 398-3344<br>(415) 956-0439 | **United States Marshal - Sn Francisco**<br>450 Golden Gate, 20th Floor<br>San Francisco<br>CA, |

ATTORNEY FOR *(Name)*:

NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH, IF ANY:
**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT**
Northern

PLANTIFF:    **IRETA IRBY**

DEFENDANT:    **BROOKS H. HADEN**

| **EARNINGS WITHHOLDING ORDER**<br>(Wage Garnishment) | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>CV-08-80004MISC-PJ |
|---|---|---|

---

**EMPLOYEE:** *KEEP YOUR COPY OF THIS LEGAL PAPER.*    **EMPLEADO:** *GUARDE ESTE PAPEL OFICIAL.*

---

**EMPLOYER:** *Enter the following date to assist your record keeping:*

*Date this order was received by employer (specify the date of personal delivery by levying officer or registered process server or the date mail receipt was signed:*

**TO THE EMPLOYER REGARDING YOUR EMPLOYEE:**
Name and address of employer

**Mechanics Bank**
3170 Hilltop Mall Rd.
Richmond, CA, 94806

Name and address of employee

**BROOKS H. HADEN**
1709  Broderick St.
San Francisco, CA,94115

Social Security Number *(if known)*

*A judgement creditor has obtained this order to collect a court judgment against your employee.  You are directed to withhold part of the earnings of the employee (see instructions on reverse of this form).  Pay the withheld sums to the* **levying officer** *(name and address above).*

If the employee works for you now, you must **give the employee a copy of this order and the *Employee Instructions*** (form 982.5(A)) within 10 days after receiving this order.

**Complete both copies of the *Employer's Return*** (form 982.5(4)) **and** **mail them to the levying officer** within 15 days after receiving this order, whether or not the employee works for you.

2.  The total amount due is:  $393867.0400 + $45.0000 sheriff fee + $10.00/ check assessment + daily interest (102.1700)/day

Count 10 calendar days from the date when you received this order.  If your employee's pay period ends before the tenth day, *do not* withhold earnings payable for that pay period.  *Do*  withhold from earnings that are payable for any pay period ending on or after that tenth day.  * **Contact sheriff for final payoff**

Continue withholding for all pay periods until you withhold the amount due.  The levying officer will notify you of an assessment you should withhold in addition to the amount due.  Do not withhold more than the total of these amounts.  Never withhold any earnings payable before the beginning of the earnings withholding period.

The judgment was entered in the court on *(date)*  1-17-88

*The judgment creditor (if different from the plaintiff) is (name)*: IRETA IRBY

4.  The *Employer's  Instructions*  on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date: **March 7, 2008**

. . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)

▶

☐  LEVYING OFFICER    ☒  REGISTERED PROCESS SERVER
(Employer's Instructions on reverse)

| Form Adopted by the<br>Judicial Council of California<br>WG-002 [ Rev January 1, 2007 ] | **EARNINGS WITHHOLDING ORDER**<br>(Wage Garnishment) | Code of Civil Procedure,<br>§§ 706.022, 706.108, 706.125<br>Order#: P153237/WRIT02 |
|---|---|---|

Exhibit  B

# EMPLOYER'S INSTRUCTIONS
## EARNINGS WITHHOLDING ORDERS

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the *withholding period.*

The withholding period is the period covered by the *Earnings With-holding Order* (this order). The withholding period begins ten (10) calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the *Employer's Return*) is received.

You are entitled to rely on and must obey all written notices signed by the levying officer.

The *Employer's Return* (form 982.5(4)) describes several situations that could affect the withholding period for this order. If you receive more than one *Earnings Withholding Order* during a withholding period, review that form (*Employer's Return*) for instructions.

If the employee stops working for you, the *Earnings Withholding Order* ends after no amounts are withheld for a continuous 180 day period. If withholding ends because the earnings are subject to an order of higher priority, the *Earnings Withholding Order* ends after a continuous two year period during which no amounts are withheld under the order.

**Return the *Earnings Withholding Order* to the levying officer with a statement of the reason it is being returned.**

## WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within ten (10) days after the close of the pay period.

*Be sure to mark each check with the case number, the levying officer's file number, if different, and the employee's name so the money will be applied to the correct account.*

## WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law will be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

*THE CHART BELOW AND THESE INSTRUCTIONS DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.*

The chart below shows HOW MUCH TO WITHHOLD when the federal minimum wage is $5.85 per hour.

If the *FEDERAL* minimum wage changes in the future, the levying officer will provide a chart showing the new withholding rates.

## COMPUTATION INSTRUCTIONS

State and federal law limits the amount of earnings that can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.

To determine the CORRECT AMOUNT OF EARNINGS TO BE WITH-HELD (if any), compute the employee's *disposable earnings.*

(A) Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings since they are not paid by the employer.

(B) *Disposable earnings* are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

After the employee's *disposable earnings* are known, use the chart below to determine what amount should be withheld. In the column listed under the employee's pay period, find the employee's disposable earnings. The amount shown below that is the amount to be withheld. For example, if the employee is paid disposable earnings of $500 twice a month (semi-monthly), the correct amount to withhold is 25 percent each payday, or $125.

The chart below is based on the minimum wage that was effective September 1, 1997. It will change if the minimum wage changes. Restrictions are based on the minimum wage effective at the time the earnings are payable.

Occasionally, the employee's earnings will also be subject to a *Wage and Earnings Assignment Order,* an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

---
**IMPORTANT WARNINGS—**

1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF *EARNINGS WITHHOLDING ORDERS* FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are repre- sented in that judgment) the employee may not be fired.

2. IT IS ILLEGAL TO AVOID AN *EARNINGS WITHHOLDING ORDER* BY POSTPONING OR ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.

3. IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE *EARNINGS WITHHOLDING ORDER* TO THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the laws that apply to this case.

IF YOU VIOLATE ANY OF THESE LAWS, YOU MAY BE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!

---

**FEDERAL MINIMUM WAGE: $5.85 per hour**                    (Beginning July 24, 2007 and continuing until July 23, 2008.)

| PAY PERIOD | Daily | Weekly | Every Two Weeks | Twice a Month | Monthly |
|---|---|---|---|---|---|
| DISPOSABLE EARNINGS | $0-$175.50 | $0-$175.50 | $0-$351.00 | $0-$380.25 | $0-$760.50 |
| Withhold | None | None | None | None | None |
| DISPOSABLE EARNINGS | $175.51-$234.00 | $175.51-$234.00 | $351.01-$468.00 | $380.26-$507.00 | $760.51-$1,014.00 |
| Withhold | Amount above $175.50 | Amount above $175.50 | Amount above $351.00 | Amount above $380.25 | Amount above $760.50 |
| DISPOSABLE EARNINGS | $234.01 or More | $234.01 or More | $468.01 or More | $507.01 or More | $1,014.01 or More |
| Withhold | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings |

## EMPLOYEE INSTRUCTIONS    WG-003

—NOTICE—

—NOTICIA—

### IMPORTANT LEGAL NOTICE TO EMPLOYEE ABOUT EARNINGS WITHHOLDING ORDERS
(Wage Garnishment)

The **Earnings Withholding Order** requires your employer to pay part of your earnings to the sheriff or other levying officer. The levying officer will pay the money to a creditor who has a court judgment against you. The information below may help you protect the money you earn.

### NOTICIA LEGAL IMPORTANTE RESPECTO A LAS ORDENES DE RETENCION DE SUELDO

El **Orden de Retención de Sueldo** requiere que su empleador pagé una parte de su sueldo a un oficial de retención. El oficial le pagará el dinero retenido a su acreedor que ha conseguido una decisión judicial en contra de Ud. Pida Ud. que un amigo o su abogado le lea este papel oficial. Esta información le podria ayudar a proteger su sueldo.

### CAN YOU BE FIRED BECAUSE OF THIS?

**NO.** You cannot be fired unless your earnings have been withheld before for a different court judgment. If this is the first judgment for which your wages will be withheld and your employer fires you because of this, the California Labor Commissioner, listed in the phone book of larger cities, can help you get your job back.

### HOW MUCH OF YOUR PAY WILL BE WITHHELD?

The reverse of the Earnings Withholding Order (abbreviated in this notice as **EWO**) that applies to you contains Employer Instructions. These explain how much of your earnings can be withheld. Generally, the amount is about 25% of your take home pay until the amount due has been withheld. The levying officer will notify the employee of an additional assessment charged for paying out money collected under this order and that amount will also be withheld. If you have trouble figuring this out, ask your employer for help.

### IS THERE ANYTHING YOU CAN DO?

**YES.** There are several possibilities.

1. See an attorney. If you do not know an attorney, check with the lawyer referral service or the legal aid office in your county (both are listed in the yellow pages under "Attorneys").

   An attorney may be able to help you make an agreement with your creditor, or may be able to help you stop your earnings from being withheld. You may wish to consider bankruptcy or asking the bankruptcy court to help you pay your creditors. These possibilities may stop your wages from being withheld.

   An attorney can help you decide what is best for you. Take your **EWO** to the attorney to help you get the best advice and the fastest help.

2. Try to work out an agreement yourself with your creditor. Call the creditor or the creditor's attorney, listed on the **EWO**. If you make an agreement, the withholding of your wages will stop or be changed to a smaller amount you agree on. (See item 4 on the reverse for another way to make an offer to your creditor.)

3. You can ask for an EXEMPTION. An exemption will protect more, or maybe even all of your earnings. You can get an exemption if you need your earnings to support yourself or your family, **but you cannot get an exemption if**

   a. You use some of your earnings for luxuries and they aren't really necessary for support; **OR**

   b. The money you owe is for food, clothing, medical care, or housing; **OR**

   c. You owe the debt for past due child support or spousal support (alimony); **OR**

   d. You owe the debt to a former employee for wages.

### HOW DO YOU ASK FOR AN EXEMPTION?
*(See the reverse of this form for instructions about claiming an exemption.)*

(Continued on reverse)

Approved by the
Judicial Council of California
WG-003 (Rev. January 1, 2007

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

Code Civ. Proc., § 706.122

## HOW DO YOU ASK FOR AN EXEMPTION?

WG-003

1. Call or write the levying officer for three (3) copies each of the forms called "Claim of Exemption" and "Financial Statement." These forms are free. The name and address of the levying officer are in the big box on the right at the top of the **EWO.**

2. Fill out both forms. On the forms are some sentences or words which have boxes ☐ in front of them. The box means the words which follow may not apply to your case. If the words do apply, put a check in the box.

   Remember, it is your job to prove with the Financial Statement form that your earnings are needed for support. Write down the details about your needs.

3. For example, if your child has special medical expenses, tell which child, what illnesses, who the doctor is, how often the doctor must be visited, the cost per visit, and the costs of medicines. These details should be listed in item 6. If you need more space, put "See attachment 6" and attach a typed 8½ by 11 sheet of paper on which you have explained your expenses in detail.

4. You can use the Claim of Exemption form to make an offer to the judgment creditor to have a specified amount withheld each pay period. Complete item 3 on the form to indicate the amount you agree to have withheld **each pay day during the withholding period.** (Be sure it's less than the amount to be withheld otherwise.) If your creditor accepts your offer, he will not oppose your claim of exemption. (See (1) below. )

Sign the Claim of Exemption and Financial Statement forms. Be sure the Claim of Exemption form shows the address where you receive mail.

Mail or deliver two (2) copies of each of the two forms to the levying officer. Keep one copy for yourself in case a court hearing is necessary.

Do not use the Claim of Exemption and Financial Statement forms to seek a modification of child support or alimony payments. These payments can be modified only by the family law court that ordered them.

*FILE YOUR CLAIM OF EXEMPTION AS SOON AS POSSIBLE FOR THE MOST PROTECTION.*

## ONE OF TWO THINGS WILL HAPPEN NEXT

(1) The judgment creditor will not oppose (object to) your claim of exemption. If this happens, after 10 days the levying officer will tell your employer to stop withholding or withhold less from your earnings. The part (or all) of your earnings needed for support will be paid to you or paid as you direct. And you will get back earnings the levying officer or your employer were holding when you asked for the exemption.

—OR—

(2) The creditor will oppose (object to) your claim of exemption. If this happens, you will receive a Notice of Opposition and Notice of Hearing on Claim of Exemption, in which the creditor states why your exemption should not be allowed. A box in the middle of the Notice of Hearing tells you the time and place of the court hearing which will be in about ten days. Be sure to go to the hearing if you can.

If the judgment creditor has checked the box in item 3 on the Notice of Hearing on Claim of Exemption, the creditor will not be in court. If you are willing to have the court make its decision based on your Financial Statement and the creditor's Notice of Opposition, you need not go to the hearing.

The Notice of Opposition to Claim of Exemption will tell you why the creditor thinks your claim should not be allowed. If you go to the hearing, take any bills, paycheck stubs, cancelled checks, or other evidence (including witnesses) that will help

you prove your Claim of Exemption and Financial Statement are correct and your earnings are needed to support yourself or your family.

Perhaps you can even prove the Notice of Opposition is wrong. For example, perhaps the Notice of Opposition states that the judgment was for a common necessary of life. This term is generally taken by courts to mean only the essentials that everyone needs to live; sometimes a court will have to decide the matter. For example, while a coat may be a "common necessary," a fur coat may not be.

If the judge at the hearing agrees with you, your employer will be ordered to stop withholding your earnings or withhold less money. The judge can even order that the **EWO** end before the hearing (so you would get some earnings back).

If the judge does not agree with you, the withholding will continue unless you appeal to a higher court. The rules for appeals are complex so you should see an attorney if you want to appeal.

If you have one court hearing, you should not file another Claim of Exemption about the same **EWO** unless your finances have gotten worse in an important way.

If your **EWO** is to be changed or ended, the levying officer must sign the notice to your employer of the change. He may give you permission to deliver it to the employer, or it can be mailed.

## WHAT HAPPENS TO YOUR EARNINGS IF YOU FILE A CLAIM OF EXEMPTION?

Your employer must continue to hold back part of your earnings for the EWO until he receives a notice signed by the levying officer to change the order or end it early.

The levying officer will keep your withheld earnings until your Claim of Exemption is denied or takes effect. At that time your earnings will be paid according to the law that applies to your case.

## REGARDING CHILD SUPPORT

if you are obligated to make child support payments, the family support division of your district attorney's office may help you to have an Order Assigning Salary or Wages entered. This order has the top priority claim on your earnings. When it is in effect, little or no money may be

available to be withheld for an EWO. And, if the district attorney is involved in collecting this support from you, he may agree to accept less money if this special order is entered.

## WHAT IF YOU STILL HAVE QUESTIONS?

If you cannot see an attorney, or don't want to see an attorney, you might be able to answer some of your questions by reading the law in a law library. Ask the law librarian to help you find sections 706.050 and 706.105 of the California Code of Civil Procedure. Other sections of the code, beginning with section 706.010 may also answer some of your questions.

Also, the office of the Wage and Hour Division of the U.S. Department of Labor may be able to answer some of your questions. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

# U.S. Bankruptcy Court
## Northern District of California (Santa Rosa)
### Adversary Proceeding #: 97-01034

*Assigned to:* Judge Alan Jaroslovsky
*Related BK Case:* 96-13933
*Related BK Title:* Brooks Henderson Haden
*Related BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud

*Date Filed:* 02/13/97
*Date Terminated:* 03/18/08
*Date Dismissed:* 06/02/00

**Plaintiff**
----------------------

**Ireta Irby**

represented by **Rhonda L. Nelson**
Law Offices of Severson and Werson
1 Embarcadero Center #2600
San Francisco, CA 94111
(415) 398-3344
Email: rln@severson.com
*LEAD ATTORNEY*

**Sharon D. Silverman**
Law Offices of Lofton and De Lancie
44 Montgomery St. #1660
San Francisco, CA 94104-2700
(415) 772-1900
*TERMINATED: 05/28/1998*
*LEAD ATTORNEY*

V.

**Defendant**
----------------------

**Brooks H. Haden**

represented by **Kaipo K.B. Young**
Bartlett , Leader-Picone and Young, LLP
2201 Broadway #803
Oakland, CA 94612
(510) 444-2404
Email: kyoung@bl-plaw.com

Exhibit ___C___

Malcolm Leader-Picone
Bartlett and Leader-Picone, LLP
2201 Broadway #803
Oakland, CA 94612
(510) 444-2404
Email: mlp@leader-picone.com

| Filing Date | # | Docket Text |
|---|---|---|
| 10/16/2007 | 47 | Application for Renewal of Judgment - *Notice to be issued by the Clerk*. Filed by Plaintiff Ireta Irby. (Attachments: # 1 Exhibit Notice of Renewal of Judgment) (Nelson, Rhonda) (Entered: 10/16/2007) |
| 10/16/2007 | 48 | Declaration of Rhonda L. Nelson *Regarding Post-Judgment Interest on Renewal of Judgment 28 U.S.C. section 1961*. Filed by Plaintiff Ireta Irby (Nelson, Rhonda) (Entered: 10/16/2007) |
| 11/08/2007 | 49 | Application for Renewal of Judgment - *Notice of Renewal to be issued by Clerk - Attached as Exhibit C*. Filed by Plaintiff Ireta Irby. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C) (Nelson, Rhonda) (Entered: 11/08/2007) |
| 11/08/2007 | 50 | First Amended Declaration of Rhonda L. Nelson in Regarding Post-Judgment Interest on Renewal of Judgment 28 U.S.C. Sec. 1961 of (RE: related document(s)49 Application for Renewal of Judgment). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Nelson, Rhonda) Modified on 11/9/2007 Incorrect pdf attached for the event code used. Registered Participant should refile the First Amended Declaration. (lj, ). (Entered: 11/08/2007) |
| 11/09/2007 | | **NOTICE OF DEFECTIVE ENTRY** Incorrect pdf attached for the event code used. Registered Participant should refile the First Amended Declaration.(RE: related document(s)50 Declaration filed by Plaintiff Ireta Irby). (lj, ) (Entered: 11/09/2007) |
| 11/14/2007 | 51 | First Amended Declaration of Rhonda L. Nelson *Regarding Post-Judgment Interest on Renewal of Judgment* (RE: related document(s)49 Application for Renewal of Judgment). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Nelson, Rhonda) (Entered: 11/14/2007) |
| 11/15/2007 | 52 | Notice of Renewal of Judgment in the Amount of $434,673.51 (With Certificate of Mailing) (RE: related document(s)49 Application for Renewal of Judgment filed by Plaintiff Ireta Irby). (lj, ) (Entered: |

| | | 11/15/2007 |
|---|---|---|
| 12/14/2007 | 54 | Motion *For Order Vacating Judgment Creditor's Renewal of Judgment; Memorandum* Filed by Defendant Brooks H. Haden. (Attachments: # 1 Certificate of Service) (Young, Kaipo) (Entered: 12/14/2007) |
| 12/14/2007 | 55 | Declaration of Kaipo K.B. Young in Support of *Defendant's Motion* (RE: related document(s)54 Motion Miscellaneous Relief). Filed by Defendant Brooks H. Haden (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Young, Kaipo) (Entered: 12/14/2007) |
| 12/14/2007 | 56 | Notice of Hearing *on Defendant's Motion* (RE: related document(s)54 Motion Miscellaneous Relief filed by Defendant Brooks H. Haden). Hearing scheduled for 1/25/2008 at 10:00 AM at Santa Rosa Courtroom - Jaroslovsky. Filed by Defendant Brooks H. Haden. (Young, Kaipo) (Entered: 12/14/2007) |
| 12/17/2007 | 57 | Order to Reopen Case . (lj, ) (Entered: 12/17/2007) |
| 12/21/2007 | 58 | Notice of Hearing *Notice of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* Hearing scheduled for 1/25/2008 at 10:00 AM at Santa Rosa Courtroom - Jaroslovsky. Filed by Plaintiff Ireta Irby. (Nelson, Rhonda) Linked document to docket entry #61. Modified on 12/27/2007 (kl, ). (Entered: 12/21/2007) |
| 12/21/2007 | 59 | Memorandum of Points and Authorities in Support of *Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)58 Notice of Hearing, ). Filed by Plaintiff Ireta Irby (Nelson, Rhonda) Linked document to docket entry #61. Modified on 12/27/2007 (kl, ). (Entered: 12/21/2007) |
| 12/21/2007 | 60 | Declaration of Rhonda L. Nelson in Support of *Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)58 Notice of Hearing, ). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Nelson, Rhonda) Linked document to docket entry #61. Modified on 12/27/2007 (kl, ). (Entered: 12/21/2007) |
| 12/26/2007 | 61 | Motion to Amend *Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* Filed by Plaintiff Ireta Irby (Nelson, Rhonda) Create linkage with docket entries #58,#59 and #60.Modified on 12/27/2007 (kl, ). (Entered: 12/26/2007) |

| 01/11/2008 | 62 | Brief/Memorandum in Opposition to *Motion to Amend Judgment* (RE: related document(s)61 Motion to Amend). Filed by Defendant Brooks H. Haden (Attachments: # 1 Exhibit "A" Copy of Ruling on Appeal November 18, 1998) (Leader-Picone, Malcolm) (Entered: 01/11/2008) |
| --- | --- | --- |
| 01/11/2008 | 63 | Memorandum of Points and Authorities in of *Support of the Opposition to the Motion for Order Vacating Judgment Creditor's Renewal of Judgment* (RE: related document(s)54 Motion Miscellaneous Relief). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit Attachment) (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 64 | Declaration of Rhonda L. Nelson *in Support of the Opposition to the Motion for Order Vacating Judgment Creditor's Renewal of Judgment* (RE: related document(s)54 Motion Miscellaneous Relief). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 65 | Notice Regarding *Withdrawal of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)61 Motion to Amend filed by Plaintiff Ireta Irby. Filed by Plaintiff Ireta Irby. (Attachments: # 1 Exhibit Attachment) (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 66 | Certificate of Service re *Memorandum of Points and Authorities in Support of the Opposition to the Motion for Order Vacating Judgment Creditor's Renewal of Judgment* (RE: related document(s)64 Declaration,, 63 Memo of Points & Authorities, ). Filed by Plaintiff Ireta Irby (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 67 | Certificate of Service re *Notice of Withdrawal of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)65 Notice, ). Filed by Plaintiff Ireta Irby (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/18/2008 | 68 | Order Vacating Judgment Creditor's Renewal of Judgment.(Related Doc # 54 Motion For Order Vacating Judgment Creditor's Renewal of Judgment;) (lj, ) (Entered: 01/22/2008) |
| 01/25/2008 | | Hearing Held (RE: related document(s)54 Motion For Order Vacating Judgment Creditor's Renewal of Judgment filed by Defendant Brooks H. Haden). (Before hearing, off calendar. Order granting motion filed on 1/18/08.) (ds, ) (Entered: 01/25/2008) |
| 03/18/2008 | | Adversary Case Closed 97-1034. (lj, ) (Entered: 03/18/2008) |

1  BARTLETT & LEADER-PICONE, LLP
   KAIPO K.B. YOUNG *(State Bar No. 164718)*
2  2201 BROADWAY, SUITE 803
   OAKLAND, CA 94612
3  TELEPHONE: (510) 444-2404
   FACSIMILE: (510) 444-1291

4  Attorneys for Defendant and Judgment Debtor
   BROOKS H. HADEN

5

6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 In re                          ) Case No. 96-13933 AJ
                                   )
11 BROOKS H. HADEN,               ) Chapter 7
                                   )
12          Debtor.               ) Adv. Proc. No. 97-1034 AJ
   _____)
13                                )
   IRETA IRBY,                    ) **MOTION FOR ORDER VACATING**
14                                ) **JUDGMENT CREDITOR'S RENEWAL OF**
            Plaintiff,            ) **JUDGMENT; MEMORANDUM.**
15                                )
   v.                             )
16                                ) Date:  January 25, 2008
   BROOKS H. HADEN,               ) Time:  10:00 a.m.
17                                ) Dept.: U.S. Bankruptcy Court
            Defendant.            )        99 South "E" Street
18                                )        Santa Rosa, CA 95404
                                   )
19                                )
                                   ) **Honorable Alan Jaroslovsky**
20                                )
   _____)
21          Defendant and judgment debtor Brooks H. Haden moves the Court for an order

22 vacating plaintiff and judgment creditor Ireta Irby's renewal of judgment filed November 8, 2007.

23          Mr. Haden moves for an order vacating plaintiff and judgment creditor Ireta Irby's

24 renewal of judgment on the grounds that the Court lacks jurisdiction to renew the judgment and said

25 renewal should have been filed in the United States District Court for the Northern District of

26 California. More importantly, even if this Court were to determine that jurisdiction is proper, plaintiff

27 is nonetheless time-barred from seeking a renewal under Code of Civil Procedure section 683.020.

28          This Motion shall be based on these moving papers, the attached Declaration of Kaipo

---

**MOTION FOR ORDER VACATING RENEWAL**
**OF JUDGMENT**                                      Adv. Proc. No. 97-1034 AJ

Exhibit D

1   K.B. Young, and any further evidence or argument that may be presented prior to or at the hearing on

2   the Motion.

3   DATED:  December 14, 2007         BARTLETT, LEADER-PICONE & YOUNG, LLP

4

5                    BY: **/s/ Kaipo K.B. Young #164718**
                         KAIPO K.B. YOUNG

6                         Attorney for Defendant and Judgment Debtor
                         BROOKS H. HADEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR ORDER VACATING RENEWAL
OF JUDGMENT**                   **Adv. Proc. No. 97-1034 AJ**

# MEMORANDUM

Defendant and judgment creditor Brooks H. Haden submits this memorandum in support of his motion for order vacating plaintiff and judgment creditor Ireta Irby's renewal of judgment filed November 8, 2007.

# INTRODUCTION

This saga began on November 17, 1988 when plaintiff obtained a default money judgment against Mr. Haden in the United States District Court for the Southern District of Texas for the sum of $87,450.00. Plaintiff later registered her Texas judgment with the United States District Court for the Northern District of California on August 20, 1996.

When Mr. Haden filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on November 14, 1996, plaintiff initiated a nondischargeability complaint against him. After a trial was conducted, the Court found in favor of the plaintiff and a judgment was entered on April 28, 1998. The bankruptcy court judgment clearly states that

> Irby's Judgment against Haden, entered on November 17, 1988, in the United States District Court for the Southern District of Texas, Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A). Irby shall recover her costs of suit in the amount of $685.20.

On November 8, 2007 plaintiff filed with the bankruptcy court her application for and renewal of judgment. By and through her application, plaintiff seeks to renew her bankruptcy court judgment for $434,673.51, representing the original Texas judgment in the amount of $87,450.00 plus interest after judgment in the sum of $347,223.51. Plaintiff's renewal of judgment does not included her previously awarded costs of $685.20.

Plaintiff's renewal of judgment must be vacated for two reasons. First, this Court lacks jurisdiction to renew the judgment as requested. Plaintiff obtained nothing more than a "declaratory relief" judgment from this Court with respect to her Texas judgment. With the exception of a money judgment to recover $685.20 in costs, no other "money" judgment was entered. Plaintiff's renewal of judgment goes beyond the scope of that which was previously awarded by the bankruptcy court. At the very least, plaintiff should have filed her application for renewal of judgment in the venue where

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO J\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

1  the Texas judgment was first certified in California—the United States District Court for the Northern

2  District of California.

3          Second, even if this Court were to determine that jurisdiction is proper, plaintiff's

4  renewal of judgment must nonetheless be vacated for the mere fact that plaintiff's renewal of

5  judgment is time barred under Code of Civil Procedure section 683.020. Plaintiff's registration of her

6  Texas judgment with the District Court for the Northern District of California, under 28 U.S.C. section

7  1963, created a "new judgment" for statute of limitations purposes, giving plaintiff ten years from the

8  date of registration in which to satisfy the judgment. Plaintiff registered her Texas judgment on

9  August 20, 1996. The California period of limitations for enforcement of judgment is 10 years. If

10  plaintiff wanted to renew her judgment in California, the deadline was August 20, 2006. Plaintiff

11  failed to do so and is now time-barred. Plaintiff's renewal of judgment must therefore be vacated.

12

13  **STATEMENT OF FACTS**

14          The following is supported by the Declaration of Kaipo K.B. Young which is

15  concurrently filed herewith:

16          1.     On November 17, 1988, plaintiff Ireta Irby obtained a default money judgment

17  against defendant Brooks H. Haden for the sum of $87,450.00 in the United States District Court for

18  the Southern District of Texas, Houston Division, Case No. H-88-1781 ("Texas Judgment").

19          2.     On August 20, 1996, plaintiff caused the Texas Judgment to be registered with

20  the United States District Court for the Northern District of California, San Francisco Division, Case

21  No. 3:96-fj-00034-VRW.

22          3.     On November 14, 1996 Mr. Haden filed a voluntary petition under chapter 7 of

23  the Bankruptcy Code, Case No. 96-13933, in the United States Bankruptcy Court for the Northern

24  District of California, Santa Rosa Division.

25          4.     Thereafter, on February 13, 1997, plaintiff filed her nondischargeability

26  complaint against Mr. Haden, Adv. Proc. No. 97-01034 ("Adversary Proceeding").

27

28

---

**MEMORANDUM**                                                          **Adv. Proc. No. 97-1034 AJ**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

5.     On April 14, 1998, a trial was held in the Adversary Proceeding. Following the trial, the Court, on April 28, 1998, entered a judgment in favor of plaintiff and against Mr. Haden ("Adversary Judgment"). The Adversary Judgment specifically states as follows:

> After hearing the evidence and arguments of counsel, judgment is hereby entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor or plaintiff Ireta Irby ("Irby") **determining that Irby's Judgment against Haden, entered on November 17, 1988, in the United States District Court for the Southern District of Texas, Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A). Irby shall recover her costs of suit in the amount of $685.20.** (Emphasis added)

6.     On November 8, 2007 plaintiff filed her application for and renewal of judgment with the Bankruptcy Court. By way of her application, plaintiff seeks to renew her judgment for $434,673.51, representing the original Texas judgment in the amount of $87,450.00 plus interest after judgment in the sum of $347,223.51. Plaintiff's application <u>does not</u> seek to renew her money judgment for her previously awarded costs in the sum $685.20.

7.     On November 15, 2007, Mr. Haden was served with a Notice of Renewal of Judgment. Pursuant to the Notice, Mr. Haden is required to make any motion to vacate the renewal with 30 days after service of the Notice.

## ARGUMENT

**A.    THE BANKRUPTCY COURT LACKS JURISDICTION TO RENEW THE JUDGMENT.**

Plaintiff's renewal of judgment must be vacated because the bankruptcy court lacks jurisdiction to renew the judgment as requested by plaintiff.

The Adversary Judgment entered on April 28, 1998, by its own terms, provides plaintiff with the following limited relief--1) a declaration stating that the Texas judgment entered in the United States District Court for the Southern District of Texas is **nondischargeable** and 2) a money judgment for costs in the amount of $685.20--NOTHING MORE. Through her application for and renewal of judgment, however, plaintiff seeks to renew the Adversary Judgment for $434,673.51, comprising of the original Texas judgment in the amount of $87,450.00 plus interest after judgment in the sum of $347,223.51.

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\RBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

1   The amount requested by plaintiff in her renewal of judgment goes well beyond the

2   scope of the limited relief which was awarded to plaintiff in the Adversary Judgment. With the

3   exception of the money judgment for costs in the amount of $685.20, at no time did this Court enter a

4   "money" judgment against plaintiff for the $87,450.00. If plaintiff wanted a money judgment from the

5   bankruptcy court for the amount of the Texas judgment, she could have requested and obtained this

6   relief. Instead, plaintiff requested and obtained a declaration that the Texas judgment is

7   nondischargeble, nothing more! The Adversary Judgment is unambiguous and plaintiff is seeking to

8   extract additional relief that was not conferred on her by the Adversary Judgment. Accordingly,

9   plaintiff's renewal of judgment must be vacated.[1]

10   Mr. Haden anticipates that plaintiff will argue that the bankruptcy court is the

11   appropriate forum to renew the judgment and will cite *McCowan v. Fraley*, 296 B.R. 1 (9th Cir. 2003)

12   for the proposition the bankruptcy court continues to have jurisdiction following a nondischargeability

13   proceeding. While Mr. Haden does not dispute that this Court continues to have jurisdiction over

14   certain aspects of the Adversary Judgment, the *McCowan* case has only limited application.

15   There, the bankruptcy court determined that the debtor's obligation to the creditor was

16   nondischargeable <u>and</u> entered a money judgment for $22,182.87. After the case was closed, the

17   creditor moved to enforce the judgment. When the debtor sought to claim an exemption in a certain

18   bank account and receivable, the creditor objected and moved to have the bankruptcy court determine

19   the validity of the exemption. The debtor argued that when the bankruptcy case was closed, the

20   bankruptcy court lost jurisdiction to enforce the money judgment because enforcement proceedings

21   were not "related to" the bankruptcy case. The bankruptcy court ruled that it retained jurisdiction to

22   enforce its own money judgments even after a bankruptcy case is closed. The Ninth Circuit

23   Bankruptcy Appellate Panel agreed and affirmed the bankruptcy court's decision on appeal. *Id.* at 11.

24   In reaching its decision, the BAP took adopted following approach:

25   
26   A bankruptcy court has jurisdiction to determine the dischargeability of a
debt owed by a bankruptcy debtor; such a proceeding "arises under" the

---

[1] At the very least, plaintiff should have filed her application for renewal of judgment where the Texas judgment was first certified in California—the United States District Court for the Northern District of California. However, as argued in this memorandum, her application if filed would fail as well.

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO J\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

Bankruptcy Code, because it is a cause of action created by § 523 of the Bankruptcy Code, *In re Menk*, 241 B.R. 896, 904 (9th Cir. BAP 1999) and is a "core" proceeding that the bankruptcy court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(I). The court's jurisdiction to determine the dischargeability of a debt carries with it the jurisdiction to enter a money judgment that fixes the amount of the nondischargeable debt. *In re Kennedy*, 108 F.3d (9th Cir. 1997).

It has been long settled that process in aid of and to effectuate an adjudication and order entered by a federal court may be enforced by that court "irrespective of whether the court would have jurisdiction if the proceeding were an original one" and that these principles apply in bankruptcy. (citations omitted)

* * *

Actions "brought in aid of an execution or to effectuate a judgment entered in the prior suit" are ancillary to the original action, *In re Lawson*, 156 B.R. 43, 46 (9th Cir. BAP 1993); "they are in effect a continuance of the original suit." *Jones v. National Bank of Commerce of El Dorado*, 157 F.2d 214, 215 (8th Cir. 1946) (relied on by *Lawson*). Thus, where a proceeding is brought to execute on a judgment entered by the bankruptcy court, the proceeding is a continuation of the original proceeding, and jurisdiction depends on whether the original proceeding was within the bankruptcy court's jurisdiction. *See In re Mayex II Corp.*, 178 B.R. 464, 468 (Bankr. W.D. Mo. 1995) (orders in aid of execution of judgment in core proceeding fall within court's ancillary jurisdiction). *Accord Peacock*, 516 U.S. at 355.

In this case, the original proceeding was one to determine the dischargeability of a debt, which is a proceeding "arising under" the Bankruptcy Code. Such a proceeding is without question within the jurisdiction of the bankruptcy court, as was the money judgment entered on the debt. Therefore, a proceeding to enforce the resulting judgment or execute on it continues to be a matter that "arises under" the Bankruptcy Code, until the judgment is satisfied. *Id.* 4 – 8.

In applying *McCowan* case to this matter at hand, it must be noted that *McCowan* has only limited applicability. Mr. Haden does not dispute that this Court retains jurisdiction to enforce its orders and judgments. This retention, however, is only limited to enforcement of that Adversary Judgment entered on April 28, 1996. Like *McCowan*, this Court entered a money judgment for a specified dollar amount, $685.20. Plaintiff's attempt to "tack on" an additional $434,673.51 to the Adversary Judgment is inappropriate, not to mention outside the jurisdiction of this Court, and not supported by the principals of *McCowan*. Accordingly, plaintiff's renewal of judgment must be vacated.

---

**MEMORANDUM**                                                        **Adv. Proc. No. 97-1034 AJ**

**B.    PLAINTIFF'S RENEWAL OF JUDGMENT IS TIME BARRED
BECAUSE SHE FAILED TO RENEW HER JUDGMENT WITHIN THE
10-YEAR STATUTE OF LIMITATIONS AS PRESCRIBED BY CODE
OF CIVIL PROCEDURE SECTION 683.020.**

Even if the Court were to conclude that it has jurisdiction to enter plaintiff's renewal of

judgment, said renewal must nonetheless be ordered vacated because plaintiff failed to renew her

judgment within the 10-year statute of limitations as prescribed by Code of Civil Procedure section

683.020. More specifically, plaintiff's failure to renew her judgment within ten years of the date she

registered her judgment with the United States District Court for the Northern District of California

(August 20, 1996) makes her judgment unenforceable in California.

Section 1963 of Title 28, among other things, provides that

§ 1963. **Registration of judgments for enforcement in other districts**

A judgment in an action for the recovery of money or property entered in
any court of appeals, district court, bankruptcy court, or in the Court of
International Trade may be registered by filing a certified copy of the
judgment in any other district or, with respect to the Court of International
Trade, in any judicial district, when the judgment has become final by
appeal or expiration of the time for appeal or when ordered by the court
that entered the judgment for good cause shown. *28 U.S.C. § 1963*

In California, a judgment may not be enforced upon the expiration of 10 years after the

date of entry of a money judgment. *Code Civ. Proc. § 683.020.*

The Ninth Circuit has addressed how the federal statute for registration of judgment

from other districts interacts with a counterpart California statute and with the California statute of

limitations (Code of Civil Procedure § 683.020 (formerly § 681)). In the case of *Marx v. Go*

*Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), the Ninth Circuit ruled on the issue of whether a

registration under 28 U.S.C. section 1963 creates a "new judgment" for statute of limitations purposes,

giving the judgment creditor ten years from the date of registration in which to satisfy the judgments.

In that case, Marx obtained judgment against Go Publishing in 1971 in the United

States District Court for the District of Columbia. The judgment was not paid. In 1980 Marx registered

the judgment in the United States District Court for the Central District of California, pursuant to 28

U.S.C. section 1963. In 1982 Marx commenced proceedings in the District Court for the Central

District of California to enforce the judgment. Go Publishing argued a statute of limitations defense

---

**MEMORANDUM**                                           **Adv. Proc. No. 97-1034 AJ**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

1  under Code of Civil Procedure section 681.[2] The district court rejected this defense. Go Publishing

2  appealed and lost. In affirming the district court's ruling, the Ninth Circuit made the following

3  analysis:

4          The California period of limitations for enforcement of judgments is ten
           years. *See Cal. Code Civ. Proc. § 681.* Go Publishing invoked the statute
5          as a bar to the proceedings. The issue is whether registration under 28
           U.S.C. § 1963 creates a new judgment for statute of limitations purposes,
6          giving the judgment-creditor ten years from the date of registration in
           which to satisfy the judgment. Under analogous California law, the ten
7          year period for a valid and enforceable judgment of a sister state runs
           anew from the time of its filing in the state superior court, provided that at
8          the time of registration the judgment is not then time barred and other
           requisites of the statute are fulfilled. [citations omitted] Go Publishing
9          argues, however, that this state rule is inapplicable where a district court
           judgment is registered under the federal statute. We disagree.
10
11         The California statute provides for registration of judgments of sister
           states, and the provisions of *28 U.S.C. § 1963* are its federal analogue. We
12         discern no reason why the statute of limitations rule of the state should not
           apply to the federal proceeding. The registration of the district court
13         judgment under *28 U.S.C. § 1963*, the judgment not then being time
           barred, *Cal. Code Civ. Proc. § 337.5*, commenced anew the running of the
14         applicable statute, which is *Cal. Code Civ. Proc. § 681.* Id. at 1273.

15

16         In applying the *Marx* analysis to the present case, it is clear that plaintiff's renewal was

17  filed too late. Plaintiff registered her Texas judgment with the District Court for the Northern District

18  of California on **August 20, 1996**. Since the California period of limitations for enforcement of

19  judgment under Code of Civil Procedure section 683.020 is ten years, plaintiff had, under *Marx*, until

20  **August 20, 2006** to file her renewal of judgment. It is undisputed that plaintiff failed to do so since her

21  renewal of judgment was filed on **November 8, 2007, well over a year after the statute had run**!

22  Based on the foregoing, and the principals set forth in *Marx,* plaintiff's renewal of judgment is time

23  barred and must be vacated.

24  / / / /

25  / / / /

26  / / / /

27

28

---

[2] The current statute now is Code of Civil Procedure section 683.020.

## CONCLUSION

For the reasons set forth above, Mr. Haden respectfully requests that this Court issue its order vacating plaintiff's renewal of judgment filed November 8, 2007.

DATED: December 14, 2007.              BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: /s/ Kaipo K.B. Young #164718
      KAIPO K.B. YOUNG
      Attorneys for Defendant and Judgment Debtor
      BROOKS H. HADEN

1   RHONDA L. NELSON (State Bar No. 116043)
    DAVID E. PINCH (State Bar No. 124851)
2   SEVERSON & WERSON
    A Professional Corporation
3   One Embarcadero Center, Suite 2600
    San Francisco, CA 94111
4   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
5
    Attorneys for Plaintiff and Judgment Creditor
6   IRETA IRBY

7

8             UNITED STATES BANKRUPTCY COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SANTA ROSA DIVISION

| | | |
|---|---|---|
| 11 | In re ) | Chapter 7 |
| | ) | Underlying Case No. 96-13933 AJ |
| 12 | BROOKS H. HADEN, ) | |
| | ) | |
| 13 | Debtor, ) | |
| | ————————————————) | |
| 14 | ) | |
| | IRETA IRBY, ) | Adversary Proceeding No. 97-1034-AJ |
| 15 | ) | |
| | Plaintiff, ) | **NOTICE OF WITHDRAWAL OF** |
| 16 | ) | **MOTION TO AMEND JUDGMENT** |
| | vs. ) | **PURSUANT TO BANKRUPTCY** |
| 17 | ) | **PROCEDURE RULE 9024 AND FRCP** |
| | BROOKS H. HADEN, ) | **60(a) and (b)(6)** |
| 18 | ) | |
| | Defendant. ) | |
| 19 | ) | Date:   January 25, 2008 |
| | ) | Time:   10:00 a.m. |
| 20 | ————————————————) | Dept:   U.S. Bankruptcy Court |
| | |        99 South "E" Street |
| 21 | |        Santa Rosa, CA 95404 |

22                 **The Honorable Alan Jarolovsky**

23       Based on the attached notice from the Court, Plaintiff and Judgment Creditor Ireta Irby

24   ("Irby") hereby withdraws her Motion To Amend Judgment Pursuant To Bankruptcy Rule 9024

25   and Federal Rule of Civil Procedure 60(a) and (b)(6).

26   ///

27   ///

Exhibit   <u>E</u>

28

| 10281/0001/654783.1 | | NOTICE TO WITHDRAW MOTION TO AMEND |
|---|---|---|
| | | JUDGMENT…*Irby v. Haden*, #97-1034 AJ |

1

DATED:  January 11, 2008

2

SEVERSON & WERSON
3    A Professional Corporation

4

5    By:  _____/s/ Rhonda L. Nelson_____
          Rhonda L. Nelson
6
Attorneys for Plaintiff and Judgment Creditor
7    IRETA IRBY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| 10281/0001/654783.1 | - 2 - | NOTICE TO WITHDRAW MOTION TO AMEND JUDGMENT...*Irby v. Haden*, #97-1034 AJ |

# ATTACHMENT

# ATTACHMENT

**Rhonda L. Nelson**

| | |
|---|---|
| **From:** | BKECF_CANB@canb.uscourts.gov |
| **Sent:** | Thursday, December 27, 2007 11:09 AM |
| **To:** | Rhonda L. Nelson |
| **Cc:** | kyoung@bl-plaw.com |
| **Subject:** | Defective Order 97-01034-104696.pdf |

### U.S. Bankruptcy Court
### Northern District of California

The order submitted to the Court on 12/21/2007 will not be processed due to the followling deficiencies:

OK, there is no mistake here. There is a recent circuit case (not at my
fingertips, sorry, but you can find it) noting that when there is a prior state
court judgment the bankruptcy court can EITHER enter a new money judgment or
just declare the state court judgment nondischargeable. The distinction becomes
important when it is time to renew the judgment. Since the original form of the
judgment is not a mistake, you should bring a noticed motion if you want it changed. (Alan Jaroslovsky
on 12/27/2007)

**Order Type:**   Notice of Hearing

**Case Name:**   Irby v. Haden

**Order:**   97-01034-104696.pdf

**Date Submitted:**   12/21/2007

**Entered on Docket**
**January 22, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  BARTLETT, LEADER-PICONE & YOUNG, LLP    Signed: January 18, 2008
   MALCOLM LEADER-PICONE (STATE BAR NO. 104620)
2  KAIPO K.B. YOUNG (STATE BAR NO. 164718)
   2201 BROADWAY, SUITE 803
3  OAKLAND, CA  94612
   TELEPHONE: (510) 444-2404
4  FACSIMILE: (510) 444-1291                        _____
                                                    ALAN JAROSLOVSKY
5  Attorneys for Defendant and Judgment Debtor      U.S. Bankruptcy Judge
   BROOKS H. HADEN

6

7

8                       UNITED STATES BANKRUPTCY COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            SANTA ROSA DIVISION

11
   In re                          )  Case No. 96-13933 AJ
12                                 )
   BROOKS H. HADEN,                )
13                                 )  Chapter 7
          Debtor.                  )
14                                 )  Adv. Proc. No. 97-1034 AJ
   _____)
15                                 )  **ORDER VACATING JUDGMENT**
   IRETA IRBY,                     )  **CREDITOR'S RENEWAL OF JUDGMENT.**
16                                 )
          Plaintiff,               )
17                                 )  Date:   January 25, 2008
   v.                              )  Time:   10:00 a.m.
18                                 )  Dept.:  U.S. Bankruptcy Court
   BROOKS H. HADEN,                )          99 South "E" Street
19                                 )          Santa Rosa, CA 95404
          Defendant.               )
20                                 )
   _____)  **Honorable Alan Jaroslovsky**
21
22  / / / /
23  / / / /
24  / / / /
25
26
27                                        Exhibit ___F___

   ─────────────────────────────────────────────────────────────────
   ORDER VACATING RENEWAL OF JUDGMENT              Adv. Proc. No. 97-1034 AJ

## <u>ORDER</u>

In response to defendant Brook H. Haden's motion for order vacating judgment creditor's renewal of judgment, creditor Ireta Irby conceded that it was not necessary for her to renew the Nondischargeability Judgment in this Adversary Proceeding. Therefore, for good cause appearing:

IT IS ORDERED that defendant's motion for order vacating judgment creditor's renewal of judgment is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's renewal of judgment filed November 8, 2007 is hereby vacated and is of no further force and effect; without prejudice to plaintiff's rights to enforce the federal judgment to the extent permitted by law.

**\* \* \* END OF ORDER \* \* \***

<u>Approved as to form:</u>
SEVERSON & WERSON

BY: <u>/s/ Rhonda L. Nelson</u>
RHONDA L. NELSON
Attorneys for Plaintiff
IRETA IRBY

---

**ORDER VACATING RENEWAL OF JUDGMENT**                    Adv. Proc. No. 97-1034 AJ