RHON D. L. NELSON (State Bar No. 116043)
DAVID E. PINCH (State Bar No. 124851)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiff
IRETA IRBY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRETA IRBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BROOKS HENDERSON HADEN,<br><br>　　　　Defendant. | Case No.: 3:08C-80004 MISC-PJH<br><br>**IRETA IRBY'S OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Hearing Date: March 31, 2008<br>Time: 9:00 a.m.<br>Dept.: 3<br>Judge: Phyllis J. Hamilton |

Ireta Irby opposes the ex parte application for a temporary restraining order:

**I.**

**INTRODUCTION**

Ireta Irby is seeking to recover under a judgment for $87,450.00 entered in the United States District Court for the District of Texas against Brooks Henderson Haden almost twenty-years ago and under which he has never paid a dime. Mr. Henderson acknowledges that the Texas judgment is still enforceable against him but insists that he should not have to pay for it here in California.

Because the judgment is still enforceable in the District of Texas where it originated, this district must also allow enforcement of the judgment under 28 U.S.C. § 1963. *See Gagan v. Sharar,* 376 F.3d 987, 989, fn 3 (9th Cir. 2004).

## II.

## STATEMENT OF FACTS

The statement of facts cited by Henderson is accurate as far as they go. Irby adds the following facts:

The judgment originally entered in the United States District Court for the District of Texas was revived twice. Texas law allows for the revival of a judgment simply by the issuance of a new writ of possession within a 10 year period.

Irby has now revived the judgment in Texas three times. The first was on September 24, 1996; the second was on February 25, 1998; and most recently on February 12, 2008. The Texas District Court recognized that the judgment was still valid and enforceable when it issued a Certification of Judgment for Registration in Another District on January 10, 2008.

## III.

## GROUNDS FOR DENYING THE EX PARTE APPLICATION

**A.   Henderson has not met the burden required to obtain injunctive relief.**

A party seeking injunctive relief in a federal court must show that it has met the standards for obtaining injunctive relief in the state where the federal court is sited. Fed. Rules of Civ. Proc. 64 and 65. The California Code of Civil Procedure sections 511.010 through 516.050, provide the standards in California. Section 513.010 provides that the court may issue a temporary restraining order to protect the creditor's position pending a noticed claim and delivery hearing if the following are found:

- The plaintiff establishes the probable validity of his claim to possession of the properties;
- Plaintiff provides an undertaking or bond;
- The plaintiff establishes the probability that there is an immediate danger that the property claimed may become unavailable to levy by reason of being transferred, concealed, or removed or may become substantially impaired in value. CCP §513.010(b).

1  Irby asserts that Henderson cannot meet these standards. First, he cannot establish the
2  probability of success of his opposition for the reasons stated below. There is a valid and
3  enforceable judgment in Texas which must remain valid and enforceable throughout all the
4  district courts in the United States.
5  Second, Henderson has not offered any bond or undertaking. He currently owes Irby over
6  $392,568.01. If the court grants an injunction, then Henderson should be required to post an
7  undertaking in the amount of the debt.

8  **B.    The Texas judgment is enforceable.**

9  Henderson is correct in his statement of the law that the federal courts are to apply the law
10 of the state to determine whether a judgment remains enforceable or has expired. (Fed. Rules
11 Civil Pro. 69).

12 Texas law allows a judgment to be revived by the reissuance of a writ of possession
13 once every ten years.

14
15 §34.001. NO EXECUTION ON DORMANT JUDGMENT. (a) If a writ of
   execution is not issued within 10 years after the rendition of a judgment of a court
   of record or a justice court, the judgment is dormant and execution may not be
16 issued on the judgment unless it is revived.

17 (b) If a writ of execution is issued within 10 years after
   rendition of a judgment but a second writ is not issued within 10 years after
18 issuance of the first writ, the judgment becomes dormant. A second writ may be
   issued at any time within 10 years after issuance of the first writ.
19
20 Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985.

21 Henderson does not dispute that Irby has a validly enforceable judgment in Texas District
22 Court. (See Memorandum of Points and Authorities 1:4-8). This admission is fatal to his
23 application for a temporary restraining order.

24 **C.    The judgment registered in the Northern District of California has the same
           effect as the judgment of the Texas District Court and been enforced in like
25         manner.**

26 Except where enforcement is stayed, a final judgment for the recovery of money or
27 property entered outside California in any federal circuit court of appeals, district court or
28 bankruptcy court, or in the Court of International Trade, may be enforced in California by

-3-

1  registering it in a federal district in California. 28 U.C.C. §1963; *Gagan v. Sharar*, 376 F.3d 987, 989, fn.3 (9th Cir. 2004). Once properly registered, the judgment has the "same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

Because the judgment is enforceable in Texas District Court, it can be registered in a district in California as an enforceable judgment. The holding of *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), as cited by Henderson, supports this conclusion. Henderson correctly states: "We discern no reason why the statute of limitations rule of the state should not apply to the federal proceeding. The registration of the district court judgment under 28 U.S.C. §1963, the judgment (read the Texas judgment) not then being time barred, Cal. Code Civ. Proc. §337.5, commenced anew the running of the applicable statute, which is Cal. Code Civ. Proc. §681."

The Texas judgment is valid and enforceable under 28 U.S.C. §1963.

Henderson's reliance on *Barkley v. City of Blue Lake,* 18 Cal.App.4th 1745 (1993) is distinguishable. In *Barkley* no valid judgment survived. The court held that the plaintiff could not create an enforceable judgment by renewing the lawsuit, because there was no judgment left to enforce. That is not the case here. The Texas federal judgment is still lawful and enforceable. A citizen cannot escape the consequences of an authorized form of execution simply because of the forum he chose to live in.

DATED: March 28, 2008                    SEVERSON & WERSON
                                          A Professional Corporation


                                          By: /s/ Rhonda L. Nelson
                                              RHONDA L. NELSON

                                          Attorneys for Plaintiff
                                          IRET AIRBY