BARTLETT, LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE *(State Bar No. 104620)*
2201 BROADWAY, SUITE 803
OAKLAND, CA  94612
TELEPHONE:  (510) 444-2404
FACSIMILE:  (510) 444-1291

Attorneys for Defendant, specially appearing
BROOKS HENDERSON HADEN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRETA IRBY<br><br>    Plaintiff,<br><br>vs.<br><br>BROOKS HENDERSON HADEN<br><br>    Defendants. | No. 3:08-c-80004-PJH<br><br>**REPLY MEMORANDUM OF DEFENDANT BROOKS HADEN IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER TO PREVENT GARNISHMENT OF WAGES UNDER EXPIRED JUDGMENT, etc.**<br><br>Date:  March 31, 2008<br>Time:  9;00 a.m.<br>Crtrm: 3, 17th Floor<br>Hon. Phyllis J. Hamilton |

**REPLY MEMORANDUM IN SUPPORT OF APPLICATION FOR TRO**

**I.    PRELIMINARY STATEMENT.**

Plaintiff Ireta Irby's opposition to defendant Brooks Haden's application for a temporary restraining order and order vacating registration of foreign judgment completely misses the mark. Regardless of whether the judgment remains enforceable in Texas, it is no longer enforceable in California. As held in both of the federal cases the parties have cited, the law of the forum governs the enforcement of a judgment registered from another state's district court. In this case, California law governs and, under California law, the judgment expired and cannot be revived by re-registration of the foreign judgment. Plaintiff Ireta Irby failed to

**REPLY BRIEF IN SUPPORT OF APPLICATION FOR TRO, etc.**     Case No. 3:08-c-80004-PJH
-1-

renew her California judgment and she cannot avoid the consequences of her own failure to follow California law by re-registration of the Texas judgment. Accordingly, the temporary restraining order should issue to prevent further enforcement of the expired judgment.

## II. ARGUMENT.

### A. CALIFORNIA LAW GOVERNS THE ENFORCEABILITY OF PLAINTIFF'S JUDGMENT IN CALIFORNIA.

Plaintiff argues that the Texas judgment was renewed and, because it is still enforceable in Texas, it should still be enforceable in California. However, the only authorities before the Court dictate that California law, not Texas law, governs whether a registered foreign judgment is enforceable in this state.

Although 28 *U.S.C.* § 1963 permits the registration of a judgment in another district, nothing in section 1963, or in any case cited to the Court permits a second registration of the same judgment.

Rule 69 of the Federal Rules of Civil Procedure dictates that district courts must follow state practice regarding the collection and enforcement of judgments. *Ortland v. County of Tehama*, 939 F. Supp. 1465, 1473 (E.D. Cal. 1996).

Both *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), that defendant cited in support of his Application, and *Gagan v. Sharar*, 376 F.3d 987 (9th Cir. 2004), cited by plaintiff, stand for the proposition that this Court must look to California law to determine whether the judgment remains enforceable. As quoted from footnote 3 in *Gagan* in plaintiff's opposition, 28 *U.S.C.* § 1963 requires that the Court enforced in the same manner as any California judgment:

> "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 376 F.3d at 989 fn. 3.

Thus, California law (not Texas law, as plaintiff tries to argue) governs the enforceability of the judgment that plaintiff registered in this Court. Plaintiff has proffered no case or statutory authority that permits a judgment creditor to register a judgment a second time in a district, just because the judgment creditor failed to renew the judgment under California law.

Plaintiff misreads the *Marx* case. Under the *Marx* case, a foreign judgment that has not expired in the home state, can be registered in California and obtain the benefit of the ten year statute of

**REPLY BRIEF IN SUPPORT OF APPLICATION FOR TRO, etc.**     Case No. 3:08-c-80004-PJH
-2-

limitations of a California judgment. Nothing in *Marx* says that the judgment creditor can take the benefit of a new 10 year period of enforceability under California law, and then avoid the California expiration of that judgment by registering the Texas judgment a second time.

In this case, Ms. Irby's California Judgment, obtained on August 20, 1996, had a ten year lifespan in California from the date of registration, in accordance with California Code of Civil Procedure section 683.020, and it expired on August 20, 2006 when plaintiff failed to renew it. There is no law or policy that would countenance giving plaintiff more or an ability to enforce a California judgment than any other California judgment holder.

### III.  CONCLUSION.

For the foregoing reasons, and those in the original Application papers, defendant urges the Court to issue a TRO and rule that plaintiff's Texas Judgment has been rendered unenforceable in California by plaintiff's failure to timely renew the judgment under California law.

Respectfully submitted,

DATED: March 31, 2008.              BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: **/s/ Malcolm Leader-Picone #104620**
     MALCOLM LEADER-PICONE
     Attorneys for Defendant
     BROOKS HENDERSON HADEN

# PROOF OF SERVICE

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803 Oakland, CA 94612.

On March 31, 2008, I served the following document(s) entitled:

**REPLY MEMORANDUM OF DEFENDANT BROOKS HADEN IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER TO PREVENT GARNISHMENT OF WAGES UNDER EXPIRED JUDGMENT, etc.**

upon the following person(s) in said action as follows:

| **By Email:** | **Chambers Copy to be Hand-Delivered:** |
|---|---|
| Rhonda I. Nelson, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br><br>Telephone: 415-398-3344<br>Facsimile: 415-956-0439<br>Email: rln@severson.com | Hon. Phyllis J. Hamilton<br>U.S. District Court Judge<br>U.S. District Court, Crtrm. 3, 17th Floor<br>U.S. Courthouse/Phillip Burton Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on March 31, 2008.

**/s/ Malcolm Leader-Picone #104620**
Malcolm Leader-Picone

**PROOF OF SERVICE**     Case No. 3:08-c-80004-PJH