1   BARTLETT, LEADER-PICONE & YOUNG, LLP
    MALCOLM LEADER-PICONE *(State Bar No. 104620)*
2   2201 BROADWAY, SUITE 803
    OAKLAND, CA  94612
3   TELEPHONE:  (510) 444-2404
    FACSIMILE:  (510) 444-1291
4
    Attorneys for Defendant, specially appearing
5   BROOKS HENDERSON HADEN

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10
    IRETA IRBY                          )   No.  3:08-c-80004-PJH
11                                      )
                     Plaintiff,         )
12                                      )   **NOTICE OF MOTION AND MOTION**
    vs.                                 )   **OF DEFENDANT BROOKS HADEN**
13                                      )   **FOR ORDER VACATING JANUARY 11,**
    BROOKS HENDERSON HADEN              )   **2008 REGISTRATION OF FOREIGN**
14                                      )   **JUDGMENT AND FOR PERMANENT**
                     Defendants.        )   **INJUNCTION AGAINST**
15                                      )   **ENFORCEMENT OF THE TEXAS**
                                        )   **JUDGMENT IN CALIFORNIA.**
16                                      )
17                                      )   Date:   May 14, 2008
                                        )   Time:   9:00 a.m.
18                                      )   Crtrm:  3, 17th Floor
                                        )   Hon. Phyllis J. Hamilton
19                                      )
20                                      )
    _____)
21
          **TO THE COURT, TO PLAINTIFF IRETA IRBY THROUGH HER COUNSEL OF**
22
    **RECORD, TO THE UNITED STATES MARSHAL, AND TO MECHANICS BANK:**
23
                **PLEASE TAKE NOTICE** that defendant Brooks Haden does hereby apply to the Court
24
    for an order (1) vacating the registration of plaintiff's Texas Judgment and (2) permanently enjoining plaintiff
25
    from enforcing the Texas judgment in California. The grounds for the motion are that the registration of the
26
    Texas judgment in the Northern District of California on January 11, 2008 was erroneous and must be
27

28

---

**NOTICE OF MOTION TO VACATE JUDGMENT**
**AND FOR PERMANENT INJUNCTION.**                              **Case No. 3:08-c-80004-PJH**

H:\PSERV\MEMOS\TEXAS FILES\GH\HADEN\\HBT\\MEMO VACATE\MEMO TEX O/N 1121x  VACATE 041108 MLP.DOC

vacated because the California judgment on the underlying debt expired as of August 20, 2006 and was never renewed in accordance with California law.

This Motion is made based upon this Memorandum, the Declaration of Malcolm Leader-Picone with attached exhibits filed concurrently, as well as upon judicial notice of the Court's file with respect to the original registration of the Texas judgment under this Court's Case No. 3:96-fj-000034-VRW, and upon such other and further evidence and argument as may be adduced prior to any ruling on the Motion.

Defendant asks leave to file these moving papers after the April 4, 2008 deadline specified in the Court's minutes and the Order filed April 2, 2008, because defendant was required in the interim to respond to an application for an order shortening time and a motion to amend the judgment in the Bankruptcy Court, which plaintiff filed on April 1, 2008, but which was received by defendant's counsel on April 2, 2008. Copies of the application for an order shortening time, and the memoranda in support of and opposition to the motion to amend the bankruptcy court judgment are attached to the accompanying Declaration of Malcolm Leader-Picone as exhibits.

DATED:  April 11, 2008.                    BARTLETT, LEADER-PICONE & YOUNG, LLP


                                           BY: /s/ Malcolm Leader-Picone #104620
                                               MALCOLM LEADER-PICONE
                                               Attorneys for Defendant
                                               BROOKS HENDERSON HADEN

**NOTICE OF MOTION TO VACATE JUDGMENT**
**AND FOR PERMANENT INJUNCTION.**                    **Case No. 3:08-c-80004-PJH**

## MOTION FOR ORDER VACATING REGISTRATION OF JUDGMENT ON JANUARY 11, 2008 AND FOR PERMANENT INJUNCTION

### I.        PRELIMINARY STATEMENT.

Plaintiff Ireta Irby allowed her California judgment registered in this Court on August 20, 1996, based upon a Texas judgment, to expire. Consequently, plaintiff is not permitted another California judgment on the same claim through her registration of the Texas judgment for a second time. Defendant Brooks Haden seeks an order from this Court (1) vacating the second registration of the Texas judgment; and (2) permanently enjoining plaintiff from any further attempts to enforce the Texas judgment in California.

Although plaintiff has a Texas judgment which is enforceable in Texas, plaintiff is bound by California law as far as enforcement of her judgment in California. Under indisputable California law, the judgment was not renewed and, therefore, it can no longer be enforced in California.

### II.        STATEMENT OF FACTS.

The following facts are taken from the Declaration of Rhonda L. Nelson Regarding Post-Judgment Interest on Registered Judgment from Another District, filed on January 29, 2008 in this action ("*Nelson Decl.*")[1], and the Declaration of Malcolm Leader-Picone ("*Leader-Picone Decl.*") filed concurrently with this Memorandum:

1.        On November 17, 1988, plaintiff Ireta Irby obtained a judgment against defendant Brooks Haden in the United States District Court for the Southern District of Texas ("Texas Judgment"). See, *Exh.* "A" to *Nelson Decl.*, a courtesy copy of which is being served with this Application.

2.        On August 20, 1996, plaintiff registered the Texas Judgment in the Northern District of California. See, *Exh.* "A" to the *Leader-Picone Decl.* The registered judgment, which will be referred to herein as the California Judgment, was assigned to Judge Walker with the case number 3:96-fj-00034-VRW.

3.        The California Judgment was never renewed and expired by operation of law on August 20, 2006, ten years after it came into existence.

4.        On January 10, 2008, plaintiff obtained a new Certification of Judgment for

---

[1] For the Court's convenience, a copy of Ms. Nelson's Declaration is submitted as an exhibit to this Motion.

Registration in Another District from the United States District Court for the Southern District of Texas. See, *Exh*. "C" to the *Nelson Decl*.

5.      The Clerk of this Court registered the Texas Judgment for a second time on January 11, 2008, under case number 3:08-mc-80004-PJH and assigned the case to the Hon. Phyllis J. Hamilton. See, *Exh*. "C" to the *Nelson Decl*.

6.      On January 29, 2008, plaintiff's counsel filed the Nelson Declaration in support of issuance of a Writ of Execution. The Nelson Declaration does not disclose that the Texas Judgment had been registered in California on August 20, 1996 and expired by operation of law on August 20, 2006.

7.      According to the Court's docket for this action, a Writ of Execution was entered on March 3, 2008; and an Earnings Withholding Order was issued on March 7, 2008. See, *Exh*. "B" to the *Leader-Picone Decl*.

8.      On April 1, 2008, after this Court heard arguments on defendant's application for temporary restraining order on March 31, 2008, and it became clear to plaintiff's counsel that this Court may well declare the Texas judgment unenforceable in California, plaintiff filed an application for an order shortening time and a motion to amend the bankruptcy court judgment that is set to expire on April 28, 2008. Plaintiff expressly cited this pending proceeding to enjoin the enforcement of the Texas judgment as grounds for her motion.

### III.      ARGUMENT.

Plaintiff's California judgment expired by operation of law. The expired California judgment cannot be brought back to life by means of a second registration of the Texas judgment. Plaintiff has to play by the same rules governing California judgment as every other judgment creditor in California. Consequently, the second registration of the Texas judgment must be vacated and all further efforts of the plaintiff to enforce the Texas Judgment in California must be permanently restrained.

**A.      REGISTRATION OF THE TEXAS JUDGMENT ON AUGUST 20, 1996 CREATED A CALIFORNIA JUDGMENT WITH A TEN YEAR DURATION.**

Pursuant to Section 1963 of Title 28, a judgment entered in one District Court can be

**MOTION TO VACATE JUDGMENT
AND FOR PERMANENT INJUNCTION**                                          **Case No. 3:08-c-80004-PJH**

registered in another District Court:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . in any judicial district, when the judgment has become final . . . . 28 *U.S.C.* § 1963.

In addition, Rule 69 of the Federal Rules of Civil Procedure requires that, except as otherwise provided by statute, district courts must follow state practice regarding the collection and enforcement of judgments. *Ortland v. County of Tehama*, 939 F. Supp. 1465, 1473 (E.D. Cal. 1996). Together, these statutes establish a federal policy that district courts must follow and respect the forum state's laws governing enforcement of judgments. Thus, judgment creditors holding judgments issued by a federal district court must follow the same rules governing their judgment as all other judgment creditors in the forum state.

In this case, federal law dictates that California law (not Texas law, as plaintiff tries to argue) governs the enforceability of the two judgments that plaintiff registered in this Court. As to those, the Ninth Circuit has clearly and directly pronounced how the federal statute for registration of judgment from other districts interacts with California statutes governing enforcement of judgments, and in particular with the California statute of limitations on enforcement of a judgment (*Cal. Code Civ. Proc.*, § 683.020 (formerly § 681)). In the case of *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), the Ninth Circuit held that a registration under 28 U.S.C. section 1963 creates a "new judgment" for statute of limitations purposes, which the judgment creditor has ten years from the date of registration in which to enforce the judgment under California law.

In *Marx*, the judgment creditor obtained a judgment against Go Publishing in 1971 in the United States District Court for the District of Columbia. In 1980, Marx registered the judgment in the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1963. In 1982, Marx commenced proceedings in the District Court for the Central District of California to enforce the judgment. Go Publishing resisted enforcement and argued a statute of limitations defense under Code of Civil Procedure section 681.[2] The district court rejected that argument, and the Ninth Circuit, in affirming the district court's ruling, analyzed the situation as follows:

---

[2] The current statute now is Code of Civil Procedure section 683.020.

**MOTION TO VACATE JUDGMENT
AND FOR PERMANENT INJUNCTION**                          **Case No. 3:08-c-80004-PJH**

**-3-**

The California period of limitations for enforcement of judgments is ten years. *See Cal. Code Civ. Proc.* § 681. Go Publishing invoked the statute as a bar to the proceedings. The issue is whether registration under 28 U.S.C. § 1963 creates a new judgment for statute of limitations purposes, giving the judgment-creditor ten years from the date of registration in which to satisfy the judgment. Under analogous California law, the ten year period for a valid and enforceable judgment of a sister state runs anew from the time of its filing in the state superior court, provided that at the time of registration the judgment is not then time barred and other requisites of the statute are fulfilled. [Citations.] Go Publishing argues, however, that this state rule is inapplicable where a district court judgment is registered under the federal statute. We disagree.

The California statute provides for registration of judgments of sister states, and the provisions of 28 *U.S.C.* § 1963 are its federal analogue. **We discern no reason why the statute of limitations rule of the state should not apply to the federal proceeding. The registration of the district court judgment under 28 *U.S.C.* § 1963, the judgment not then being time barred, *Cal. Code Civ. Proc.* § 337.5, commenced anew the running of the applicable statute**, which is *Cal. Code Civ. Proc.* § 681. *Id.* at 1273; emphasis added.

In applying *Marx* to the present case, it cannot be contested that the registration of the Texas Judgment of August 20, 1996 created a new California judgment. That California judgment was subject to all California laws governing enforcement of judgments, including the rules governing the duration and renewal of California judgments. Thus, in *Marx*, the Ninth Circuit held that the judgment in that case had a ten year lifespan under California Code of Civil Procedure section 681, the predecessor to California Code of Civil Procedure section 683.020, from the date of registration in the District Court.

Similarly, in *Epps v. Russell*, 62 Cal.App.3d 201 (1976), cited by the Ninth Circuit in *Marx*, the judgment creditor registered his Texas judgment in a California superior court under the Sister State and Foreign Money Judgments Act (*Cal. Code Civ. Proc.*, §§ 1710.10-1710.65). The court held that the issuance of a California judgment under the Sister State and Foreign Money Judgments Act created a new judgment that was then entitled to the ten year statute of limitations for enforcement of judgments under California law.

In this case, Ms. Irby's California Judgment, obtained on August 20, 1996, likewise had a ten year lifespan in California from the date of registration, in accordance with California Code of Civil Procedure section 683.020.

**MOTION TO VACATE JUDGMENT
AND FOR PERMANENT INJUNCTION**

Case No. 3:08-c-80004-PJH

**B.    PLAINTIFF FAILED TO RENEW HER CALIFORNIA JUDGMENT WITHIN 10 YEARS, SO IT IS NOW UNENFORCEABLE, AND ENFORCEMENT MUST CEASE.**

California Code of Civil Procedure section 683.020 provides:

Except as otherwise provided by statute, **upon the expiration of 10 years after the date of entry of a money judgment** or a judgment for possession or sale of property:

(a) **The judgment may not be enforced**.

(b) **All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease**.

(c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished. (Emphasis added.)

Under the plain language of section 683.020, absent an renewal of the California Judgment, prior to August 20, 2006, after August 20, 2006, the judgment could not be enforced and all enforcement procedures pursuant to the judgment had to cease.

If this seems a harsh result, it must be kept in mind that, under Rule 69 of the Federal Rules of Civil Procedure, and in accordance with the *Marx* case, plaintiff could have renewed her California judgment at any time before it expired, utilizing the mechanism set forth in California Code of Civil Procedure section 683.110 and following.[3] Upon application, a California judgment can be renewed for successive terms of 10 years. *Cal. Code Civ. Proc.*, § 683.120.[4] The application to renew the judgment must be filed "before the expiration of the 10-year period of enforceability provided by Section 683.020 or, if the judgment is a renewed judgment, at any time before the expiration of the 10-year period of enforceability of the renewed judgment provided by Section 683.120." *Cal. Code Civ. Proc.*, § 683.130(a).

There is nothing at all that prevented plaintiff from utilizing the procedures made available by California law to keep her California Judgment alive and enforceable. So, what happened here? Obviously, either Ms. Irby or her lawyer forgot to calendar the expiration date of the California judgment that they had

---

[3] "The period of enforceability of a money judgment or a judgment for possession or sale of property may be extended by renewal of the judgment as provided in this article." *Cal. Code Civ. Proc.*, § 683.110(a).

[4] "(a)The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered. ¶ (b) Except as otherwise provided in this article, the filing of the application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed. . . ." *Cal. Code Civ. Proc.*, § 683.120.

---

**MOTION TO VACATE JUDGMENT
AND FOR PERMANENT INJUNCTION**                    **Case No. 3:08-c-80004-PJH**

-5-

obtained in 1996. Regardless of the cause of this situation, and the law leaves Ms. Irby and her counsel to sort that one out, the California Judgment was not renewed and it is not enforceable now and it all enforcement activities must cease immediately.

**C.  PLAINTIFF IS NOT PERMITTED TO AVOID THE RUNNING OF THE STATUTE OF LIMITATIONS ON ENFORCEMENT OF HER JUDGMENT BY OBTAINING A NEW JUDGMENT.**

Plaintiff argues vociferously that she is not attempting to enforce the California Judgment, that is the judgment created by registration on August 20, 1996. Instead, plaintiff claims, she is enforcing a new judgment based upon the January 11, 2008 registration of the Texas judgment. If California Code of Civil Procedure section 683.020 was not clear enough that the Texas Judgment, as registered in California, could not be enforced and all enforcement procedures pursuant to the judgment had to cease, then California Code of Civil Procedure section 683.050 should doom plaintiff's end-run around her failure to renew her judgment.

California Code of Civil Procedure section 683.050 permits a separate action to enforce a judgment to be filed at any time within the same ten year window as section 683.020. Section 683.050 is, depending on your perspective and the circumstances, a permitted alternative to renewal of a California judgment or an end-run around the renewal procedure. Thus, in *Barkley v. City of Blue Lake* (1993) 18 Cal.App.4th 1745, 1749, when the judgment creditor failed to enforce the judgment within 10 years, and also did not renew the judgment, he was permitted to file a separate action to enforce the judgment prior to the expiration of the 10 year statute of limitation. In *Barkley*, the California Court of Appeal held that a separate action to enforce the judgment was a viable alternative to renewal of the judgment, provided that the separate action was filed within the 10 year period, citing *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 636-637. *Pratali* held:

> A separate action on the judgment is expressly authorized in section 683.050 [of the Code of Civil Procedure] which states: "Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5." . . . The lawmakers did not intend the provisions to renew a judgment every 10 years to replace the then sole existing method of bringing an action on a judgment to retain the enforceability of a judgment. . .. [¶] [Instead], this alternate method to extend the life of a judgment was expressly authorized by statute and is proper in this case if the action on the judgment was filed within the 10-year period of limitations prescribed in section 337.5. *Pratali, supra*, at 637-638.

**MOTION TO VACATE JUDGMENT AND FOR PERMANENT INJUNCTION**

**-6-**

**Case No. 3:08-c-80004-PJH**

Plaintiff's best argument is that the second registration of the Texas Judgment was analogous to plaintiff suing to obtain a second judgment by a separate action on the same liability. Arguably, California law may have permitted the plaintiff to register the Texas Judgment for a second time as if bringing a separate action on the judgment under section 683.050 and *Barkley* and *Pratali.* However, as section 683.050 and those cases make crystal clear, the separate action (or second registration in this case) must occur before the running of the ten year period of the statute of limitations. In other words, a second registration of the Texas judgment would have to have occurred within ten years from the registration of the California Judgment on August 20, 1996.

Even if plaintiff were able to analogize to section 683.050, and *Barkley* and *Pratali, supra,* those authorities dictate that plaintiff was too late to obtain a second registration of the Texas Judgment in California on January 11, 2008, which was 509 days after the ten years had run out on August 20, 2006. Consequently, the Court must vacate the January 11, 2008 registration of the Texas Judgment, and order the cessation of all enforcement activities.

### D. CALIFORNIA LAW GOVERNS THE ENFORCEABILITY OF PLAINTIFF'S JUDGMENT IN CALIFORNIA.

Plaintiff argues that the Texas judgment remains enforceable in Texas and, therefore, it should still be enforceable in California. However, the only authorities before the Court dictate that California law, not Texas law, governs whether a registered foreign judgment remains enforceable in this state.

Although 28 *U.S.C.* § 1963 permits the registration of a judgment in another district, nothing in section 1963, nor in any case cited to the Court permits a second registration of the same judgment. Rule 69 of the Federal Rules of Civil Procedure dictates that district courts must follow state practice regarding the collection and enforcement of judgments. *Ortland v. County of Tehama*, 939 F. Supp. 1465, 1473 (E.D. Cal. 1996).[5]

Both *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), and *Gagan v. Sharar*, 376 F.3d 987 (9th Cir. 2004), cited by plaintiff in opposition to defendant's application for a

---

[5] Defendant has analogized above that a second registration of the judgment within the ten year statute of limitations is akin to a separate action on the judgment under California law, which is arguably permissible under Rule.

temporary restraining order, stand for the proposition that this Court must look to California law, and California law alone, to determine whether the judgment remains enforceable. As quoted from footnote 3 in *Gagan* in plaintiff's opposition, 28 *U.S.C.* § 1963 requires that the Court enforce plaintiff's judgment in exactly the same manner as the Court would enforce any California judgment:

> "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and **may be enforced in like manner.**" 376 F.3d at 989 fn. 3, quoting 28 *U.S.C.* § 1963; emphasis added.

Thus, by federal statute and Ninth Circuit precedent, it is California law (not Texas law, as plaintiff tries to argue) that governs the enforceability of the judgment that plaintiff registered in this Court. In opposition to the temporary restraining order, plaintiff proffered no case or statutory authority that holds that the law of the forum state where a registered judgment originated controls the enforcement of the judgment, rather than the state in which enforcement is to occur. Indeed, plaintiff essentially admitted that California law governed the enforcement of the judgment when she attempted to renew the bankruptcy court judgment last year, and when she sought to amend the bankruptcy court judgment to include the money judgment.

Plaintiff asks the Court to turn the *Marx* case on its head. Under the *Marx* case, a foreign judgment that has not expired in the home state, can be registered in California and, thereby, obtain the benefit of the full ten year statute of limitations of a new California judgment. However, nothing in *Marx* says that the judgment creditor can take the benefit of a new 10 year period of enforceability under California law, and then when that ten years expires avoid the California expiration of that judgment by registering the Texas judgment a second time.

Plaintiff argues that she is faced with a situation in which her Texas judgment has been renewed and can be registered and then enforced in any state of the Union; and that should include California. However, plaintiff ignores the fact that her argument would mean that this Court would treat plaintiff differently from all other California judgment creditors, when Rule 69, 28 *U.S.C.* § 1963, and the Ninth Circuit have all dictated that a holder of a judgment from an out-of-state district must have the same opportunity and means to enforce her judgment as a "home grown" California judgment creditor.

What plaintiff wants if for this Court to give her a free pass on the failure to follow California law and renew her judgment before it expired after ten years. That would give this plaintiff special treatment

and consideration that no other judgment creditor in California would be entitled to. Indeed, a California judgment creditor could not take an expired California judgment to Texas and expect the Texas courts to enforce it. Why should a Texas litigant be permitted to have a "Lazarus" judgment that can come back to life by repeated registrations in California, when all other California litigants have to remember to renew their judgment?

In this case, Ms. Irby's California Judgment, obtained on August 20, 1996, had a ten year lifespan in California from the date of registration, in accordance with California Code of Civil Procedure section 683.020. The judgment expired by operation of law on August 20, 2006 when plaintiff failed to renew it. There is no law or policy that would countenance giving plaintiff more opportunity and rights to enforce her California judgment than any other California judgment holder. Accordingly, this Court must find that plaintiff no longer can enforce her Texas judgment in California.

**E.    DEFENDANT IS ENTITLED TO A PERMANENT INJUNCTION PREVENTING PLAINTIFF FROM ANY FURTHER ATTEMPT TO ENFORCE HER JUDGMENT IN CALIFORNIA.**

The granting or denying of injunctive relief "rests within the sound discretion of the trial court." *SEC v. Goldfield Deep Mines Co. of Nevada*, 758 F.2d 459, 465 (9th Cir. 1985) (citing *SEC v. Arthur Young & Co.*, 590 F.2d 785, 787 (9th Cir. 1979)). The likelihood that the challenged violation of laws will be repeated in the future provides grounds for issuance of a permanent injunction. See, e.g. *SEC v. Fehn,* 97 F.3d 1276, 1295-1296 (9th Cir. 1996), upholding permanent injunction against future violations of the aider and abettor provisions of the securities laws.

Plaintiff has demonstrated with her numerous trips back and forth between the district court and the bankruptcy court that she will never stop attempting to enforce her Texas judgment against Mr. Haden in California, even if to do so violates the federal and state statutes governing enforcement of judgments. Without an injunction, it can reasonably be inferred that plaintiff and her counsel will seek some other avenue, no matter if inappropriate, to try and enforce the Texas judgment in California. Therefore, defendant strenuously requests entry of a permanent injunction putting an end to all efforts to enforce the Texas judgment in California.

**MOTION TO VACATE JUDGMENT AND FOR PERMANENT INJUNCTION**          **Case No. 3:08-c-80004-PJH**

-9-

# IV.    CONCLUSION.

The bottom line is that plaintiff's belated attempt to keep her judgment alive in California by this deceptive second registration, was too little too late. Plaintiff registered her Texas Judgment with the District Court for the Northern District of California on **August 20, 1996**. Since the California period of limitations for enforcement of judgment under Code of Civil Procedure section 683.020 is ten years, plaintiff had, under *Marx*, until **August 20, 2006** to file her renewal of judgment, or file a new action on the judgment or, possibly, even to re-register her Texas Judgment. However, it is undisputed that plaintiff failed to do so since her second registration of the Texas Judgment was filed on **January 11, 2008, seventeen months after the statute had run**! Based on the foregoing authorities plaintiff was time barred from enforcing her judgment in California through her own fault. Therefore, the registration of the Texas judgment must be vacated and all enforcement stopped.

Respectfully submitted,

DATED:  April 11, 2008.                    BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: **/s/ Malcolm Leader-Picone #104620**
MALCOLM LEADER-PICONE
Attorneys for Defendant
BROOKS HENDERSON HADEN

---

**MOTION TO VACATE JUDGMENT
AND FOR PERMANENT INJUNCTION**                    **Case No. 3:08-c-80004-PJH**

H:\PSERV\...\FILES\...\PROOF OF SERVICE MTN VACATE 041108 MLP.DOC

# PROOF OF SERVICE

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 2201 Broadway, Suite 803 Oakland, CA  94612.

On April 11, 2008, I served the following document(s) entitled:

**NOTICE OF MOTION AND MOTION OF DEFENDANT BROOKS HADEN FOR ORDER VACATING JANUARY 11, 2008 REGISTRATION OF FOREIGN JUDGMENT AND FOR PERMANENT INJUNCTION AGAINST ENFORCEMENT OF THE TEXAS JUDGMENT IN CALIFORNIA**

upon the following person(s) in said action as follows:

| By Email and UPS Overnight: | Chambers Copy By UPS Overnight: |
|---|---|
| Rhonda I. Nelson, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA  94111<br><br>Telephone:   415-398-3344<br>Facsimile:   415-956-0439<br>Email:   rln@severson.com | Hon. Phyllis J. Hamilton<br>U.S. District Court Judge<br>U.S. District Court, Crtrm. 3, 17th Floor<br>U.S. Courthouse/Phillip Burton Building<br>450 Golden Gate Avenue<br>San Francisco, CA  94102 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Oakland, California, on April 11, 2008.

**/s/ Malcolm Leader-Picone #104620**
Malcolm Leader-Picone

PROOF OF SERVICE                                                                                    Case No. 3:08-c-80004-PJH

1 | RHONDA L. NELSON (State Bar No. 116043)
SEVERSON & WERSON
2 | A Professional Corporation
One Embarcadero Center, Suite 2600
3 | San Francisco, CA  94111
Telephone:  (415) 398-3344
4 | Facsimile:  (415) 956-0439

5 | Attorneys for Plaintiff
IRETA IRBY
6

7

8 |                        UNITED STATES DISTRICT COURT

9 |                             NORTHERN DISTRICT

10 |                          SAN FRANCISCO DIVISION

11

12 | IRETA IRBY,                           )
                                       )
13 |          Plaintiff,                  )     **CASE NO. CV 08-80004MISC-PJH**
                                       )
14 |     vs.                             )     **DECLARATION OF RHONDA L.**
                                       )     **NELSON REGARDING POST-**
15 | BROOKS HENDERSON HADEN,               )     **JUDGMENT INTEREST ON**
                                       )     **REGISTERED JUDGMENT FROM**
16 |          Defendant.                  )     **ANOTHER DISTRICT**
                                       )     **28 U.S.C.§1961. [CCP §685]**
17 | _____)

18
19 | I, Rhonda L. Nelson, declare and state:

20 |          1.       I am a member of the law firm of Severson & Werson, attorneys of record for Ireta

21 | Irby ("Judgment Creditor") in this matter, and am duly licensed before all courts in the State of

22 | California.  I make this declaration on behalf of the Judgment Creditor to set out the amount of

23 | post-judgment interest which has accrued on the Judgment which was renewed on September 25,

24 | 1996, February 25, 1999, and January 10, 2008.  I am authorized by the Judgment Creditor to

25 | make this declaration.

26 |          2.       On November 21, 1988, the United States District Court for the District of Texas

27

28 | entered judgment in favor of Ireta Irby and against Brooks Henderson Haden.  The original

---

10281/0001/159292.5                          DECLARATION OF RHONDA L. NELSON REGARDING POST-
                                             JUDGMENT INTEREST – Case No. CV 08-80004MISC-PJH

balance of the judgment was for $87,450.00. A copy of that Judgment is attached hereto as Exhibit "A".

3. The Judgment has been renewed under the requirements of Texas law under Acts 1985 § 34.001 (a copy of which is attached as Exhibit B) which requires only that a Writ of Execution be issued once every ten (10) years. Writs of execution were issued on September 25, 1996, and February 25, 1999. The Judgment from United States District Court for the Southern District of Texas was Certified on January 10, 2008, by that Court and registered in this Court on January 11, 2008.

4. On January 10, 2008, the United States District Court for the Southern District of Texas Certified its judgment for registering it in this district. A copy of the Certified Judgment is attached hereto as Exhibit "C" and is incorporated herein.

5. Interest on the Judgment is determined by under 28 U.S.C. § 1961. The rate of interest is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

6. The rate of interest applicable as of November 10, 1988, pursuant to the Treasury Department historic rates is 8.15%. This would apply to a judgment entered on November 17, 1988. A copy of the table from which the interest rate is determined is attached as Exhibit "D".

7. Interest is compounded annually as allowed by law. *Kaiser Aluminum & Chem. Corp. v. Bonjorno* 494 U.S. 827, 831-832 (1990).

8. Interest has accrued as follows:

---

10281/0001/159292.5                    - 2 -                    DECLARATION OF RHONDA L. NELSON REGARDING
POST-JUDGMENT INTEREST – Case No. CV 08-
80004MISC-PJH

| Rate | Beg Date | End Date | Days Between | Daily Rate | Accrued Interest* | Balance Compounded Annually (28 U.S.C. § 1961) |
|---|---|---|---|---|---|---|
| | 11/17/1988 | 11/17/988 | 0 | | $0.00 | $87,450.00 |
| 8.15% | 11/17/1988 | 11/17/1989 | 365 | $19.53 | $7,127.18 | $94,577.18 |
| 8.15% | 11/17/1989 | 11/17/1990 | 365 | $21.12 | $7,708.04 | $102,285.21 |
| 8.15% | 11/17/1990 | 11/17/1991 | 365 | $22.84 | $8,336.25 | $110,621.46 |
| 8.15% | 11/17/1991 | 11/17/1992 | 366 | $24.70 | $9,040.35 | $119,661.81 |
| 8.15% | 11/17/1992 | 11/17/1993 | 365 | $26.72 | $9,752.44 | $129,414.25 |
| 8.15% | 11/17/1993 | 11/17/1994 | 365 | $28.90 | $10,547.26 | $139,961.51 |
| 8.15% | 11/17/1994 | 11/17/1995 | 365 | $31.25 | $11,406.86 | $151,368.37 |
| 8.15% | 11/17/1995 | 11/17/1996 | 366 | $33.80 | $12,370.32 | $163,738.69 |
| 8.15% | 11/17/1996 | 11/17/1997 | 365 | $36.56 | $13,344.70 | $177,083.39 |
| 8.15% | 11/17/1997 | 11/17/1998 | 365 | $39.54 | $14,432.30 | $191,515.69 |
| 8.15% | 11/17/1998 | 11/17/1999 | 365 | $42.76 | $15,608.53 | $207,124.22 |
| 8.15% | 11/17/1999 | 11/17/2000 | 366 | $46.25 | $16,926.87 | $224,051.09 |
| 8.15% | 11/17/2000 | 11/17/2001 | 365 | $50.03 | $18,260.16 | $242,311.26 |
| 8.15% | 11/17/2001 | 11/17/2002 | 365 | $54.11 | $19,748.37 | $262,059.62 |
| 8.15% | 11/17/2002 | 11/17/2003 | 365 | $58.51 | $21,357.86 | $283,417.48 |
| 8.15% | 11/17/2003 | 11/17/2004 | 366 | $63.28 | $23,161.81 | $306,579.29 |
| 8.15% | 11/17/2004 | 11/17/2005 | 365 | $68.46 | $24,986.21 | $331,565.50 |
| 8.15% | 11/17/2005 | 11/17/2006 | 365 | $74.03 | $27,022.59 | $358,588.09 |
| 8.15% | 11/17/2006 | 11/17/2007 | 365 | $80.07 | $29,224.93 | $387,813.02 |
| 8.15% | 11/17/2007 | 1/18/2008 | 62.00 | $86.59 | $5,368.82 | $393,181.84 |
| | | | | TOTAL ACCRUED INTEREST | $305,731.84 | |

9.    Previously, defendant Brooks H. Haden filed a Chapter 7 Bankruptcy petition in the

Northern District of California in the Santa Rosa Division as Case No. 96-13933 AJ.  Plaintiff Irby

filed a nondischargeability action against Haden.  On April 17, 1998, the Hon. Alan J. Jaroslovsky

issued an order determining that the Texas Judgment in favor of Irby is non-dischargeable.  A copy

of that judgment is attached hereto as Exhibit "E" and incorporated herein.

10. In that Judgment for non-dischargeability, the United States Bankruptcy Court ordered

costs of $685.20.

1        11. Ireta Irby applies for a writ of execution in the sum of $ 393,867.04 of this amount

2    $305,731.84 represents accrued interest since November 17, 1988, and $685.20 represents

3    awarded costs.

4

5        12. Judgment Debtor Brooks Henderson Haden has paid no part of the interest or principal

6    owed on this judgment.

7        I declare under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.

9        Executed on the 29th day of January 2008, at San Francisco, California.

10

11

12                /s/ Rhonda L. Nelson
               Rhonda L. Nelson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY                    X
                              X
VS.                           X
                              X    CIVIL ACTION NO. H-88-1781
BROOKS H. HADEN               X
                              X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this _17_ day of ___Nov.___, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK

By _____
                    Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
PM
7,8,9,10,11,12,1,2,3,4,5,6

# EXHIBIT B

# EXHIBIT B

§ 34.001. NO EXECUTION ON DORMANT JUDGMENT.  (a) If a writ
of execution is not issued within 10 years after the rendition of a
judgment of a court of record or a justice court, the judgment is
dormant and execution may not be issued on the judgment unless it is
revived.

      (b)  If a writ of execution is issued within 10 years after
rendition of a judgment but a second writ is not issued within 10
years after issuance of the first writ, the judgment becomes
dormant.  A second writ may be issued at any time within 10 years
after issuance of the first writ.

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

# EXHIBIT C

# EXHIBIT C

AO 451  (Rev.12/93)  Certification of Judgment

# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    TEXAS

IRETA IRBY

V.

BROOKS H. HADEN

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

CV 08 80004 MISC

Case Number:  H -88-1781

I,            MICHAEL N. MILBY            Clerk of the United States district court certify that the **PJH**

attached judgment is a true and correct copy of the original judgment entered in this action        11/17/1988        , as it

                                                                            Date

appears in the records of this court, and that

no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of  the

Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

JAN 1 0 2008
_____
Date

**Michael N. Milby**
_____
Clerk

_____
(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal
Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a)
of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an
appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from
this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

## UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

### WRIT OF EXECUTION

*To the UNITED STATES MARSHAL for the Southern District of Texas.*

UNITED STATES COURT
SOUTHERN DISTRICT OF T?
FILED

**In Civil Action Number**    H-88-1781

**In this Division**    Houston

FEB 25 1999

MICHAEL N. MILBY, CLERK OF C?

**Which was styled:**

Ireta Irby

*- versus -*

Brooks H. Haden

**This judgment creditor:**

Ireta Irby

| | |
|---|---|
| **Recovered a judgment of** | $ 87,450.00 |
| **Plus costs of** | $ -0- |
| **Which judgment was entered on** | 11-17-88 |
| **And bears interest at** | 8.55        % |

**From this judgment debtor:**

Brooks H. Haden

**You are commanded to take of the goods, land and choses-in-action of the judgment debtor enough to pay the judgment in full and the costs of this writ. Fail not, and return this writ, certifying how you executed it.**

United States District Court
Southern District of Texas

*Michael N. Milby, Clerk*

By: _____    **MICHAEL N. MILBY**
_____
Deputy Clerk

Date Issued: FEB 25 1999

SDTX-DC-24
02/03/98

*PH 4487944*

**UNITED STATES DISTRICT COURT**                 **SOUTHERN DISTRICT OF TEXAS**

Ireta Irby

§
§
§
§
**versus**                                          §        CASE NO. ___H-88-1781___
§
Brooks H. Haden                                     §
§                        UNITED STATES COURTS
§                        SOUTHERN DISTRICT OF TEXAS
§                                FILED

                                                             FEB 25 1999    EC

**ABSTRACT OF JUDGMENT**                          MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| **Date Judgment Entered:** | 11-17-88 |
| **Judgment in Favor of:** | Ireta Irby -- Plaintiff |
| **Judgment Against:** | Brooks H. Haden -- Defendant |
| **Amount of Judgment:** | $  87,450.00 |
| **Amount of Costs:** | $  -0- |
| **Rate of Interest:** | 8.55                                      % |
| **Amount of Credits Since Judgment:** | $  -0- |
| **Amount Due:** | $  162,219.80 |

    The above and foregoing is a correct Abstract of Judgment entered in the United States District Court, for the Southern District of Texas, in the above-captioned case.

**MICHAEL N. MILBY, Clerk**

DATED: ___FEB 2  1999___ By: _____

                                                      **Deputy Clerk**

4159560439   P.03/11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D
11·17·88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY                          X
                                    X
VS.                                 X
                                    X   CIVIL ACTION NO. H-88-1781
BROOKS H. HADEN                     X
                                    X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this _17_ day of _Nov._, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
                    Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
                                      PM
. . . . . . .|.|.|2|.|2|3|4|5|6

Nicolas De Lancie, Esq.
Lofton, De Lancie & Nelson, 305 Montgomery St., #1550
San Francisco, CA 94111

☒ ATTORNEY FOR   ☒ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD

NAME OF COURT: United States District Court
STREET ADDRESS: Northern District of California
MAILING ADDRESS: 450 Golden Gate Avenue, 16th Floor
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: (See attachment)

PLAINTIFF: IRETA IRBY

DEFENDANT: BROOKS H. HADEN

RECEIVED
UNITED STATES MARSHAL
96 SEP 25 PM 2:45
NORTHERN DISTRICT
OF CALIFORNIA

WRIT OF
☒ EXECUTION (Money Judgment)
☐ POSSESSION OF    ☐ Personal Property
                   ☐ Real Property
☐ SALE

CASE NUMBER: FOREIGN JUDGMENT
96 034VRM

FOR COURT USE ONLY

1. To the Sheriff or any Marshal or Constable of the County of:
   San Francisco
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. (Name): IRETA IRBY
   is the ☒ judgment creditor ☐ assignee of record
   whose address is sXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX (see attachment)

4. Judgment debtor (name and last known address):

   Brooks H. Haden
   19 Laurelwood Avenue
   Mill Valley, CA 94941

   ☐ additional judgment debtors on reverse

5. Judgment entered on (date): (see attachment)
6. ☐ Judgment renewed on (dates):

7. Notice of sale under this writ
   a. ☒ has not been requested.
   b. ☐ has been requested (see reverse).
8. ☐ Joint debtor information on reverse.

9. ☐ See reverse for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☒ This writ is issued on a sister-state judgment.
11. Total judgment .................... $ 87,450.00
12. Costs after judgment (per filed order or memo CCP 685.090) ............. $
13. Subtotal (add 11 and 12) .......... $ 87,450.00
14. Credits ......................... $ 0
15. Subtotal (subtract 14 from 13) ...... $ 87,450.00
16. Interest after judgment (per filed affidavit CCP 685.050) .................. $ 68,402.67
17. Fee for issuance of writ ........... $ 7.00
18. Total (add 15, 16, and 17) ......... $ 155,859.67
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) of ....... $ 23.9589
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3, CCP 699.220(b),(j)) .............. $
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Issued on (date): SEP 12 1996      Clerk, by THELMA NUDO
                                   SEP 12 1996              , Deputy

— NOTICE TO PERSON SERVED:   SEE REVERSE FOR IMPORTANT INFORMATION —

(Continued on reverse)

Form Approved by the
Judicial Council of California
EJ-130 (Rev. July 1, 1996)

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010

*See note on reverse.

| SHORT TITLE: | CASE NUMBER: FOREIGN JUDGMENT |
|---|---|
| Irby v. Haden | 96 034 VRW (U.S.D.C. So. Dist. Texas) |

—Items continued from the first page—

4. ☐ Additional judgment debtor *(name and last known address)*:

7. ☐ Notice of sale has been requested by *(name and address)*:

8. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
  a. on *(date)*:
  b. name and address of joint debtor:
  a. on *(date)*:
  b. name and address of joint debtor:

  c. ☐ additional costs against certain joint debtors *(itemize)*:

9. ☐ *(Writ of Possession or Writ of Sale)*   Judgment was entered for the following:
  a. ☐ Possession of real property:  The complaint was filed on *(date)*:  *(Check (1) or (2))*:
    (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
      The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
    (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
      (a) $ was the daily rental value on the date the complaint was filed.
      (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify)*:
  b. ☐ Possession of personal property
    ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
  c. ☐ Sale of personal property
  d. ☐ Sale of real property
  e. Description of property:

— NOTICE TO PERSON SERVED —

WRIT OF EXECUTION OR SALE.  Your rights and duties are indicated on the accompanying Notice of Levy.
WRIT OF POSSESSION OF PERSONAL PROPERTY.  If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY.  If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
► A Claim of Right to Possession fo... ...companies this writ (unless the Summons w... ...rved in compliance with CCP 415.46).

Irby v. Haden                           Foreign Judgment  96 034 VRM

## ATTACHMENT TO WRIT OF EXECUTION (Money Judgment)

Name of Court:        The United States District Court for the Northern District of California
                      is the name of the court in which the foreign judgment has been
                      registered as foreign judgment number 96 034 VRM to enforce a
                      judgment originally entered in the United States District Court for the
                      Southern District of Texas, Houston Division in case number H-88-
                      1781.  The address of the District Court in the Southern District of
                      Texas is:  Bob Casey Federal Building, 151 Rusk Avenue, Houston,
                      Texas 77002.

Item 3:               The address of the judgment creditor is:

                      403 Quail Lane
                      Ruston, LA 71270

Item 5:               The Judgment for the amount of $87,450.00 was entered in the United States
                      District Court for the Southern District of Texas, Houston Division, on
                      November 17, 1988.

                      The "Certification of Judgment for Registration in Another District," certifying
                      the Judgment, was filed in the United States District Court for the Northern
                      District of California on August 14, 1996 as foreign judgment number 96 034
                      VRM.

# EXHIBIT D

# EXHIBIT D

| Date of Auction | Equivalent Coupon Issue Yield | | Date of Auction | Equivalent Coupon Issue Yield |
|---|---|---|---|---|
| 08/29/85 | 7.91% | | 05/31/90 | 8.24% |
| 09/26/85 | 7.87% | | 06/28/90 | 8.09% |
| 10/24/85 | 8.08% | | 07/26/90 | 7.88% |
| 11/26/85 | 7.87% | | 08/23/90 | 7.95% |
| 12/19/85 | 7.57% | | 09/20/90 | 7.78% |
| 01/16/86 | 7.85% | | 10/26/90 | 7.51% |
| 02/13/86 | 7.71% | | 11/15/90 | 7.28% |
| 03/13/86 | 7.06% | | 12/13/90 | 7.02% |
| 04/10/86 | 6.31% | | 01/10/91 | 6.62% |
| 05/13/86 | 6.56% | | 02/12/91 | 6.21% |
| 06/05/86 | 7.03% | | 03/07/91 | 6.46% |
| 07/08/86 | 6.35% | | 04/04/91 | 6.26% |
| 07/31/86 | 6.18% | | 05/02/91 | 6.07% |
| 08/28/86 | 5.63% | | 05/30/91 | 6.09% |
| 09/25/86 | 5.79% | | 06/27/91 | 6.39% |
| 10/23/86 | 5.75% | | 07/25/91 | 6.26% |
| 11/20/86 | 5.77% | | 08/22/91 | 5.68% |
| 12/23/86 | 5.93% | | 09/19/91 | 5.57% |
| 01/15/87 | 5.75% | | 10/17/91 | 5.42% |
| 02/12/87 | 6.09% | | 11/14/91 | 4.98% |
| 03/12/87 | 6.04% | | 12/12/91 | 4.41% |
| 04/09/87 | 6.30% | | 01/09/92 | 4.02% |
| 05/12/87 | 7.02% | | 02/06/92 | 4.21% |
| 06/04/87 | 7.00% | | 03/05/92 | 4.58% |
| 07/02/87 | 6.64% | | 04/02/92 | 4.55% |
| 08/04/87 | 6.98% | | 04/30/92 | 4.40% |
| 09/01/87 | 7.22% | | 05/28/92 | 4.26% |
| 09/30/87 | 7.88% | | 06/25/92 | 4.11% |
| 10/22/87 | 6.90% | | 07/23/92 | 3.51% |
| 11/19/87 | 6.93% | | 08/20/92 | 3.41% |
| 12/17/87 | 7.22% | | 09/17/92 | 3.13% |
| 01/14/88 | 7.14% | | 10/15/92 | 3.24% |
| 02/11/88 | 6.59% | | 11/17/92 | 3.76% |
| 03/10/88 | 6.71% | | 12/10/92 | 3.72% |
| 04/07/88 | 7.01% | | 01/07/93 | 3.67% |
| 05/05/88 | 7.20% | | 02/04/93 | 3.45% |
| 06/02/88 | 7.50% | | 03/04/93 | 3.21% |
| 06/30/88 | 7.54% | | 04/06/93 | 3.37% |
| 07/28/88 | 7.95% | | 04/30/93 | 3.25% |
| 08/25/88 | 8.32% | | 05/27/93 | 3.54% |
| 09/22/88 | 8.04% | | 06/24/93 | 3.54% |
| 10/20/88 | 8.15% | | 07/22/93 | 3.58% |
| 11/17/88 | 8.55% | | 08/19/93 | 3.43% |
| 12/15/88 | 9.20% | | 09/16/93 | 3.40% |
| 01/12/89 | 9.16% | | 10/14/93 | 3.38% |
| 02/15/89 | 9.32% | | 11/16/93 | 3.57% |
| 03/09/89 | 9.43% | | 12/09/93 | 3.61% |
| 04/06/89 | 9.31% | | 01/06/94 | 3.67% |
| 05/04/89 | 9.15% | | 02/03/94 | 3.74% |
| 06/01/89 | 8.85% | | 03/03/94 | 4.22% |
| 06/29/89 | 8.16% | | 03/31/94 | 4.51% |
| 07/27/89 | 7.75% | | 04/28/94 | 5.02% |
| 08/24/89 | 8.27% | | 5/26/94 | 5.28% |
| 09/21/89 | 8.19% | | 6/23/94 | 5.31% |
| 10/19/89 | 7.90% | | 7/21/94 | 5.49% |
| 11/16/89 | 7.69% | | 8/18/94 | 5.67% |
| 12/14/89 | 7.66% | | 9/15/94 | 5.69% |
| 01/11/90 | 7.74% | | 10/13/94 | 6.06% |
| 02/13/90 | 7.97% | | 11/10/94 | 6.482% |
| 03/08/90 | 8.36% | | 12/08/94 | 7.22% |
| 04/05/90 | 8.32% | | 1/5/95 | 7.34% |
| 05/03/90 | 8.70% | | 2/2/95 | 7.03% |

Complete Annotation Materials, see Title 28 U.S.C.A.

1119

# EXHIBIT E

# EXHIBIT E

1 | LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2 | RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3 | San Francisco, California 94111-2584
   Telephone:  (415) 772-1900
4 |
   Attorneys for Plaintiff
5 | IRETA IRBY

**ORIGINAL FILED**

APR 27 1998

KEENAN G. CASADY, CLERK
U.S. Bankruptcy Court-Santa Rosa

6 |
7 |
8 |                    UNITED STATES BANKRUPTCY COURT
9 |                    NORTHERN DISTRICT OF CALIFORNIA
10 |                          SANTA ROSA DIVISION
11 |
12 | In re                          )    Case No. 96-13933 AJ
                                    )    Chapter 7
13 | BROOKS H. HADEN,               )
                                    )
14 |            Debtor.             )
                                    )
15 | _____       )    Adversary No. 97-1034-AJ
                                    )
16 | IRETA IRBY,                    )
                                    )
17 |            Plaintiff,          )
                                    )
18 |      v.                        )
                                    )
19 | BROOKS H. HADEN,               )
                                    )
20 |            Defendant.          )
     _____       )
21 |
22 |                              **JUDGMENT**
23 |
24 |         This action came on regularly for trial on April 14, 1998, in the United States

25 | Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable

26 | Alan Jaroslovsky presiding.  Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with

27 | plaintiff Ireta Irby.  Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.

28 | Macdonald appeared with defendant Brooks H. Haden.

JUDGMENT
96097\Judgment

ENTERED  APR 2 8 1998

Page 1

1    After hearing the evidence and arguments of counsel, judgment is hereby

2  entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3  plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4  November 17, 1988, in the United States District Court for the Southern District of Texas,

5  Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6  Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7  Dated:    APR 27 1998

8

9    **ALAN JAROSLOVSKY**

10    ALAN JAROSLOVSKY
     United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT
96097\judgment

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, at San Francisco, California, I served the following document(s), entitled **JUDGMENT**, by placing copies of said document(s) in sealed envelopes and served in the manner(s) described below on the addressee(s) listed below.

[ X ]   **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's San Francisco office following ordinary business practices, addressed to the addressee(s) designated.

[   ]   **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express overnight courier to the addressee(s) designated.

[   ]   **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

[   ]   **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile to the telephone number(s) of the addressee(s) designated.

Iain A. Macdonald, Esq.
Law Offices of Iain A. Macdonald
Two Embarcadero Center, Suite 1670
San Francisco, CA  94111-3930

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 20, 1998, in San Francisco, California.

*Béla Nuss*
Béla Nuss

# POST JUDGEMENT INTEREST RATES

Interest is allowed on most judgments entered in the federal courts from the date of judgment until paid. The types of judgments generally fall under one of three statutes: 28 U.S.C. 1961, which governs civil and bankruptcy adversary judgment interest; 18 U.S.C. 3612 (f)(2), which governs criminal judgments or sentences; and 40 U.S.C. 3116, which governs deficiency judgments in condemnation proceedings. These statutory references should be checked with reliable statutory data bases such as Westlaw, Lexis, or other appropriately maintained sources of the U.S. Code for the latest changes.

Under each of the above statutes the rate of interest used in calculating the amount of post judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System. Prior to December 21, 2000 the rate of interest allowed under the statutes cited above was based on the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week t- bills settled immediately preceding entry of the judgment. The way the rate is used differs under each of the cited statutes, so those sections should be reviewed to determine how to apply it to any particular judgment.

## Current Applicable Rates

The current rate applicable under these sections is provided by the Federal Reserve and published each Monday for the preceding week (unless that day is a holiday in which case the rate is published on the next business day).

The specific rate referred to in the statutes is found in the table under the two columns headed WEEK ENDING. The two dates under those columns refer to the Friday averages of the last two weeks. Under those columns you need to go down to the row which states U.S. government securities - Treasury constant maturities nominal[10] - 1-year. Where the row and columns meet - that is the rate you use.

Prior current rates also are available by selecting the week preceding the date of judgment (or the date interest would otherwise apply under the above) and selecting the release date preceding the date of judgment. NOTE: if your judgment date is the same as the release date, you should select the prior week's release. REASON: the releases are considered to be issued at the close of business on the date of release.

## Rates Prior to December 21, 2000

Rates under the prior language were based on the average accepted auction price for the latest auction of 52 week t-bills.