ML-PSEUDO...CLIENT FILES...IRBY...PLDNS.VACATE...REGISTRATION DECL ML-P 041108 MLP.DOC

1  BARTLETT, LEADER-PICONE & YOUNG, LLP
   MALCOLM LEADER-PICONE *(State Bar No. 104620)*
2  2201 BROADWAY, SUITE 803
   OAKLAND, CA  94612
3  TELEPHONE:  (510) 444-2404
   FACSIMILE:  (510) 444-1291
4
   Attorneys for Defendant, specially appearing
5  BROOKS HENDERSON HADEN

6

7              UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10
   IRETA IRBY                          )  No.  3:08-c-80004-PJH
11                                      )
              Plaintiff,                )  **DECLARATION OF MALCOLM**
12                                      )  **LEADER-PICONE IN SUPPORT OF**
   vs.                                  )  **MOTION OF DEFENDANT BROOKS**
13                                      )  **HADEN FOR ORDER VACATING**
   BROOKS HENDERSON HADEN               )  **JANUARY 11, 2008 REGISTRATION OF**
14                                      )  **FOREIGN JUDGMENT AND FOR**
              Defendants.               )  **PERMANENT INJUNCTION AGAINST**
15                                      )  **ENFORCEMENT OF THE TEXAS**
                                        )  **JUDGMENT IN CALIFORNIA.**
16                                      )
                                        )
17                                      )  Date:   May 14, 2008
                                        )  Time:   9:00 a.m.
18                                      )  Crtrm:  3, 17th Floor
                                        )  Hon. Phyllis J. Hamilton
19                                      )
                                        )
20 _____)
21
22              **DECLARATION OF MALCOLM LEADER-PICONE**
23
       I, Malcolm Leader-Picone, declare:
24
       1.     I am an attorney at law, licensed to practice before this Court, and counsel for plaintiff
25
   herein.  I have personal knowledge of the matters stated herein and, if sworn, could and would testify
26
   competently thereto.
27
       2.     On November 17, 1988, plaintiff Ireta Irby obtained a judgment against defendant
28

Brooks Haden in the United States District Court for the Southern District of Texas ("Texas Judgment"). See, *Exh.* "A" to *Nelson Decl.*, a courtesy copy of which is being served with this Application, and attached electronically to the electronically filed Application.

3.    On August 20, 1996, plaintiff registered the Texas Judgment in the Northern District of California. A true and correct copy of the registration document is attached hereto as Exhibit "A". The registered judgment, which will be referred to herein as the California Judgment, was assigned to Judge Walker with the case number 3:96-fj-00034-VRW.

4.    The California Judgment was never renewed and expired by operation of law on August 20, 2006, ten years after it came into existence.

5.    On October 16 ,2007, plaintiff's counsel applied to renew the declaratory judgment in Bankruptcy Court Case No. 97-01034, and the Bankruptcy Court Clerk, relying upon a Declaration of Rhonda L. Nelson, issued a Renewal of Judgment in the amount of $434,673.51. See, copy of Bankruptcy Court docket that I printed out from PACER, which is Exhibit "C" hereto.

6.    In moving to vacate the plaintiff's deceptive *ex parte* renewal of the Bankruptcy Court judgment, my partner pointed out in our brief that a renewal of the California Judgment was time barred under Code of Civil Procedure section 683.020. See, copy of brief attached hereto as Exhibit "D". the brief also argued that the Bankruptcy Court judgment was merely a declaratory judgment and that the renewed judgment improperly attempted to add in the amount of the Texas Judgment.

7.    Plaintiff next moved to amend the Bankruptcy Court judgment, but the Court refused to process the motion; leading plaintiff to withdraw the motion to amend. Attached hereto as Exhibit "E" is a true and correct copy of plaintiff's Notice of Withdrawal of Motion to Amend Judgment, including the attached email from Judge Jaroslovsky, informing plaintiff that it was not a mistake that the Bankruptcy Court judgment was only a declaratory judgment and not a money judgment.

8.    Plaintiff then stipulated to entry of an order vacating the improper renewal of the bankruptcy judgment, but not until after plaintiff had re-registered the Texas Judgment on January 11, 2008. See, copy of order attached hereto as Exhibit "F".

9.    It is not unreasonable to infer that plaintiff's attempt to misleadingly renew the

**DECLARATION OF MALCOLM LEADER-PICONE**
**IN SUPPORT OF MOTION TO VACATE JUDGMENT, ETC.**          **Case No. 3:08-c-80004-PJH**
-ii-

Bankruptcy Court judgment was plaintiff's first attempt to get around the failure to timely renew the August 20, 1996 California Judgment.

10.     On January 10, 2008, plaintiff obtained a new Certification of Judgment for Registration in Another District from the United States District Court for the Southern District of Texas. See, *Exh*. "C" to the *Nelson Decl.*

11.     The Clerk of this Court registered the Texas Judgment for a second time on January 11, 2008, under case number 3:08-mc-80004-PJH and assigned the case to the Hon. Phyllis J. Hamilton. See, *Exh*. "C" to the *Nelson Decl.*

12.     On January 29, 2008, plaintiff's counsel filed the Nelson Declaration in support of issuance of a Writ of Execution. The Nelson Declaration does not disclose that the Texas Judgment had been registered in California on August 20, 1996 and expired by operation of law on August 20, 2006.

13.     According to the Court's docket for this action, a Writ of Execution was entered on March 3, 2008; and an Earnings Withholding Order was issued on March 7, 2008. A true and correct copy of those documents are attached hereto as Exhibit "B".

14.     On April 1, 2008, after this Court heard arguments on defendant's application for temporary restraining order on March 31, 2008, and it became clear to plaintiff's counsel that this Court may well declare the Texas judgment unenforceable in California, plaintiff filed an application for an order shortening time and a motion to amend the bankruptcy court judgment that is set to expire on April 28, 2008. Plaintiff expressly cited this pending proceeding to enjoin the enforcement of the Texas judgment as grounds for her motion. True and correct copies of the Application for Order Shortening Time, Opposition to Application for Order Shortening Time, Motion to Amend, and Opposition to Motion to Amend, are submitted herewith as Exhibit "G".

/ / / /

/ / / /

---

**DECLARATION OF MALCOLM LEADER-PICONE**
**IN SUPPORT OF MOTION TO VACATE JUDGMENT, ETC.**          **Case No. 3:08-c-80004-PJH**

15.     I ask leave to file these moving papers after the April 4, 2008 deadline specified in the Court's minutes and the Order filed April 2, 2008, because I was requited in the interim to respond to an application for an order shortening time and a motion to amend the judgment in the Bankruptcy Court, which plaintiff filed on April 1, 2008, but which was received by me on April 2, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  April 11, 2008.                          **/s/ Malcolm Leader-Picone #104620**
                                                 MALCOLM LEADER-PICONE

## PROOF OF SERVICE

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803 Oakland, CA 94612.

On April 11, 2008, I served the following document(s) entitled:

**DECLARATION OF MALCOLM LEADER-PICONE IN SUPPORT OF MOTION OF DEFENDANT BROOKS HADEN FOR ORDER VACATING JANUARY 11, 2008 REGISTRATION OF FOREIGN JUDGMENT AND FOR PERMANENT INJUNCTION AGAINST ENFORCEMENT OF THE TEXAS JUDGMENT IN CALIFORNIA.**

upon the following person(s) in said action as follows:

| **By Email and UPS Overnight:** | **Chambers Copy By UPS Overnight:** |
|---|---|
| Rhonda I. Nelson, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br><br>Telephone:    415-398-3344<br>Facsimile:    415-956-0439<br>Email:          rln@severson.com | Hon. Phyllis J. Hamilton<br>U.S. District Court Judge<br>U.S. District Court, Crtrm. 3, 17th Floor<br>U.S. Courthouse/Phillip Burton Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on April 11, 2008.

### /s/ Malcolm Leader-Picone #104620
Malcolm Leader-Picone

AO 451 (Rev. 11/91)  Certification of Judgment

ORIGINAL
FILED

# United States District Court

AUG 20 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

SOUTHERN     DISTRICT OF     TEXAS

IRETA IRBY

V.

BROOKS H. HADEN

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

Case Number:    H-88-1781

I,    MICHAEL MILBY    , Clerk of the United States district court

certify that the attached judgment is a true and correct copy of the original judgment entered in this action on

_November 21, 1988_ , as it appears in the records of this court, and that
Date

*

no notice of appeal from this judgment has been filed, and no motion of any kind

listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

_August 14, 1996_
Date

_MICHAEL MILBY_
Clerk

_Ellen M. Anderson_
(By) Deputy Clerk

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the
Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed
in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered
on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ...
"an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

Exhibit  A

5

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY                      X

VS.                             X

                                X    CIVIL ACTION NO. H-88-1781

BROOKS H. HADEN                 X

                                X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of Nov. , 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 2 1 1988
                              PM
1,. . . :.8:,i.h:1;2;1;2;8;4;5;6

WG-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | LEVYING OFFICER *(Name and Address)*: |
|---|---|---|
| RHONDA L. NELSON<br>SEVERSON & WERSON<br>One Embarcadero Center  Ste 2600<br>San Francisco, CA  94111 | (415) 398-3344<br>(415) 956-0439 | United States Marshal - Sn Francisco<br>450 Golden Gate, 20th Floor<br>San Francisco<br>CA, |

ATTORNEY FOR *(Name)*:

NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH, IF ANY:
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT
Northern

PLANTIFF:    **IRETA IRBY**

DEFENDANT:    **BROOKS H. HADEN**

| **EARNINGS WITHHOLDING ORDER**<br>**(Wage Garnishment)** | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>CV-08-80004MISC-PJ |
|---|---|---|

---

*EMPLOYEE: KEEP YOUR COPY OF THIS LEGAL PAPER.*    *EMPLEADO: GUARDE ESTE PAPEL OFICIAL.*

---

**EMPLOYER:**    *Enter the following date to assist your record keeping:*

Date this order was received by employer *(specify the date of personal delivery by levying officer or registered process server or the date mail receipt was signed:*

**TO THE EMPLOYER REGARDING YOUR EMPLOYEE:**
Name and address of employer

| | |
|---|---|
| Mechanics Bank<br>3170 Hilltop Mall Rd.<br>Richmond, CA, 94806 | Name and address of employee<br><br>BROOKS H. HADEN<br>1709 Broderick St.<br>San Francisco, CA,94115 |

Social Security Number *(if known)*

*A judgement creditor has obtained this order to collect a court judgment against your employee.  You are directed to withhold part of the earnings of the employee (see instructions on reverse of this form).* Pay the withheld sums to the **levying officer** *(name and address above)*.

If the employee works for you now, you must **give the employee a copy of this order and the** *Employee Instructions* (form 982.5(A)) within 10 days after receiving this order.

**Complete both copies of the** *Employer's Return* **(form 982.5(4)) and mail them to the levying officer** within 15 days after receiving this order, whether or not the employee works for you.

2.  The total amount due is:  $393867.0400 + $45.0000 sheriff fee + $10.00/ check assessment + daily interest (102.1700)/day

Count 10 calendar days from the date when you received this order.  If your employee's pay period ends before the tenth day, *do not* withhold earnings payable for that pay period.  *Do*  withhold from earnings that are payable for any pay period ending on or after that tenth day.  * *Contact sheriff for final payoff*

Continue withholding for all pay periods until you withhold the amount due.  The levying officer will notify you of an assessment you should withhold in addition to the amount due.  Do not withhold more than the total of these amounts.  Never withhold any earnings payable before the beginning of the earnings withholding period.

The judgment was entered in the court on *(date)*  11-17-88

*The judgment creditor (if different from the plaintiff) is (name)*: IRETA IRBY

4.  The *Employer's  Instructions*  on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date: **March 7, 2008**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  
(TYPE OR PRINT NAME)

▶

☐  LEVYING OFFICER    ☒  REGISTERED PROCESS SERVER

(Employer's Instructions on reverse)

| Form Adopted by the<br>Judicial Council of California<br>WG-002 [ Rev January 1, 2007 ] | **EARNINGS WITHHOLDING ORDER**<br>**(Wage Garnishment)** | Code of Civil Procedure,<br>§§ 706.022, 706.108, 706.125<br>Order#: P153237/WRIT02 |
|---|---|---|

Exhibit  B

WG-002

# EMPLOYER'S INSTRUCTIONS
## EARNINGS WITHHOLDING ORDERS

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the *withholding period.*

The withholding period is the period covered by the *Earnings With-holding Order* (this order). The withholding period begins ten (10) calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the *Employer's Return*) is received.

You are entitled to rely on and must obey all written notices signed by the levying officer.

The *Employer's Return* (form 982.5(4)) describes several situations that could affect the withholding period for this order. If you receive more than one *Earnings Withholding Order* during a withholding period, review that form (*Employer's Return*) for instructions.

If the employee stops working for you, the *Earnings Withholding Order* ends after no amounts are withheld for a continuous 180 day period. If withholding ends because the earnings are subject to an order of higher priority, the *Earnings Withholding Order* ends after a continuous two year period during which no amounts are withheld under the order.

**Return the *Earnings Withholding Order* to the levying officer with a statement of the reason it is being returned.**

## WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within ten (10) days after the close of the pay period.

*Be sure to mark each check with the case number, the levying officer's file number, if different, and the employee's name so the money will be applied to the correct account.*

## WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law will be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

*THE CHART BELOW AND THESE INSTRUCTIONS DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.*

The chart below shows **HOW MUCH TO WITHHOLD** when the federal minimum wage is $5.85 per hour.

If the *FEDERAL* minimum wage changes in the future, the levying officer will provide a chart showing the new withholding rates.

## COMPUTATION INSTRUCTIONS

State and federal law limits the amount of earnings that can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.

**To determine the CORRECT AMOUNT OF EARNINGS TO BE WITH-HELD** (if any), compute the employee's *disposable earnings.*

(A) Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings since they are not paid by the employer.

(B) *Disposable earnings* are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

After the employee's *disposable earnings* are known, use the chart below to determine what amount should be withheld. In the column listed under the employee's pay period, find the employee's disposable earnings. The amount shown below that is the amount to be withheld. For example, if the employee is paid disposable earnings of $500 twice a month (semi-monthly), the correct amount to withhold is 25 percent each payday, or $125.

The chart below is based on the minimum wage that was effective September 1, 1997. It will change if the minimum wage changes. Restrictions are based on the minimum wage effective at the time the earnings are payable.

Occasionally, the employee's earnings will also be subject to a *Wage and Earnings Assignment Order,* an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

┌─────────────────────────────────────────────────┐
**—IMPORTANT WARNINGS—**
1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF *EARNINGS WITHHOLDING ORDERS* FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are repre- sented in that judgment) the employee may not be fired.

2. IT IS ILLEGAL TO AVOID AN *EARNINGS WITHHOLDING ORDER* BY POSTPONING OR ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.

3. IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE *EARNINGS WITHHOLDING ORDER* TO THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the laws that apply to this case.

IF YOU VIOLATE ANY OF THESE LAWS, YOU MAY BE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!
└─────────────────────────────────────────────────┘

**FEDERAL MINIMUM WAGE: $5.85 per hour**          (Beginning July 24, 2007 and continuing until July 23, 2008.)

| PAY PERIOD | Daily | Weekly | Every Two Weeks | Twice a Month | Monthly |
|---|---|---|---|---|---|
| DISPOSABLE EARNINGS | $0-$175.50 | $0-$175.50 | $0-$351.00 | $0-$380.25 | $0-$760.50 |
| Withhold | None | None | None | None | None |
| DISPOSABLE EARNINGS | $175.51-$234.00 | $175.51-$234.00 | $351.01-$468.00 | $380.26-$507.00 | $760.51-$1,014.00 |
| Withhold | Amount above $175.50 | Amount above $175.50 | Amount above $351.00 | Amount above $380.25 | Amount above $760.50 |
| DISPOSABLE EARNINGS | $234.01 or More | $234.01 or More | $468.01 or More | $507.01 or More | $1,014.01 or More |
| Withhold | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings |

WG-004 [Rev. July 24, 2007]          **EARNINGS WITHHOLDING ORDER FOR SUPPORT**
(Wage Garnishment)

## EMPLOYEE INSTRUCTIONS                                    WG-003

---

—NOTICE—

**IMPORTANT LEGAL NOTICE TO EMPLOYEE**
**ABOUT EARNINGS WITHHOLDING ORDERS**
(Wage Garnishment)

The **Earnings Withholding Order** requires your employer
to pay part of your earnings to the sheriff or other levying
officer. The levying officer will pay the money to a creditor
who has a court judgment against you. The information
below may help you protect the money you earn.

—NOTICIA—

NOTICIA LEGAL IMPORTANTE RESPECTO
**A LAS ORDENES DE RETENCION DE SUELDO**

El **Orden de Retención de Sueldo** requiere que su empleador pagé
una parte de su sueldo a un oficial de retención. El oficial le pagará el
dinero retenido a su acreedor que ha consiguido una decisión judicial
en contra de Ud. Pida Ud. que un amigo o su abogado le lea este papel
oficial. Esta información le podria ayudar a proteger su sueldo.

---

### CAN YOU BE FIRED BECAUSE OF THIS?

**NO.** You cannot be fired unless your earnings have been withheld before for a different court judgment. If this is the first judgment for
which your wages will be withheld and your employer fires you because of this, the California Labor Commissioner, listed in the phone
book of larger cities, can help you get your job back.

### HOW MUCH OF YOUR PAY WILL BE WITHHELD?

The reverse of the Earnings Withholding Order (abbreviated in this notice as **EWO**) that applies to you contains Employer
Instructions. These explain how much of your earnings can be withheld. Generally, the amount is about 25% of your take home pay
until the amount due has been withheld. The levying officer will notify the employee of an additional assessment charged for paying
out money collected under this order and that amount will also be withheld. If you have trouble figuring this out, ask your employer for
help.

### IS THERE ANYTHING YOU CAN DO?

**YES.** There are several possibilities.

1.  See an attorney. If you do not know an attorney, check with the lawyer referral service or the legal aid office in your county (both
    are listed in the yellow pages under "Attorneys").

    An attorney may be able to help you make an agreement with your creditor, or may be able to help you stop your earnings from
    being withheld. You may wish to consider bankruptcy or asking the bankruptcy court to help you pay your creditors. These
    possibilities may stop your wages from being withheld.

    An attorney can help you decide what is best for you. Take your **EWO** to the attorney to help you get the best advice and the
    fastest help.

2.  Try to work out an agreement yourself with your creditor. Call the creditor or the creditor's attorney, listed on the **EWO**. If you make
    an agreement, the withholding of your wages will stop or be changed to a smaller amount you agree on. (See item 4 on the
    reverse for another way to make an offer to your creditor.)

3.  You can ask for an EXEMPTION. An exemption will protect more, or maybe even all of your earnings. You can get an exemption if
    you need your earnings to support yourself or your family, **but you cannot get an exemption if**

    a. You use some of your earnings for luxuries and they aren't really necessary for support; **OR**

    b. The money you owe is for food, clothing, medical care, or housing; **OR**

    c. You owe the debt for past due child support or spousal support (alimony); **OR**

    d. You owe the debt to a former employee for wages.

### HOW DO YOU ASK FOR AN EXEMPTION?

*(See the reverse of this form for instructions about claiming an exemption.)*

(Continued on reverse)

---

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

Code Civ. Proc., § 706.122

## HOW DO YOU ASK FOR AN EXEMPTION?

WG-003

1. Call or write the levying officer for three (3) copies each of the forms called "Claim of Exemption" and "Financial Statement." These forms are free. The name and address of the levying officer are in the big box on the right at the top of the **EWO.**

2. Fill out both forms. On the forms are some sentences or words which have boxes ☐ in front of them. The box means the words which follow may not apply to your case. If the words do apply, put a check in the box.

   Remember, it is your job to prove with the Financial Statement form that your earnings are needed for support. Write down the details about your needs.

3. For example, if your child has special medical expenses, tell which child, what illnesses, who the doctor is, how often the doctor must be visited, the cost per visit, and the costs of medicines. These details should be listed in item 6. If you need more space, put "See attachment 6" and attach a typed 8½ by 11 sheet of paper on which you have explained your expenses in detail.

4. You can use the Claim of Exemption form to make an offer to the judgment creditor to have a specified amount withheld each pay period. Complete item 3 on the form to indicate the amount you agree to have withheld **each pay day during the withholding period.** (Be sure it's less than the amount to be withheld otherwise.) If your creditor accepts your offer, he will not oppose your claim of exemption. (See (1) below. )

Sign the Claim of Exemption and Financial Statement forms. Be sure the Claim of Exemption form shows the address where you receive mail.

Mail or deliver two (2) copies of each of the two forms to the levying officer. Keep one copy for yourself in case a court hearing is necessary.

Do not use the Claim of Exemption and Financial Statement forms to seek a modification of child support or alimony payments. These payments can be modified only by the family law court that ordered them.

*FILE YOUR CLAIM OF EXEMPTION AS SOON AS POSSIBLE FOR THE MOST PROTECTION.*

## ONE OF TWO THINGS WILL HAPPEN NEXT

(1) The judgment creditor will not oppose (object to) your claim of exemption. If this happens, after 10 days the levying officer will tell your employer to stop withholding or withhold less from your earnings. The part (or all) of your earnings needed for support will be paid to you or paid as you direct. And you will get back earnings the levying officer or your employer were holding when you asked for the exemption.

—OR—

(2) The creditor will oppose (object to) your claim of exemption. If this happens, you will receive a Notice of Opposition and Notice of Hearing on Claim of Exemption, in which the creditor states why your exemption should not be allowed. A box in the middle of the Notice of Hearing tells you the time and place of the court hearing which will be in about ten days. Be sure to go to the hearing if you can.

If the judgment creditor has checked the box in item 3 on the Notice of Hearing on Claim of Exemption, the creditor will not be in court. If you are willing to have the court make its decision based on your Financial Statement and the creditor's Notice of Opposition, you need not go to the hearing.

The Notice of Opposition to Claim of Exemption will tell you why the creditor thinks your claim should not be allowed. If you go to the hearing, take any bills, paycheck stubs, cancelled checks, or other evidence (including witnesses) that will help

you prove your Claim of Exemption and Financial Statement are correct and your earnings are needed to support yourself or your family.

Perhaps you can even prove the Notice of Opposition is wrong. For example, perhaps the Notice of Opposition states that the judgment was for a common necessary of life. This term is generally taken by courts to mean only the essentials that everyone needs to live; sometimes a court will have to decide the matter. For example, while a coat may be a "common necessary," a fur coat may not be.

If the judge at the hearing agrees with you, your employer will be ordered to stop withholding your earnings or withhold less money. The judge can even order that the **EWO** end before the hearing (so you would get some earnings back).

If the judge does not agree with you, the withholding will continue unless you appeal to a higher court. The rules for appeals are complex so you should see an attorney if you want to appeal.

If you have one court hearing, you should not file another Claim of Exemption about the same **EWO** unless your finances have gotten worse in an important way.

If your **EWO** is to be changed or ended, the levying officer must sign the notice to your employer of the change. He may give you permission to deliver it to the employer, or it can be mailed.

## WHAT HAPPENS TO YOUR EARNINGS IF YOU FILE A CLAIM OF EXEMPTION?

Your employer must continue to hold back part of your earnings for the EWO until he receives a notice signed by the levying officer to change the order or end it early.

The levying officer will keep your withheld earnings until your Claim of Exemption is denied or takes effect. At that time your earnings will be paid according to the law that applies to your case.

## REGARDING CHILD SUPPORT

If you are obligated to make child support payments, the family support division of your district attorney's office may help you to have an Order Assigning Salary or Wages entered. This order has the top priority claim on your earnings. When it is in effect, little or no money may be

available to be withheld for an EWO. And, if the district attorney is involved in collecting this support from you, he may agree to accept less money if this special order is entered.

## WHAT IF YOU STILL HAVE QUESTIONS?

If you cannot see an attorney, or don't want to see an attorney, you might be able to answer some of your questions by reading the law in a law library. Ask the law librarian to help you find sections 706.050 and 706.105 of the California Code of Civil Procedure. Other sections of the code, beginning with section 706.010 may also answer some of your questions.

Also, the office of the Wage and Hour Division of the U.S. Department of Labor may be able to answer some of your questions. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

PreAct, REOPENED, CLOSED

# U.S. Bankruptcy Court
## Northern District of California (Santa Rosa)
### Adversary Proceeding #: 97-01034

*Assigned to:* Judge Alan Jaroslovsky
*Related BK Case:* 96-13933
*Related BK Title:* Brooks Henderson Haden
*Related BK Chapter:* 7
*Demand:*

*Date Filed:* 02/13/97
*Date Terminated:* 03/18/08
*Date Dismissed:* 06/02/00

*Nature[s] of Suit:* 62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud

**Plaintiff**
-----------------------

**Ireta Irby**

represented by **Rhonda L. Nelson**
Law Offices of Severson and Werson
1 Embarcadero Center #2600
San Francisco, CA 94111
(415) 398-3344
Email: rln@severson.com
*LEAD ATTORNEY*

**Sharon D. Silverman**
Law Offices of Lofton and De Lancie
44 Montgomery St. #1660
San Francisco, CA 94104-2700
(415) 772-1900
*TERMINATED: 05/28/1998*
*LEAD ATTORNEY*

V.

**Defendant**
-----------------------

**Brooks H. Haden**

represented by **Kaipo K.B. Young**
Bartlett , Leader-Picone and Young, LLP
2201 Broadway #803
Oakland, CA 94612
(510) 444-2404
Email: kyoung@bl-plaw.com

Exhibit _C_

Malcolm Leader-Picone
Bartlett and Leader-Picone, LLP
2201 Broadway #803
Oakland, CA 94612
(510) 444-2404
Email: mlp@leader-picone.com

| Filing Date | # | Docket Text |
|---|---|---|
| 10/16/2007 | 47 | Application for Renewal of Judgment - *Notice to be issued by the Clerk*. Filed by Plaintiff Ireta Irby. (Attachments: # 1 Exhibit Notice of Renewal of Judgment) (Nelson, Rhonda) (Entered: 10/16/2007) |
| 10/16/2007 | 48 | Declaration of Rhonda L. Nelson *Regarding Post-Judgment Interest on Renewal of Judgment 28 U.S.C. section 1961*. Filed by Plaintiff Ireta Irby (Nelson, Rhonda) (Entered: 10/16/2007) |
| 11/08/2007 | 49 | Application for Renewal of Judgment - *Notice of Renewal to be issued by Clerk - Attached as Exhibit C*. Filed by Plaintiff Ireta Irby. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C) (Nelson, Rhonda) (Entered: 11/08/2007) |
| 11/08/2007 | 50 | First Amended Declaration of Rhonda L. Nelson in Regarding Post-Judgment Interest on Renewal of Judgment 28 U.S.C. Sec. 1961 of (RE: related document(s)49 Application for Renewal of Judgment). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Nelson, Rhonda) Modified on 11/9/2007 Incorrect pdf attached for the event code used. Registered Participant should refile the First Amended Declaration. (lj, ). (Entered: 11/08/2007) |
| 11/09/2007 | | **NOTICE OF DEFECTIVE ENTRY** Incorrect pdf attached for the event code used. Registered Participant should refile the First Amended Declaration.(RE: related document(s)50 Declaration filed by Plaintiff Ireta Irby). (lj, ) (Entered: 11/09/2007) |
| 11/14/2007 | 51 | First Amended Declaration of Rhonda L. Nelson *Regarding Post-Judgment Interest on Renewal of Judgment* (RE: related document(s)49 Application for Renewal of Judgment). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Nelson, Rhonda) (Entered: 11/14/2007) |
| 11/15/2007 | 52 | Notice of Renewal of Judgment in the Amount of $434,673.51 (With Certificate of Mailing) (RE: related document(s)49 Application for Renewal of Judgment filed by Plaintiff Ireta Irby). (lj, ) (Entered: |

| | | 11/15/2007 |
|---|---|---|
| 12/14/2007 | 54 | Motion *For Order Vacating Judgment Creditor's Renewal of Judgment; Memorandum* Filed by Defendant Brooks H. Haden. (Attachments: # 1 Certificate of Service) (Young, Kaipo) (Entered: 12/14/2007) |
| 12/14/2007 | 55 | Declaration of Kaipo K.B. Young in Support of *Defendant's Motion* (RE: related document(s)54 Motion Miscellaneous Relief). Filed by Defendant Brooks H. Haden (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Young, Kaipo) (Entered: 12/14/2007) |
| 12/14/2007 | 56 | Notice of Hearing *on Defendant's Motion* (RE: related document(s)54 Motion Miscellaneous Relief filed by Defendant Brooks H. Haden). Hearing scheduled for 1/25/2008 at 10:00 AM at Santa Rosa Courtroom - Jaroslovsky. Filed by Defendant Brooks H. Haden. (Young, Kaipo) (Entered: 12/14/2007) |
| 12/17/2007 | 57 | Order to Reopen Case . (lj, ) (Entered: 12/17/2007) |
| 12/21/2007 | 58 | Notice of Hearing *Notice of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* Hearing scheduled for 1/25/2008 at 10:00 AM at Santa Rosa Courtroom - Jaroslovsky. Filed by Plaintiff Ireta Irby. (Nelson, Rhonda) Linked document to docket entry #61. Modified on 12/27/2007 (kl, ). (Entered: 12/21/2007) |
| 12/21/2007 | 59 | Memorandum of Points and Authorities in Support of *Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)58 Notice of Hearing, ). Filed by Plaintiff Ireta Irby (Nelson, Rhonda) Linked document to docket entry #61. Modified on 12/27/2007 (kl, ). (Entered: 12/21/2007) |
| 12/21/2007 | 60 | Declaration of Rhonda L. Nelson in Support of *Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)58 Notice of Hearing, ). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Nelson, Rhonda) Linked document to docket entry #61. Modified on 12/27/2007 (kl, ). (Entered: 12/21/2007) |
| 12/26/2007 | 61 | Motion to Amend *Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* Filed by Plaintiff Ireta Irby (Nelson, Rhonda) Create linkage with docket entries #58,#59 and #60.Modified on 12/27/2007 (kl, ). (Entered: 12/26/2007) |

| 01/11/2008 | 62 | Brief/Memorandum in Opposition to *Motion to Amend Judgment* (RE: related document(s)61 Motion to Amend). Filed by Defendant Brooks H. Haden (Attachments: # 1 Exhibit "A" Copy of Ruling on Appeal November 18, 1998) (Leader-Picone, Malcolm) (Entered: 01/11/2008) |
|---|---|---|
| 01/11/2008 | 63 | Memorandum of Points and Authorities in of *Support of the Opposition to the Motion for Order Vacating Judgment Creditor's Renewal of Judgment* (RE: related document(s)54 Motion Miscellaneous Relief. Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit Attachment) (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 64 | Declaration of Rhonda L. Nelson *in Support of the Opposition to the Motion for Order Vacating Judgment Creditor's Renewal of Judgment* (RE: related document(s)54 Motion Miscellaneous Relief). Filed by Plaintiff Ireta Irby (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 65 | Notice Regarding *Withdrawal of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)61 Motion to Amend filed by Plaintiff Ireta Irby. Filed by Plaintiff Ireta Irby. (Attachments: # 1 Exhibit Attachment) (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 66 | Certificate of Service re *Memorandum of Points and Authorities in Support of the Opposition to the Motion for Order Vacating Judgment Creditor's Renewal of Judgment* (RE: related document(s)64 Declaration,, 63 Memo of Points & Authorities, ). Filed by Plaintiff Ireta Irby (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/11/2008 | 67 | Certificate of Service re *Notice of Withdrawal of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule 9024 and FRCP 60(a) and (b)(6)* (RE: related document(s)65 Notice, ). Filed by Plaintiff Ireta Irby (Nelson, Rhonda) (Entered: 01/11/2008) |
| 01/18/2008 | 68 | Order Vacating Judgment Creditor's Renewal of Judgment.(Related Doc # 54 Motion For Order Vacating Judgment Creditor's Renewal of Judgment;) (lj, ) (Entered: 01/22/2008) |
| 01/25/2008 | | Hearing Held (RE: related document(s)54 Motion For Order Vacating Judgment Creditor's Renewal of Judgment filed by Defendant Brooks H. Haden). (Before hearing, off calendar. Order granting motion filed on 1/18/08.) (ds, ) (Entered: 01/25/2008) |
| 03/18/2008 | | Adversary Case Closed 97-1034. (lj, ) (Entered: 03/18/2008) |

1  BARTLETT & LEADER-PICONE, LLP
   KAIPO K.B. YOUNG *(State Bar No. 164718)*
2  2201 BROADWAY, SUITE 803
   OAKLAND, CA 94612
   TELEPHONE: (510) 444-2404
3  FACSIMILE: (510) 444-1291

4  Attorneys for Defendant and Judgment Debtor
   BROOKS H. HADEN

5

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  In re                          ) Case No. 96-13933 AJ
                                    )
11  BROOKS H. HADEN,                ) Chapter 7
                                    )
12          Debtor.                 ) Adv. Proc. No. 97-1034 AJ
    _____     )
13                                  )
    IRETA IRBY,                     ) **MOTION FOR ORDER VACATING**
14                                  ) **JUDGMENT CREDITOR'S RENEWAL OF**
            Plaintiff,              ) **JUDGMENT; MEMORANDUM.**
15                                  )
    v.                              )
16                                  ) Date:   January 25, 2008
    BROOKS H. HADEN,                ) Time:   10:00 a.m.
17                                  ) Dept.:  U.S. Bankruptcy Court
            Defendant.              )         99 South "E" Street
18                                  )         Santa Rosa, CA 95404
                                    )
19                                  )
                                    ) **Honorable Alan Jaroslovsky**
20                                  )
    _____     )
21
            Defendant and judgment debtor Brooks H. Haden moves the Court for an order

22  vacating plaintiff and judgment creditor Ireta Irby's renewal of judgment filed November 8, 2007.

23          Mr. Haden moves for an order vacating plaintiff and judgment creditor Ireta Irby's

24  renewal of judgment on the grounds that the Court lacks jurisdiction to renew the judgment and said

25  renewal should have been filed in the United States District Court for the Northern District of

26  California. More importantly, even if this Court were to determine that jurisdiction is proper, plaintiff

27  is nonetheless time-barred from seeking a renewal under Code of Civil Procedure section 683.020.

28          This Motion shall be based on these moving papers, the attached Declaration of Kaipo

---

**MOTION FOR ORDER VACATING RENEWAL
OF JUDGMENT**                                                    Adv. Proc. No. 97-1034 AJ

Exhibit D

1  K.B. Young, and any further evidence or argument that may be presented prior to or at the hearing on

2  the Motion.

3  DATED:  December 14, 2007                    BARTLETT, LEADER-PICONE & YOUNG, LLP

4

5                                                    BY: __/s/ Kaipo K.B. Young #164718__
                                                         KAIPO K.B. YOUNG
6                                                        Attorney for Defendant and Judgment Debtor
                                                         BROOKS H. HADEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR ORDER VACATING RENEWAL
OF JUDGMENT**                                            **Adv. Proc. No. 97-1034 AJ**

## MEMORANDUM

Defendant and judgment creditor Brooks H. Haden submits this memorandum in support of his motion for order vacating plaintiff and judgment creditor Ireta Irby's renewal of judgment filed November 8, 2007.

## INTRODUCTION

This saga began on November 17, 1988 when plaintiff obtained a default money judgment against Mr. Haden in the United States District Court for the Southern District of Texas for the sum of $87,450.00. Plaintiff later registered her Texas judgment with the United States District Court for the Northern District of California on August 20, 1996.

When Mr. Haden filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on November 14, 1996, plaintiff initiated a nondischargeability complaint against him. After a trial was conducted, the Court found in favor of the plaintiff and a judgment was entered on April 28, 1998. The bankruptcy court judgment clearly states that

> Irby's Judgment against Haden, entered on November 17, 1988, in the United States District Court for the Southern District of Texas, Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A). Irby shall recover her costs of suit in the amount of $685.20.

On November 8, 2007 plaintiff filed with the bankruptcy court her application for and renewal of judgment. By and through her application, plaintiff seeks to renew her bankruptcy court judgment for $434,673.51, representing the original Texas judgment in the amount of $87,450.00 plus interest after judgment in the sum of $347,223.51. Plaintiff's renewal of judgment does not included her previously awarded costs of $685.20.

Plaintiff's renewal of judgment must be vacated for two reasons. First, this Court lacks jurisdiction to renew the judgment as requested. Plaintiff obtained nothing more than a "declaratory relief" judgment from this Court with respect to her Texas judgment. With the exception of a money judgment to recover $685.20 in costs, no other "money" judgment was entered. Plaintiff's renewal of judgment goes beyond the scope of that which was previously awarded by the bankruptcy court. At the very least, plaintiff should have filed her application for renewal of judgment in the venue where

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO J\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

1  the Texas judgment was first certified in California—the United States District Court for the Northern

2  District of California.

3          Second, even if this Court were to determine that jurisdiction is proper, plaintiff's

4  renewal of judgment must nonetheless be vacated for the mere fact that plaintiff's renewal of

5  judgment is time barred under Code of Civil Procedure section 683.020. Plaintiff's registration of her

6  Texas judgment with the District Court for the Northern District of California, under 28 U.S.C. section

7  1963, created a "new judgment" for statute of limitations purposes, giving plaintiff ten years from the

8  date of registration in which to satisfy the judgment. Plaintiff registered her Texas judgment on

9  August 20, 1996. The California period of limitations for enforcement of judgment is 10 years. If

10  plaintiff wanted to renew her judgment in California, the deadline was August 20, 2006. Plaintiff

11  failed to do so and is now time-barred. Plaintiff's renewal of judgment must therefore be vacated.

12
                              **STATEMENT OF FACTS**
13
              The following is supported by the Declaration of Kaipo K.B. Young which is
14
    concurrently filed herewith:
15
16          1.      On November 17, 1988, plaintiff Ireta Irby obtained a default money judgment

17  against defendant Brooks H. Haden for the sum of $87,450.00 in the United States District Court for

18  the Southern District of Texas, Houston Division, Case No. H-88-1781 ("Texas Judgment").

19          2.      On August 20, 1996, plaintiff caused the Texas Judgment to be registered with

20  the United States District Court for the Northern District of California, San Francisco Division, Case

21  No. 3:96-fj-00034-VRW.

22          3.      On November 14, 1996 Mr. Haden filed a voluntary petition under chapter 7 of

23  the Bankruptcy Code, Case No. 96-13933, in the United States Bankruptcy Court for the Northern

24  District of California, Santa Rosa Division.

25          4.      Thereafter, on February 13, 1997, plaintiff filed her nondischargeability

26  complaint against Mr. Haden, Adv. Proc. No. 97-01034 ("Adversary Proceeding").

27

28

---

MEMORANDUM                                                    Adv. Proc. No. 97-1034 AJ

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

5.     On April 14, 1998, a trial was held in the Adversary Proceeding. Following the

trial, the Court, on April 28, 1998, entered a judgment in favor of plaintiff and against Mr. Haden

("Adversary Judgment"). The Adversary Judgment specifically states as follows:

> After hearing the evidence and arguments of counsel, judgment is hereby
> entered in this action against debtor and defendant Brooks H. Haden
> ("Haden") in favor or plaintiff Ireta Irby ("Irby") **determining that Irby's**
> **Judgment against Haden, entered on November 17, 1988, in the**
> **United States District Court for the Southern District of Texas, Civil**
> **Action No. H-88-1781, is deemed nondischargeable pursuant to**
> **Bankruptcy Code Section 523(a)(2)(A). Irby shall recover her costs of**
> **suit in the amount of $685.20.** (Emphasis added)

6.     On November 8, 2007 plaintiff filed her application for and renewal of

judgment with the Bankruptcy Court. By way of her application, plaintiff seeks to renew her judgment

for $434,673.51, representing the original Texas judgment in the amount of $87,450.00 plus interest

after judgment in the sum of $347,223.51. Plaintiff's application <u>does not</u> seek to renew her money

judgment for her previously awarded costs in the sum $685.20.

7.     On November 15, 2007, Mr. Haden was served with a Notice of Renewal of

Judgment. Pursuant to the Notice, Mr. Haden is required to make any motion to vacate the renewal

with 30 days after service of the Notice.

### ARGUMENT

**A.     THE BANKRUPTCY COURT LACKS JURISDICTION TO RENEW**
**THE JUDGMENT.**

Plaintiff's renewal of judgment must be vacated because the bankruptcy court lacks

jurisdiction to renew the judgment as requested by plaintiff.

The Adversary Judgment entered on April 28, 1998, by its own terms, provides

plaintiff with the following limited relief--1) a declaration stating that the Texas judgment entered in

the United States District Court for the Southern District of Texas is **nondischargeable** and 2) a

money judgment for costs in the amount of $685.20--NOTHING MORE. Through her application for

and renewal of judgment, however, plaintiff seeks to renew the Adversary Judgment for $434,673.51,

comprising of the original Texas judgment in the amount of $87,450.00 plus interest after judgment in

the sum of $347,223.51.

1    The amount requested by plaintiff in her renewal of judgment goes well beyond the

2  scope of the limited relief which was awarded to plaintiff in the Adversary Judgment. With the

3  exception of the money judgment for costs in the amount of $685.20, at no time did this Court enter a

4  "money" judgment against plaintiff for the $87,450.00. If plaintiff wanted a money judgment from the

5  bankruptcy court for the amount of the Texas judgment, she could have requested and obtained this

6  relief. Instead, plaintiff requested and obtained a declaration that the Texas judgment is

7  nondischargeble, nothing more! The Adversary Judgment is unambiguous and plaintiff is seeking to

8  extract additional relief that was not conferred on her by the Adversary Judgment. Accordingly,

9  plaintiff's renewal of judgment must be vacated.[1]

10    Mr. Haden anticipates that plaintiff will argue that the bankruptcy court is the

11  appropriate forum to renew the judgment and will cite *McCowan v. Fraley*, 296 B.R. 1 (9th Cir. 2003)

12  for the proposition the bankruptcy court continues to have jurisdiction following a nondischargeability

13  proceeding. While Mr. Haden does not dispute that this Court continues to have jurisdiction over

14  certain aspects of the Adversary Judgment, the *McCowan* case has only limited application.

15    There, the bankruptcy court determined that the debtor's obligation to the creditor was

16  nondischargeable and entered a money judgment for $22,182.87. After the case was closed, the

17  creditor moved to enforce the judgment. When the debtor sought to claim an exemption in a certain

18  bank account and receivable, the creditor objected and moved to have the bankruptcy court determine

19  the validity of the exemption. The debtor argued that when the bankruptcy case was closed, the

20  bankruptcy court lost jurisdiction to enforce the money judgment because enforcement proceedings

21  were not "related to" the bankruptcy case. The bankruptcy court ruled that it retained jurisdiction to

22  enforce its own money judgments even after a bankruptcy case is closed. The Ninth Circuit

23  Bankruptcy Appellate Panel agreed and affirmed the bankruptcy court's decision on appeal. *Id.* at 11.

24    In reaching its decision, the BAP took adopted following approach:

25    A bankruptcy court has jurisdiction to determine the dischargeability of a

26    debt owed by a bankruptcy debtor; such a proceeding "arises under" the

---

[1] At the very least, plaintiff should have filed her application for renewal of judgment where the Texas judgment was first certified in California—the United States District Court for the Northern District of California. However, as argued in this memorandum, her application if filed would fail as well.

1
2
3
4

Bankruptcy Code, because it is a cause of action created by § 523 of the Bankruptcy Code, *In re Menk*, 241 B.R. 896, 904 (9th Cir. BAP 1999) and is a "core" proceeding that the bankruptcy court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(I). The court's jurisdiction to determine the dischargeability of a debt carries with it the jurisdiction to enter a money judgment that fixes the amount of the nondischargeable debt. *In re Kennedy,* 108 F.3d (9th Cir. 1997).

5
6
7
8

It has been long settled that process in aid of and to effectuate an adjudication and order entered by a federal court may be enforced by that court "irrespective of whether the court would have jurisdiction if the proceeding were an original one" and that these principles apply in bankruptcy. (citations omitted)

* * *

9
10
11
12
13
14
15
16

Actions "brought in aid of an execution or to effectuate a judgment entered in the prior suit" are ancillary to the original action, *In re Lawson,* 156 B.R. 43, 46 (9th Cir. BAP 1993); "they are in effect a continuance of the original suit." *Jones v. National Bank of Commerce of El Dorado,* 157 F.2d 214, 215 (8th Cir. 1946) (relied on by *Lawson*). Thus, where a proceeding is brought to execute on a judgment entered by the bankruptcy court, the proceeding is a continuation of the original proceeding, and jurisdiction depends on whether the original proceeding was within the bankruptcy court's jurisdiction. *See In re Mayex II Corp.,* 178 B.R. 464, 468 (Bankr. W.D. Mo. 1995) (orders in aid of execution of judgment in core proceeding fall within court's ancillary jurisdiction). *Accord Peacock,* 516 U.S. at 355.

17
18
19
20

In this case, the original proceeding was one to determine the dischargeability of a debt, which is a proceeding "arising under" the Bankruptcy Code. Such a proceeding is without question within the jurisdiction of the bankruptcy court, as was the money judgment entered on the debt. Therefore, a proceeding to enforce the resulting judgment or execute on it continues to be a matter that "arises under" the Bankruptcy Code, until the judgment is satisfied. *Id.* 4 – 8.

21
22
23
24
25
26
27
28

In applying *McCowan* case to this matter at hand, it must be noted that *McCowan* has only limited applicability. Mr. Haden does not dispute that this Court retains jurisdiction to enforce its orders and judgments. This retention, however, is only limited to enforcement of that Adversary Judgment entered on April 28, 1996. Like *McCowan*, this Court entered a money judgment for a specified dollar amount, $685.20. Plaintiff's attempt to "tack on" an additional $434,673.51 to the Adversary Judgment is inappropriate, not to mention outside the jurisdiction of this Court, and not supported by the principals of *McCowan*. Accordingly, plaintiff's renewal of judgment must be vacated.

**B.    PLAINTIFF'S RENEWAL OF JUDGMENT IS TIME BARRED
BECAUSE SHE FAILED TO RENEW HER JUDGMENT WITHIN THE
10-YEAR STATUTE OF LIMITATIONS AS PRESCRIBED BY CODE
OF CIVIL PROCEDURE SECTION 683.020.**

Even if the Court were to conclude that it has jurisdiction to enter plaintiff's renewal of judgment, said renewal must nonetheless be ordered vacated because plaintiff failed to renew her judgment within the 10-year statute of limitations as prescribed by Code of Civil Procedure section 683.020. More specifically, plaintiff's failure to renew her judgment within ten years of the date she registered her judgment with the United States District Court for the Northern District of California (August 20, 1996) makes her judgment unenforceable in California.

Section 1963 of Title 28, among other things, provides that

§ 1963. **Registration of judgments for enforcement in other districts**

A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. *28 U.S.C. § 1963*

In California, a judgment may not be enforced upon the expiration of 10 years after the date of entry of a money judgment. *Code Civ. Proc. § 683.020.*

The Ninth Circuit has addressed how the federal statute for registration of judgment from other districts interacts with a counterpart California statute and with the California statute of limitations (Code of Civil Procedure § 683.020 (formerly § 681)). In the case of *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), the Ninth Circuit ruled on the issue of whether a registration under 28 U.S.C. section 1963 creates a "new judgment" for statute of limitations purposes, giving the judgment creditor ten years from the date of registration in which to satisfy the judgments.

In that case, Marx obtained judgment against Go Publishing in 1971 in the United States District Court for the District of Columbia. The judgment was not paid. In 1980 Marx registered the judgment in the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1963. In 1982 Marx commenced proceedings in the District Court for the Central District of California to enforce the judgment. Go Publishing argued a statute of limitations defense

1  under Code of Civil Procedure section 681.[2] The district court rejected this defense. Go Publishing

2  appealed and lost. In affirming the district court's ruling, the Ninth Circuit made the following

3  analysis:

> The California period of limitations for enforcement of judgments is ten
> years. *See Cal. Code Civ. Proc. § 681.* Go Publishing invoked the statute
> as a bar to the proceedings. The issue is whether registration under 28
> U.S.C. § 1963 creates a new judgment for statute of limitations purposes,
> giving the judgment-creditor ten years from the date of registration in
> which to satisfy the judgment. Under analogous California law, the ten
> year period for a valid and enforceable judgment of a sister state runs
> anew from the time of its filing in the state superior court, provided that at
> the time of registration the judgment is not then time barred and other
> requisites of the statute are fulfilled. [citations omitted] Go Publishing
> argues, however, that this state rule is inapplicable where a district court
> judgment is registered under the federal statute. We disagree.
>
> The California statute provides for registration of judgments of sister
> states, and the provisions of *28 U.S.C. § 1963* are its federal analogue. We
> discern no reason why the statute of limitations rule of the state should not
> apply to the federal proceeding. The registration of the district court
> judgment under *28 U.S.C. § 1963*, the judgment not then being time
> barred, *Cal. Code Civ. Proc. § 337.5*, commenced anew the running of the
> applicable statute, which is *Cal. Code Civ. Proc. § 681.* Id. at 1273.

16      In applying the *Marx* analysis to the present case, it is clear that plaintiff's renewal was

17  filed too late. Plaintiff registered her Texas judgment with the District Court for the Northern District

18  of California on **August 20, 1996**. Since the California period of limitations for enforcement of

19  judgment under Code of Civil Procedure section 683.020 is ten years, plaintiff had, under *Marx*, until

20  **August 20, 2006** to file her renewal of judgment. It is undisputed that plaintiff failed to do so since her

21  renewal of judgment was filed on **November 8, 2007, well over a year after the statute had run**!

22  Based on the foregoing, and the principals set forth in *Marx,* plaintiff's renewal of judgment is time

23  barred and must be vacated.

24  / / / /

25  / / / /

26  / / / /

27

28

---

[2] The current statute now is Code of Civil Procedure section 683.020.

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO J\HADEN, B\IRBY\MOTIONS\MOT VACATE RENEWAL 121407 FINAL.DOC12/14/07

## CONCLUSION

For the reasons set forth above, Mr. Haden respectfully requests that this Court issue its order vacating plaintiff's renewal of judgment filed November 8, 2007.

DATED:  December 14, 2007.            BARTLETT, LEADER-PICONE & YOUNG, LLP

BY:/s/ Kaipo K.B. Young #164718
     KAIPO K.B. YOUNG
     Attorneys for Defendant and Judgment Debtor
     BROOKS H. HADEN

1  RHONDA L. NELSON (State Bar No. 116043)
   DAVID E. PINCH (State Bar No. 124851)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
4  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
5
   Attorneys for Plaintiff and Judgment Creditor
6  IRETA IRBY

7

8              UNITED STATES BANKRUPTCY COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SANTA ROSA DIVISION

11  In re                        )  Chapter 7
                                 )  Underlying Case No. 96-13933 AJ
12  BROOKS H. HADEN,             )
                                 )
13       Debtor,                 )
    _____)
14                               )
    IRETA IRBY,                  )  Adversary Proceeding No. 97-1034-AJ
15                               )
         Plaintiff,              )  **NOTICE OF WITHDRAWAL OF**
16                               )  **MOTION TO AMEND JUDGMENT**
    vs.                          )  **PURSUANT TO BANKRUPTCY**
17                               )  **PROCEDURE RULE 9024 AND FRCP**
    BROOKS H. HADEN,             )  **60(a) and (b)(6)**
18                               )
         Defendant.              )  Date:   January 25, 2008
19                               )  Time:   10:00 a.m.
    _____)  Dept:   U.S. Bankruptcy Court
20                                          99 South "E" Street
                                            Santa Rosa, CA 95404
21
                                    **The Honorable Alan Jarolovsky**
22

23       Based on the attached notice from the Court, Plaintiff and Judgment Creditor Ireta Irby

24  ("Irby") hereby withdraws her Motion To Amend Judgment Pursuant To Bankruptcy Rule 9024

25  and Federal Rule of Civil Procedure 60(a) and (b)(6).

26  ///

27  ///                              Exhibit  E

28

| 10281/0001/654783.1 | | NOTICE TO WITHDRAW MOTION TO AMEND JUDGMENT...*Irby v. Haden*, #97-1034 AJ |
|---|---|---|

1

DATED:  January 11, 2008

2

SEVERSON & WERSON
A Professional Corporation

3

4

5

By: _____/s/ Rhonda L. Nelson_____
        Rhonda L. Nelson

6

Attorneys for Plaintiff and Judgment Creditor
IRETA IRBY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| 10281/0001/654783.1 | - 2 - | NOTICE TO WITHDRAW MOTION TO AMEND JUDGMENT...*Irby v. Haden*, #97-1034 AJ |
| --- | --- | --- |

# ATTACHMENT

# ATTACHMENT

## Rhonda L. Nelson

| | |
|---|---|
| **From:** | BKECF_CANB@canb.uscourts.gov |
| **Sent:** | Thursday, December 27, 2007 11:09 AM |
| **To:** | Rhonda L. Nelson |
| **Cc:** | kyoung@bl-plaw.com |
| **Subject:** | Defective Order 97-01034-104696.pdf |

### U.S. Bankruptcy Court
### Northern District of California

The order submitted to the Court on 12/21/2007 will not be processed due to the followling deficiencies:

OK, there is no mistake here. There is a recent circuit case (not at my
fingertips, sorry, but you can find it) noting that when there is a prior state
court judgment the bankruptcy court can EITHER enter a new money judgment or
just declare the state court judgment nondischargeable. The distinction becomes
important when it is time to renew the judgment. Since the original form of the
judgment is not a mistake, you should bring a noticed motion if you want it changed. (Alan Jaroslovsky
on 12/27/2007)


**Order Type:**   Notice of Hearing

**Case Name:**   Irby v. Haden

**Order:**   97-01034-104696.pdf

**Date Submitted:**   12/21/2007



**Entered on Docket**
**January 22, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | BARTLETT, LEADER-PICONE & YOUNG, LLP **Signed: January 18, 2008**
MALCOLM LEADER-PICONE (STATE BAR NO. 104620)
KAIPO K.B. YOUNG (STATE BAR NO. 164718)
2 | 2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
3 | TELEPHONE: (510) 444-2404
FACSIMILE: (510) 444-1291

4 | _____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge

Attorneys for Defendant and Judgment Debtor
5 | BROOKS H. HADEN

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SANTA ROSA DIVISION

11

12 | In re                                    ) Case No. 96-13933 AJ
                                            )
13 | BROOKS H. HADEN,                        )
                                            ) Chapter 7
14 |    Debtor.                )
                                            ) Adv. Proc. No. 97-1034 AJ
15 | _____     )
IRETA IRBY,                                 ) **ORDER VACATING JUDGMENT**
16 |                                         ) **CREDITOR'S RENEWAL OF JUDGMENT.**
   Plaintiff,                   )
17 | v.                                       ) Date:  January 25, 2008
                                            ) Time:  10:00 a.m.
18 | BROOKS H. HADEN,                        ) Dept.: U.S. Bankruptcy Court
                                            )        99 South "E" Street
19 |    Defendant.             )        Santa Rosa, CA 95404
                                            )
20 | _____     )
21 |                                         ) **Honorable Alan Jaroslovsky**

22 | / / / /

23 | / / / /

24 | / / / /

25

26

27 | Exhibit   F

**ORDER VACATING RENEWAL OF JUDGMENT**   Adv. Proc. No. 97-1034 AJ

1

<u>**ORDER**</u>

2

In response to defendant Brook H. Haden's motion for order vacating judgment creditor's

3

renewal of judgment, creditor Ireta Irby conceded that it was not necessary for her to renew the

4

Nondischargeability Judgment in this Adversary Proceeding. Therefore, for good cause appearing:

5

IT IS ORDERED that defendant's motion for order vacating judgment creditor's renewal of

6

judgment is hereby GRANTED.

7

IT IS FURTHER ORDERED that plaintiff's renewal of judgment filed November 8, 2007 is

8

hereby vacated and is of no further force and effect; without prejudice to plaintiff's rights to enforce the

9

federal judgment to the extent permitted by law.

10

**\* \* \* END OF ORDER \* \* \***

11

12

<u>Approved as to form:</u>
SEVERSON & WERSON

13

14

BY: <u>**/s/ Rhonda L. Nelson**</u>
RHONDA L. NELSON
Attorneys for Plaintiff
IRETA IRBY

15

16

17

18

19

20

21

22

23

24

25

26

27

**ORDER VACATING RENEWAL OF JUDGMENT**                              **Adv. Proc. No. 97-1034 AJ**

1  RHONDA L. NELSON (State Bar No. 116043)
   DAVID E. PINCH (State Bar No. 124851)
2  SEVERSON & WERSON, P.C.
   One Embarcadero Center, Suite 2600
3  San Francisco, CA 94111
   Telephone: (415) 677-5536
4  Facsimile: (415) 677-5664
   e-mail: rln@severson.com
5
   Attorneys for Movant
6  IRETA IRBY

7
                    UNITED STATES BANKRUPTCY COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
                         SANTA ROSA DIVISION
10
   In re                          )    Chapter 7
11                                 )    Underlying Case No. 96-13933 AJ
   BROOKS H. HADEN,                )
12                                 )    Adversary Proceeding No. 97-1034-AJ
            Debtor,                )
13  ─────────────────────────────  )
                                   )
14  IRETA IRBY,                    )    Date:   To be determined
                                   )    Time:
15            Plaintiff,           )    Judge:  Hon. Alan J. Jaraslovsky
                                   )    Place:  U.S. Bankruptcy Court
16       vs.                       )            99 South "E" Street
                                   )            Santa Rosa, CA 95404
17  BROOKS H. HADEN,               )
                                   )
18            Defendant.           )
                                   )
19  ─────────────────────────────

       **EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON**
20              **IRETA IRBY'S MOTION TO AMEND JUDGMENT**

21       To the Honorable Alan J. Jaraslovsky:

22       Judgment Creditor, IRETA IRBY (hereinafter "Movant") hereby respectfully requests an

23  Order from this Court granting her application to have a Motion to Amend Judgment Pursuant to

24  Bankruptcy Procedure Rule 9024 and FRCP 60(b)(6). This request is made under B.L.R. 9006-1.

25       The factual allegations herein are supported by the accompanying Declaration of David E.

26  Pinch in support of this application and the Declaration of Rhonda L. Nelson in Support of

27  Motion for to Amend Judgment. Movant seeks to amend a judgment for non-dischargeability that

28  will expire under law on April 27, 2008. Movant must amend the judgment under FRCP 60(b) so

Irby 10281.0001                    Ex Parte Application for Order Shortening Time          page 1
                                       for Hearing on Motion to Amend Judgment
Case: 97-01034     Doc #: 79    Filed: 04/01/2008    Page 1 of 31  Exhibit ______

1    that it may be renewed and enforced as to a specific dollar amount, but she has only until April

2    27, 2008, to renew the judgment under California Code of Civil Procedure Sections 683.110 *et*

3    *seq.*    There is insufficient time to have this motion heard on regular notice as the date set for the

4    expiration of this judgment is less than the 28 days notice period require B.L.R. 7007-1(a).

5        By granting Movant's application for shortened notice, the Court will be able to rule upon

6    Movant's motion before the judgment expires.

7        Judgment Debtor, Brooks H. Haden, has not satisfied the judgment and is now known to

8    have a well-paid position at Mechanic's Bank. No amount of the judgment has been paid.

9        WHEREFORE, Movant prays that this Court grant the proposed Order Shortening Time

10    accompanying this Application so that Movant's Motion for Relief from Stay may be heard

11    before April 27, 2008.

12    DATED:  April 1, 2008

13                                          SEVERSON & WERSON, P.C.

14

15                                          By:  /s/ Rhonda L. Nelson; 116043
                                               Rhonda L. Nelson
                                               David E. Pinch
16
                                            Attorneys for Judgment Creditor, IRETA IRBY
17

18

19

20

21

22

23

24

25

26

27

28

Irby 10281.0001                Ex Parte Application for Order Shortening Time                page 2
                                    For Hearing on Motion to Amend Judgment
Case: 97-01034    Doc #: 79    Filed: 04/01/2008    Page 2 of 2

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\2ND ATTEMPT\OPP OST RE MTN AMEND 040208 MLP.DOC4/2/08

1  BARTLETT & LEADER-PICONE, LLP
   MALCOLM LEADER-PICONE *(State Bar No. 104620)*
2  KAIPO K.B. YOUNG *(State Bar No. 164718)*
   2201 BROADWAY, SUITE 803
3  OAKLAND, CA  94612
   TELEPHONE: (510) 444-2404
   FACSIMILE: (510) 444-1291
4
5  Attorneys for Defendant and Judgment Debtor
   BROOKS H. HADEN

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SANTA ROSA DIVISION

11
    In re                              ) Case No. 96-13933 AJ
12                                     )
    BROOKS H. HADEN,                   )
13                                     ) Chapter 7
            Debtor.                    )
14  _____  ) Adv. Proc. No. 97-1034 AJ
                                       )
15  IRETA IRBY,                        )
                                       ) **DEBTOR'S OPPOSITION TO CREDITOR'S**
16          Plaintiff,                 ) ***EX PARTE*** **APPLICATION FOR AN ORDER**
                                       ) **SHORTENING TIME FOR A MOTION TO**
17  v.                                 ) **AMEND JUDGMENT.**
                                       )
18  BROOKS H. HADEN,                   )
                                       ) Date:   tba
19          Defendant.                 ) Time:   tba
                                       ) Dept.:  U.S. Bankruptcy Court
20                                     )         99 South "E" Street
                                       )         Santa Rosa, CA 95404
21                                     )
22  _____  ) **Honorable Alan Jaroslovsky**

23           I.      **PRELIMINARY STATEMENT.**

24          On December 26, 2007, plaintiff/creditor Ireta Irby filed a motion to amend the declaratory

25  non-dischargeability judgment in this case. On January 11, 2008, after receiving the debtor's opposition to the

26  motion, plaintiff withdrew her motion. See, Exhibit "A" hereto. Plaintiff also stipulated to vacate the renewal of

27  the adversary judgment after receiving the debtor's motion to vacate it. See, Exhibit "B" hereto.

---

**OPPOSITION TO ORDER SHORTENING TIME**                    **Adv. Proc. No. 97-1034 AJ**
                            -1-

1    Now, not only has plaintiff changed her mind and re-filed her motion to amend the judgment,

2    but she asks that it be heard on shortened time because her time to renew the judgment is running out before

3    the motion would otherwise be heard. The debtor opposes the motion and opposes having the motion heard

4    on shortened time. There is no reason to expedite this matter, since plaintiff voluntarily withdrew the same

5    motion, and vacated a renewal of the judgment, and created for herself any perceived need to expedite the

6    hearing.

7    On top of that, the application for the order shortening time fails to comply with Bankruptcy

8    Local Rule 9006-1 because it fails to inform the Court that the same motion was previously on calendar and

9    was voluntarily dropped by the plaintiff, and failed to consult with debtor's counsel prior to filing the

10    application.

11    Consequently, the debtor requests that the Court deny the application for an order shortening

12    time.

13    ## II.    ARGUMENT.

14    Bankruptcy Local Rule 9006-1 provides in pertinent part:

15    **(c) Requests for Changing time.** Any request to enlarge or shorten time may be
made by stipulation or motion. Absent exigent circumstances, any motion shall be

16    heard on at least 72 hours notice to the respondent. Any request, whether made by
stipulation or motion, shall be accompanied by a declaration stating:

17
**(1)** The reason for the particular enlargement or shortening of time requested;

18    **(2)** Previous time modifications related to the subject of the request, whether
by stipulation or Court order;

19
**(3)** The effect of the requested time modification on the schedule for the case

20    or proceeding; and

21    **(4)** Where the request is not made by stipulation, the efforts made to speak
with the respondent and, if the movant has spoken with the respondent, the
reasons given for any refusal to agree to the request.

22
In this case, plaintiff violated Bankruptcy Local Rule 9006-1, subpart (c)(2) by failing to notify

23
the Court in the application for the order shortening time that this matter was previously on calendar on a

24
normal hearing and briefing schedule, and it was voluntarily withdraw by the plaintiff after receiving the

25
opposition. That is certainly pertinent information falling within the requirement that the application state

26
"[p]revious time modifications related to the subject of the request." It was also required under that subsection

27
that the Court be informed that plaintiff stipulated to the vacating of the renewal of the judgment.

**OPPOSITION TO ORDER SHORTENING TIME**          Adv. Proc. No. 97-1034 AJ

-2-

1    Both of plaintiff's actions, vacating the renewal and withdrawing the prior motion to amend,

2  are pertinent to this request for an order shortening time, because it is unfair to both the Court and to the

3  debtor to be put to the extra trouble and expense of an expedited motion to amend, when they went through

4  that fire drill one time before. Just because plaintiff is apparently panicked, that the District Court might find

5  that her end-run around the expiration of her judgment in the District Court was improper, leaving plaintiff

6  without a judgment to enforce, does not justify expediting this motion. Plaintiff should be bound by her implicit

7  concession that the adversary judgment is not subject to amendment nor is the judgment appropriately

8  renewed.

9              ### III.    STATEMENT OF FACTS.

10              These are the facts taken from the Declaration of Ms. Nelson and the documents on file in this

11  adversary proceeding and in the District Court, Case No. 08-80004.

12              1.    On November 17, 1988, plaintiff Ireta Irby obtained a default money judgment

13  against defendant Brooks H. Haden for the sum of $87,450.00 in the United States District Court for the

14  Southern District of Texas, Houston Division, Case No. H-88-1781 ("Texas Judgment").

15              2.    On August 20, 1996, plaintiff caused the Texas Judgment to be registered with the

16  United States District Court for the Northern District of California, San Francisco Division, Case No. 3:96-fj-

17  00034-VRW.

18              3.    On November 14, 1996 Mr. Haden filed a voluntary petition under chapter 7 of the

19  Bankruptcy Code, Case No. 96-13933, in the United States Bankruptcy Court for the Northern District of

20  California, Santa Rosa Division.

21              4.    Thereafter, on February 13, 1997, plaintiff filed her nondischargeability complaint

22  against Mr. Haden, Adv. Proc. No. 97-01034 ("Adversary Proceeding").

23              5.    On April 14, 1998, a trial was held in the Adversary Proceeding. Following the trial,

24  the Court, on April 28, 1998, entered a judgment in favor of plaintiff and against Mr. Haden ("Adversary

25  Judgment"). The Adversary Judgment specifically states as follows:

26          After hearing the evidence and arguments of counsel, judgment is hereby
          entered in this action against debtor and defendant Brooks H. Haden ("Haden")
27          in favor or plaintiff Ireta Irby ("Irby") **determining that Irby's Judgment**

---

**OPPOSITION TO ORDER SHORTENING TIME**          Adv. Proc. No. 97-1034 AJ
-3-

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\2ND ATTEMPT\OPP OST RE MTN AMEND 040208 MLP.DOC4/2/08

against Haden, entered on November 17, 1988, in the United States
District Court for the Southern District of Texas, Civil Action No. H-88-
1781, is deemed nondischargeable pursuant to Bankruptcy Code Section
523(a)(2)(A). Irby shall recover her costs of suit in the amount of
$685.20. (Emphasis added)

6.      On November 18, 1998, The District Court, Judge Fern Smith presiding, affirmed the judgment on appeal.

7.      On August 20, 2006, plaintiff's judgment in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:96-fj-00034-VRW, lapsed because it was not renewed in a timely manner. *Calif. Code Civ. Proc.* § 683.020.

8.      On November 8, 2007 plaintiff filed her application for and renewal of judgment with the Bankruptcy Court. By way of her application, plaintiff sought to renew her judgment for $434,673.51, representing the original Texas judgment in the amount of $87,450.00 plus interest after judgment in the sum of $347,223.51. Plaintiff's application <u>did not</u> seek to renew her money judgment for her previously awarded costs in the sum $685.20.

9.      On November 15, 2007, Mr. Haden was served with a Notice of Renewal of Judgment. Pursuant to the Notice, Mr. Haden was required to make any motion to vacate the renewal with 30 days after service of the Notice. Mr. Haden filed a timely motion to vacate the renewal. Plaintiff conceded the judgment was improperly renewed and stipulated to vacate the renewal.

10.     On December 21, 2007, after receiving the debtor's motion to vacate the renewal of the adversary judgment, plaintiff moved to amend the judgment.

11.     On December 27, 2007, plaintiff received an email from the Court advising that there was a problem with her motion to amend.

12.     On January 10, 2008, plaintiff received the debtor's opposition to the motion to amend.

13.     On January 11, 2008, plaintiff filed her Notice of Withdrawal of Motion to Amend.

## IV.     ARGUMENT.

### A.      THE APPLICATION FOR AN ORDER SHORTENING TIME FAILS TO COMPLY WITH THE LOCAL RULES.

Bankruptcy Local Rule 9006-1 provides in pertinent part:

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\RBY\MOTIONS\AMEND JUDGMENT\2ND ATTEMPT\OPP OST RE MTN AMEND 040208 MLP.DOC4/2/08

**(c) Requests for Changing time.** Any request to enlarge or shorten time may be made by stipulation or motion. Absent exigent circumstances, any motion shall be heard on at least 72 hours notice to the respondent. Any request, whether made by stipulation or motion, shall be accompanied by a declaration stating:

    **(1)** The reason for the particular enlargement or shortening of time requested;

    **(2)** Previous time modifications related to the subject of the request, whether by stipulation or Court order;

    **(3)** The effect of the requested time modification on the schedule for the case or proceeding; and

    **(4)** Where the request is not made by stipulation, the efforts made to speak with the respondent and, if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

    In this case, plaintiff violated Bankruptcy Local Rule 9006-1, subpart (c)(2) by failing to notify the Court in the application for the order shortening time that this matter was previously on calendar on a normal hearing and briefing schedule, and it was voluntarily withdrawn by the plaintiff after receiving the opposition. That is certainly pertinent information falling within the requirement that the application state "[p]revious time modifications related to the subject of the request." It was also required under that subsection that the Court be informed that plaintiff stipulated to the vacating of the renewal of the judgment.

    Both of plaintiff's actions, vacating the renewal and withdrawing the prior motion to amend, are pertinent to this request for an order shortening time, because it is unfair to both the Court and to the debtor to be put to the extra trouble and expense of an expedited motion to amend, when they went through that fire drill one time before. Just because plaintiff is apparently panicked, that the District Court might find that her end-run around the expiration of her judgment in the District Court was improper, leaving plaintiff without a judgment to enforce, does not justify expediting this motion. Plaintiff should be bound by her implicit concession that the adversary judgment is not subject to amendment nor is the judgment appropriately renewed.

**B.    THERE IS NO EXIGENCY TO JUSTIFY AN EXPEDITED HEARING, OTHER THAN THAT OF THE PLAINTIFF'S OWN MAKING.**

    Although requests for orders shortening time are routinely granted, this is one instance where the request should be denied. Plaintiff has once before filed the same motion to amend and put the Court to the trouble of reviewing the motion, and the debtor to the cost and trouble of researching and filing an opposition. It can be inferred from the withdrawal of the motion one day after service of the opposition, that

---

**OPPOSITION TO ORDER SHORTENING TIME**
                        **Adv. Proc. No. 97-1034 AJ**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\RBY\MOTIONS\AMEND JUDGMENT\2ND ATTEMPT\OPP OST RE MTN AMEND 040208 MLP.DOC4/2/08

1   plaintiff found the opposition to be compelling. Why else drop the motion rather than have it heard?

2        So, when the plaintiff now wants to not only have the Court hear the motion to amend

3   because her purported judgment in the District Court is under attack, but wants to have it heard on an

4   expedited basis, the Court should say "no, you had your chance to have your motion heard, and it is your fault

5   and your fault alone that it was not heard in an orderly and timely fashion prior to the expiration of the

6   adversary judgment".

7        In twenty-five years of practice, debtor's counsel cannot recall another situation in which an

8   opponent has dropped the hearing on a motion set on ordinary time only to come back several months later

9   and beg to have the same motion heard on shortened time because the party is up against a statutory deadline.

10  Obviously, plaintiff's counsel is in a panic because she failed to timely renew the District Court money

11  judgment prior to August 20, 2006. Since the debtor's counsel pointed that out to her in their motion to

12  vacate the renewal of the judgment in this Court last November, plaintiff's counsel has been zigging and

13  zagging back and forth between this Court and the District Court desperately trying to find a way to salvage a

14  money judgment that expired a year and a half ago.

15                              V.    CONCLUSION.

16        For the reasons set forth above, plaintiff is not entitled to expedited consideration of her

17  motion to amend the judgment.

18  DATED:  April 2, 2008.                BARTLETT, LEADER-PICONE & YOUNG, LLP

19

20                              BY:/s/ Malcolm Leader-Picone  #104620
                                    MALCOLM LEADER-PICONE
21                                  Attorneys for Defendant and Judgment Debtor
                                    BROOKS H. HADEN
22

23

24

25

26

27

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\2ND ATTEMPT\OPP OST RE MTN AMEND 040208 MLP.DOC4/2/08

## PROOF OF SERVICE BY MAIL

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803, Oakland, CA 94613. On April 2, 2008, I served the following document(s) entitled:

**DEBTOR'S OPPOSITION TO CREDITOR'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME FOR A MOTION TO AMEND JUDGMENT**

upon the following person(s) in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Oakland, California addressed as follows, and by email to the designated address:

> Rhonda I. Nelson, Esq.
> Severson & Werson
> A Professional Corporation
> One Embarcadero Center, Suite 2600
> San Francisco, CA 94111
>
> Telephone:   415-398-3344
> Facsimile:    415-956-0439
> Email:         rln@severson.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on April 2, 2008.

/s/ Malcolm Leader-Picone
Malcolm Leader-Picone

---

**PROOF OF SERVICE**                                    **Adv. Proc. No. 97-1034 AJ**

1   RHONDA L. NELSON (State Bar No. 116043)
    DAVID E. PINCH (State Bar No. 124851)
2   SEVERSON & WERSON
    A Professional Corporation
3   One Embarcadero Center, Suite 2600
    San Francisco, CA 94111
4   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
5
    Attorneys for Plaintiff and Judgment Creditor
6   IRETA IRBY

7

8                   UNITED STATES BANKRUPTCY COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SANTA ROSA DIVISION

11  In re                          )   Chapter 7
                                   )   Underlying Case No. 96-13933 AJ
12  BROOKS H. HADEN,               )
                                   )
13        Debtor,                  )
    _____)
14                                 )
    IRETA IRBY,                    )
15                                 )   Adversary Proceeding No. 97-1034-AJ
          Plaintiff,               )
16                                 )   **MEMORANDUM OF POINTS AND**
    vs.                            )   **AUTHORITIES IN SUPPORT OF**
17                                 )   **MOTION TO AMEND JUDGMENT**
    BROOKS H. HADEN,               )   **PURSUANT TO BANKRUPTCY**
18                                 )   **PROCEDURE RULE 9024 AND FRCP**
          Defendant.               )   **60(b)(6)**
19                                 )
    _____)   Date:
20                                     Time:
                                       Dept:    U.S. Bankruptcy Court
21                                              99 South "E" Street
                                                Santa Rosa, CA 95404
22                                     **The Honorable Alan Jarolovsky**

23

24          Ireta Irby ("Irby") respectfully submits the following Memorandum of Points and

25  Authorities in Support of Motion to Amend Judgment Pursuant to Bankruptcy Procedure Rule

26  9024 and Federal Rule of Civil Procedure 60(b)(6).

27

28

| 10281/0001/652696.2 | | P&As IN SUPPORT OF MOTION TO AMEND JUDGMENT… *Irby v. Haden* - #97-1034 AJ |
| --- | --- | --- |

1

**I**

2

<u>**BACKGROUND**</u>

3   On November 21, 1988, a judgment was entered in favor of Irby and against Brooks

4 Haden ("Haden") in the United States District Court for the Southern District of Texas in the

5 amount of $87,450.00 ("the Texas Judgment") (Declaration of Rhonda L. Nelson ("Nelson

6 Decl."), para. 2, Exh. A.

7   On April 27, 1998, the Court entered a Judgment in favor of Irby and against Haden

8 determining that the Texas Judgment was nondischargeable pursuant to Bankruptcy Code

9 § 523(a)(2)(A) ("Nondischargeability Judgment"). The Nondischargeability Judgment provides:

10

11

12

13

14

> After hearing the evidence and arguments of counsel, judgment is hereby entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on November 17, 1988, in the United States District Court for the Southern District of Texas, Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A). Irby shall recover her costs of suit in the amount of $685.20.

(Nelson Decl., para. 3 Exh. B).

15

16   As a result of counsel's error, the amount of the Texas Judgment was not included in the

17 Nondischargeability Judgment although the Texas Judgment was *specifically referenced* in the

18 Nondischargeability Judgment.

19   On February 2, 1999, in connection with submission of the Abstract, Irby filed the

20 Amended and Corrected Declaration of Rhonda L. Nelson Regarding Post Judgment Interest

21 pursuant to 28 USC § 1961 ("Post-Judgment Declaration") (Nelson Decl., para. 4; Exh. C.) The

22 Post-Judgment Declaration provided the amount of the Texas Judgment and calculated the

23 amount of the interest that had accrued on the Texas Judgment since 1988. The Post-Judgment

24 Declaration further provided that "[t]he Nondischargeability Judgment determines that a judgment

25 originally entered on November 17, 1988 in the United States District Court for the Southern

26 District of Texas in the amount of $87,450.00 (the "Judgment") is nondischargeable pursuant to

27 Bankruptcy Code § 523(a)(2)(A). The Post-Judgment Declaration was served on Haden's

28

| 10281/0001/652696.2 | - 2 - | P&As IN SUPPORT OF MOTION TO AMEND JUDGMENT… *Irby v. Haden* - #97-1034 AJ |
|---|---|---|

1   counsel. At no time did Haden's counsel object to the characterization of the Nondischargeability

2   Judgment as a money judgment by including the amount of the Texas Judgment in it.

3          The Abstract which was issued by the Clerk of the Bankruptcy Court on February 24,

4   1999. (Nelson Decl., para. 5; Exh. D.) The Abstract provides that a money judgment was entered

5   by the Bankruptcy Court in the amount of $87,450.00, the amount of the Texas Judgment, and

6   includes the interest accrual provided in the Post-Judgment Declaration. It appears that the Clerk

7   of the Court also treated the Nondischargeability Judgment as a money judgment despite the

8   absence of a specific judgment amount in the Nondischargeability Judgment. The Abstract was

9   subsequently recorded in ten counties in California (Nelson Decl., para 6; Exh. E.)

10          In December 2007, Irby filed a motion to amend the Nondischargeability Judgment under

11  FRCP 60(b)(a) and (b)(6) on the ground that the failure to include the amount of the judgment

12  was a scrivener's error. The Court responded, prior the hearing date, that the failure to include the

13  amount of the judgment was not a mistake and that if Irby wanted to change it, she should bring a

14  noticed motion (Nelson Decl., para. 7; Exh. F). Since Irby's federal Texas Judgment was still

15  valid in the Texas District Court, rather than bring a noticed motion, Irby certified the federal

16  Texas Judgment and filed a Certification of Judgment for Registration in Another District in the

17  Northern District of California on January 10, 2008 (Nelson Decl., para. 8, Exh. G). She then

18  proceeded to exercise her enforcement actions against Haden by attempting to garnish his wages

19  (Nelson Decl., para. 9. Exh. H).

20          On Friday, March 28, 2008, Haden filed an application for temporary restraining order to

21  enjoin Irby from garnishing Haden's wages and to vacate the January 11, 2008 registration of

22  foreign judgment. A hearing was held on Monday, March 31, 2008. Haden argued that although

23  the Texas Judgment is still valid, Irby should have been prohibited from re-registering the Texas

24  Judgment in 2008 (although she revived the judgment pursuant to Texas state law in 1998 ---

25  otherwise it would have gone dormant pursuant to operation of law) and that Irby should have

26  renewed the Texas Judgment which was originally registered in the Northern District on August

27

28  

| 10281/0001/652696.2 | - 3 - | P&As IN SUPPORT OF MOTION TO AMEND JUDGMENT... *Irby v. Haden* - #97-1034 AJ |

1    20, 1996, prior to the filing of Haden's bankruptcy case, before the expiration of the ten year

2    period pursuant to California Code of Civil Procedure section 683.020 (Nelson Decl., para. 10-12,

3    Exh. I-K).

4           Although the Court denied Haden's Application for TRO, the Court set a hearing on the

5    application for permanent injunction for May 14, 2008, at 9:00 a.m. (Nelson Decl., para. 13, Exh.

6    L). Accordingly, in an abundance of caution, Irby comes back to this Court to ask that it amend

7    the Nondischargeability Judgment to convert it into a money judgment so that she may renew the

8    Nondischargeability Judgment before the ten years expire at the end of April 2008. She does not

9    want to run the risk that Judge Hamilton will rule against her at the hearing on May 14, 2008 and

10   she will have lost her ability to enforce her Texas Judgment against Haden in California. Irby also

11   does not have the luxury of waiting until after the May 14 hearing since the ten years runs on the

12   Nondischargeabilty Judgment on April 28, 2008.

13          Based on the foregoing, in the interests of justice, Irby requests that this Court amend the

14   Nondischargeability Judgment to specifically provide as follows:

15                  After hearing the evidence and arguments of counsel, judgment is
                    hereby entered in this action against debtor and defendant Brooks
16                  H. Haden ("Haden") in favor of plaintiff Ireta Irby ("Irby")
                    determining that Irby's Judgment against Haden **in the amount of**
17                  **87,450.00**, entered on November 17, 1988, in the United States
                    District Court for the Southern District of Texas, Civil Action No.
18                  H-88-1781, is deemed nondischargeable pursuant to Bankruptcy
                    Code Section 523(a)(2)(A). Irby shall recover her costs of suit in
19                  the amount of $685.20.

20   A copy of the Proposed Amended Judgment is attached.

21                                            II

22          **COURT HAS JURISDICTION TO AMEND JUDGMENT**

23          The Court has jurisdiction to grant the relief requested under Bankruptcy Procedure Rule

24   9024 and Federal Rules of Civil Procedure 60(b)(6).

25          Rule 60(b)(6) provides:

26                  "On motion and just terms, the court may relieve a party of its legal
                    representative from a final judgment, or proceeding for the
27                  following reasons:

| 28 | 10281/0001/652696.2 | - 4 - | P&As IN SUPPORT OF MOTION TO AMEND JUDGMENT… *Irby v. Haden* - #97-1034 AJ |
|----|---------------------|-------|---------------------------------|

1

2    (6) any other reason that justifies relief:

3    The amount of the Texas Judgment was always readily ascertainable and undisputable.

4    Irby's counsel admittedly failed to include the specific amount of the Texas Judgment in the

5    Nondischargeability Judgment , although it is incorporated in the judgment by reference to the

     Texas Judgment.  The Post-Judgment Declaration, which was subsequently filed, made specific
6
     reference to the amount of the Texas Judgment as if the amount of the judgment had been
7
     included in the Nondischargeability Judgment without any objection from Haden or his counsel.
8
     As a result, it is appropriate to relieve Irby of the effect of the current form of the
9
     Nondischargeability Judgment and amend the judgment to include the amount of the Texas
10
     Judgment to make clear that the Nondischargeability Judgment is a money judgment.
11
                                          **III**
12
                              **THE MOTION IS TIMELY**
13
         Although this motion to amend the Nondischargeability Judgment is being brought more
14
     than 9 years after it was entered, it is nevertheless timely.
15
         Federal Rule of Civil Procedure 60(b)(6) only requires that the motion be brought on a
16
     timely basis.  The one year limitations period only relates to motions brought pursuant to Rule
17
     60(b)(1), (2), and (3).
18
         This motion is brought within one day after Judge Hamilton set the motion for preliminary
19
     injunction on May 14, 2008.  Accordingly, this motion is timely and brought without substantial
20
     delay.
21

22

23

24

25

26

27

28

| 10281/0001/652696.2 | - 5 - | P&As IN SUPPORT OF MOTION TO AMEND JUDGMENT… *Irby v. Haden* - #97-1034 AJ |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV

**CONCLUSION**

For the foregoing reasons, Irby requests that the Court grant the foregoing motion to include the amount of the Texas Judgment in the Nondischargeability Judgment.

DATED:  April 1, 2008

SEVERSON & WERSON
A Professional Corporation


By: _____/s/ Rhonda L. Nelson_____
Rhonda L. Nelson
Attorneys for Plaintiff and Judgment Creditor
IRETA IRBY

| 10281/0001/652696.2 | - 6 - | P&As IN SUPPORT OF MOTION TO AMEND JUDGMENT... <br> *Irby v. Haden* - #97-1034 AJ |
| --- | --- | --- |

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO J\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC\4/9/08

| | |
|---|---|
| 1 | BARTLETT & LEADER-PICONE, LLP<br>MALCOLM LEADER-PICONE (*State Bar No. 104620*)<br>KAIPO K.B. YOUNG (*State Bar No. 164718*) |
| 2 | 2201 BROADWAY, SUITE 803<br>OAKLAND, CA  94612 |
| 3 | TELEPHONE: (510) 444-2404<br>FACSIMILE: (510) 444-1291 |
| 4 | |
| 5 | Attorneys for Defendant<br>BROOKS H. HADEN |
| 6 | |
| 7 | UNITED STATES BANKRUPTCY COURT |
| 8 | NORTHERN DISTRICT OF CALIFORNIA |
| 9 | SANTA ROSA DIVISION |
| 10 | |
| 11 | In re                                    ) Case No. 96-13933 AJ<br>                                          ) |
| 12 | BROOKS H. HADEN,              ) <br>                                          ) Chapter 7 |
| 13 |          Debtor.                      )<br>_____  ) Adv. Proc. No. 97-1034 AJ |
| 14 |                                          )<br>IRETA IRBY,                        ) |
| 15 |                                          ) **DEFENDANT'S OPPOSITION TO**<br>          Plaintiff,               ) **PLAINTIFF'S SECOND MOTION TO**<br>                                          ) **AMEND JUDGMENT.** |
| 16 |                                          )<br>v.                                      ) |
| 17 |                                          ) Date:    January 25, 2008<br>BROOKS H. HADEN,              ) Time:    10:00 a.m. |
| 18 |          Defendant.               ) Dept.:   U.S. Bankruptcy Court<br>                                          )               99 South "E" Street |
| 19 |                                          )               Santa Rosa, CA 95404<br>                                          ) |
| 20 | |
| 21 | _____  ) **Honorable Alan Jaroslovsky** |
| 22 | / / / / |
| 23 | / / / / |
| 24 | / / / / |
| 25 | |
| 26 | |
| 27 | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................2

TABLE OF AUTHORITIES ...............................................................................................3

I.    PRELIMINARY STATEMENT. ...........................................................................6

II.   STATEMENT OF FACTS.......................................................................................6

III.  ARGUMENT. ...........................................................................................................8

    A. THE BANKRUPTCY COURT LACKS JURISDICTION TO AMEND THE
        JUDGMENT. ......................................................................................................8

    B. NOT INCLUDING THE AMOUNT OF THE OUTSTANDING TEXAS
        JUDGMENT IN THE JUDGMENT HERE WAS A JUDICIAL
        DETERMINATION AND WAS NOT AN ERROR...............................................9

      1. Whether Or Not To Include The Amount Of A Prior Judgment In A Judgment Of
         Nondischargeability Requires A Judicial Determination. .........................................9

      2. The Concept Of A "Scrivener's Error" Does Not Apply To This Scenario. ...............11

    C. THE REQUESTED AMENDMENT IS NOT AVAILABLE UNDER
        EITHER RULE 60(a) NOR RULE 60 (b). ......................................................12

      1. Rule 60(a) Is Not Available To Fix The Plaintiff's Failure To Obtain A Money
         Judgment In 1998..................................................................................................12

      2. A Rule 60(b) Motion On Grounds Of Mistake Must Be Made Within 1 Year............13

    D. NEITHER THE PLAINTIFF'S COUNSEL'S DECLARATION
        REGARDING INTEREST NOR THE ABSTRACTS OF JUDGMENT
        SUPPORT AMENDMENT OF THE JUDGMENT.............................................13

    E. PLAINTIFF HAS FAILED TO MAKE ANY LEGAL ARGUMENTS IN
        SUPPORT OF HER MOTION TO AMEND THE JUDGMENT, DESPITE
        HER AWARENESS OF DEFENDANT'S ARGUMENTS IN OPPOSITION
        TO THE PRIOR MOTION...............................................................................14

IV.   CONCLUSION. .....................................................................................................15

PROOF OF SERVICE BY MAIL.......................................................................................16

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G IV\HADEN, B\RBY\MOTIONS\AMEND JUDGMENT\IST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC\4/9/08

## TABLE OF AUTHORITIES

**CASES**

*Cowen v. Kennedy (In re Kennedy)*,
    108 F.3d 1015, 1016 (9th Cir. 1997) ......................................................... 9
*Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*,
    179 B.R. 913, 918 (Bankr. E.D. Cal. 1995) ............................................... 9
*Gagan v. Sharar*,
    376 F.3d 987 (9th Cir. 2004) ................................................................... 10
*Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch)*,
    237 B.R. 160 (B.A.P. 9th Cir. 1999) .......................................................... 9
*Graves v. Myrvang (In re Myrvang)*,
    232 F.3d 1116 (9th Cir. 2000) .................................................................... 9
*Home Indemnity Co. of New York v. O'Brien*,
    112 F.2d 387, 388 (6th Cir. 1940) .............................................................. 7
*Local Loan Co. v. Hunt*,
    292 U.S. 234 (1934) ................................................................................... 9
*Marx v. Go Publishing Company*,
    721 F.2d 1272 (9th Cir. 1983) ................................................................. 10
*Ortland v. County of Tehama*,
    939 F. Supp. 1465 (E.D. Cal. 1996) ........................................................ 10
*Sasson v. Sokoloff (In re Sasson)*,
    424 F.3d 864 (9th Cir. 2005), ............................................................. 9, 10
*Smith v. Lachter (In re Smith)*,
    242 B.R. 694 (B.A.P. 9th Cir. 1999) ...................................................... 6, 9
*United States v. Talley Def. Sys.*,
    393 F. Supp. 2d 964 (D.Ariz. 2005) ........................................................ 12
*West Texas Marketing Corp. v. Kellogg*,
    12 F.3d 497 (5th Cir. 1994) ..................................................................... 12

**STATUTES**

28 *U.S.C.* § 1963 .......................................................................................... 10
*Calif. Code Civ. Proc.*, § 683.020 ................................................................... 6

**OTHER AUTHORITIES**

Antonin Scalia, *Common-Law Courts in a Civil-Law System: The Role of the United States Federal
    Courts in Interpreting the Constitution and the Laws*,
    in A MATTER OF INTERPRETATION: FEDERAL COURTS AND THE LAW 3,20 (Amy Gutmann
    ed., 1997) ................................................................................................. 11
Jonathan R. Seigel, *What Statutory Drafting Errors Teach Us About Statutory Interpretation*,
    69 GEO. WASH. L. REV. 309 (2001) ........................................................ 11

---

**OPPOSITION TO MOTION TO AMEND JUDGMENT**                    Adv. Proc. No. 97-1034 AJ

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC\4/9/08

Michael S. Fried, *A Theory of Scrivener's Error*,
52 RUTGERS L. REV. 589 (2000) ..................................................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**OPPOSITION TO MOTION TO AMEND JUDGMENT**          **Adv. Proc. No. 97-1034 AJ**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC\4/9/08

**RULES**

*F.R.C.P.*, Rule 60.................................................................................................5, 11, 12

*F.R.C.P.*, Rule 69.........................................................................................................10

*Fed.R.Bankr.P.*, Rule 9011..........................................................................................14

*Fed.R.Bankr.P.*, Rule 9024......................................................................................5, 11

**TREATISES**

11 Wright & Miller, *Federal Practice & Procedure,*
   § 2854 at 149 (1973) ..............................................................................................11

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC\4/9/08

## I.    PRELIMINARY STATEMENT.

Plaintiff has moved the Court, for the second time, seeking to amend the bankruptcy court declaratory judgment to include the amount of the underlying money judgment, claiming some sort of unarticulated error of counsel, because defendant has presented some very compelling arguments to the District Court to the effect that the District Court judgment entered on August 20, 1996 was never renewed, has expired, and cannot be revived. However, the judgment from this Court, entered ten years ago, and affirmed on appeal, contains no error. Or, if there was error, it was not a correctable "scrivener's error", it was simply legal malpractice, for which Ms. Irby's remedy is a lawsuit against her counsel.

Rule 60 of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure do not authorize the Court to fix this mistake of counsel that occurred in an Adversary Judgment entered almost 10 years ago. In fact, the Court is without jurisdiction to change the judgment which has already been affirmed on appeal. Accordingly, the motion to amend the judgment must be denied.

## II.    STATEMENT OF FACTS.

The following is supported by the Declaration of Kaipo K.B. Young filed in support of the motion to vacate the renewal of the judgment, a copy of which is filed concurrently with this opposition, along with the exhibits hereto, of which the Court is requested to take judicial notice:

1.    On November 17, 1988, plaintiff Ireta Irby obtained a default money judgment against defendant Brooks H. Haden for the sum of $87,450.00 in the United States District Court for the Southern District of Texas, Houston Division, Case No. H-88-1781 ("Texas Judgment").

2.    On August 20, 1996, plaintiff caused the Texas Judgment to be registered with the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:96-fj-00034-VRW.

3.    On November 14, 1996 Mr. Haden filed a voluntary petition under chapter 7 of the Bankruptcy Code, Case No. 96-13933, in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division.

4.    Thereafter, on February 13, 1997, plaintiff filed her nondischargeability complaint

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC4/9/08

1    against Mr. Haden, Adv. Proc. No. 97-01034 ("Adversary Proceeding").

2         5.    On April 14, 1998, a trial was held in the Adversary Proceeding. Following the trial,

3    the Court, on April 28, 1998, entered a judgment in favor of plaintiff and against Mr. Haden ("Adversary

4    Judgment"). The Adversary Judgment specifically states as follows:

5              After hearing the evidence and arguments of counsel, judgment is hereby
               entered in this action against debtor and defendant Brooks H. Haden ("Haden")
6              in favor or plaintiff Ireta Irby ("Irby") **determining that Irby's Judgment**
7              **against Haden, entered on November 17, 1988, in the United States**
               **District Court for the Southern District of Texas, Civil Action No. H-88-**
8              **1781, is deemed nondischargeable pursuant to Bankruptcy Code Section**
               **523(a)(2)(A). Irby shall recover her costs of suit in the amount of**
9              **$685.20.** (Emphasis added)

10        6.    On November 18, 1998, The District Court, Judge Fern Smith presiding, affirmed the

11   judgment on appeal. (A copy of the District Court opinion is attached hereto as *Exhibit* "A" for the Court's

12   reference.)

13        7.    On August 20, 2006, plaintiff's judgment in the United States District Court for the

14   Northern District of California, San Francisco Division, Case No. 3:96-fj-00034-VRW, expired because it

15   had not been renewed in a timely manner. *Calif. Code Civ. Proc.,* § 683.020.

16        8.    On November 8, 2007 plaintiff filed her application for and renewal of the

17   Bankruptcy Court judgment. By way of her application, plaintiff sought to renew her judgment for

18   $434,673.51, representing the original Texas judgment in the amount of $87,450.00 plus interest after

19   judgment in the sum of $347,223.51. However, after defendant moved to vacate the renewal of the judgment

20   on the grounds that this Court's judgment was a declaratory judgment only, plaintiff stipulated to vacate the

21   renewal of the judgment. See, *Exhibit* "B" hereto.

22        9.    On December 26, 2007, plaintiff filed a motion to amend the declaratory non-

23   dischargeability judgment in this case. On January 11, 2008, a day after receiving the defendant's opposition

24   to the motion, plaintiff withdrew her motion. Plaintiff also stipulated to vacate the renewal of the adversary

25   judgment after receiving the defendant's motion to vacate it. See, *Exhibit* "C" hereto.

26

27

---

**OPPOSITION TO MOTION TO AMEND JUDGMENT**                    **Adv. Proc. No. 97-1034 AJ**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC4/9/08

### III.    ARGUMENT.

#### A.    THE BANKRUPTCY COURT LACKS JURISDICTION TO AMEND THE JUDGMENT.

The bankruptcy court lacks jurisdiction to amend the judgment as requested by plaintiff because the judgment has been affirmed on appeal in its current rendition. *Home Indemnity Co. of New York v. O'Brien*, 112 F.2d 387, 388 (6th Cir. 1940).

In *Home Indemnity Co. of New York v. O'Brien*, upon remand following an appeal, the District Court amended the judgment to add the words "with interest thereon at 5% from July 14, 1935, the date of the institution of the suit, to February 11, 1937, the date of the judgment." That addition to the judgment, just as the amendment requested here, would have increased the dollar amount of the judgment. However, the Sixth Circuit rejected the amended judgment and held that the District Court was completely without authority to alter the judgment:

> Now, therefore, it is the view of this court that the **District Judge was without power to alter a judgment affirmed by us** and that it was his duty, upon the receipt of the mandate, to proceed with the execution of the judgment, and no more; that **this limitation upon the authority of the District Judge to alter the judgment in defiance of the express command of the mandate, is established by a long line of federal cases**, [citations]; and

> It being further the view of this court that the rule established by the cited cases has not been modified by Rule 60 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, either by reason of sub-division (a) or sub-division (b) thereof, because failure to include interest in the judgment was not through the mistake, inadvertence or neglect of the District Judge, or of the clerk, but was in pursuance of the direct command of the court with respect to the verdict and the judgment; and

> It being further the view of this court that sub-division (a) or (b) or rule 60, while enlarging the power of the District Courts over judgments without respect to the running of the term of court, **does not confer upon District Courts the power to alter or amend a judgment affirmed by this court or by the Supreme Court of the United States, for such alteration or amendment would be not the correction of a mistake, judicial or clerical, but an alteration or amendment of a decision of the reviewing court, which it is not within the power of the District Courts to do**.

In other words, once a judgment has gone up on appeal and been affirmed, the Court loses all authority to alter or amend the judgment. At this stage, the judgment in this adversary proceeding is beyond correction. Accordingly, the motion to amend the judgment must be denied.

---

**OPPOSITION TO MOTION TO AMEND JUDGMENT**                    **Adv. Proc. No. 97-1034 AJ**

**B.    NOT INCLUDING THE AMOUNT OF THE OUTSTANDING TEXAS JUDGMENT IN THE JUDGMENT HERE WAS A JUDICIAL DETERMINATION AND WAS NOT AN ERROR.**

   **1.    Whether Or Not To Include The Amount Of A Prior Judgment In A Judgment Of Nondischargeability Requires A Judicial Determination.**

The Adversary Judgment entered on April 28, 1998 states:

> After hearing the evidence and arguments of counsel, judgment is hereby entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor or plaintiff Ireta Irby ("Irby") **determining that Irby's Judgment against Haden, entered on November 17, 1988, in the United States District Court for the Southern District of Texas, Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A). Irby shall recover her costs of suit in the amount of $685.20.** (Emphasis added.)

Thus, by its own terms, the judgment only provides plaintiff with the following limited relief:

   1)    a declaration stating that the Texas judgment entered in the United States District Court for the Southern District of Texas is **nondischargeable;** and

   2)    a money judgment for costs in the amount of $685.20.

The judgment provides nothing more. Through her motion, however, the plaintiff seeks to include in the money portion of the Adversary Judgment the amount of the original Texas judgment in the amount of $87,450.00 plus interest after judgment in the sum of $347,223.51.[1]

At the crux of plaintiff's motion is the proposition that the Court's failure to include the amount of the Texas judgment was a merely clerical or ministerial error that can be simply corrected now, ten years after entry of the judgment, and even after affirmance of the judgment on appeal. Not so. The decision of a bankruptcy court whether or not to include the monetary amount of a prior judgment is a judicial determination requiring exercise of the court's discretion and not a mere clerical matter.

Ordinarily, an adversary proceeding to determine dischargeability is considered a declaratory relief action. *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 918 (Bankr. E.D. Cal. 1995) [stating that a judgment to determine nondischargeability under § 523 would be a declaratory judgment]. However, in *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1016 (9th Cir. 1997), the

---

[1] Which amount apparently does not include the original cost judgment amount of $685.20.

1   Ninth Circuit confirmed that, in addition to a declaratory judgment of nondischargeability, the bankruptcy

2   court has jurisdiction to enter a money judgment in the adversary proceeding. As stated in *Kennedy*: "the

3   Bankruptcy Court has jurisdiction to enter a monetary judgment on a disputed state law claim in the course of

4   making a determination that a debt is nondischargeable."

5           In *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864 (9th Cir. 2005), the Ninth Circuit

6   declared that a bankruptcy court has the authority to enter a money judgment, despite the existence of a pre-

7   existing state court judgment, when declaring a debt nondischargeable. The court concluded that finding that

8   whether or not the underlying debt was liquidated in a prior judgment was a distinction without a difference.

9   However, in so holding, the Ninth Circuit made clear that the decision whether to enter a money judgment in

10  the amount of the prior judgment required the exercise of the bankruptcy court's discretion.

11          As stated in *Sasson*:

12          The bankruptcy court here, therefore, had the authority to enter a money judgment in
            conjunction with its nondischargeability order. "**It does not follow, however, that**
13          **the court was bound to exercise its authority. And it probably would not and**
            **should not have done so except under unusual circumstances such as here**
14          **exist**." [*Local Loan Co. v.*] *Hunt*, 292 U.S. [234] at 241 [(1934)]. The existence
            of a prior judgment may introduce some prudential concerns, such as comity, that **a**
15          **bankruptcy court should take into consideration in fashioning relief**. See *Smith*
            *v. Lachter (In re Smith)*, 242 B.R. 694 (B.A.P. 9th Cir. 1999) (noting that the filing
16          of a new money judgment is not necessary when there is an existing effective state
            court judgment); *Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch)*, 237
17          B.R. 160 (B.A.P. 9th Cir. 1999) (discussing the potential confusion and complication
            caused by the entry of multiple judgments). Although important considerations, these
18          prudential concerns do not affect the jurisdiction and the power of the bankruptcy
            court to enter a new money judgment as part of declaring a debt nondischargeable.
19          **Rather, these prudential issues are best committed to the judgment of the**
            **bankruptcy court, subject to review for abuse of discretion**. [*Graves v.*
20          *Myrvang* ([*In re Myrvang*[),] 232 F.3d [1116], at 1122 [(9th Cir. 2000)].

21          In *Sasson*, the debtor sought to use Rule 60(b) to challenge the bankruptcy court's

22  jurisdiction to enter a money judgment in addition to a judgment of nondischargeability. The court found that

23  the debtor had engaged in "wilful and malicious behavior" in rendering the initial state court judgment

24  uncollectible. Because the debtor was "clearly attempting to manipulate both the federal and state court

25  systems to avoid paying the debt, which the bankruptcy court has found non-dischargeable", the Ninth Circuit

26  upheld the bankruptcy court's exercise of its discretion to enter a money judgment in addition to a declaration

27  that the debt was nondischargeable.

            Although the creditor here did not ask for and did not obtain a new judgment from this Court

**OPPOSITION TO MOTION TO AMEND JUDGMENT**                    **Adv. Proc. No. 97-1034 AJ**
                        **-10-**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC4/9/08

1    in the amount of the underlying Texas judgment, and it is too late to ask the Court for that money judgment,

2    the same factors that supported entry of a money judgment in *Sasson* do not appear here. Unlike *Sasson*, in

3    which the prior state court judgment had been rendered uncollectible and the debtor had committed fraud

4    subsequent to entry of the state court judgment, the debtor here has done nothing to interfere with or avoid

5    enforcement of the judgment.

6         The problem here is of the creditor's own doing. It is the creditor that allowed the District

7    Court money judgment to lapse. Unlike *Sasson*, where there was just a state court judgment and a

8    bankruptcy court money judgment, in this case it would have been quite absurd for the creditor to ask this

9    Court for a money judgment. Plaintiff already had a judgment from the U.S. District Court in Texas **and** a

10   "new"[2] ten-year judgment entered in the U.S. District Court for the Northern District of California in Case

11   No. 3:96-fj-00034-VRW. There was no rationale for having this Court enter a third judgment on the

12   underlying debt. The problem here is that the creditor apparently lost track of what judgment needed to be

13   renewed and failed to renew the Northern District of California money judgment before it expired.

14        Thus, the entry of a money judgment on the underlying debt in a nondischargeability action is

15   not a clerical or ministerial act which can be "corrected". It is a judicial act requiring exercise of the court's

16   sound discretion. It follows then that the failure to enter a money judgment on the underlying debt here was

17   not a "clerical" error in any sense of the phrase, but rather a judicial determination that cannot be disturbed

18   nine years later and after affirmance on appeal.

19        Consequently, there is no provision in the law for the Court to "correct" the judgment to now

20   include the amount of the underlying Texas judgment.

21        **2.    The Concept Of A "Scrivener's Error" Does Not Apply To This Scenario.**

22

23        Contrary to plaintiff's papers, the omission of the amount of the Texas judgment in this

24   [2] Registration of foreign judgment in the District Court creates a "new" judgment good for ten years. See, *Marx
25   v. Go Publishing Company*, 721 F.2d 1272, 1273 (9th Cir. 1983). Rule 69 of the Federal Rules of Civil
     Procedure dictates that district courts must follow state practice regarding the collection and enforcement of
26   judgments. *Ortland v. County of Tehama*, 939 F. Supp. 1465, 1473 (E.D. Cal. 1996). 28 *U.S.C.* § 1963
     requires that the district court to enforce Ms. Irby's Texas judgment registered in California in the same manner
27   as any California judgment. *Gagan v. Sharar*, 376 F.3d 987 (9th Cir. 2004) ["A judgment so registered shall
     have the same effect as a judgment of the district court of the district where registered and may be enforced in
     like manner."]

**OPPOSITION TO MOTION TO AMEND JUDGMENT**                    **Adv. Proc. No. 97-1034 AJ**
-11-

1  Court's judgment is not a "scrivener's error." In fact, that term does not even apply to such a scenario. A

2  "scrivener's error" refers to a mistake of expression in a statute, not the failure to include certain language in a

3  judgment.[3] Defendant's counsel has found no instance of a court amending a judgment in the guise of

4  correcting a "scrivener's error" and plaintiff has failed to offer any authority for the relief she seeks.

5          **C.     THE REQUESTED AMENDMENT IS NOT AVAILABLE
                 UNDER EITHER RULE 60(a) NOR RULE 60 (b).**

6

7              **1.    Rule 60(a) Is Not Available To Fix The Plaintiff's Failure To
                      Obtain A Money Judgment In 1998.**

8          Rule 60(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the

9  Federal Rules of Bankruptcy Procedure, provides for the correction of "clerical mistakes":

10             The court may correct a clerical mistake or a mistake arising from oversight or
               omission whenever one is found in a judgment, order, or other part of the record. The
11             court may do so on motion or on its own, with or without notice. But after an appeal
               has been docketed in the appellate court and while it is pending, such a mistake may
12             be corrected only with the appellate court's leave

13         A leading treatise has described the function of Rule 60(a) thusly: "[A] motion under Rule

14  60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say

15  something other than what originally was pronounced." 11 Wright & Miller, *Federal Practice & Procedure*,

16  § 2854 at 149 (1973).

17         As previously discussed, the judgment here was only a declaration of nondischargeability and

18  for costs of suit. Plaintiff neither asked for nor obtained a monetary judgment in the amount of the underlying

19  Texas judgment; and there was no reason for her to do so, because she had a monetary judgment from the

20  U.S. District Court for the Northern District of California in Case No. 3:96-fj-00034-VRW. Now, because

21  plaintiff mistakenly allowed that District Court judgment to lapse without timely renewal, she wants this Court

22  to abuse Rule 60(a) and make it speak in a manner that it was never intended. Rule 60(a) is not available to

23  plaintiff for that purpose.

24  ―――――――――――――――――
25  [3] Justice Antonin Scalia defines a "scrivener's error" as a case "where on the very face of the statute it is clear
    to the reader that a mistake of expression (rather than of legislative wisdom) has been made." Antonin Scalia,
26  *Common-Law Courts in a Civil-Law System: The Role of the United States Federal Courts in Interpreting
    the Constitution and the Laws*, in A MATTER OF INTERPRETATION: FEDERAL COURTS AND THE
27  LAW 3,20 (Amy Gutmann ed., 1997). See also, Jonathan R. Seigel, *What Statutory Drafting Errors Teach Us
    About Statutory Interpretation*, 69 GEO. WASH. L. REV. 309 (2001) and Michael S. Fried, *A Theory of
    Scrivener's Error*, 52 RUTGERS L. REV. 589 (2000).

―――――――――――――――――
**OPPOSITION TO MOTION TO AMEND JUDGMENT**                    Adv. Proc. No. 97-1034 AJ

### 2. A Rule 60(b) Motion On Grounds Of Mistake Must Be Made Within 1 Year.

The moving papers freely admit that plaintiff make a mistake in not seeking a money judgment from this Court in the amount of the Texas judgment. Such a "mistake" can only be corrected under Rule 60(b), subpart (1) and must be sought within a year. Plaintiff's attempt to fall within subpart (6) of Rule 60(b) is obviously to avoid the one year limitation, even though plaintiff's papers do not acknowledge that is her gambit. Plaintiff has not cited any legal authority for the proposition that a party's failure to seek particular relief in a judgment nine years ago is the sort of "any other reason that justifies relief" that Rule 60(b)(6) was designed to address, and it surely does not serve that function. See, *In re McAuley*, 66 B.R. 696 (BAP 9th Cir. 1986) [Rule 60 not available to insert the words "annulment" or "the stay is annulled" into a judgment].

Indeed, the one case that plaintiff cites dealing with Rule 60(b), *West Texas Marketing Corp. v. Kellogg*, 12 F.3d 497 (5th Cir. 1994), holds that the Rule cannot be used to change the essential nature of the judgment. See, *United States v. Talley Def. Sys.*, 393 F. Supp. 2d 964. 968-969 (D.Ariz. 2005). It can only be used to clarify what was already in the judgment. In this case, the amount of the underlying Texas judgment was not made a part of the nondischargeability judgment and Rule 60(b) does not permit the Court to add that into the judgment now.

### D. NEITHER THE PLAINTIFF'S COUNSEL'S DECLARATION REGARDING INTEREST NOR THE ABSTRACTS OF JUDGMENT SUPPORT AMENDMENT OF THE JUDGMENT.

The only support that plaintiff offers for her motion to amend the judgment is that her counsel submitted a declaration to the Clerk of the Court in February 1999 in connection with requesting that the Clerk issue an Abstract of the Judgment. However, the fact is that Ms. Nelson used a false Declaration to mislead the Clerk into issuing an Abstract of Judgment, reciting that a judgment was entered by this Court on April 30, 1998, and that the judgment was in the amount of $87,500, plus interest of $102,623, plus costs of $685.20. Obviously, the judgment is not in those amounts, and this motion admits that it was, at the least, a "mistake" that judgment did not include those amount and is only in the amount of $685.20. The fact that plaintiff's counsel misled the Clerk into issuing a false Abstract of Judgment is no evidence whatsoever to support the motion to amend the judgment. Indeed, upon denial of this motion, plaintiff's counsel has an obligation to withdraw the false Abstracts.

OPPOSITION TO MOTION TO AMEND JUDGMENT
-13-
Adv. Proc. No. 97-1034 AJ

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\RBY\MOTIONS\AMEND JUDGMENT\IST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC\4/9/08

1    What is so disturbing about plaintiff's "evidence" in support of her motion, is that the

2  Amended and Corrected Declaration of Rhonda L. Nelson Regarding Post-Judgment Interest 28 U.S.C. §

3  1961 does not attach a copy of the actual judgment in this case (which is the only one as to which this Court's

4  Clerk should have issued an Abstract), but attaches and relies upon two documents, (1) the judgment entered

5  in the U.S. District Court for the Southern District of Texas on November 17, 1988, and (2) the Certification

6  of Judgment for Registration in Another District, filed in the U.S. District Court for the Northern District of

7  California on August 20, 1996. The absence of this Court's judgment in the Declaration coupled with the

8  presence of the Texas judgment documents demonstrates that Ms. Nelson knew on February 2, 1999 that the

9  only monetary judgment extant was the Texas judgment registered in the Northern District of California and

10  not this Court's judgment.

11    In any event, what Ms. Nelson informed the Clerk and what the Clerk issued in its Abstract is

12  not evidence of any "clerical mistake" or "scrivener's error" on the part of the Court. If plaintiff is subtly

13  asking the Court to infer some sort of waiver or estoppel because of those documents, it is absurd. There is

14  no evidence whatsoever that the defendant ever received any notice of those documents. The Declaration

15  does not have a proof of service and the Abstracts show only the address at which the Adversary complaint

16  was served in 1998. It would be a violation of the defendant's right to due process to enter any sort of order

17  based upon documents of which he had no notice and as to which he had no opportunity to be heard.

18    **E.    PLAINTIFF HAS FAILED TO MAKE ANY LEGAL**
     **ARGUMENTS IN SUPPORT OF HER MOTION TO**
19    **AMEND THE JUDGMENT, DESPITE HER AWARENESS**
     **OF DEFENDANT'S ARGUMENTS IN OPPOSITION TO**
20    **THE PRIOR MOTION.**

21    Notwithstanding the fact that plaintiff was provided with all of the foregoing legal arguments in

22  the opposition that defendant filed and served to plaintiff's prior motion to amend the judgment, which plaintiff

23  subsequently withdrew, plaintiff has not offered any substantive arguments to support her second motion to

24  amend the judgment. Plaintiff had a duty to present in her motion whatever points and authorities that she

25  could muster to counter the foregoing substantive arguments. As one bankruptcy court has stated: "Litigants

26  are bound to address contrary authority. See *Fed.R.Bankr.P.* 9011(b)(2)." *In re Estes*, 254 B.R. 261, 265,

27  fn. 10 (Bankr. D.Idaho 2000).

1    Because plaintiff had a duty to address the contrary authorities advanced in opposition to the

2    prior motion, it must be assumed that plaintiff is unable to locate any contrary authority and unable to present

3    contrary substantive arguments. Indeed, it must also be inferred from plaintiff's prior withdrawal of her motion

4    to amend the judgment that plaintiff's counsel found defendant's arguments in opposition to the prior motion to

5    amend sufficiently compelling that plaintiff conceded that there were no proper grounds for amendment of the

6    judgment. Plaintiff should be estopped to renew her withdrawn motion; particularly as she has offered no

7    substantive support for the motion in opposition to defendant's arguments.

8    For the failure to present any substantive support for this motion, the motion should be denied.

9    *Fed.R.Bankr.P.* 9011(b)(2).

10    **IV.    CONCLUSION.**

11    For the reasons set forth above, plaintiff is not entitled to the requested relief under any theory

12    or Rule and the motion to amend the judgment must be denied.

13    DATED:  April 10, 2008.                BARTLETT, LEADER-PICONE & YOUNG, LLP

14

15    BY:/s/ Malcolm Leader-Picone  #104620
      MALCOLM LEADER-PICONE

16    Attorneys for Defendant
      BROOKS H. HADEN

17

18

19

20

21

22

23

24

25

26

27

---

**OPPOSITION TO MOTION TO AMEND JUDGMENT**            Adv. Proc. No. 97-1034 AJ
**-15-**

\\BL-PSERVER2\BL-P FILES\CLIENT FILES\G TO I\HADEN, B\RBY\MOTIONS\AMEND JUDGMENT\1ST ATTEMPT\OPP MTN AMEND 040808 MLP.DOC4/9/08

## PROOF OF SERVICE BY MAIL

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 2201 Broadway, Suite 803, Oakland, CA  94613.

On April 10, 2008, I served the following document(s) entitled:

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO AMEND JUDGMENT

upon the following person(s) in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Oakland, California addressed as follows:

> Rhonda I. Nelson, Esq.
> Severson & Werson
> A Professional Corporation
> One Embarcadero Center, Suite 2600
> San Francisco, CA  94111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Oakland, California, on April 10, 2008.

**/s/ Malcolm Leader-Picone  #104620**
Malcolm Leader-Picone

---

PROOF OF SERVICE                                        Adv. Proc. No. 97-1034 AJ