RHON D. A. NELSON (State Bar No. 116043)
DAVID E. PINCH (State Bar No. 124851)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiff
IRETA IRBY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRETA IRBY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BROOKS HENDERSON HADEN,<br><br>　　　　Defendant. | Case No.: 3:08C-80004 MISC-PJH<br><br>**IRETA IRBY'S OPPOSITION TO MOTION TO VACATE JUDGMENT AND FOR PERMANENT INJUNCTION AGAINST ENFORCEMENT OF TEXAS JUDGMENT IN CALIFORNIA**<br><br>Hearing Date: May 14, 2008<br>Time: 9:00 a.m.<br>Dept.: 3<br>Judge: Phyllis J. Hamilton |

Ireta Irby ("Irby") opposes the motion to vacate the judgment and for permanent judgment against enforcement of Texas Judgment in California filed by Brooks Henderson Haden ("Haden").

**I.**

**INTRODUCTION**

Irby has been diligent in ensuring that the judgments she obtained against Haden twenty years ago in the amount $87,450.00 in the United States District Court for the Southern District of Texas did not go dormant pursuant to the laws of the state of Texas. Haden acknowledges that the Texas Judgment is still enforceable against him in 49 states in the Union, but insists that it is not enforceable against him in California. Common sense dictates that this could not be true.

-1-

Because the judgment is still enforceable in the District of Texas where it originated, this district must also allow enforcement of the judgment under 28 U.S.C. §1963.

## II.

## STATEMENT OF FACTS

Irby obtained a default judgment against Haden in 1988 in the United District Court for the Southern District of Texas. She subsequently hired a private investigator to literally search for him around the United States to attempt to execute on her judgment. When her private investigator finally located him in California in 1996, she retained a law firm to register her Texas Judgment in 1996 to attempt to execute on the Texas Judgment in California. Unfortunately, as soon as the Sheriff was about to seize Haden's assets, he filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code.

Irby then filed an adversary proceeding against Haden in his bankruptcy case to have the bankruptcy court determine that the Texas Judgment was non-dischargeable because he had committed fraud. She was successful and that judgment was entered in 1998.

She subsequently hired several private investigators, served Haden with many discovery requests and diligently revived her Texas Judgment over the last ten years in hopes that one day she would be able to recover against Haden on her Texas Judgment.

Irby caused the Clerk to register the Texas judgment on January 11, 2008 with this Court. Contrary to Haden's assertions, there was no attempt to hide the fact that she had previously registered the Texas judgment in 1996. The Certification of Judgment for Registration in Another District is a *form* that requires very limited information that relates exclusively to the judgment to be certified. The strength or importance of the form comes when the court affixes its seal and signs the form indicating that the judgment is valid. Although Irby completed a Civil Coversheet that disclosed the prior 1996 Texas Judgment, the Clerk of the Northern District of California would not accept it. The Clerk's Office was only concerned whether Irby had been issued a valid Certification of Judgment for Registration in Another District from the United States District Court Southern District of Texas ("Certification").

-2-

The District Court in Texas issued the Certification because the judgment originally entered in the United States District Court for the District of Texas had been revived twice in the last 20 years. Texas law allows for the revival of a judgment simply by the issuance of a new writ of possession within a 10 year period. The Texas District Court recognized that the judgment was still valid and enforceable when it issued a Certification on January 10, 2008. This Court filed it because the Certification from the District Court of Texas was properly issued.

### III.

### GROUNDS FOR DENYING THE MOTION

**A.  Procedural Objection**

Irby objects to this motion to vacate the judgment because it is not timely. On April 1, 2008, this court rendered a ruling that required Haden to file his motion to vacate Irby's judgment by April 4, 2008. Haden did not file his motion until April 11, 2008. The motion is set for the same date. Irby's opportunity to respond was cut from 20 days to 13 days. The motion was filed outside the time permitted by the court and it should be denied as untimely.[1]

**B.  Texas Judgment Should Be Enforced in California**

There are no cases in California or the Ninth Circuit that have addressed this issue. This issue, however, was presented to the Court of Civil Appeals of Oklahoma with regard to state court judgments in *Yorkshire West Capital, Inc. v. Rodman,* 149 P.3d 1088 (2006) *, cert. denied* (December 4, 2006). The Court of Appeal relied on the United States Supreme Court decision of *Watkins v. Conway,* 385 U.S. 1988, 87 S. Ct. 375, 17 L. Ed. 2d 286 (1966) in deciding the issue.

The United States Supreme Court decision in *Watkins v. Conway,* 385 U.S. 1988, 87 S. Ct. 375, 17 L. Ed. 2d 286 (1966) first suggested that a foreign judgment may be refiled while it is still valid in the state of origin. In *Watkins*, the judgment creditor obtained a judgment for $25,000.00 against a debtor in Florida. Five years and one day later, the judgment creditor

---

[1] Haden claims that he could not file his motion on time because Irby was filing a motion to amend her judgment in bankruptcy court. Aside from being a poor excuse, it just does not ring true. He filed a short six-page opposition to Irby's ex parte application to shorten time on April 11, 2008, and then filed an opposition to her motion to amend her judgment which was virtually identical to the opposition he filed in January 2008. It is clear that he simply forgot to calendar the filing date. There is otherwise no excuse to miss the date by an entire week.

-3-

1  attempted to bring a lawsuit against the judgment debtor in Georgia. Georgia had a statute that
2  forbade the filing of an action on a foreign judgment after more than five years. The trial court
3  granted summary judgment to the judgment debtor and the judgment creditor appealed claiming
4  that the different treatment of foreign and domestic judgments violated the full faith and credit
5  and equal protection clauses of the U.S. Constitution. The Supreme Court held that in order to
6  give full faith and credit to the Florida judgment, the Georgia statute can only bar an action on the
7  foreign judgment if the plaintiff could not revive his judgment in Florida. *Id.*, at 389. The
8  Supreme Court reasoned that because the judgment creditor had the opportunity to return to
9  Florida to revive the judgment and return to Georgia within five years to refile suit on his
10 judgment, the Georgia statute did not discriminate against the Florida judgment, but focused on
11 the law of Florida. *Id.*

12       The issue before the *Rodman* court related to the exact same issue presented before this
13 Court, except it related to state court judgments rather than federal judgments. In *Rodman* the
14 court determined whether a foreign judgment which was filed in Oklahoma in 1996 may be
15 refiled in Okalahoma while it is still valid and enforceable in Texas where it was granted,
16 notwithstanding an Oklahoma state statute which provides that judgments became unenforceable
17 after five years when specified collection activities have not occurred. It was undisputed in this
18 case that the judgment creditor took no action to execute on or renew the judgment in Oklahoma
19 within five years of March 1, 1996, and therefore the judgment became unenforceable pursuant to
20 Oklahoma's state statute. The judgment debtor contended that Oklahoma allowed only one five
21 year period in which to enforce a judgment, after which it was dormant and unenforceable. The
22 judgment debtor argued that after the expiration of the five years from the first registration, the
23 fact of the dormancy was effectively *res judicata* and could not be disregarded by filing the same
24 foreign judgment a second time. The court, nevertheless, stated:

25  ///
26  ///
27  ///
28  ///

-4-

> We find nothing in the Act which bars a foreign judgment from being filed again in Oklahoma so long as it remains enforceable in the issuing state. Consistent with this view is the notion that the filing of a foreign judgment under the Act creates a new Oklahoma judgment [cites omitted]. Both the original judgment and the new judgment will then be viewed independently for purposes of collection, renewal, and enforceability. That is, the Texas judgment will be governed by Texas's dormancy statute of 10 years, and the Oklahoma judgment will be governed by Oklahoma's five year dormancy statute. There is no question that after five years of inaction, the Oklahoma judgment, created by registration, became unenforceable. But there is no reason that another Oklahoma judgment may not be created by a second filing under the Act, so long as the original Texas Judgment remains valid and enforceable. The judgment debtor is no worse off, and the judgment creditor must still comply with the filing requirements and the potential defenses found in [the Oklahoma statute].

149 P.3d at 1092.

The *Rodman* court concluded that if the affirmed summary judgment in *Watkins* was not seen as barring a later suit on the revived judgment based on *res judicata*, it was difficult to determine how the simple passage of the dormancy period could amount to *res judicata* to bar filing of a judgment which is enforceable in the issuing state. Accordingly, on *de novo review,* the Court of Appeal in *Rodman* held:

> [W]e find that the law in Oklahoma requires that a foreign judgment which is valid and enforceable in the issuing state may be filed as a new judgment in Oklahoma, even where the same foreign judgment has previously been filed and become dormant in Oklahoma. The judgment's validity in the issuing state is paramount, and nothing in the Act expressly prohibits a second filing of a judgment. In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became in Oklahoma judgment which became dormant after five years without execution. But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire properly filed it a second time in Oklahoma under a new case number. That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735.

149 P.3d at 1093.

Likewise, in this case, there is nothing in the California Code of Civil Procedure §§ 683.020, 683.050 [2] or otherwise which prohibits a second filing of a judgment. Section

---

[2] Although Haden states it as if it is law, he has not cited any authority for his proposition that the filing of a Certification is the equivalent to filing a separate action to enforce a judgment pursuant to CCP § 683.050.

-5-

683.020(a) makes the 1996 judgment unenforceable, but it does not prohibit refiling or make a new 2008 judgment unenforceable.

Other courts have also held that the registration of the judgment in a foreign district is merely a ministerial act for the purpose of execution of the foreign judgment and that the enforceability of the foreign judgment controls. *See Gullet v. Gullet,* 188 F.2d 719, 720 (5th Cir. 1951). In *Gullet,* the Fifth Circuit held that:

> The registration of the District of Columbia judgment in Florida is purely a ministerial step in its enforcement. It confers upon the Florida court no power over the judgment itself. Whether or not the district court for the District of Columbia properly denied full faith and credit to the Florida divorce decree is not the concern of the Florida district court. That question has been determined by the district court for the District of Columbia, affirmed by the Court of Appeals, and is not subject to review by the Florida district court in a proceeding of this nature). *Id.*

Following that reasoning, the judgment in California should be good as long as the Texas judgment is enforceable.

**C.    The Texas Judgment is enforceable.**

The Texas Judgment has been continuously revived and has not been challenged. The United States District Court for the Southern District of Texas confirmed this by issuing the Certification for Registering a Foreign Judgment that was filed in this action. Texas law allows a judgment to be revived by the mere issuance of a writ of possession once every ten years.

> § 34.001. NO EXECUTION ON DORMANT JUDGMENT. (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.
>
> (b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.
>
> Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985.

Haden does not dispute that Irby has a validly enforceable judgment in Texas District Court. (*See* Haden's Application for Temporary Restraining Order and For Order Vacating Registration of Judgment on January 11, 2008, 1:4-8). Accordingly, Irby is not asking this Court to interpret or apply Texas state law.

-6-

**D. The judgment registered in the Northern District of California has the same effect as the judgment of the Texas District Court and should be enforced in like manner.**

Haden's authority does not address whether a valid federal judgment may be certified twice in another district court. It also does not support any contrary holding, but is factually distinguishable. In each case cited, the statute of limitations expired and there was no enforceable judgment anywhere in the country. That is not the case here. The parties do not dispute that the Texas Judgment is absolutely enforceable against Haden.

Except where enforcement is stayed, a final judgment for the recovery of money or property entered outside California in any federal circuit court of appeals, district court or bankruptcy court, or in the Court of International Trade, may be enforced in California by registering it in a federal district in California. 28 U.C.C. § 1963; *Gagan v. Sharar*, 376 F.3d 987, 989, fn.3 (9th Cir. 2004). Once properly registered, the judgment has the "same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Gagan v. Gagan, supra,* at 989.

Because the judgment is enforceable in Texas District Court, it can be registered in a district in California as an enforceable judgment. The holding of *Marx v. Go Publishing Company*, 721 F.2d 1272 (9th Cir. 1983), as cited by Haden, supports this conclusion. Haden correctly states: "We discern no reason why the statute of limitations rule of the state should not apply to the federal proceeding. The registration of the district court judgment under 28 U.S.C. § 1963, *the judgment not then being time barred*, Cal. Code Civ. Proc. § 337.5, commenced anew the running of the applicable statute, which is Cal. Code Civ. Proc. § 681." *Id.,* at 1272 (emphasis added). If anything, *Go* – with the language "the judgment (read the Texas judgment) not then being time barred" supports a ruling that as long as the Texas Judgment is enforceable it should been forceable anywhere. This reading would certainly place the holding of *Go* in line with the Supreme Court's holding in *Watkins v Conway* 385 U.S. 1988 as discussed above.

Haden's reliance on *Barkley v. City of Blue Lake,* 18 Cal. App. 4th 1745 (1993) is likewise distinguishable. In *Barkley* no valid judgment survived. *Barkley* was based on a California state judgment entered in 1969 and which became final on June 7, 1982. The judgment creditor filed

-7-

an action to renew the judgment but no judgment was awarded before the June 2, 1992 deadline. The trial court held that the action was then time barred. The court held that the plaintiff could not create an enforceable judgment by renewing the lawsuit, because there was no judgment left to enforce. There was no enforceable foreign judgment enforceable because there was only one judgment.

That is not the case here. The Texas federal judgment is still lawful and enforceable. Haden admits that the Texas Judgment is enforceable against him in every state of the union – except California. A citizen should not be able to escape the consequences of an authorized form of execution simply because of the forum he choses to live.

## IV.
## CONCLUSION

Haden argues that Irby had the ability to certify her Texas Judgment as a "new" California judgment – once – but that the 1996 judgment expired as a matter of law in 2006 when it was not renewed. But Haden also admits that the underlying Texas Judgment is still valid against him; yet, he alleges that he is shielded from its effects because he lives in California even though there is no statute which expressly prohibits Irby from certifying her Texas Judgment a second time as another "new" California judgment. This position is illogical and not supported by federal or California law. This Court should apply the holdings in *Rodman* and *Watkins* which would allow Irby to finally begin recovery on a long overdue debt.

DATED: April 23, 2008                 SEVERSON & WERSON
                                      A Professional Corporation

                                      By: /s/ Rhonda L. Nelson
                                          RHONDA L. NELSON
                                      Attorneys for Plaintiff
                                      IRET AIRBY