| | |
|---|---|
| 1 | RHONDA L. NELSON (State Bar No. 116043) |
| 2 | DAVID E. PINCH (State Bar No. 124851)<br>SEVERSON & WERSON |
| 3 | A Professional Corporation<br>One Embarcadero Center, Suite 2600 |
| 4 | San Francisco, CA 94111<br>Telephone: (415) 398-3344 |
| 5 | Facsimile: (415) 956-0439 |
| 6 | Attorneys for Plaintiff<br>IRETA IRBY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRETA IRBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BROOKS HENDERSON HADEN,<br><br>　　　　Defendant. | Case No.: 3:08C-80004 MISC-PJH<br><br>**IRETA IRBY'S *SUPPLEMENTAL* OPPOSITION TO MOTION TO VACATE JUDGMENT AND FOR PERMANENT INJUNCTION AGAINST ENFORCEMENT OF TEXAS JUDGMENT IN CALIFORNIA**<br><br>Hearing Date: May 14, 2008<br>Time: 9:00 a.m.<br>Dept.: 3<br>Judge: Phyllis J. Hamilton |

Ireta Irby ("Irby") respectfully submits the following Supplemental Opposition to Motion to Vacate Judgment and For Permanent Injunction against Enforcement of Texas Judgment in California. Irby requests that the Court consider her supplemental opposition because her time to file an opposition was shortened by seven days as a result of Haden's failure to timely file his moving papers as ordered by the Court on April 4, 2008.

///

///

///

# I.

# THE NONDISCHARGEABILITY JUDGMENT WAS AN ACTION ON THE JUDGMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §683.050

The Nondischargeability Judgment entered on April 28, 2008, was an action on the judgment pursuant to California Code of Civil Procedure §683.050 which extended the statute of limitations on the new 1996 California Judgment for another ten years until December 17, 2008.

California Code of Civil Procedure §683.050 provides:

> "Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5."

Once the new judgment is commenced, the statue of limitations commences to run when the judgment is final. *Turner v. Donovan,* 52 Cal.App.2d 236, 238 P.2d 187 (1942); *Cadle Company II, Inc. v. Sundance Financial, Inc.,* 154 Cal.App.4th 622, 64 Cal.Rptr. 824, 826 (2007) (stating that the 10-year period does not ordinarily commence with the entry of judgment, bur rather when the judgment becomes final, i.e., after the determination of an appeal, if, if no appeal is filed, after the time in which an appeal could have been filed.).

In *National Union Fire Insurance Company of Pittsburgh v. Owenby*, 42 Fed.Appx. 2002 U.S.App. LEXIS 14610 (9th Cir 2002)[1], the Ninth Circuit expressly held that the filing of a nondischargeability action and the judgment met the requirements of an action on a judgment pursuant to §683.050. The Ninth Circuit stated:

> "California has placed no particular limits on what may qualify for an action on a judgment beyond the inherent requirements of prosecution in an independent lawsuit and the fact that the process must necessarily involve a judgment with proper jurisdiction who issues a judgment recognizing the validity of an out of state judgment. The nondischargeability action and judgment in this case satisfied those requirements. The adversary proceeding qualified as an 'action' under California law. *See* Cal.Civ.Pro. Code §22. Owenby had notice of the action and an opportunity to be heard and present evidence. The nondischargeability judgment also entailed the necessary recognition of the New York Judgment. As this Circuit recently recognized, 'there are two distinct issues [a bankruptcy court considers] in the dischargeability analysis: first,

---
[1] The decision is attached.

1 | the establishment of the debt itself…and, second, a determination
2 | as the nature of the debt.' *In re Banks,* 263 F.3d 862, 868 (9th Cir. 2001). In this case, establishment of the debt recognized the New York Judgment as part of the basis for the debt it found not
3 | dischargeable and affirmatively authorized National Union to pursue recovery on that debt."

Likewise, the nondischargeability action in the *Owenby* case was no different than in the Haden case. Haden had notice of the nondischargeability action and an opportunity to be heard and present evidence. Just as in *Owenby*, the bankruptcy court acknowledged the Texas Judgment as the basis for the debt, determined that it was nondischargeable under Bankruptcy Code §523(a)(2) and authorized Irby to pursue recovery of that debt. (Declaration of Rhonda L. Nelson ("Nelson Decl."), para. 3; Exh. C). The nondischargeability action meets the substantive requirements of an action on a judgment.

The nondischargeability action meets the timing requirements also. In this case, the nondischargeability action Irby commenced against Haden was filed on February 13, 1997, prior to the ten-year expiration of the 1996 California Judgment. (Nelson Decl., para. 2, Exh. A). The nondischargeability judgment was entered against Haden on April 28, 2008, but Haden filed a timely appeal on May 5, 1998, to the Bankruptcy Appellate Panel which was later referred to the District Court. (Nelson Decl., para. 3, 56; Exhs C, E, F). The District Court entered an Order affirming the bankruptcy court on November 18, 1998. (Nelson Decl., para. 7; Exh. G). The time period to appeal a decision from the District Court to the Ninth Circuit Court of Appeals was 30 days pursuant to Rule 4(a)(1)(A) of the Rules of Appellate Procedure which did not expire until December 17, 1998. Under *Turner v. Donovan, supra*, the Nondischargeability Judgment did not become final until that date. Accordingly, the Nondischargeability Judgment, as an action on a judgment, extended the 1996 California statute of limitations until December 17, 2008 pursuant to California Code of Civil Procedure §683.050.

///

///

///

-3-

## II.

## CONCLUSION

Based on the foregoing, Irby retains the right to enforce the 1996 California Judgment.

DATED: April 28, 2008

SEVERSON & WERSON
A Professional Corporation

By: /s/ Rhonda L. Nelson
RHONDA L. NELSON
Attorneys for Plaintiff
IRETA IRBY

*National Union Fire Insurance Company of Pittsburgh*

*v.*

*Owenby*

42 Fed. Appx. 2002 U.S. App. LEXIS 14610 (9th Cir. 2002)



provides summaries of decisions of the Ninth Circuit Court of Appeals, including "unpublished" decisions.
Copies of decisions, briefs, and other documents in the public record are available through Judicial Update.

*July 1 - 31, 2002*                                                                                         *Vol.XIX, No. 7*

| Home | January | February | March | April | May | June | July | August | September | October | November | December |

## *PUBLISHABLE OPINIONS*

---

BANKRUPTCY / DEBT COLLECTION: National Union Fire Insurance Co. of Pittsburgh, PA v. Owenby, 00-55909 (9th Cir. July 15, 2002) (unpublished). Hall, Silverman, and Rawlinson, Circuit Judges.

This consolidated appeal involves two underlying actions on a debt owed by Owenby to the National Union Fire Insurance Company of Pittsburgh ("National"). Owenby owed several debts to National, one of which was the basis for a federal default judgment in the latter's favor in New York in 1987. Since obtaining that judgment, National has attempted unsuccessfully to collect on the funds owed it in California. Owenby now claims that those efforts must stop because they are time-barred under California's ten-year statute of duration and appeals one district court's denial of her motion to recall and quash a writ of execution obtained by National and vacated a related levy on her bank accounts. Owenby also appealed the order of another district court affirming a bankruptcy judgment finding the debts she owes to National nondischargeable. As it agreed that National reasonably relied on false representations made to it by Owenby, and also found that the adversary action in bankruptcy resulting in the nondischargeability judgment was and "action on a judgment" starting a new ten-year period for enforcement in California, the USCA affirmed the rulings of the two district court's below, but vacate an order to remit funds related to an account containing partnership assets.

Owenby first appealed an order of the District Court for the Central District of California, Judge Moreno presiding, affirming the bankruptcy court's holding that her debts to National were nondischargeable. The bankruptcy court held the debts non-dischargeable pursuant to 11 USC Sec. 523(a)(2)(B) because Owenby had provided false financial information to National in order to obtain its

agreement to act as her surety. In re Siriani, 967 F.2d 302, 304 (9th Cir. 1992), described Sec. 523(a)(2)(B) as setting forth seven elements that must be proved by a preponderance of the evidence: 1) a representation of fact by the debtor, 2) that was material, 3) that the debtor knew at the time to be false, 4) that the debtor made with the intention of deceiving the creditor, 5) upon which the creditor relied, 6) that the creditor's reliance was reasonable, 7) that damage proximately resulted from the representation. Owenby maintained that the bankruptcy court committed clear error by dismissing her evidence that it was actually her securities broker who filled out the form supplying her financial information to National and by imputing to her an intent to deceive. The record shows that the financial statement is signed "Ruth L. Owenby," and the signature appears to match other documents signed by her. Owenby admitted to having signed documents in connection with the investment after discussing her financial information with the broker. While she claims that she signed the documents given to her while she was "in a hurry," as a member of the California Bar, Owenby was fully educated about the legal significance of signing formal documents including an avowal of accuracy. The bankruptcy court did not clearly err in concluding from these facts that Owenby signed the financial statement with the requisite intent.

Owenby has also not shown that the bankruptcy court erred in determining on the totality of the circumstances that National's reliance on her financial statement was reasonable. In re Lansford, 822 F.2d 902, 904 (9th Cir. 1987). Owenby materially inflated her net worth on the financial statement and reported assets that she did not in fact own. At the same time, she certified that the information on her financial statement was true and that she had sufficient assets to cover the nation. Because she intentionally misled National on the financial statement, the USCA viewed with disfavor her claim that it was not reasonable for National to rely on it.

The record did not show that National was given reason to disbelieve the financial statement. The inconsistencies that Owenby identified as "red flags" on appeal were specious. Her listing of "notes receivable" as $5,000 was not inconsistent with a lack of prior income on notes because notes receivable represent future expected income rather than past income. The amount of her reported investments over the prior five years was not inconsistent with her reported income which was $120,000, $205,000, and $300,000, over the prior three years, rather than the $80,000, $120,000, and $120,000 claimed in her brief. In any case, National had no reason to assume recent personal income was Owenby's sole source of funds for her reported

investment. Owenby's reported investment activity was also not inconsistent with her reported lack of dividend, real estate, or "other income, because she listed ownership of real estate valued at $400,000, and this was the obvious basis for the claimed investment activity. The financial statement reported that real estate did not generate any income. The other "red flags" identified by Owenby were also not sufficient to find clearly erroneous the determination that National reasonably relied on the financial statement. Failure to report a personal accountant in the space provided for such information is of no relevance because National had no reason to presume that Owenby had such an accountant. Failure to provide bank information is of some relevant because it does indicate that the financial information that Owenby did provide was unreliable. Had National attempted to contact a bank without specific authorization to ascertain account balances, it would not likely have been given such information. Under these circumstances, it did not follow from a failure to provide a bank name or address that an applicant is attempting to hide the fact that she has inflated her reported assets. Although Owenby urged the USCA to rule that it is unreasonable as a matter of law to rely on a submitted statement of finances without conducting an independent investigation when a lender has had no prior dealings with a potential borrower, the Ninth Circuit has never adopted such a bright line rule and has specifically disfavored it. The USCA did not adopt it now.

  Owenby next argued that California's statutory period for enforcing judgment, which is governed by its "statute of duration" codified at Cal. Civ. Proc. Code Sec. 683.020, was begun by an alleged but undocumented December 20, 1988 registration of the New York judgment against her in the Central District of California pursuant to 28 USC Sec. 1963. In the alternative, she claims that Na-tional's obtaining of an abstract of judgment from the court clerk on January 20, 1989 began the enforcement period. Since National's 1999 registration of the same judgment and the associated writ and levy on her bank assets occurred more than ten years after either of those dates, she argued that they were unlawful. National does not directly deny the original registration or that the period specified by California's statute of duration has run from that date. Rather it argues that its adversary action in bankruptcy for exemption from discharge and the 1999 registration were both actions brought within the period of California's separate state of limitations which created new ten-year periods for enforcement. The bankruptcy court's nondischargeability order provided a sufficient basis for enforcement of the New York judgment debt in California. In both California and the federal district courts, an out of state judgment holder who wishes to enforce that

judgment in state may bring an action on a judgment to do so. Under California law, which governs the enforcement and timing of such actions, the right to being an action on a prior judgment is expressly recognized by Cal. C. Civ. Proc. Sec. 683.050, and the time for bringing such an action is tied to California's statute of limitations rather than its statute of duration. The ten-year statute of limitations for actions on a judgment provided by Cal. C. Civ. Proc. Sec. 337.5 is not coterminous with the ten-year period in the stature of duration. An action on a judgment is the "customary way" to secure enforcement of an out of state judgment. The doctrine that a judgment creates its own cause of action is an entirely practical legal device, the purpose of which is to facilitate the goal of securing satisfaction of the original cause of action. In combination with the doctrine of "merger," whereby a cause of action is said to merge with a judgment upon its such that only the judgment survives as a basis for further litigation, the doctrine also provides a bar against attempts to opportunistically relitigate the same cause of action. California has placed no particular limits on what may qualify for an action on a judgment beyond the inherent requirements of prosecution in an independent lawsuit and the fact that the process must necessarily involve a judge with proper jurisdiction who issues a judgment recognizing the validity of an out of state judgment. The nondischargeability action and judgment in this case satisfied those requirements. The adversary proceeding qualified as an "action" under California law. Owenby had notice of the action and an opportunity to be heard and present evidence. The nondischargeability judgment also entailed the necessary recognition of the New York Judgment. As the Ninth Circuit recently recognized, "there are two distinct issues [a bankruptcy court considers] in the dischargeability analysis: first, the establishment of the debt itself ... and, second, a determination as to the nature of that debt." In re Banks, 262 F.3d 862, 868 (9th Cir. 2001). In this case, establishment of the debt requires recognition of the validity of the New York Judgment. Finally, the bankruptcy judgment explicitly recognized the New York judgment as part of the basis for the debt it found not dischargeable and affirmatively authorized National to pursue recover on that debt.

National's adversary action in bankruptcy was also timely as an action on the earlier judgment. The New York judgment became final on December 23, 1987. National's complaint to the bankruptcy court based on that judgment was filed on March 17, 1997. It thus fell within the ten year tollable period for bringing such actions established by Sec. 337.5. Owenby also raised Cal. C. Civ. Proc. Sec. 1710.55 as a separate bar on

enforceability. But that claim was misplaced. On its face Sec. 1710.55 governs actions in California rather than federal courts and is limited to actions to enforce the judgments of other state courts. Because the bankruptcy court's nondischargeability ruling was an action on a judgment commencing its own ten-year enforcement period, the USCA did not reach National's alternative claim that it re-registered the New York judgment in 1999. Even assuming arguendo that the judgment was not validly re-registered and that the writ of execution could not properly be issued on the registration, the USCA said it would still affirm the district court's denial of Owenby's motion to recall and quash the writ and vacate the levy. As the nondischargeability order provided a valid basis on which to levy assets in order to satisfy the debt to National, the fact that the writ was issued on the 1999 registration rather than the nondischargeability order was at most harmless error.

Finally, the parties agreed that one of the Bank of America accounts which was levied contained funds from a law partnership in which Owenby and her son were the sole and equal partners. After learning that one of the levied accounts was a partnership account, National obtained a charging order from the district court. The court then ordered 50% of the account remitted to National. Owenby claimed that this order reflects two legal errors. First she claimed that National was not entitled to 50% of the account because it may only charge her share of profits and any distributions and may not otherwise touch partnership assets. Second, she claimed that part of her interest in the partnership account is subject to exclusion as "earnings" exempted under Cal. C. Civ. Proc. Secs. 704.070(b)(2) and 706.051(b). Owenby correctly assets that the only transferable interest of a partner in a partnership is the partner's share of profits and the right to receive distributions. A partner's right in specific partnership property is not subject to enforcement on a money judgment, except on a claim against the partnership. A partner's "interest in the partnership," which constitutes profits and the right to distribution, is subject to such enforcement. Having scrutinized the record, the USCA said it could not determine the nature of the funds at issue or whether the district court considered whether they were partnership assets, or monies for the personal use of Owenby and her son. The USCA thus vacated the district court's order to remit $2,684.61 to National and remanded for it to determine the nature of the assets and, at its discretion, to remit that portion representing Owenby's profits and distributions. Since it could not determine the nature of the funds in the partnership account, the USCA did

not reach Owenby's claim that they are exempt as the "earnings" of an "employee" under Cal. C. Civ. Proc. Secs. 704.070(b)(2) and 706.051(b).