1  RHONDA L. NELSON (State Bar No. 116043)
   DAVID E. PINCH (State Bar No. 124851)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5
   Attorneys for Plaintiff
6  IRETA IRBY

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11
   IRETA IRBY,                          Case No.: 3:08 C-80004 MISC-PJH
12
            Plaintiff,                  **IRETA IRBY'S *SUPPLEMENTAL***
13                                      **OPPOSITION TO MOTION TO**
         vs.                            **VACATE JUDGMENT AND FOR**
14                                      **PERMANENT INJUNCTION AGAINST**
   BROOKS HENDERSON HADEN,              **ENFORCEMENT OF TEXAS**
15                                      **JUDGMENT IN CALIFORNIA**
            Defendant.
16                                      Hearing Date: May 14, 2008
                                        Time: 9:00 a.m.
17                                      Dept.: 3
                                        Judge: Phyllis J. Hamilton
18

19

20        Ireta Irby ("Irby") respectfully submits the following Supplemental Opposition to Motion

21  to Vacate Judgment and For Permanent Injunction against Enforcement of Texas Judgment in

22  California. Irby requests that the Court consider her supplemental opposition because her time to

23  file an opposition was shortened by seven days as a result of Haden's failure to timely file his

24  moving papers as ordered by the Court on April 4, 2008.

25  ///

26  ///

27  ///

28
                                        -1-

# I.

## THE NONDISCHARGEABILITY JUDGMENT WAS AN ACTION ON THE JUDGMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §683.050

The Nondischargeability Judgment entered on April 28, 2008, was an action on the judgment pursuant to California Code of Civil Procedure §683.050 which extended the statute of limitations on the new 1996 California Judgment for another ten years until December 17, 2008.

California Code of Civil Procedure §683.050 provides:

> "Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5."

Once the new judgment is commenced, the statue of limitations commences to run when the judgment is final. *Turner v. Donovan,* 52 Cal.App.2d 236, 238 P.2d 187 (1942); *Cadle Company II, Inc. v. Sundance Financial, Inc.,* 154 Cal.App.4[th] 622, 64 Cal.Rptr.824, 826 (2007) (stating that the 10-year period does not ordinarily commence with the entry of judgment, bur rather when the judgment becomes final, i.e., after the determination of an appeal, if, if no appeal is filed, after the time in which an appeal could have been filed.).

In *National Union Fire Insurance Company of Pittsburgh     v. Owenby* , 42 Fed.Appx. 2002 U.S. App. LEXIS 14610 (9th Cir 2002)[1], the Ninth Circuit expressly held that the filing of a nondischargeability action and the judgment met the requirements of an action on a judgment pursuant to §683.050. The Ninth Circuit stated:

> "California has placed no particular limits on what may qualify for an action on a judgment beyond the inherent requirements of prosecution in an independent lawsuit and the fact that the process must necessarily involve a judgment with proper jurisdiction who issues a judgment recognizing the validity of another of state judgment. The nondischargeability action and judgment entin this case satisfied those requirements. The adversary proceeding qualified as an 'action' under California law. *See* Cal.Civ.Pro. Code §22. Owenby had notice of the action and an opportunity to be heard and present evidence. The nondischargeability judgment also entailed the necessary recognition of the New York Judgment. As this Circuit recently recognized, 'there are two distinct issues [a bankruptcy court considers] in the dischargeability analysis: first,

---

[1] The decision is attached.

theestablishmentofthedebtitself…and,second,     adetermination
asthenatureofthedebt.'   *InreBanks,* 263F.3d862,868(9<sup>th</sup>Cir.
2001).Inthiscase,establishmentofthedebtrec     ognizedtheNew
YorkJudgmentaspartofthebasisforthedebtit     foundnot
dischargeableandaffirmativelyauthorizedNational   Unionto
pursuerecoveryonthatdebt."

Likewise,thenondischargeabilityactioninthe     *Owenby*casewasnodifferentthaninthe
Hadencase.Hadenhadnoticeofthenondischargeab     ilityactionandanopportunitytobeheard
andpresentevidence.Justasin     *Owenby*,thebankruptcycourtacknowledgedtheTexas
Judgmentasthebasisforthedebt,determinedthat     itwasnondischargeableunderBankruptcy
Code§523(a)(2)andauthorizedIrbytopursuerecov     eryofthatdebt.(DeclarationofRhondaL.
Nelson("NelsonDecl."),para.3;Exh.C).Thenond     ischargeabilityactionmeetsthesubstantive
requirementsofanactiononajudgment.

Thenondischargeabilityactionmeetsthetimingreq     uirementsalso.Inthiscase,the
nondischargeabilityactionIrbycommencedagainstH     adenwasfiledonFebruary13,1997,prior
totheten-yearexpirationofthe1996CaliforniaJ     udgment.(NelsonDecl.,para.2,Exh.A).The
nondischargeabilityjudgmentwasenteredagainstHa     denonApril28,2008,butHadenfileda
timelyappealonMay5,1998,totheBankruptcyApp     ellatePanelwhichwaslaterreferredtothe
DistrictCourt.(NelsonDecl.,para.3,56;ExhsC     ,E,F).TheDistrictCourtenteredanOrder
affirmingthebankruptcycourtonNovember18,1998     .(NelsonDecl.,para.7;Exh.G).The
timeperiodtoappealadecisionfromtheDistrict     CourttotheNinthCircuitCourtofAppealswas
30dayspursuanttoRule4(a)(1)(A)oftheRulesof     AppellateProcedurewhichdidnotexpire
untilDecember17,1998.Under     *Turnerv.Donovan,supra*  ,theNondischargeabilityJudgment
didnotbecomefinaluntilthatdate.Accordingly,     theNondischargeabilityJudgment,asanaction
onajudgment,extendedthe1996Californiastatute     oflimitationsuntilDecember17,2008
pursuanttoCaliforniaCodeofCivilProcedure§683     .050.

///

///

///

10281/0001/668481.1

IRETAIRBY'S *SUPP*. OPPOSITIONTOMOTIONTOVACATE
JUDGMENT-CaseNo.:3:08C-80004MISC-PJH

1

**II.**

2

**CONCLUSION**

3

Based on the foregoing, Irby retains the right to enforce the 1996 California Judgment.

4

DATED: April 28, 2008                                    SEVERSON & WERSON

5                                                                    A Professional Corporation

6                                                                    By: _____/s/ Rhonda L. Nelson_____
                                                                            RHONDA L. NELSON
7                                                                    Attorneys for Plaintiff
                                                                            IRET AIRBY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# EXHIBIT A

# EXHIBIT A

1    LOFTON, De LANCIE & NELSON
     NICOLAS De LANCIE (State Bar No. 84934)
2    SHARON D. SILVERMAN (State Bar No. 148464)
     505 Montgomery Street, Suite 1550
3    San Francisco, California 94111-2584
     Telephone:  (415) 772-1900
4
     Attorneys for Plaintiff
5    IRETA IRBY

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10
     In re Brooks H. Haden              )    Case No. 96-13933 aj
11                                      )    Chapter 7
                                        )
12   Ireta Irby,                        )    Adversary No.
                                        )
13                    Plaintiff         )
                                        )
14        v.                            )
                                        )
15   Brooks H. Haden,                   )
                                        )
16                    Defendant         )
                                        )
17   _____)

18              Complaint for Determination of Dischargeability

19                        Claim for Relief

20              Nelwyn Ireta Irby, plaintiff herein, by Sharon D. Silverman, her undersigned

21   counsel, for her complaint against the defendant, alleges as follows:

22              1.    This is a core proceeding over which this court has jurisdiction under

23   Title 28 U.S.C. § 157(b).

24              2.    Defendant is the debtor in the above-captioned Chapter 7 case (the

25   "Case").  Defendant commenced the Case on November 14, 1996.

26              3.    Plaintiff is a creditor of defendant.

27              4.    This is an adversary proceeding to determine the dischargeability of

28   debtor's debt to plaintiff.

Page -1-
Complaint for Determination of Dischargeability

                                                    EXHIBIT A

97-1034 -AJ
ADVERSARY
PLAINTIFF: Ireta Irby
DEBTOR: H. Brooks
DEFENDENT: H. Brooks
JUDGE: Hon. A. Jaroslovsky

ORIGINAL FILED 02/13/97 - 2:13PM
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION
DEPUTY: lc
RECEIPT NO: 1-7-233052    $150

1    5.    Defendant is indebted to plaintiff in the amount set forth below for

2  obtaining money by false pretenses, false representations and actual fraud as follows:

3    a.    In February of 1987, plaintiff loaned (the "Loan") defendant

4  $75,000.00 based on defendant's prior oral representations that (1) defendant needed the

5  Loan to pursue a business venture to take waste products from industry and make them

6  environmentally safe, and (2) the Loan was needed for a short term and would be paid back

7  to her within ninety (90) days.

8    b.    Plaintiff is informed and believes, and, based thereon, alleges

9  that defendant knew, at the time of making these oral representations just prior to the Loan,

10  that such representations were false and fraudulent and were designed to obtain money from

11  plaintiff under false pretenses.

12    c.    Defendant failed to inform plaintiff that her money would be at

13  risk such that she had little or no chance of receiving back her money within the ninety (90)

14  days, or ever.

15    d.    Plaintiff, at the time of making the Loan, justifiably relied on

16  defendant's false oral representations, not knowing at the time that they were, in fact, false.

17    e.    After making the Loan, plaintiff received a loan agreement and

18  promissory note signed by defendant and dated February 20, 1987.  Contrary to the prior

19  understanding between plaintiff and defendant, such loan agreement stated that the Loan was

20  used to finance a real estate development in Dallas, Texas known as "The French Centre."

21  Both such loan agreement and promissory note stated that the Loan was due and payable

22  within ninety (90) days of the date of those documents.

23    f.    On or about May 27, 1988, plaintiff caused defendant to be

24  served with a summons and complaint alleging that defendant had obtained money from

25  plaintiff through intentional and false representations.  A true and correct copy of such

26  complaint is attached hereto, marked as Exhibit A.

27    g.    On November 17, 1988, a default judgment (the "Judgment") in

28  plaintiff's favor was entered in the United States District Court for the Southern District of

Page -2-
Complaint for Determination of Dischargeability

1   Texas, Houston Division, in the amount of $87,450.00, which included interest, attorney's

2   fees and court costs to that date.  A true and correct copy of the Judgment is attached hereto,

3   marked as Exhibit B.

4          6.    Defendant is now indebted to plaintiff under the Judgment in the

5   amount of $158,726.00, consisting of the Judgment amount of $87,450.00, plus interest

6   thereon at the legal rate of ten percent (10%) from the date thereof to the date hereof, of

7   $72,092.34, less $816.34 garnished from defendant's wages immediately prior to the

8   commencement of the Case.  Interest at the legal rate continues to accrue on the Judgment.

9

10                             Prayer

11         WHEREFORE, plaintiff prays (1) for judgment against defendant as follows:

12   that the court determine that the debt of defendant to plaintiff under the Judgment in the

13   amount of $158,726.00 is nondischargeable pursuant to Bankruptcy Code section 523(a)(2);

14   and (2) that plaintiff have such other further relief as is just, including continuing interest on

15   the Judgment and reasonable costs and attorney's fees.

16

17   DATED:  February 12, 1997         Respectfully submitted,

18                             LOFTON, De LANCIE & NELSON

19

20                          By: _____

21                             Sharon D. Silverman

22                          Attorneys for Plaintiff
                       IRETA IRBY

23   96093\complain

24

25

26

27

28

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAY 24 1988

IRETA IRBY
    Plaintiff

VS.                  CIVIL ACTION NO.  H-88-1781

BROOKS H. HADEN
    Defendant

## COMPLAINT

COMES NOW the Plaintiff, IRETA IRBY and files this her Complaint complaining of BROOKS H. HADEN and for cause of action would show into the Court as follows:

1.    Plaintiff is a resident citizen of Houston, Harris County, Texas were the cause of action arises.  Defendant is a resident citizen of the State of Colorado.  Pursuant to the Federal Rules of Civil Procedure, service of summons upon Defendant, BROOKS H. HADEN may be accomplished by service upon the Secretary of State of Texas in Austin, Travis County, Texas.  The Secretary of State may then forward such summons by registered or certified mail, return receipt requested to Defendant BROOKS H. HADEN, 1324 Green Gables Court, Fort Collins, Colorado 80525.

2.    Jurisdiction is founded upon diversity of citizenship and amount.  The matter in controversy exceeds, exclusive of interests and costs, the sum of $10,000.00.

3.    Attached hereto is a copy of an instrument executed and delivered by Defendant.  Plaintiff is the owner and holder of the instrument.



EXHIBIT
A

4.    Defendant has defaulted in the payment of the obligation represented by the instrument.  The principal balance remaining due and unpaid is $75,000.00.  Interest on the amount at the rate provided after maturity is also due as shown by the attachment hereto.

5.    Though payment has often been demanded Defendant has failed to pay the indebtedness.  Plaintiff has placed the matured instrument with the undersigned attorney.  Under the agreement evidenced by the instrument the attorney's fees shall be a reasonable amount, but not less than 10 percent of the principal and interest then owing.  Therefore, Plaintiff seeks attorney's fees in a reasonable amount.

6.    In the alternative, Plaintiff alleges that on or about February 20, 1987, Defendant executed a promissory note to her in return for $75,000.00, and intentionally and falsely represented to her that the principal would be paid on the 90th day following the date.  In reliance upon this intentional false representation, Plaintiff transferred to Defendant the sum of $75,000.00.  Plaintiff has been damaged in that the sum of $75,000.00 has never been repaid and is still due and owing.  Further, Plaintiff alleges that the actions of Defendant were done with evil intent and malice in order to defraud Plaintiff of her funds.  Therefore, Plaintiff seeks punitive damages of twice (2) the amount of actual damages found for Defendant's wrongful conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that summons issue to Defendant and that upon final hearing hereof Plaintiff have Judgment against the Defendant as follows: a) In the sum of $75,000.00 plus 10% interest from May 20, 1987; plus interest at the legal rate from the date of Judgment upon the Judgment amount; plus reasonable attorney's fees; plus cost of court; or   b) In the alternative the sum of $75,000.00 representing actual damages; plus punitive damages of twice (2) the sum of actual damages found by the court; plus court costs; and, c) Such other and further relief as the Court should deem just and proper.

Respectfully submitted

WAYNE H. PARIS
550 Westlake Park Blvd.
Suite 700
Houston, Texas 77079
(713) 558-8989
I.D. # 797
ATTORNEY FOR PLAINTIFF

THE STATE OF TEXAS    X
                      X
COUNTY OF HARRIS      X

BEFORE ME, the undersigned authority, on this day personally appeared IRETA IRBY, who is the Plaintiff creditor and stated on her oath that the indebtedness sued upon in the principal balance herein is within her knowledge, just and true, and it is due and unpaid, and that all offsets, payments and credits have been allowed, and

that interest is due at the rate and from the times therein stated.

_____
IRETA IRBY

SWORN TO AND SUBSCRIBED BEFORE ME, on this 23rd day of May, 1988.

COSIMINA A. CAPO
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 29, 1989

_____
NOTARY PUBLIC, STATE OF TEXAS

PROMISSORY NOTE

$75,000.00                                    February 20, 1987

FOR VALUE RECEIVED, the undersigned (hereinafter "Maker") promises to pay to the order of IRETA IRBY ("Payee") at 22410 Greenbrook Drive, Houston, Texas, or such other place as Payee shall direct, the principal sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), without interest other than that payable if this Promissory Note is not timely paid as hereinafter provided, and other than certain stock to be paid over, transferred and delivered as set forth in a certain Agreement between the parties of even date herewith, all of which are payable on the 90th day following the date hereof.

Upon any default in making any of the payments due hereunder when same is due, and if this Note is referred to an attorney for collection, whether or not suit is actually filed, Maker will pay additionally a reasonable attorneys' fee of not less the 10% of the total amount then due hereunder, plus all other Court costs and other costs of collection. Further, if this Note not be paid when due, the unpaid principal balance shall bear interest at the highest rate permissible under law from said due date until paid, or if there be no such rate then in effect, at the rate of fifteen percent (15%) per annum.

Makers, and all endorsers, guarantors and sureties hereof waive presentment, protest, demand, and notice of protest and non-payment and agree to and waive notice of all extensions of this Note or any part thereof.

Failure of Payee or any holder hereof to exercise any of its rights hereunder at any time shall not constitute a waiver of its right to exercise such rights at any other time, as to the same or any other default or breach theretofore or thereafter occurring.

This Note shall be the joint and several obligation of Maker, and all sureties, guarantors and endorsers, and shall be binding upon them, their heirs, personal representatives and assigns.

EXHIBIT "A"

IN WITH ES WHEREOF that I have is hereunder set hereunder this 20ᵗʰ day of February, 1987.

Brooks H. Haden

**BROOKS H. HADEN**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

FILED

11-17-88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS     JESSE E. CLARK, CLERK
HOUSTON DIVISION     BY DEPUTY

IRETA IRBY

VS.                                    CIVIL ACTION NO. H-88-1781

BROOKS H. HADEN

X
X
X
X
X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of _____Nov._____, 1988.



TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK

By _____
Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
                              PM
7 8 9 10 11 12 1 2 3 4 5 6

# EXHIBIT B

# EXHIBIT B

1  LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2  RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3  San Francisco, California  94111-2584
   Telephone:  (415) 772-1900
4
5  Attorneys for Plaintiff and Creditor
   IRETA IRBY
6
7
8              UNITED STATES BANKRUPTCY COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                  SANTA ROSA DIVISION
11
12  In re                          )    Case No. 96-13933-AJ
                                   )    Chapter 7
13  BROOKS HENDERSON HADEN,        )
                                   )
14              Debtor.            )
                                   )
15  ─────────────────────────────
    IRETA IRBY,                    )    Adversary Proceeding No. 97-1034-AJ
16                  Plaintiff,     )
                                   )
17  vs.                            )
                                   )
18  BROOKS HENDERSON HADEN,        )
                                   )
19              Defendant.         )
                                   )
20  ─────────────────────────────
21
22
23         FIRST AMENDED COMPLAINT FOR
    DETERMINATION OF DISCHARGABILITY OF DEBT
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR
DETERMINATION OF DISCHARGABILITY OF DEBT

**EXHIBIT B**

PAGE 1

1    Ireta Irby (the "Plaintiff") complains against Brooks Henderson Haden (the

2  "Defendant") by this First Amended Complaint for Determination of Dischargeability of

3  Debt (this "Complaint") and alleges:

4

5                                    PARTIES

6    The Plaintiff.

7        1.    Ireta Irby, the plaintiff herein, is—

8              a.    a natural person residing in Ruston, Louisiana;

9              b.    a creditor of the Defendant in the Case (defined below).

10

11    The Defendant.

12        2.    The Plaintiff is informed and believes and, based thereon, alleges that

13  defendant Brooks Henderson Haden is—

14              a.    a natural person residing in Mill Valley, County of Marin, California;

15  and

16              b.    the debtor in that certain case (the "Case") under Chapter 7 of Title

17  11 of the United States Code (such title, the "Bankruptcy Code") now pending in the United

18  States Bankruptcy Court for the Northern District of California, Santa Rosa Division (such

19  court, this "Court"; and such district, this "District"), styled *In re Brooks Henderson Haden*,

20  bearing case number 96-13933-AJ.

21

22                    JURISDICTION, VENUE, AND CORE NATURE

23        3.    This Court has original jurisdiction over this adversary proceeding (this

24  "Proceeding") and the claim for relief stated herein pursuant to section 1334 of Title 28 of

25  the United States Code (such title, the "Judicial Code").

26        4.    Venue in this District is proper pursuant to section 1409 of the Judicial

27  Code.

28  \\\\

LOFTON, De LANCIE & NELSON
205 MONTGOMERY STREET, SUITE 1550
SAN FRANCISCO, CALIFORNIA 94111-2584
TELEPHONE (415) 772-1900  FACSIMILE (415) 772-1909

FIRST AMENDED COMPLAINT FOR                                              PAGE 2
DETERMINATION OF DISCHARGABILITY OF DEBT

5.   This Proceeding is a proceeding for a determination of the dischargeability of the Debt (defined below) of the Defendant to the Plaintiff under section 523(a)(2)(A) of the Bankruptcy Code.

6.   This Proceeding is a core proceeding pursuant to section 152 of the Judicial Code.

## GENERAL ALLEGATIONS

7.  On or about February 13, 1987, the Plaintiff loaned (the "Loan") the sum of $75,000.00 to the Defendant by causing the Greenspoint Branch of Western Federal Savings and Loan Association, of Houston, Texas, to issue its cashier's check number 007245, dated that date, in such amount, to the order of the Defendant, and mailing such check to the Defendant.  The Plaintiff paid such association the entire sum of $75,000.00 represented by such check from her own funds.

8.   Prior to the making of the Loan, the Defendant and the Plaintiff had had a personal relationship, to wit:  the Defendant was dating the Plaintiff's daughter Deann, had been a frequent visitor in the Plaintiff's home during the latter part of 1986 and the first part of 1997, and had been in telephone contact with the Plaintiff during this period.

9.   During his various visits to the Plaintiff's home and in his various telephone conversations with her during this period (the latter part of 1986 and the first part of 1997), the Defendant regularly discussed with the Plaintiff a business plan on which he said he had been working for three years to take industrial waste products, specifically those containing polychlorinated biphenyls ("PCB"), and make them safe.  During these conversations, the Defendant told the Plaintiff that (i) he had travelled to Europe and met with several shipping companies that would be involved in this business; (ii) this business would be timely because PCB removal and environmental clean-up were currently "hot topics"; (iii) this business would help clean-up industrial waste; (iv) he had "a lot of people" interested in this business; (v) in order further to pursue this business, the Defendant needed to purchase a "shell corpo- ration"; (vi) the cost for such purchase would be $200,000; (vii) if the Plaintiff could loan

LOFTON, De LANCIE & NELSON
505 MONTGOMERY STREET, SUITE 1500
SAN FRANCISCO, CALIFORNIA 94111-2584
TELEPHONE (415) 772-1600 FACSIMILE (415) 772-1599

LOFTON, De LANCIE & NELSON
555 MONTGOMERY STREET, SUITE 1500
SAN FRANCISCO, CALIFORNIA 94111-2584
TELEPHONE (415) 772-1500  FACSIMILE (415) 772-1599

1  him this sum for ninety days, she would become "equal partners" with him in this business;

2  (viii) the return the Plaintiff could expect for loaning the Defendant money for this business

3  would be directly related to the amount that she could loan to him; (ix) if she could only loan

4  him a lesser amount—she had told him that she did not have $200,000.00 to lend him, that

5  she only had $75,000.00, and that was not available until February 13, 1987 when certain

6  certificates of deposit in that amount she held would be maturing—she would become a "par-

7  tner" with him and other investors he would need to bring into the transaction in the busi-

8  ness; (x) there would be a meeting in Dallas, Texas soon with all investors in the business to

9  which she would be invited where "all her questions would be answered"; (xi) if the Plaintiff

10  loaned the Defendant $75,000.00, she would have the opportunity to make "a lot of money",

11  enough to be able "to buy [herself] two Mercedes Benzes", she would have the opportunity to

12  become a part of his business, and he and she would both become rich; (xii) things were

13  "going so well for him" in this business; (xiii) his grandfather, a bishop in the Episcopal

14  Church in Dallas, Texas, and an attorney, were also loaning him money for this business;

15  (xiv) the Defendant would "personally guarantee" that the Plaintiff would be repaid the entire

16  amount of the Loan within ninety days; (xv) even if the business "did not go as planned", the

17  Loan would be repaid to the Plaintiff within ninety days; and (xvi) there was "just no way"

18  that the Plaintiff would not be repaid the Loan.

19      10.  On or about February 10, 1987, the Defendant telephoned the Plaintiff at

20  her home and told her that "things were moving quicker than [he] had expected" and that he

21  needed the money she had "promised" to loan him "right now". The Plaintiff reminded him

22  that he had previously promised her that she would be invited to a meeting in Dallas, Texas

23  with all investors in the business, but that that had not happened. He told her that that

24  meeting—a "big" meeting—would be happening "soon", but that she needed to send him her

25  check right away by Federal Express, although he said he could wait until February 13,

26  1987. The Defendant repeated to the Plaintiff that even if the business "did not go as

27  planned", the Loan would be repaid to the Plaintiff within ninety days and that there was

28  "just no way" that the Plaintiff would not be repaid the Loan. He told her that he would be

1  sending her a promissory note for the Loan soon. The Defendant was very insistent with the

2  Plaintiff and she agreed to send the check for the Loan when her certificates of deposit

3  matured three days later.

4       11.  In mid-March 1987, after attempting to contact the Defendant by telephone

5  on a number of occasions since making the Loan and finally speaking to him by telephone in

6  early March 1987, the Plaintiff received that certain Agreement and that certain Promissory

7  Note (respectively, the "Agreement" and the "Note"), both dated February 20, 1987, made

8  by the Defendant from the Defendant.  True and correct copies of the Agreement and the

9  Note are attached hereto, marked, respectively, as Exhibits A and B.

10       12.  Both the Agreement and the Note provided that the Loan was to be repaid,

11  without interest, ninety days after the date thereof (that is, on May 21, 1987).  The Agree-

12  ment also provided that (i) the Defendant intended to acquire substantially all of the shares

13  (the "Cambest Shares") of Cambest, Inc., a Nevada corporation ("Cambest"); (ii) the sole

14  use of the funds loaned by the Plaintiff was for such acquisition; (iii) there would be no other

15  use thereof; (iv) the purpose of such acquisition was the developmemt of a real estate project

16  in Dallas, Texas; (v) the name of Cambest was contemplated to be changed to "Meyers Con-

17  cepts International Incorporated"; (vi) ninety days after the date of the Agreement the

18  Plaintiff would receive a certain number of the Cambest Shares, half "free trading" and the

19  other half subject to trading restrictions under Rule 144 promulgated by the Securities and

20  Exchange Commission (the "SEC").

21       13.  In late April 1987, the Plaintiff received from the Defendant two certifi-

22  cates, each representing 37,500 shares of the common stock of Myers Concepts International,

23  Inc., a Utah corporation (such corporation, "Meyers Utah"; and such shares, collectively, the

24  "Meyers Shares"), both of which were dated April 22, 1987, and one of which bore a restric-

25  tive legend.  True and correct copies of such certificates are attached hereto, marked, collec-

26  tively, as Exhibit C.

27       14.  The Loan was not repaid on May 21, 1987, or at any time thereafter.

28  \\\\

LOFTON, De LANCIE & NELSON
950 MONTGOMERY STREET, SUITE 1550
SAN FRANCISCO, CALIFORNIA 94111-2584
TELEPHONE (415) 772-1900 FACSIMILE (415) 772-1909

FIRST AMENDED COMPLAINT FOR                                    PAGE 5
DETERMINATION OF DISCHARGEABILITY OF DEBT

**PROOF OF SERVICE BY MAIL**

1

2

3          I, Béla Nuss, declare as follows:

4          I am over the age of 18 years, and not a party to this action. My business

5   address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111, which is

6   located in the county where the mailing described below took place.

7          I am readily familiar with the business practice at my place of business for

8   collection and processing of correspondence for mailing with the United States Postal Service.

9   Correspondence so collected and processed is deposited with the United States Postal Service

10  that same day in the ordinary course of business.

11         1.    On January 27, 1998, at my place of business at San Francisco,

12  California, a copy of the following document:  **FIRST AMENDED COMPLAINT FOR**

13  **DETERMINATION OF DISCHARGABILITY OF DEBT**, was placed in a sealed envelope,

14  with postage fully prepaid, addressed to:

15              Kaipo K.B. Young, Esq.
                Law Offices of Iain A. Macdonald
16              Two Embarcadero Center, Suite 1670
                San Francisco, CA  94111-3930
17

18  and that said envelope was placed for collection and mailing on that date following ordinary

19  business practices.

20         I certify and declare under penalty of perjury under the laws of the State of

21  California that the foregoing is true and correct.

22         Executed on January 27, 1998, at San Francisco, California.

23

24                        _Béla Nuss_

25                        Béla Nuss

26

27

28

# EXHIBIT C

# EXHIBIT C

FILED

APR 15 1998

KEENAN G. CASADY, CLERK
U.S.Bankruptcy Court-Santa Rosa

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

BROOKS H. HADEN,                                No. 96-13933

               Debtor.
_____/

IRETA IRBY,

               Plaintiff,

   v.                                      A.P. No. 97-1034

BROOKS H. HADEN,

               Defendant.
_____/

## Memorandum of Decision

In early 1987, debtor and defendant Brooks H. Haden was a 23-year-old, fresh out of college. Plaintiff Ireta Irby was a registered nurse in her fifties. They met because Haden was dating Irby's daughter.

Haden had become convinced by a third party that he could make a lot of money by investing in several business ventures. Haden was told and believed that he could raise the capital needed for these ventures by purchasing a publicly traded shell corporation, infusing the ventures into the corporation, and then borrowing money using the corporation's stock as collateral. This plan may have been a fraudulent securities scheme, but if it was Haden was clueless as to it.

Haden needed to raise around $200,000.00 to purchase the shell corporation. Having no funds of his own, he set out to convince friends and relatives to lend him the money. Among these was Irby.

Haden told Irby that he only needed to borrow the money for 90

1

AO 72
(Rev 8/82)

**EXHIBIT C**

days.   He believed that a lender would make a loan on the stock by
then which would allow him to retire the debt quickly.

Irby was completely unsophisticated in investment matters.
her entire savings was about $100,000.00, which she kept in
certificates of deposit.   Despite being old enough to know better,
she was taken in by Haden's apparent polish and sophistication
despite his young age.   She believed Haden when he told her that
her loan was absolutely safe, and would be quickly repaid.   He
told her that in addition to quick repayment, she would get shares
of stock which could become valuable.   Haden told her that the
very worst scenario was that she would get her principal back and
make no profit.   Believing him, Irby cashed in $75,000.00 in
certificates of deposit and loaned the money to Haden.

Haden's statements to Irby were false.   In fact, the loan was
a very risky proposition.   If no bank would loan on the stock, then
the business ventures were dead and Haden would have no way to
repay the loan.   That is what happened.   If Irby had known the true
risks, she would not have loaned the money.

Haden has never repaid Irby.   She obtained a judgment against
him in 1988.   He filed a Chapter 7 bankruptcy petition on November
14, 1996.   By this adversary proceeding, Irby seeks to have the
debt declared nondischargeable pursuant to section 523(a)(2) of the
Bankruptcy Code.

The difficult issue in this case is that of intent.   Irby
argues that Haden was part of a larger securities fraud, but there
is no evidence of this.   If the entire plan was a scam, Haden was
a dupe, not a perpetrator.

Haden did not set out to cheat Irby; being young and
inexperienced, he actually believed that he could pay Irby quickly

2

1 and fully intended to do so.    However,  in his eagerness to   raise

2 the funds he needed he was not fully honest with Irby.  He told her

3 that  the  worst that could happen was that she would only get  her

4 principal back.    In fact,   he knew that she would not even get her

5 principal  back  if a bank would not loan on the  corporate   stock.

6 Good intentions do not excuse material misrepresentations,   nor  do

7 they  prohibit   an  finding of intent to  defraud.   Haden   used  a

8 falsehood to induce Irby to loan him $75,000.00.   The court can and

9 does  infer  fraudulent  intent  from  this  act,  despite  Haden's

motivations.

10      For the foregoing reasons,   Irby's judgment against Haden will

11 be  deemed nondischargeable.    She shall also recover her costs  of

12 suit.

13      This   memorandum   constitutes  the  court's   findings   and

14 conclusions  pursuant  to FRCP 52(a) and FRBP  7052.   Counsel   for

15 Irby shall submit an appropriate form of judgment forthwith.

16

17      Dated: April 14, 1998

18                                   Alan Jaroslovsky
                                     U.S. Bankruptcy Judge

19

20

21

22

23

24

25

26

3

## CERTIFICATE OF MAILING

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: April 15, 1998

_____
Deputy Clerk

IAIN A. MACDONALD
Two Embarcadero Center, Suite 1670
San Francisco, CA 94111-3930

LOFTON, De LANCIE & NELSON
Rhonda L. Nelson
505 Montgomery Street, Suite 1550
San Francisco, CA 94111-2584

AO 72
(Rev 8/82)

# EXHIBIT D

# EXHIBIT D

1  LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2  RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3  San Francisco, California 94111-2584
   Telephone: (415) 772-1900
4
   Attorneys for Plaintiff
5  IRETA IRBY

**ORIGINAL FILED**

APR 27 1998

KEENAN G. CASADY, CLERK
U.S.Bankruptcy Court-Santa Rosa

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SANTA ROSA DIVISION

11

12  In re                          )   Case No. 96-13933 AJ
                                    )   Chapter 7
13  BROOKS H. HADEN,               )
                                    )
14              Debtor.            )
                                    )
15  _____)
                                    )   Adversary No. 97-1034-AJ
16  IRETA IRBY,                    )
                                    )
                Plaintiff,          )
17                                  )
        v.                          )
18                                  )
    BROOKS H. HADEN,               )
19                                  )
                Defendant.          )
20  _____)

21

22                            JUDGMENT

23

24          This action came on regularly for trial on April 14, 1998, in the United States

25  Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable

26  Alan Jaroslovsky presiding. Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with

27  plaintiff Ireta Irby. Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.

28  Macdonald appeared with defendant Brooks H. Haden.

                                              **EXHIBIT D**

JUDGMENT                          ENTERED  APR 2 8 1998              Page 1
96097.Judgment

COPY

1    After hearing the evidence and arguments of counsel, judgment is hereby

2    entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3    plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4    November 17, 1988, in the United States District Court for the Southern District of Texas,

5    Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6    Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7    Dated:    APR 27 1998

8

9                                    **ALAN JAROSLOVSKY**

10                                   ALAN JAROSLOVSKY
                                     United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT                                                                Page 2
96093\judgment

1

<u>PROOF OF SERVICE</u>

2

3          I, the undersigned, declare as follows:

4          I am over the age of 18 years, and not a party to this action. My business address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, at San Francisco, California, I served the following document(s), entitled **JUDGMENT**, by placing copies of said document(s) in sealed envelopes and served in the manner(s) described below on the addressee(s) listed below.

5

6

7

8

[ X ]   **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's San Francisco office following ordinary business practices, addressed to the addressee(s) designated.

9

10

[   ]   **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express overnight courier to the addressee(s) designated.

11

12

[   ]   **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

13

14

[   ]   **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile to the telephone number(s) of the addressee(s) designated.

15

16          Iain A. Macdonald, Esq.
           Law Offices of Iain A. Macdonald

17          Two Embarcadero Center, Suite 1670
           San Francisco, CA  94111-3930

18          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 20, 1998, in San Francisco, California.

19

20

21          *Béla Nuss*
           ─────────────────
           Béla Nuss

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I, the undersigned, declare as follows:

3

4        I am over the age of 18 years, and not a party to this action. My business
address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111. I am readily
familiar with the business practice at my place of business for collection and processing of

5    correspondence for mailing with the United States Postal Service. Correspondence so
collected and processed is deposited with the United States Postal Service that same day in the

6    ordinary course of business. On this date, at San Francisco, California, I served the following
document(s), entitled **NOTICE OF ENTRY OF JUDGMENT**, by placing copies of said

7    document(s) in sealed envelopes and served in the manner(s) described below on the
addressee(s) listed below.

8

9    ☒    **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's
San Francisco office following ordinary business practices, addressed to the

10        addressee(s) designated.

11    ☐    **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express
overnight courier to the addressee(s) designated.

12

13    ☐    **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the
addressee(s) designated.

14

15    ☐    **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile
to the telephone number(s) of the addressee(s) designated.

16            Iain A. Macdonald, Esq.

17            Law Offices of Iain A. Macdonald
Two Embarcadero Center, Suite 1670

18            San Francisco, CA  94111-3930

19        I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct. Executed on April 29, 1998, in San Francisco, California.

20

21

22            Barak Weinstein

23

24

25

26

27

28

# EXHIBIT E

# EXHIBIT E

1 | LAW OFFICES OF IAIN A. MACDONALD
Iain A. Macdonald, CSB# 51073
2 | Kaipo K.B. Young, CSB #164718
Two Embarcadero Center, Suite 1670
3 | San Francisco, CA 94111-3930
Telephone: (415) 362-0449
4 | Facsimile: (415) 394-5544

5 | Attorneys for Brooks H. Henderson, Defendant

97-1034 -AJ
APPEAL
DEBTOR: Brooks Haden
JUDGE: Hon. A. Jaroslovsky
MOTION #:
----------------------
ORIGINAL FILED 05/05/98 - 11:47AM
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION
DEPUTY: ba
RECEIPT NO: 1-8-242022    $105
----------------------

6

7

8

9

UNITED STATES BANKRUPTCY APPELLATE PANEL

NINTH CIRCUIT COURT OF APPEALS

10

11 | In re                                           )        Chapter 7
                                                    )        Underlying Case No. 96-12933
12 | BROOKS HENDERSON HADEN                          )
                                                    )
13 |        Debtor.                                  )        Adversary Proceeding
    | _____               )        No. 97-1034-AJ
14 |                                                 )
    | IRETA IRBY                                     )
15 |                                                 )        NOTICE OF APPEAL
    |        Plaintiff.                              )
16 |                                                 )
    | vs.                                            )
17 |                                                 )
    | BROOKS HENDERSON HADEN                         )
18 |                                                 )
    |        Defendant.                              )
19 | _____                )

20

21 |        Defendant Brooks Henderson Haden ("Haden") hereby appeals under 28 U.S.C.

22 | Section 158(b) to the United States Bankruptcy Appellate Panel from the Judgment After

23 | Remand entered on April 28, 1998, a true and correct copy of which is attached hereto and

24 | incorporated herein by this reference and herein marked as Exhibit "A".

25 |        The parties to the matter appealed from, and the names and addresses of their

26 | attorneys are:

27 | ///

28 | ///

NOTICE OF APPEAL
G:\WPDOCS\1270-IAM\APPEAL\notice.wpd          - 1 -                      **EXHIBIT E**

1    Counsel for Defendant Brooks Henderson Haden:

2         Law Offices of Iain A. Macdonald
          Iain A. Macdonald, Esq.
3         Kaipo K.B. Young, Esq.
          Two Embarcadero Center, Suite 1670
4         San Francisco, CA 94111

5    Counsel for Plaintiff Ireta Irby:

6         Lofton, De Lancie & Nelson
          Rhonda Nelson, Esq.
7         505 Montgomery Street
          Suite 1550
8         San Francisco, CA 94111-2584

9    DATED:     May 1, 1998              LAW OFFICES OF IAIN A. MACDONALD

10

11                                       By:   Kaipo K.B. Young,
12                                             Attorneys for Defendant
                                               Brooks Henderson Haden
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2  RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3  San Francisco, California 94111-2584
   Telephone: (415) 772-1900
4
   Attorneys for Plaintiff
5  IRETA IRBY

**ORIGINAL FILED**

APR 27 1998

KEENAN G. CASADY, CLERK
U.S.Bankruptcy Court-Santa Rosa

6

7

8               UNITED STATES BANKRUPTCY COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                   SANTA ROSA DIVISION

11

12  In re                           )    Case No. 96-13933 AJ
                                     )    Chapter 7
13  BROOKS H. HADEN,                 )
                                     )
14              Debtor.              )
                                     )
15  ─────────────────────────────    )    Adversary No. 97-1034-AJ
                                     )
16  IRETA IRBY,                      )
                                     )
                Plaintiff,           )
17                                   )
          v.                         )
18                                   )
    BROOKS H. HADEN,                 )
19                                   )
                Defendant.           )
20                                   )

21

22                        JUDGMENT

23

24          This action came on regularly for trial on April 14, 1998, in the United States

25  Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable

26  Alan Jaroslovsky presiding. Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with

27  plaintiff Ireta Irby. Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.

28  Macdonald appeared with defendant Brooks H. Haden.

JUDGMENT                    ENTERED  APR 2 8 1998              Page 1

EXHIBIT A

1         After hearing the evidence and arguments of counsel, judgment is hereby

2  entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3  plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4  November 17, 1988, in the United States District Court for the Southern District of Texas,

5  Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6  Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7  Dated:    APR 27 1998

8

9                        **ALAN JAROSLOVSKY**

10                        ALAN JAROSLOVSKY
                          United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT

## CERTIFICATE OF MAILING

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is Two Embarcadero Center, Suite 1670, San Francisco, California 94111-3930; that on the date set out below, I hand delivered a copy of the within:

### NOTICE OF APPEAL

on the party listed below.

I declare under penalty of perjury of the laws of the State of California, that the foregoing is true and correct. Executed at San Francisco, California, on May 1, 1998.

KAIPO YOUNG.

Rhonda Nelson, Esq.
Lofton, De Lancie & Nelson
505 Montgomery Street
Suite 1550
San Francisco, CA 94111-2584

# EXHIBIT F

# EXHIBIT F

1  RHONDA L. NELSON (State Bar No. 116043)
   SEVERSON & WERSON
2  A Professional Corporation
   One Embarcadero Center, Suite 2600
3  San Francisco, CA 94111
   Telephone: (415) 398-3344
4  Facsimile: (415) 956-0439

5  Attorneys for Plaintiff
   IRETA IRBY
6

7

RECEIVED
NANCY B. DICKERSON, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY 27 1998

FILED _____ 5-27-98
DOCKETED _____ 5-28-98
        DATE        INITIAL

8                UNITED STATES BANKRUPTCY APPELLATE PANEL

9                      NINTH CIRCUIT COURT OF APPEALS

10

11  In re                          )   Chapter 7
                                   )   Underlying Case No.  96-13933
12  BROOKS HENDERSON HADEN,        )
                                   )   Adversary Proceeding
13          Debtor,                )   No. 97-1034-AJ
    _____)
14                                 )
    IRETA IRBY,                    )
15                                 )   **PLAINTIFF IRETA IRBY'S**
            Plaintiff,             )   **STATEMENT OF ELECTION TO**
16                                 )   **TRANSFER THE APPEAL TO THE**
        vs.                        )   **DISTRICT COURT**
17                                 )
    BROOKS HENDERSON HADEN,        )
18                                 )
            Defendant.             )
19                                 )
    _____)
20

21          Ireta Irby objects to the referral of the above appeal to the Bankruptcy Appellate Panel and

22  therefore elects to transfer the appeal to the District Court.

23  ///

24  ///

25  ///

26  ///

27  ///

28

Severson
&Werson
A Professional Corporation

22222/2222/116164.1
PLAINTIFF'S IRBY'S STMT OF ELECTION
TO TRANSFER APPEAL TO DISTRICT CT.

**EXHIBIT F**

COPY

1    DATED:  May 20, 1998

2                                      SEVERSON & WERSON
                                       A Professional Corporation
3

4

5    By: _____
                                       Rhonda L. Nelson

6                                      Attorneys for Plaintiff
                                       IRETA IRBY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Severson
&Werson
A Professional Corporation

CERTIFICATE OF SERVICE

1

2    I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I
am employed in the City and County of San Francisco, California; my business address is
3    Severson & Werson, One Embarcadero Center, Suite 2500, San Francisco, CA 94111.

4    On the date below I served a copy, with all exhibits, of the following document(s):

5    **PLAINTIFF IRETA IRBY'S STATEMENT OF ELECTION TO TRANSFER THE
APPEAL TO THE DISTRICT COURT**
6

7    on all interested parties in said case addressed as follows:

8    Iain A. MacDonald, Esq.                     Office of the U.S. Trustee
Law Offices of Iain A. MacDonald          250 Montgomery Street, Suite 1000
9    Two Embarcadero Center, Ste. 1670         San Francisco, CA 94102
San Francisco, CA   94111

10

11    [X] **(BY MAIL)** I caused an envelope to be deposited in the mail at San Francisco, California,
with postage thereon fully prepaid.
12

13    I am readily familiar with the firm's practice of collecting and processing correspondence
for mailing. On the same day that correspondence is placed for collection and mailing, it is
14    deposited in the ordinary course of business with the United States Postal Service in San
Francisco, California in sealed envelopes with postage fully prepaid.
15

16    I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct. This declaration is executed in San Francisco, California, on May
17    26, 1998.

18

19    _____
Veronica J. Appleberry
20

21

22

23

24

25

26

27

28

**Severson
&Werson**
A Professional Corporation

# EXHIBIT G

# EXHIBIT G

FILED

NOV 17 1998

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) |
| | ) No. C 98-3011 FMS |
| BROOKS HENDERSON HADEN, | ) |
| | ) ORDER AFFIRMING |
| Debtor. | ) DECISION OF THE |
| | ) BANKRUPTCY COURT |
| _____ | ) |
| | ) |
| BROOKS HENDERSON HADEN, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) |
| | ) |
| IRETA IRBY, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

**INTRODUCTION**

        Appellant and debtor, Brooks Henderson Haden, filed
this appeal challenging the decision of the United States
Bankruptcy Court for the Northern District of California.  The
bankruptcy court found that the claim of appellee, Ireta Irby,
was excepted from discharge in bankruptcy on the basis of fraud.
Two issues are raised on appeal: (1) whether the bankruptcy court
erred when, based on its findings of fact, the court concluded
that Haden fraudulently intended to deceive Irby; and (2) whether
the bankruptcy court committed clear error when it found that
Irby relied on Haden's misrepresentations.  The Memorandum of
Decision of the Bankruptcy Court is AFFIRMED.

//

1

United States District Court
For the Northern District of California

COPIES MAILED TO
PARTIES OF RECORD
US Bankruptcy Court

**EXHIBIT G**

**BACKGROUND**

1

2        This appeal arises out of Haden's failure to repay Irby

3    a loan of $75,000.  During the relevant time period, appellant

4    Haden was twenty-three years old and had recently graduated from

5    college.  See Memorandum of Decision of U.S. Bankruptcy Judge

6    Alan Jaroslovsky, filed April 15, 1998 ("Mem. of Dec.") at 1.

7    Appellee Irby was a registered nurse in her fifties.  See id.

8    Haden and Irby met through Irby's daughter, whom Haden was dating

9    at the time.  See id.

10       In early 1987, a third party convinced Haden that he

11   could make money by investing in a number of business ventures.

12   See Mem. of Dec. at 1.  Haden believed that he could raise the

13   capital needed to invest in these various deals by "purchasing a

14   publicly traded shell corporation, infusing the ventures into the

15   corporation, and then borrowing money using the corporation's

16   stock as collateral."  Id.

17       In order to purchase the shell corporation Haden needed

18   approximately $200,000.  See Mem. of Dec. at 1.  He convinced

19   Irby to lend him $75,000, three-quarters of her savings.  See id.

20   at 1-2. Haden told Irby that he only needed to borrow the money

21   for ninety days and that he would repay her as soon as a

22   commercial lender provided capital.  See id. at 2.  In fact, no

23   bank would issue a loan to Haden and he lost all the money that

24   had been lent to him, including Irby's $75,000.  See id.  Haden

25   never repaid Irby's loan.  See id.

26       In 1988 Irby obtained an $87,000 judgment against

27   Haden.  See Mem. of Dec. at 2; Transcript of Trial Proceedings

28                              2

1  before the Honorable Alan Jaroslovsky, United States Bankruptcy

2  Judge, April 14, 1998 ("Tr.") at 107.  The judgment was never

3  satisfied, and on November 14, 1996, Haden filed a Chapter 7

4  bankruptcy petition.  See Mem. of Dec. at 2.  Irby then filed an

5  adversary proceeding against Haden, seeking to have the debt owed

6  to her declared nondischargeable in bankruptcy, pursuant to 42

7  U.S.C. § 523(a)(2)(A).

8          The trial of this matter commenced on April 14, 1998,

9  before the Honorable Alan Jaroslovsky, United States Bankruptcy

10  Judge.  See Tr. at 4.  On April 15, 1998, Judge Jaroslovsky filed

11  a Memorandum of Decision, finding in favor of Irby and declaring

12  the judgment against Haden to be nondischargeable pursuant to 11

13  U.S.C. § 523(a)(2)(A).  See Mem. of Dec. at 3.

14          The bankruptcy court found that Irby was "completely

15  unsophisticated in investment matters,"  Mem. of Dec. at 2, and

16  that "[d]espite being old enough to know better, she was taken in

17  by Haden's apparent polish and sophistication despite his young

18  age."  Id.

19          The bankruptcy court also found that in order to

20  convince Irby to lend him the money, Haden misrepresented the

21  risk involved in the investment.  See Mem. of Dec. at 3.

22  According to the court, Haden told Irby that "her loan was

23  absolutely safe, and [she] would be quickly repaid."  Mem. of

24  Dec. at 2.  Haden also told Irby the "very worst scenario was

25  that she would get her principal back and make no profit."  Id.

26  The court determined that, although Haden did not set out to

27  cheat Irby at the time he guaranteed that the loan was risk free,

28                                    3

1    he knew that Irby "would not even get her principal back if a

2    bank would not loan on the corporate stock." Id. at 2-3.

3    Finally, the court found that Irby believed Haden when he told

4    her that the loan was "absolutely safe" and that "[i]f Irby had

5    known the true risks she would not have loaned the money." Id.

6         The court concluded that, "[g]ood intentions do not

7    excuse material misrepresentations, nor do they prohibit an [sic]

8    finding of intent to defraud. Haden used a falsehood to induce

9    Irby to loan him $75,000.00. The court can and does infer

10    fraudulent intent from this act, despite Haden's motivations."

11    Mem. of Dec. at 3. Accordingly, the bankruptcy court decided

12    that Haden's debt to Irby was not dischargeable in bankruptcy

13    under 42 U.S.C. § 523(a)(2)(A).

14         Haden timely filed an appeal from this decision to the

15    Bankruptcy Appellate Panel. Pursuant to 28 U.S.C. §

16    158(c)(1)(B), Irby elected to transfer the appeal to the District

17    Court for the Northern District of California.

18                 **DISCUSSION**

19    **I.   Legal Standard**

20         Bankruptcy court findings are reviewed for clear error

21    and conclusions of law are reviewed de novo. See Anastas v.

22    American Sav. Bank (In re Anastas), 94 F.3d 1280, 1283 (9th Cir.

23    1996); Robertson v. Peters (In re Weisman), 5 F.3d 417, 419 (9th

24    Cir. 1993). A factual finding is clearly erroneous if, after

25    examining the evidence, the reviewing court "'on the entire

26    evidence is left with the definite and firm conviction that a

27    mistake has been committed.'" Anderson v. City of Bessemer, 470

28

1  U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co.,

2  333 U.S. 364, 395 (1948)).

3  **II. Analysis**

4         Debts obtained by false representations are not

5  excepted from discharge under the Bankruptcy Code. See 11 U.S.C.

6  § 523(a)(2).  Title 11, United States Code section 523 provides

7  in pertinent part:  "A discharge under [various sections] of this

8  title does not discharge an individual debtor from any debt . . .

9  for money . . . to the extent obtained by . . . false pretenses,

10  a false representation, or actual fraud . . . ."  11 U.S.C. §

11  523(a)(2)(A) (Supp. 1998).

12         The Ninth Circuit has articulated a five-part test for

13  determining when a debt is nondischargeable under section

14  523(a)(2)(A).  See Britton v. Price (In re Britton), 950 F.2d

15  602, 604 (9th Cir. 1991).  According to Britton the creditor must

16  show that: (1) the debtor made representations to the creditor;

17  (2) at the time the representations were made, the debtor knew

18  they were false; (3) the debtor made the representations with the

19  "intention and purpose of deceiving the creditor"; (4) the

20  creditor relied on the representations; and (5) the creditor

21  sustained damages as a result of the representations having been

22  made.  Id.  "These requirements mirror the elements of common law

23  fraud . . . ."  American Express Travel Related Servs. Co. v.

24  Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir.), cert.

25  denied, 117 S. Ct. 1864 (1997).

26         On appeal, Haden challenges the bankruptcy court's

27  conclusion that the debt is nondischargeable based on its factual

28                                    5

findings regarding Haden's intent. Haden also challenges the

court's factual finding that Irby relied on Haden's

representations.

        **A.**    **Intent To Deceive**

          Haden contends that the bankruptcy court's factual

findings do not support the conclusion that his representations

to Irby were made with the "intention and purpose of deceiving"

her. See Britton, 950 F.2d at 604. Haden asserts that because

the bankruptcy court specifically found that (1) he did not set

out to cheat Irby, (2) that he fully intended to repay her, and

(3) that "[i]f the entire plan was a scam, [he] was a dupe, not a

perpetrator," Mem. of Dec. at 2-3, the court erred when it

concluded that the intent element of the Britton test was met.

Although the existence of intent is a factual finding subject to

the clearly erroneous standard of review, because Haden's

argument is that the finding of intent to deceive is logically

inconsistent with the bankruptcy court's other factual

determinations, not that it is unsupported by the record, the

Court reviews the decision de novo.

        "[A]ctual fraud, by definition, consists of any

deceit . . . involving direct and active operation of the mind,

used to circumvent and cheat another -- something said . . . with

the design of perpetrating what is known to be a cheat or

deception." RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1293

(9th Cir. 1995) (quoting 3 Collier on Bankruptcy ¶ 523.08[5], at

523-57 to 523-58). A fraudulent misrepresentation is defined as:

"'One who fraudulently makes a misrepresentation of fact . . .

6

for the purpose of inducing another to act . . . in reliance upon it . . . ." Citibank (South Dakota), N.A. v. Eashai, 87 F.3d 1082, 1086 n.3 (9th Cir. 1996) (quoting Restatement (Second) of Torts § 525 (1976)).

In this case, the bankruptcy court found that Haden promised Irby that her principal would be returned to her. See Mem. of Dec. at 2. The court also determined that Haden made this promise knowing that if a commercial lender failed to provide a loan on the corporate stock, he would not be able to pay her back. See id. at 3. In sum, the bankruptcy court found that Haden misrepresented the degree of risk involved in lending the money in order to persuade Irby to make the loan. See id. at 2-3. These factual findings are consistent with the conclusion that Haden intended to deceive Irby.

The fact that Haden did not set out to cheat Irby, and that he fully intended to repay her, although admirable, is irrelevant to the finding of fraudulent intent. As the Supreme Court noted:

> [T]he intent which must be established need not be an intent to cause injury to the [appellee] . . . . [I]t is not necessary that the person making the misrepresentations intend to cause loss to the other or gain a profit for himself; it is only necessary that he intend action in reliance on the truth of his representations. . . . [T]he fact that the defendant was disinterested, that he had the best motives, and that he thought he was doing the plaintiff a kindness, will not absolve him from liability so long as he did in fact intend to mislead.

S.E.C. v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 192 n.39 (1963) (quotations and internal citations omitted); accord Federal Sav. & Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053,

1   1070 (N.D. Cal. 1988) (intent to cause injury is not required in

2   order to satisfy the third prong of the test articulated in

3   Britton). Haden's intent to repay Irby does not change the fact

4   that he affirmatively misrepresented the risk involved in the

5   transaction in order to induce her to lend him the money.

6           Finally, Haden's reliance on North American Coin is

7   misplaced. See Torres v. Eastlick (In re North Am. Coin &

8   Currency, Ltd.), 767 F.2d 1573 (9th Cir.), modified on other

9   grounds, 774 F.2d 1390 (9th Cir. 1985). Haden relies on North

10  American Coin to support his argument that "Irby's claim for

11  fraud must go beyond the failure to disclose a contingency that

12  Haden did not believe would happen." See Appellant's Opening Br.

13  at 6. At issue in North American Coin was whether, in the

14  absence of a material affirmative misrepresentation, defendant's

15  failure to disclose amounted to fraud. See id. at 1576. The

16  court held that it did not. See id. At issue here is whether

17  Haden, through his affirmative misrepresentation, intended to

18  deceive Irby.[1] The bankruptcy court did not commit error when it

19  found that Haden intended to deceive Irby.

20  __ //

21

22      [1] The two situations are distinguishable. See North Am.
    Coin, 767 F.2d at 1576. Before reaching the issue of when an

23  omission constitutes an affirmative misrepresentation, the North
    American Coin court stated:

24          We do not find in this record . . . evidence to establish
            fraud. The plaintiffs do not contend, nor is there any

25          evidence, that [defendant] committed any affirmative
            misrepresentations that induced them to do business with

26          the company before it became insolvent. [Plaintiffs] were
            never promised that any special measures would be taken

27          to protect their investments.
    Id.  Here, Haden affirmatively misrepresented the risk.

28
                                    8

## B.    Reliance On The Misrepresentations

In order to except a debt from discharge under section 523(a)(2)(a) a creditor's reliance need only be justifiable, not reasonable. See Field v. Mans, ___ U.S. ___, 116 S. Ct. 437, 445-46 (1995). According to the Ninth Circuit: "The general rule is that a person may justifiably rely on a representation even if the falsity could have been ascertained upon investigation. . . ." Romesh Japra, M.D., F.A.C.C., Inc. v. Apte (In re Apte), 180 B.R. 223, 229 (9th Cir. BAP 1995). A person cannot, however, rely on a representation knowing that the representation is false or if the falsity of the statement is obvious. See Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454, 1458 (9th Cir. 1992). In determining whether a creditor justifiably relied on the representations of the debtor, it is necessary to look at all the circumstances surrounding the transaction and "particularly [to] consider the subjective effect of those circumstances upon the creditor." Id. at 1460.

Turning to the record in this case, the bankruptcy court's finding that Irby relied on Haden's misrepresentation was not clearly erroneous. Prior to lending Haden the $75,000, Irby's only other experience in investing was the purchase of Certificates of Deposit. See Tr. at 78. She had never invested in the stock market or in mutual funds. See id. Irby testified that Haden "seemed very sophisticated". Id. at 79. She discussed the fact that Haden had attended college at SMU and had been an Oxford scholar. See id. at 80. Finally, Irby testified

9

1    that Haden was the regional manager of a company and "made good

2    money." See id. at 79, 80.

3         Irby stated that in deciding to lend Haden the money,

4    she relied on his promises that she would get her money back in

5    ninety days, "that the very worst scenario would be

6    that . . . the deal would not go through," and that only ninety

7    days of interest on the CDS would be lost. Tr. at 87. In

8    addition, prior to lending Haden the money, the only other

9    information that Irby could recall receiving about the deal was a

10   number of brochures, apparently describing the companies that

11   Haden had been dealing with in Germany. See id. at 86-87. In

12   view of this record, the bankruptcy court's finding that Irby

13   relied on Haden's assurances was not clearly erroneous.

14        Haden argues that Irby knew that his representations

15   regarding the risk of this investment were false and that Irby

16   did not justifiably rely on them. Haden points to Irby's

17   statements in the record, claiming that Irby "didn't think 90

18   days sounded realistic" and that "the whole payback arrangement

19   sounded more on a par of winning the lotto." See Appellant's

20   Opening Brief at 8. Haden misconstrues what Irby stated in the

21   record. In her deposition, Irby stated that receiving a return

22   on her investment within ninety days seemed unrealistic and that

23   the type of return Haden discussed sounded like winning the

24   lottery. See Tr. at 112-13. Although Irby may have doubted the

25   immediacy and extent of the profit on her investment, such doubts

26   are not inconsistent with the conclusion that she justifiably

27   relied on Haden's guarantee that, at a minimum, her initial

28                              10

1  investment would be returned to her.

2           After examining the evidence regarding Irby's reliance,

3  the Court is not left with "the definite and firm conviction that

4  a mistake has been committed." City of Bessemer, 470 U.S. at

5  573. The finding of the bankruptcy court was not clearly

6  erroneous.

7                          **CONCLUSION**

8           For the foregoing reasons, the decision of the

9  bankruptcy court is AFFIRMED.

10

11

12  SO ORDERED.

13  Dated: November 16, 1998

14

15

16  FERN M. SMITH
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                              11