1  RHONDA L. NELSON (State Bar No. 116043)
   DAVID E. PINCH (State Bar No. 124851)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5
   Attorneys for Plaintiff
6  IRETA IRBY

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 IRETA IRBY,                      Case No.: 3:08C-80004MISC-PJH

          Plaintiff,                **DECLARATION OF RHONDA L.**
13                                  **NELSON IN SUPPORT OF:**
          vs.
14                                  **IRETA IRBY'S** *SUPPLEMENTAL*
   BROOKS HENDERSON HADEN,          **OPPOSITION TO MOTION TO**
15                                  **VACATE JUDGMENT AND FOR**
          Defendant.               **PERMANENT INJUNCTION AGAINST**
16                                  **ENFORCEMENT OF TEXAS**
                                    **JUDGMENT IN CALIFORNIA**
17
                                    Hearing Date: May 14, 2008
18                                  Time: 9:00 a.m.
                                    Dept.: 3
19                                  Judge: Phyllis J. Hamilton

20

21         I, Rhonda L. Nelson, declare and state:

22         1.    I am an attorney at law, licensed to practice before the bar of this Court, and am a

   member of the law firm of Severson & Werson, attorneys for Plaintiff in this action. I make this
23
   declaration in support of the Opposition to the Motion to Vacate Judgment and for Permanent
24
   Injunction against Enforcement of Texas Judgment in California. As a result, I have personal and
25
   firsthand knowledge of the facts stated herein and if called to testify could do so competently.
26
           2.    On February 13, 1997, Ireta Irby ("Irby") filed against Brooks Henderson Haden
27
   ("Haden") the Complaint for Determination of Dischargeability ("Complaint".) A true and
28

                                        -1-

1  correct copy of the Nondischargeability Complaint is attached hereto as Exhibit "A.". On

2  January 29, 2008, Irby filed against Haden the First Amended Complaint for Determination of

3  Dischargeability of Debt ("Amended Complaint"). A true and correct copy of the First Amended

4  Complaint is attached hereto as Exhibit "B." (The Complaint and First Amended Complaint shall

5  hereinafter be referred to collectively as the "Nondischargeability Complaint").

6  3. On April 15, 1998, the bankruptcy court filed its Memorandum Decision declaring

7  that the Texas Judgment was nondischargeable based on fraud pursuant to Bankruptcy Code

8  §523(a)(2). A true and correct copy of the Memorandum Decision is attached hereto as Exhibit

9  "C."

10  4. On April 28, 2008, the bankruptcy Court entered the Judgment

11  ("Nondischargeability Judgment"). A true and correct copy of the Nondischargeability Judgment

12  is attached hereto as Exhibit "D."

13  5. On May 5, 1998, Haden filed a Notice of Appeal to the Bankruptcy Appellate

14  Panel for the Ninth Circuit ("Notice of Appeal"). A true and correct copy of the Notice of Appeal

15  is attached hereto as Exhibit "E."

16  6. On May 27, 1998, Irby filed Plaintiff Ireta Irby's Statement of Election to Transfer

17  the Appeal to the District Court ("Objection") objecting to the reference of the appeal to the

18  Bankruptcy Appellate Panel. A true and correct copy of the Objection is attached hereto as

19  Exhibit "F." The impact of the Objection was to send the appeal to the District Court.

20  7. On November 18, 1998, the District Court entered an Order Affirming Decision of

21  the Bankruptcy Court ("Order"). A true and correct copy of the Order is attached hereto as

22  Exhibit "G"

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-2-

DECL. NELSON IN SUPOF *SUPP.* OPPTO MOTTO VACATE
JUDGMENT…*Irby v. Haden* –#3:08C-80004MISC-PJH

1       I declare under penalty of perjury of the laws of the United States of America that the

2  foregoing is true and correct.

3       Executed on this 28 th day of April at San Francisco, California.

4

5                             _____/s/ Rhonda L. Nelson _____

6                             RHONDA L. NELSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. NELSON IN SUP OF *SUPP.* OPP TO MOT TO VACATE
JUDGMENT…*Irby v. Haden* -#3:08C-80004MISC-PJH

# EXHIBIT A

# EXHIBIT A

1 | LOFTON, De LANCIE & NELSON
2 | NICOLAS De LANCIE (State Bar No. 84934)
  | SHARON D. SILVERMAN (State Bar No. 148464)
3 | 505 Montgomery Street, Suite 1550
  | San Francisco, California 94111-2584
  | Telephone:  (415) 772-1900
4 |
  | Attorneys for Plaintiff
5 | IRETA IRBY

97-1034 -AJ
ADVERSARY
PLAINTIFF: Ireta Irby
DEBTOR: H. Brooks
DEFENDENT: H. Brooks
JUDGE: Hon. A. Jaroslovsky

ORIGINAL FILED 02/13/97 - 2:13PM
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION
DEPUTY: lc
RECEIPT NO: 1-7-233052    $150

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re Brooks H. Haden | Case No. 96-13933 aj |
|  | Chapter 7 |
| Ireta Irby, | Adversary No. |
|        Plaintiff | |
|    v. | |
| Brooks H. Haden, | |
|        Defendant | |

### Complaint for Determination of Dischargeability

#### Claim for Relief

Nelwyn Ireta Irby, plaintiff herein, by Sharon D. Silverman, her undersigned counsel, for her complaint against the defendant, alleges as follows:

1.    This is a core proceeding over which this court has jurisdiction under Title 28 U.S.C. § 157(b).

2.    Defendant is the debtor in the above-captioned Chapter 7 case (the "Case").  Defendant commenced the Case on November 14, 1996.

3.    Plaintiff is a creditor of defendant.

4.    This is an adversary proceeding to determine the dischargeability of debtor's debt to plaintiff.

Page -1-
Complaint for Determination of Dischargeability

EXHIBIT A

COPY

1      5.      Defendant is indebted to plaintiff in the amount set forth below for

2   obtaining money by false pretenses, false representations and actual fraud as follows:

3          a.      In February of 1987, plaintiff loaned (the "Loan") defendant

4   $75,000.00 based on defendant's prior oral representations that (1) defendant needed the

5   Loan to pursue a business venture to take waste products from industry and make them

6   environmentally safe, and (2) the Loan was needed for a short term and would be paid back

7   to her within ninety (90) days.

8          b.      Plaintiff is informed and believes, and, based thereon, alleges

9   that defendant knew, at the time of making these oral representations just prior to the Loan,

10   that such representations were false and fraudulent and were designed to obtain money from

11   plaintiff under false pretenses.

12          c.      Defendant failed to inform plaintiff that her money would be at

13   risk such that she had little or no chance of receiving back her money within the ninety (90)

14   days, or ever.

15          d.      Plaintiff, at the time of making the Loan, justifiably relied on

16   defendant's false oral representations, not knowing at the time that they were, in fact, false.

17          e.      After making the Loan, plaintiff received a loan agreement and

18   promissory note signed by defendant and dated February 20, 1987.  Contrary to the prior

19   understanding between plaintiff and defendant, such loan agreement stated that the Loan was

20   used to finance a real estate development in Dallas, Texas known as "The French Centre."

21   Both such loan agreement and promissory note stated that the Loan was due and payable

22   within ninety (90) days of the date of those documents.

23          f.      On or about May 27, 1988, plaintiff caused defendant to be

24   served with a summons and complaint alleging that defendant had obtained money from

25   plaintiff through intentional and false representations.  A true and correct copy of such

26   complaint is attached hereto, marked as Exhibit A.

27          g.      On November 17, 1988, a default judgment (the "Judgment") in

28   plaintiff's favor was entered in the United States District Court for the Southern District of

1    Texas, Houston Division, in the amount of $87,450.00, which included interest, attorney's

2    fees and court costs to that date. A true and correct copy of the Judgment is attached hereto,

3    marked as Exhibit B.

4         6.    Defendant is now indebted to plaintiff under the Judgment in the

5    amount of $158,726.00, consisting of the Judgment amount of $87,450.00, plus interest

6    thereon at the legal rate of ten percent (10%) from the date thereof to the date hereof, of

7    $72,092.34, less $816.34 garnished from defendant's wages immediately prior to the

8    commencement of the Case. Interest at the legal rate continues to accrue on the Judgment.

9

10                              Prayer

11         WHEREFORE, plaintiff prays (1) for judgment against defendant as follows:

12    that the court determine that the debt of defendant to plaintiff under the Judgment in the

13    amount of $158,726.00 is nondischargeable pursuant to Bankruptcy Code section 523(a)(2);

14    and (2) that plaintiff have such other further relief as is just, including continuing interest on

15    the Judgment and reasonable costs and attorney's fees.

16

17    DATED: February 12, 1997         Respectfully submitted,

18                                     LOFTON, De LANCIE & NELSON

19

20                                     By: _____
                                            Sharon D. Silverman
21

22                                     Attorneys for Plaintiff
                                       IRETA IRBY
23    96093\complain

24

25

26

27

28

                                                                    -3-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAY 24 1988

IRETA IRBY
   Plaintiff

VS.

BROOKS H. HADEN
   Defendant

X
X
X
X
X
X
X
X

CIVIL ACTION NO. H-88-1781

## COMPLAINT

  COMES NOW the Plaintiff, IRETA IRBY and files this her Complaint complaining of BROOKS H. HADEN and for cause of action would show into the Court as follows:

  1. Plaintiff is a resident citizen of Houston, Harris County, Texas were the cause of action arises. Defendant is a resident citizen of the State of Colorado. Pursuant to the Federal Rules of Civil Procedure, service of summons upon Defendant, BROOKS H. HADEN may be accomplished by service upon the Secretary of State of Texas in Austin, Travis County, Texas. The Secretary of State may then forward such summons by registered or certified mail, return receipt requested to Defendant BROOKS H. HADEN, 1324 Green Gables Court, Fort Collins, Colorado 80525.

  2. Jurisdiction is founded upon diversity of citizenship and amount. The matter in controversy exceeds, exclusive of interests and costs, the sum of $10,000.00.

  3. Attached hereto is a copy of an instrument executed and delivered by Defendant. Plaintiff is the owner and holder of the instrument.



**EXHIBIT**
**A**

4.    Defendant has defaulted in the payment of the obligation represented by the instrument.    The principal balance remaining due and unpaid is $75,000.00.    Interest on the amount at the rate provided after maturity is also due as shown by the attachment hereto.

5.    Though payment has often been demanded Defendant has failed to pay the indebtedness.    Plaintiff has placed the matured instrument with the undersigned attorney.    Under the agreement evidenced by the instrument the attorney's fees shall be a reasonable amount, but not less than 10 percent of the principal and interest then owing. Therefore, Plaintiff seeks attorney's fees in a reasonable amount.

6.    In the alternative, Plaintiff alleges that on or about February 20, 1987, Defendant executed a promissory note to her in return for $75,000.00, and intentionally and falsely represented to her that the principal would be paid on the 90th day following the date.    In reliance upon this intentional false representation, Plaintiff transferred to Defendant the sum of $75,000.00.    Plaintiff has been damaged in that the sum of $75,000.00 has never been repaid and is still due and owing.    Further, Plaintiff alleges that the actions of Defendant were done with evil intent and malice in order to defraud Plaintiff of her funds.    Therefore, Plaintiff seeks punitive damages of twice (2) the amount of actual damages found for Defendant's wrongful conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that summons issue to Defendant and that upon final hearing hereof Plaintiff have Judgment against the Defendant as follows: a) In the sum of $75,000.00 plus 10% interest from May 20, 1987; plus interest at the legal rate from the date of Judgment upon the Judgment amount; plus reasonable attorney's fees; plus cost of court; or  b) In the alternative the sum of $75,000.00 representing actual damages; plus punitive damages of twice (2) the sum of actual damages found by the court; plus court costs; and, c) Such other and further relief as the Court should deem just and proper.

Respectfully submitted

WAYNE H. PARIS
550 Westlake Park Blvd.
Suite 700
Houston, Texas 77079
(713) 558-8989
I.D. # 797
ATTORNEY FOR PLAINTIFF

THE STATE OF TEXAS    X
                      X
COUNTY OF HARRIS      X

BEFORE ME, the undersigned authority, on this day personally appeared IRETA IRBY, who is the Plaintiff creditor and stated on her oath that the indebtedness sued upon in the principal balance herein is within her knowledge, just and true, and it is due and unpaid, and that all offsets, payments and credits have been allowed, and

that interest is due at the rate and from the times therein stated.

_____
IRETA IRBY

SWORN TO AND SUBSCRIBED BEFORE ME, on this 23rd day of May, 1988.

COSIMINA A. CAPO
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 29, 1989

_____
NOTARY PUBLIC, STATE OF TEXAS

**PROMISSORY NOTE**

$75,000.00                                          February 20, 1987

FOR VALUE RECEIVED, the undersigned (hereinafter "Maker") promises to pay to the order of IRETA IRBY ("Payee") at 22410 Greenbrook Drive, Houston, Texas, or such other place as Payee shall direct, the principal sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), without interest other than that payable if this Promissory Note is not timely paid as hereinafter provided, and other than certain stock to be paid over, transferred and delivered as set forth in a certain Agreement between the parties of even date herewith, all of which are payable on the 90th day following the date hereof.

Upon any default in making any of the payments due hereunder when same is due, and if this Note is referred to an attorney for collection, whether or not suit is actually filed, Maker will pay additionally a reasonable attorneys' fee of not less the 10% of the total amount then due hereunder, plus all other Court costs and other costs of collection. Further, if this Note not be paid when due, the unpaid principal balance shall bear interest at the highest rate permissible under law from said due date until paid, or if there be no such rate then in effect, at the rate of fifteen percent (15%) per annum.

Makers, and all endorsers, guarantors and sureties hereof waive presentment, protest, demand, and notice of protest and non-payment and agree to and waive notice of all extensions of this Note or any part thereof.

Failure of Payee or any holder hereof to exercise any of its rights hereunder at any time shall not constitute a waiver of its right to exercise such rights at any other time, as to the same or any other default or breach theretofore or thereafter occurring.

This Note shall be the joint and several obligation of Maker, and all sureties, guarantors and endorsers, and shall be binding upon them, their heirs, personal representatives and assigns.

                              EXHIBIT "A"

IN WITH OF WHEREOF that I have hereunder subscriber my name this 20th day of February, 1987.

_Brooks H. Haden_

**BROOKS H. HADEN**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY

VS.

BROOKS H. HADEN

X
X
X    CIVIL ACTION NO. H-88-1781
X
X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of _____Nov.____, 1988.



EXHIBIT
B

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
PM
12|1|2|3|4|5|6

# EXHIBIT B

# EXHIBIT B

1  LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2  RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3  San Francisco, California 94111-2584
   Telephone: (415) 772-1900
4
5  Attorneys for Plaintiff and Creditor
   IRETA IRBY

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SANTA ROSA DIVISION

11

12  In re                            )        Case No. 96-13933-AJ
                                     )        Chapter 7
13  BROOKS HENDERSON HADEN,          )
                                     )
14            Debtor.               )
                                     )
15  _____     )
    IRETA IRBY,                      )        Adversary Proceeding No. 97-1034-AJ
16                     Plaintiff,    )
                                     )
17  vs.                              )
                                     )
18  BROOKS HENDERSON HADEN,          )
                                     )
19            Defendant.            )
                                     )
20  _____     )

21

22

23            FIRST AMENDED COMPLAINT FOR
          DETERMINATION OF DISCHARGABILITY OF DEBT

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR
DETERMINATION OF DISCHARGABILITY OF DEBT                EXHIBIT B                PAGE 1

1    Ireta Irby (the "Plaintiff") complains against Brooks Henderson Haden (the

2    "Defendant") by this First Amended Complaint for Determination of Dischargeability of

3    Debt (this "Complaint") and alleges:

4

5                                          PARTIES

6    The Plaintiff.

7        1.    Ireta Irby, the plaintiff herein, is—

8            a.    a natural person residing in Ruston, Louisiana;

9            b.    a creditor of the Defendant in the Case (defined below).

10

11   The Defendant.

12       2.    The Plaintiff is informed and believes and, based thereon, alleges that

13   defendant Brooks Henderson Haden is—

14           a.    a natural person residing in Mill Valley, County of Marin, California;

15   and

16           b.    the debtor in that certain case (the "Case") under Chapter 7 of Title

17   11 of the United States Code (such title, the "Bankruptcy Code") now pending in the United

18   States Bankruptcy Court for the Northern District of California, Santa Rosa Division (such

19   court, this "Court"; and such district, this "District"), styled *In re Brooks Henderson Haden*,

20   bearing case number 96-13933-AJ.

21

22                       JURISDICTION, VENUE, AND CORE NATURE

23       3.    This Court has original jurisdiction over this adversary proceeding (this

24   "Proceeding") and the claim for relief stated herein pursuant to section 1334 of Title 28 of

25   the United States Code (such title, the "Judicial Code").

26       4.    Venue in this District is proper pursuant to section 1409 of the Judicial

27   Code.

28   \\\\

LOFTON, De LANCIE & NELSON
305 MONTGOMERY STREET, SUITE 1530
SAN FRANCISCO, CALIFORNIA 94111-2584
TELEPHONE (415) 772-1900  FACSIMILE (415) 772-1909

5.    This Proceeding is a proceeding for a determination of the dischargeability of the Debt (defined below) of the Defendant to the Plaintiff under section 523(a)(2)(A) of the Bankruptcy Code.

6.    This Proceeding is a core proceeding pursuant to section 152 of the Judicial Code.

GENERAL ALLEGATIONS

7.    On or about February 13, 1987, the Plaintiff loaned (the "Loan") the sum of $75,000.00 to the Defendant by causing the Greenspoint Branch of Western Federal Savings and Loan Association, of Houston, Texas, to issue its cashier's check number 007245, dated that date, in such amount, to the order of the Defendant, and mailing such check to the Defendant.  The Plaintiff paid such association the entire sum of $75,000.00 represented by such check from her own funds.

8.    Prior to the making of the Loan, the Defendant and the Plaintiff had had a personal relationship, to wit:  the Defendant was dating the Plaintiff's daughter Deann, had been a frequent visitor in the Plaintiff's home during the latter part of 1986 and the first part of 1997, and had been in telephone contact with the Plaintiff during this period.

9.    During his various visits to the Plaintiff's home and in his various telephone conversations with her during this period (the latter part of 1986 and the first part of 1997), the Defendant regularly discussed with the Plaintiff a business plan on which he said he had been working for three years to take industrial waste products, specifically those containing polychlorinated biphenyls ("PCB"), and make them safe.  During these conversations, the Defendant told the Plaintiff that (i) he had travelled to Europe and met with several shipping companies that would be involved in this business; (ii) this business would be timely because PCB removal and environmental clean-up were currently "hot topics"; (iii) this business would help clean-up industrial waste; (iv) he had "a lot of people" interested in this business; (v) in order further to pursue this business, the Defendant needed to purchase a "shell corpo-ration"; (vi) the cost for such purchase would be $200,000; (vii) if the Plaintiff could loan

LOFTON, De LANCIE & NELSON
530 MONTGOMERY STREET, SUITE 1530
SAN FRANCISCO, CALIFORNIA 94111-2584
TELEPHONE (415) 772-1600  FACSIMILE (415) 772-1699

FIRST AMENDED COMPLAINT FOR
DETERMINATION OF DISCHARGABILITY OF DEBT

LOFTON, DE LANCIE & NELSON
555 MONTGOMERY STREET, SUITE 1500
SAN FRANCISCO, CALIFORNIA 94111-2594
TELEPHONE (415) 772-1500 FACSIMILE (415) 772-1599

1  him this sum for ninety days, she would become "equal partners" with him in this business;

2  (viii) the return the Plaintiff could expect for loaning the Defendant money for this business

3  would be directly related to the amount that she could loan to him; (ix) if she could only loan

4  him a lesser amount—she had told him that she did not have $200,000.00 to lend him, that

5  she only had $75,000.00, and that was not available until February 13, 1987 when certain

6  certificates of deposit in that amount she held would be maturing—she would become a "par-

7  tner" with him and other investors he would need to bring into the transaction in the busi-

8  ness; (x) there would be a meeting in Dallas, Texas soon with all investors in the business to

9  which she would be invited where "all her questions would be answered"; (xi) if the Plaintiff

10 loaned the Defendant $75,000.00, she would have the opportunity to make "a lot of money",

11 enough to be able "to buy [herself] two Mercedes Benzes", she would have the opportunity to

12 become a part of his business, and he and she would both become rich; (xii) things were

13 "going so well for him" in this business; (xiii) his grandfather, a bishop in the Episcopal

14 Church in Dallas, Texas, and an attorney, were also loaning him money for this business;

15 (xiv) the Defendant would "personally guarantee" that the Plaintiff would be repaid the entire

16 amount of the Loan within ninety days; (xv) even if the business "did not go as planned", the

17 Loan would be repaid to the Plaintiff within ninety days; and (xvi) there was "just no way"

18 that the Plaintiff would not be repaid the Loan.

19     10.   On or about February 10, 1987, the Defendant telephoned the Plaintiff at

20 her home and told her that "things were moving quicker than [he] had expected" and that he

21 needed the money she had "promised" to loan him "right now". The Plaintiff reminded him

22 that he had previously promised her that she would be invited to a meeting in Dallas, Texas

23 with all investors in the business, but that that had not happened. He told her that that

24 meeting—a "big" meeting—would be happening "soon", but that she needed to send him her

25 check right away by Federal Express, although he said he could wait until February 13,

26 1987. The Defendant repeated to the Plaintiff that even if the business "did not go as

27 planned", the Loan would be repaid to the Plaintiff within ninety days and that there was

28 "just no way" that the Plaintiff would not be repaid the Loan. He told her that he would be

1    sending her a promissory note for the Loan soon. The Defendant was very insistent with the

2    Plaintiff and she agreed to send the check for the Loan when her certificates of deposit

3    matured three days later.

4         11.    In mid-March 1987, after attempting to contact the Defendant by telephone

5    on a number of occasions since making the Loan and finally speaking to him by telephone in

6    early March 1987, the Plaintiff received that certain Agreement and that certain Promissory

7    Note (respectively, the "Agreement" and the "Note"), both dated February 20, 1987, made

8    by the Defendant from the Defendant. True and correct copies of the Agreement and the

9    Note are attached hereto, marked, respectively, as Exhibits A and B.

10         12.    Both the Agreement and the Note provided that the Loan was to be repaid,

11   without interest, ninety days after the date thereof (that is, on May 21, 1987). The Agree-

12   ment also provided that (i) the Defendant intended to acquire substantially all of the shares

13   (the "Cambest Shares") of Cambest, Inc., a Nevada corporation ("Cambest"); (ii) the sole

14   use of the funds loaned by the Plaintiff was for such acquisition; (iii) there would be no other

15   use thereof; (iv) the purpose of such acquisition was the developmemt of a real estate project

16   in Dallas, Texas; (v) the name of Cambest was contemplated to be changed to "Meyers Con-

17   cepts International Incorporated"; (vi) ninety days after the date of the Agreement the

18   Plaintiff would receive a certain number of the Cambest Shares, half "free trading" and the

19   other half subject to trading restrictions under Rule 144 promulgated by the Securities and

20   Exchange Commission (the "SEC").

21         13.    In late April 1987, the Plaintiff received from the Defendant two certifi-

22   cates, each representing 37,500 shares of the common stock of Myers Concepts International,

23   Inc., a Utah corporation (such corporation, "Meyers Utah"; and such shares, collectively, the

24   "Meyers Shares"), both of which were dated April 22, 1987, and one of which bore a restric-

25   tive legend. True and correct copies of such certificates are attached hereto, marked, collec-

26   tively, as Exhibit C.

27         14.    The Loan was not repaid on May 21, 1987, or at any time thereafter.

28   \\\\

LOFTON, De LANCIE & NELSON
951 MONTGOMERY STREET, SUITE 1500
SAN FRANCISCO, CALIFORNIA 94111-2384
TELEPHONE (415) 772-1900  FACSIMILE (415) 772-1909

**PROOF OF SERVICE BY MAIL**

1

2

3          I, Béla Nuss, declare as follows:

4          I am over the age of 18 years, and not a party to this action. My business

5   address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111, which is

6   located in the county where the mailing described below took place.

7          I am readily familiar with the business practice at my place of business for

8   collection and processing of correspondence for mailing with the United States Postal Service.

9   Correspondence so collected and processed is deposited with the United States Postal Service

10  that same day in the ordinary course of business.

11         1.     On January 27, 1998, at my place of business at San Francisco,

12  California, a copy of the following document:  **FIRST AMENDED COMPLAINT FOR**

13  **DETERMINATION OF DISCHARGABILITY OF DEBT**, was placed in a sealed envelope,

14  with postage fully prepaid, addressed to:

15          Kaipo K.B. Young, Esq.
            Law Offices of Iain A. Macdonald
16          Two Embarcadero Center, Suite 1670
            San Francisco, CA  94111-3930
17

18  and that said envelope was placed for collection and mailing on that date following ordinary

    business practices.

19         I certify and declare under penalty of perjury under the laws of the State of

20  California that the foregoing is true and correct.

21         Executed on January 27, 1998, at San Francisco, California.

22

23

24          _____
            Béla Nuss
25

26

27

28

# EXHIBIT C

# EXHIBIT C

FILED

APR 15 1998

KEENAN G. CASADY, CLERK
U.S.Bankruptcy Court-Santa Rosa

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

BROOKS H. HADEN,                              No. 96-13933

            Debtor.
_____/

IRETA IRBY,

            Plaintiff,

    v.                                    A.P. No. 97-1034

BROOKS H. HADEN,

            Defendant.
_____/

## Memorandum of Decision

In early 1987, debtor and defendant Brooks H. Haden was a 23-year-old, fresh out of college. Plaintiff Ireta Irby was a registered nurse in her fifties. They met because Haden was dating Irby's daughter.

Haden had become convinced by a third party that he could make a lot of money by investing in several business ventures. Haden was told and believed that he could raise the capital needed for these ventures by purchasing a publicly traded shell corporation, infusing the ventures into the corporation, and then borrowing money using the corporation's stock as collateral. This plan may have been a fraudulent securities scheme, but if it was Haden was clueless as to it.

Haden needed to raise around $200,000.00 to purchase the shell corporation. Having no funds of his own, he set out to convince friends and relatives to lend him the money. Among these was Irby.

Haden told Irby that he only needed to borrow the money for 90

1

EXHIBIT C

days.    He believed that a lender would make a loan on the stock by then which would allow him to retire the debt quickly.

Irby was completely unsophisticated in investment matters. her entire savings was about $100,000.00, which she kept in certificates of deposit.    Despite being old enough to know better, she was taken in by Haden's apparent polish and sophistication despite his young age.    She believed Haden when he told her that her loan was absolutely safe, and would be quickly repaid.    He told her that in addition to quick repayment, she would get shares of stock which could become valuable.    Haden told her that the very worst scenario was that she would get her principal back and make no profit.    Believing him, Irby cashed in $75,000.00 in certificates of deposit and loaned the money to Haden.

Haden's statements to Irby were false.    In fact, the loan was a very risky proposition.    If no bank would loan on the stock, then the business ventures were dead and Haden would have no way to repay the loan.    That is what happened.    If Irby had known the true risks, she would not have loaned the money.

Haden has never repaid Irby.    She obtained a judgment against him in 1988.    He filed a Chapter 7 bankruptcy petition on November 14, 1996.    By this adversary proceeding, Irby seeks to have the debt declared nondischargeable pursuant to section 523(a)(2) of the Bankruptcy Code.

The difficult issue in this case is that of intent.    Irby argues that Haden was part of a larger securities fraud, but there is no evidence of this.    If the entire plan was a scam, Haden was a dupe, not a perpetrator.

Haden did not set out to cheat Irby; being young and inexperienced, he actually believed that he could pay Irby quickly

2

1  and fully intended to do so.    However,  in his eagerness to   raise

2  the funds he needed he was not fully honest with Irby.  He told her

3  that  the   worst that could happen was that she would only get  her

4  principal back.    In fact,   he knew that she would not even get her

5  principal  back   if a bank would not loan on the   corporate   stock.

6  Good intentions do not excuse material misrepresentations,   nor  do

7  they   prohibit   an  finding of intent to   defraud.    Haden   used  a

8  falsehood to induce Irby to loan him $75,000.00.   The court can and

9  does   infer  fraudulent  intent  from  this  act,  despite  Haden's

   motivations.

10      For the foregoing reasons,   Irby's judgment against Haden will

11 be  deemed nondischargeable.    She shall also recover her costs  of

12 suit.

13      This   memorandum   constitutes  the  court's   findings   and

14 conclusions  pursuant  to FRCP 52(a) and FRBP  7052.   Counsel  for

15 Irby shall submit an appropriate form of judgment forthwith.

16

17      Dated: April 14, 1998

   Alan Jaroslovsky
   U.S. Bankruptcy Judge

18

19

20

21

22

23

24

25

26

                                    3

AO 72
(Rev 8/82)

1    CERTIFICATE OF MAILING

3    The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of
     California hereby certifies that a copy of the attached document was mailed to all parties listed below
4    as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

5    Dated: April 15, 1998

7    _____
                    Deputy Clerk

10   IAIN A. MACDONALD
     Two Embarcadero Center, Suite 1670
11   San Francisco, CA 94111-3930

12   LOFTON, De LANCIE & NELSON
     Rhonda L. Nelson
13   505 Montgomery Street, Suite 1550
14   San Francisco, CA 94111-2584

AO 72
(Rev 8/82)

# EXHIBIT D

# EXHIBIT D

1  LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2  RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3  San Francisco, California 94111-2584
   Telephone: (415) 772-1900
4

   Attorneys for Plaintiff
5  IRETA IRBY

**ORIGINAL FILED**

APR 27 1998

KEENAN G. CASADY, CLERK
U.S. Bankruptcy Court–Santa Rosa

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SANTA ROSA DIVISION

11

12  In re                          )    Case No. 96-13933 AJ
                                   )    Chapter 7
13  BROOKS H. HADEN,               )
                                   )
14              Debtor.            )
    _____ )
15                                 )    Adversary No. 97-1034-AJ
    IRETA IRBY,                    )
16                                 )
               Plaintiff,          )
17                                 )
        v.                         )
18                                 )
    BROOKS H. HADEN,               )
19                                 )
               Defendant.          )
20  _____ )

21

22                          **JUDGMENT**

23

24          This action came on regularly for trial on April 14, 1998, in the United States

25  Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable

26  Alan Jaroslovsky presiding. Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with

27  plaintiff Ireta Irby. Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.

28  Macdonald appeared with defendant Brooks H. Haden.

**EXHIBIT D**

JUDGMENT
96097.Judgment

ENTERED  APR 28 1998

Page 1

COPY

1    After hearing the evidence and arguments of counsel, judgment is hereby

2    entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3    plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4    November 17, 1988, in the United States District Court for the Southern District of Texas,

5    Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6    Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7    Dated:    APR 27 1998

8

9                              **ALAN JAROSLOVSKY**

10                             ALAN JAROSLOVSKY
                               United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT                                                                      Page 2
96093\judgment

1

## PROOF OF SERVICE

2

3        I, the undersigned, declare as follows:

4        I am over the age of 18 years, and not a party to this action.  My business
address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111.  I am readily
5   familiar with the business practice at my place of business for collection and processing of
correspondence for mailing with the United States Postal Service.  Correspondence so
6   collected and processed is deposited with the United States Postal Service that same day in the
ordinary course of business.  On this date, at San Francisco, California, I served the following
7   document(s), entitled **JUDGMENT**, by placing copies of said document(s) in sealed envelopes
and served in the manner(s) described below on the addressee(s) listed below.

8

   [ X ]   **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's
9           San Francisco office following ordinary business practices, addressed to the
            addressee(s) designated.

10

   [   ]   **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express
11          overnight courier to the addressee(s) designated.

12

   [   ]   **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the
13          addressee(s) designated.

14

   [   ]   **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile
15          to the telephone number(s) of the addressee(s) designated.

16          Iain A. Macdonald, Esq.
            Law Offices of Iain A. Macdonald
17          Two Embarcadero Center, Suite 1670
            San Francisco, CA  94111-3930

18          I declare under penalty of perjury under the laws of the State of California that
19   the foregoing is true and correct.  Executed on April 20, 1998, in San Francisco, California.

20

21          _Béla Nuss_ _(signature)_
            Béla Nuss

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3      I, the undersigned, declare as follows:

4      I am over the age of 18 years, and not a party to this action. My business
address is 505 Montgomery Street, Suite 1550, San Francisco, California 94111. I am readily
familiar with the business practice at my place of business for collection and processing of
5      correspondence for mailing with the United States Postal Service. Correspondence so
collected and processed is deposited with the United States Postal Service that same day in the
6      ordinary course of business. On this date, at San Francisco, California, I served the following
document(s), entitled **NOTICE OF ENTRY OF JUDGMENT**, by placing copies of said
7      document(s) in sealed envelopes and served in the manner(s) described below on the
addressee(s) listed below.

8

9    ☒  **(By Mail)** I placed such envelope(s) for collection and mailing at my employer's
San Francisco office following ordinary business practices, addressed to the
10       addressee(s) designated.

11   ☐  **(By Federal Express)** I caused such envelope(s) to be delivered by Federal Express
overnight courier to the addressee(s) designated.
12

13   ☐  **(By Hand Delivery)** I caused such envelope(s) to be delivered by hand to the
addressee(s) designated.
14

15   ☐  **(By Facsimile)** I transmitted copies of the referenced document(s) via facsimile
to the telephone number(s) of the addressee(s) designated.

16       Iain A. Macdonald, Esq.
17       Law Offices of Iain A. Macdonald
Two Embarcadero Center, Suite 1670
18       San Francisco, CA  94111-3930

19      I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct. Executed on April 29, 1998, in San Francisco, California.

20

21

22       Barak Weinstein

23

24

25

26

27

28

# EXHIBIT E

# EXHIBIT E

1 | LAW OFFICES OF IAIN A. MACDONALD
Iain A. Macdonald, CSB# 51073
2 | Kaipo K.B. Young, CSB #164718
Two Embarcadero Center, Suite 1670
3 | San Francisco, CA 94111-3930
Telephone: (415) 362-0449
4 | Facsimile: (415) 394-5544

5 | Attorneys for Brooks H. Henderson, Defendant

```
97-1034 -AJ
APPEAL
DEBTOR: Brooks Haden
JUDGE: Hon. A. Jaroslovsky
MOTION #:    -
-------------------------------
ORIGINAL FILED 05/05/98 - 11:47AM
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION
DEPUTY: ba
RECEIPT NO: 1-8-242022   $105
-------------------------------
```

UNITED STATES BANKRUPTCY APPELLATE PANEL

NINTH CIRCUIT COURT OF APPEALS

| | |
|---|---|
| In re | ) Chapter 7 |
| | ) Underlying Case No. 96-13933 |
| BROOKS HENDERSON HADEN | ) |
| Debtor. | ) |
| | ) Adversary Proceeding |
| _____ | ) No. 97-1034-AJ |
| | ) |
| IRETA IRBY | ) |
| Plaintiff. | ) NOTICE OF APPEAL |
| | ) |
| vs. | ) |
| | ) |
| BROOKS HENDERSON HADEN | ) |
| Defendant. | ) |
| _____ | ) |

Defendant Brooks Henderson Haden ("Haden") hereby appeals under 28 U.S.C.

Section 158(b) to the United States Bankruptcy Appellate Panel from the Judgment After

Remand entered on April 28, 1998, a true and correct copy of which is attached hereto and

incorporated herein by this reference and herein marked as Exhibit "A".

The parties to the matter appealed from, and the names and addresses of their

attorneys are:

///

///

NOTICE OF APPEAL
G:\WPDOCS\1270-IAM\APPEAL\notice.wpd          - 1 -                    **EXHIBIT E**

1    Counsel for Defendant Brooks Henderson Haden:

2        Law Offices of Iain A. Macdonald
         Iain A. Macdonald, Esq.
3        Kaipo K.B. Young, Esq.
         Two Embarcadero Center, Suite 1670
4        San Francisco, CA 94111

5    Counsel for Plaintiff Ireta Irby:

6        Lofton, De Lancie & Nelson
         Rhonda Nelson, Esq.
7        505 Montgomery Street
         Suite 1550
8        San Francisco, CA 94111-2584

9    DATED:     May 1, 1998          LAW OFFICES OF IAIN A. MACDONALD

10

11                                   By: _____
                                         Kaipo K.B. Young,
12                                       Attorneys for Defendant
                                         Brooks Henderson Haden

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEAL
G:\WPDOCS\1270-IAM\APPEAL\notice.wpd          - 2 -

1   LOFTON, De LANCIE & NELSON
   NICOLAS De LANCIE (State Bar No. 84934)
2   RHONDA L. NELSON (State Bar No. 116043)
   505 Montgomery Street, Suite 1550
3   San Francisco, California 94111-2584
   Telephone: (415) 772-1900
4
   Attorneys for Plaintiff
5   IRETA IRBY

**ORIGINAL FILED**

APR 27 1998

KEENAN G. CASADY, CLERK
U.S. Bankruptcy Court-Santa Rosa

6

7

8                UNITED STATES BANKRUPTCY COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                 SANTA ROSA DIVISION

11

12   In re                           )    Case No. 96-13933 AJ

13   BROOKS H. HADEN,          )    Chapter 7

14           Debtor.        )

15  ————————————— )    Adversary No. 97-1034-AJ

16   IRETA IRBY,             )

17           Plaintiff,      )

18      v.                    )

19   BROOKS H. HADEN,          )

20           Defendant.     )

21

22                          JUDGMENT

23

24       This action came on regularly for trial on April 14, 1998, in the United States

25   Bankruptcy Court for the Northern District of California, Santa Rosa Division, the Honorable

26   Alan Jaroslovsky presiding. Rhonda L. Nelson of Lofton, De Lancie & Nelson appeared with

27   plaintiff Ireta Irby. Iain A. Macdonald and Kaipo K.B. Young of the Law Offices of Iain A.

28   Macdonald appeared with defendant Brooks H. Haden.

JUDGMENT                      ENTERED   APR 28 1998      EXHIBIT A     Page 1

COPY

1          After hearing the evidence and arguments of counsel, judgment is hereby

2  entered in this action against debtor and defendant Brooks H. Haden ("Haden") in favor of

3  plaintiff Ireta Irby ("Irby") determining that Irby's Judgment against Haden, entered on

4  November 17, 1988, in the United States District Court for the Southern District of Texas,

5  Civil Action No. H-88-1781, is deemed nondischargeable pursuant to Bankruptcy Code

6  Section 523(a)(2)(A).  Irby shall recover her costs of suit in the amount of $685.20.

7  Dated:    APR 27 1998

8

9                              **ALAN JAROSLOVSKY**

10                              ALAN JAROSLOVSKY
                               United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT

## CERTIFICATE OF MAILING

1

2         I, the undersigned, state that I am employed in the City and County of San Francisco,

3     State of California, in the office of a member of the bar of this Court, at whose direction the

4     service was made; that I am over the age of eighteen years and not a party to the within

5     action; that my business address is Two Embarcadero Center, Suite 1670, San Francisco,

6     California 94111-3930; that on the date set out below, I hand delivered a copy of the within:

7                              **NOTICE OF APPEAL**

8     on the party listed below.

9         I declare under penalty of perjury of the laws of the State of California, that the

10    foregoing is true and correct. Executed at San Francisco, California, on May 1, 1998.

11

12

13    Rhonda Nelson, Esq.
      Lofton, De Lancie & Nelson
14    505 Montgomery Street
      Suite 1550
15    San Francisco, CA 94111-2584

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

# EXHIBIT F

1   RHONDA L. NELSON (State Bar No. 116043)
    SEVERSON & WERSON
2   A Professional Corporation
    One Embarcadero Center, Suite 2600
3   San Francisco, CA 94111
    Telephone: (415) 398-3344
4   Facsimile: (415) 956-0439

5   Attorneys for Plaintiff
    IRETA IRBY

6

7

8              UNITED STATES BANKRUPTCY APPELLATE PANEL

9                    NINTH CIRCUIT COURT OF APPEALS

10

11  In re                          )   Chapter 7
                                   )   Underlying Case No.  96-13933
12  BROOKS HENDERSON HADEN,        )
                                   )   Adversary Proceeding
13           Debtor,               )   No. 97-1034-AJ
                                   )
14  _____    )
                                   )
15  IRETA IRBY,                    )   **PLAINTIFF IRETA IRBY'S**
                                   )   **STATEMENT OF ELECTION TO**
16           Plaintiff,            )   **TRANSFER THE APPEAL TO THE**
                                   )   **DISTRICT COURT**
17      vs.                        )
                                   )
18  BROOKS HENDERSON HADEN,        )
                                   )
19           Defendant.            )
                                   )
20  _____    )

21          Ireta Irby objects to the referral of the above appeal to the Bankruptcy Appellate Panel and

22  therefore elects to transfer the appeal to the District Court.

23  ///

24  ///

25  ///

26  ///

27  ///

28

Severson
&Werson
A Professional Corporation

22222/2222/116164.1
PLAINTIFF'S IRBY'S STMT OF ELECTION
TO TRANSFER APPEAL TO DISTRICT CT.

**EXHIBIT F**

RECEIVED
NANCY B. DICKERSON, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY 27 1998

FILED       5-27-98
DOCKETED    5-28-98
         DATE      INITIAL

COPY

1    DATED:  May 20, 1998

2                                        SEVERSON & WERSON
                                         A Professional Corporation
3

4

5                                        By: _____
                                             Rhonda L. Nelson
6
                                         Attorneys for Plaintiff
7                                        IRETA IRBY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Severson
&Werson
A Professional Corporation

- 2 -

CERTIFICATE OF SERVICE

1

2       I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I
am employed in the City and County of San Francisco, California; my business address is
3   Severson & Werson, One Embarcadero Center, Suite 2500, San Francisco, CA 94111.

4       On the date below I served a copy, with all exhibits, of the following document(s):

5       **PLAINTIFF IRETA IRBY'S STATEMENT OF ELECTION TO TRANSFER THE
APPEAL TO THE DISTRICT COURT**

6

7   on all interested parties in said case addressed as follows:

8   Iain A. MacDonald, Esq.                   Office of the U.S. Trustee
Law Offices of Iain A. MacDonald            250 Montgomery Street, Suite 1000
9   Two Embarcadero Center, Ste. 1670         San Francisco, CA 94102
San Francisco, CA  94111

10

11  [X] **(BY MAIL)** I caused an envelope to be deposited in the mail at San Francisco, California,
with postage thereon fully prepaid.

12

13      I am readily familiar with the firm's practice of collecting and processing correspondence
for mailing.  On the same day that correspondence is placed for collection and mailing, it is
14  deposited in the ordinary course of business with the United States Postal Service in San
Francisco, California in sealed envelopes with postage fully prepaid.

15

16      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  This declaration is executed in San Francisco, California, on May
17  26, 1998.

18

19                              Veronica J. Appleberry

20

21

22

23

24

25

26

27

28

**Severson
&Werson**
A Professional Corporation

# EXHIBIT G

# EXHIBIT G

FILED

NOV 17 1998

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                              )
                                   )
BROOKS HENDERSON HADEN,            )      No. C 98-3011 FMS
                                   )
        Debtor.                    )      ORDER AFFIRMING
                                   )      DECISION OF THE
                                   )      BANKRUPTCY COURT
_____    )
                                   )
BROOKS HENDERSON HADEN,            )
                                   )
        Appellant,                 )
                                   )
    vs.                            )
                                   )
IRETA IRBY,                        )
                                   )
        Appellee.                  )
_____    )

### INTRODUCTION

Appellant and debtor, Brooks Henderson Haden, filed this appeal challenging the decision of the United States Bankruptcy Court for the Northern District of California. The bankruptcy court found that the claim of appellee, Ireta Irby, was excepted from discharge in bankruptcy on the basis of fraud. Two issues are raised on appeal: (1) whether the bankruptcy court erred when, based on its findings of fact, the court concluded that Haden fraudulently intended to deceive Irby; and (2) whether the bankruptcy court committed clear error when it found that Irby relied on Haden's misrepresentations. The Memorandum of Decision of the Bankruptcy Court is AFFIRMED.

//

1

United States District Court
For the Northern District of California

COPIES MAILED TO
PARTIES OF RECORD

US Bankruptcy Court

**EXHIBIT G**

**BACKGROUND**

1

2        This appeal arises out of Haden's failure to repay Irby

3    a loan of $75,000.  During the relevant time period, appellant

4    Haden was twenty-three years old and had recently graduated from

5    college.  See Memorandum of Decision of U.S. Bankruptcy Judge

6    Alan Jaroslovsky, filed April 15, 1998 ("Mem. of Dec.") at 1.

7    Appellee Irby was a registered nurse in her fifties.  See id.

8    Haden and Irby met through Irby's daughter, whom Haden was dating

9    at the time.  See id.

10        In early 1987, a third party convinced Haden that he

11   could make money by investing in a number of business ventures.

12   See Mem. of Dec. at 1.  Haden believed that he could raise the

13   capital needed to invest in these various deals by "purchasing a

14   publicly traded shell corporation, infusing the ventures into the

15   corporation, and then borrowing money using the corporation's

16   stock as collateral."  Id.

17        In order to purchase the shell corporation Haden needed

18   approximately $200,000.  See Mem. of Dec. at 1.  He convinced

19   Irby to lend him $75,000, three-quarters of her savings.  See id.

20   at 1-2. Haden told Irby that he only needed to borrow the money

21   for ninety days and that he would repay her as soon as a

22   commercial lender provided capital.  See id. at 2.  In fact, no

23   bank would issue a loan to Haden and he lost all the money that

24   had been lent to him, including Irby's $75,000.  See id.  Haden

25   never repaid Irby's loan.  See id.

26        In 1988 Irby obtained an $87,000 judgment against

27   Haden.  See Mem. of Dec. at 2; Transcript of Trial Proceedings

28                                2

1  before the Honorable Alan Jaroslovsky, United States Bankruptcy

2  Judge, April 14, 1998 ("Tr.") at 107. The judgment was never

3  satisfied, and on November 14, 1996, Haden filed a Chapter 7

4  bankruptcy petition. See Mem. of Dec. at 2. Irby then filed an

5  adversary proceeding against Haden, seeking to have the debt owed

6  to her declared nondischargeable in bankruptcy, pursuant to 42

7  U.S.C. § 523(a)(2)(A).

8  The trial of this matter commenced on April 14, 1998,

9  before the Honorable Alan Jaroslovsky, United States Bankruptcy

10  Judge. See Tr. at 4. On April 15, 1998, Judge Jaroslovsky filed

11  a Memorandum of Decision, finding in favor of Irby and declaring

12  the judgment against Haden to be nondischargeable pursuant to 11

13  U.S.C. § 523(a)(2)(A). See Mem. of Dec. at 3.

14  The bankruptcy court found that Irby was "completely

15  unsophisticated in investment matters," Mem. of Dec. at 2, and

16  that "[d]espite being old enough to know better, she was taken in

17  by Haden's apparent polish and sophistication despite his young

18  age." Id.

19  The bankruptcy court also found that in order to

20  convince Irby to lend him the money, Haden misrepresented the

21  risk involved in the investment. See Mem. of Dec. at 3.

22  According to the court, Haden told Irby that "her loan was

23  absolutely safe, and [she] would be quickly repaid." Mem. of

24  Dec. at 2. Haden also told Irby the "very worst scenario was

25  that she would get her principal back and make no profit." Id.

26  The court determined that, although Haden did not set out to

27  cheat Irby at the time he guaranteed that the loan was risk free,

28  3

1    he knew that Irby "would not even get her principal back if a

2    bank would not loan on the corporate stock." Id. at 2-3.

3    Finally, the court found that Irby believed Haden when he told

4    her that the loan was "absolutely safe" and that "[i]f Irby had

5    known the true risks she would not have loaned the money." Id.

6        The court concluded that, "[g]ood intentions do not

7    excuse material misrepresentations, nor do they prohibit an [sic]

8    finding of intent to defraud.  Haden used a falsehood to induce

9    Irby to loan him $75,000.00.  The court can and does infer

10   fraudulent intent from this act, despite Haden's motivations."

11   Mem. of Dec. at 3.  Accordingly, the bankruptcy court decided

12   that Haden's debt to Irby was not dischargeable in bankruptcy

13   under 42 U.S.C. § 523(a)(2)(A).

14       Haden timely filed an appeal from this decision to the

15   Bankruptcy Appellate Panel.  Pursuant to 28 U.S.C. §

16   158(c)(1)(B), Irby elected to transfer the appeal to the District

17   Court for the Northern District of California.

18                        DISCUSSION

19   I.   Legal Standard

20       Bankruptcy court findings are reviewed for clear error

21   and conclusions of law are reviewed de novo.  See Anastas v.

22   American Sav. Bank (In re Anastas), 94 F.3d 1280, 1283 (9th Cir.

23   1996); Robertson v. Peters (In re Weisman), 5 F.3d 417, 419 (9th

24   Cir. 1993).  A factual finding is clearly erroneous if, after

25   examining the evidence, the reviewing court "'on the entire

26   evidence is left with the definite and firm conviction that a

27   mistake has been committed.'"  Anderson v. City of Bessemer, 470

28                              4

1  U.S. 564, 573 (1985) (quoting <u>United States v. U.S. Gypsum Co.</u>,

2  333 U.S. 364, 395 (1948)).

3  **II. Analysis**

4         Debts obtained by false representations are not

5  excepted from discharge under the Bankruptcy Code. <u>See</u> 11 U.S.C.

6  § 523(a)(2). Title 11, United States Code section 523 provides

7  in pertinent part: "A discharge under [various sections] of this

8  title does not discharge an individual debtor from any debt . . .

9  for money . . . to the extent obtained by . . . false pretenses,

10  a false representation, or actual fraud . . . ." 11 U.S.C. §

11  523(a)(2)(A) (Supp. 1998).

12         The Ninth Circuit has articulated a five-part test for

13  determining when a debt is nondischargeable under section

14  523(a)(2)(A). <u>See</u> <u>Britton v. Price (In re Britton)</u>, 950 F.2d

15  602, 604 (9th Cir. 1991). According to <u>Britton</u> the creditor must

16  show that: (1) the debtor made representations to the creditor;

17  (2) at the time the representations were made, the debtor knew

18  they were false; (3) the debtor made the representations with the

19  "intention and purpose of deceiving the creditor"; (4) the

20  creditor relied on the representations; and (5) the creditor

21  sustained damages as a result of the representations having been

22  made. <u>Id.</u> "These requirements mirror the elements of common law

23  fraud . . . ." <u>American Express Travel Related Servs. Co. v.</u>

24  <u>Hashemi (In re Hashemi)</u>, 104 F.3d 1122, 1125 (9th Cir.), <u>cert.</u>

25  <u>denied</u>, 117 S. Ct. 1864 (1997).

26         On appeal, Haden challenges the bankruptcy court's

27  conclusion that the debt is nondischargeable based on its factual

28                                  5

1   findings regarding Haden's intent.  Haden also challenges the

2   court's factual finding that Irby relied on Haden's

3   representations.

4          **A.    Intent To Deceive**

5          Haden contends that the bankruptcy court's factual

6   findings do not support the conclusion that his representations

7   to Irby were made with the "intention and purpose of deceiving"

8   her.  See Britton, 950 F.2d at 604.  Haden asserts that because

9   the bankruptcy court specifically found that (1) he did not set

10  out to cheat Irby, (2) that he fully intended to repay her, and

11  (3) that "[i]f the entire plan was a scam, [he] was a dupe, not a

12  perpetrator," Mem. of Dec. at 2-3, the court erred when it

13  concluded that the intent element of the Britton test was met.

14  Although the existence of intent is a factual finding subject to

15  the clearly erroneous standard of review, because Haden's

16  argument is that the finding of intent to deceive is logically

17  inconsistent with the bankruptcy court's other factual

18  determinations, not that it is unsupported by the record, the

19  Court reviews the decision de novo.

20         "[A]ctual fraud, by definition, consists of any

21  deceit . . . involving direct and active operation of the mind,

22  used to circumvent and cheat another -- something said . . . with

23  the design of perpetrating what is known to be a cheat or

24  deception."  RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1293

25  (9th Cir. 1995) (quoting 3 Collier on Bankruptcy ¶ 523.08[5], at

26  523-57 to 523-58).  A fraudulent misrepresentation is defined as:

27  "'One who fraudulently makes a misrepresentation of fact . . .

28                                6

for the purpose of inducing another to act . . . in reliance upon it . . . ." <u>Citibank (South Dakota), N.A. v. Eashai</u>, 87 F.3d 1082, 1086 n.3 (9th Cir. 1996) (quoting Restatement (Second) of Torts § 525 (1976)).

In this case, the bankruptcy court found that Haden promised Irby that her principal would be returned to her. <u>See</u> Mem. of Dec. at 2. The court also determined that Haden made this promise knowing that if a commercial lender failed to provide a loan on the corporate stock, he would not be able to pay her back. <u>See</u> <u>id.</u> at 3. In sum, the bankruptcy court found that Haden misrepresented the degree of risk involved in lending the money in order to persuade Irby to make the loan. <u>See</u> <u>id.</u> at 2-3. These factual findings are consistent with the conclusion that Haden intended to deceive Irby.

The fact that Haden did not set out to cheat Irby, and that he fully intended to repay her, although admirable, is irrelevant to the finding of fraudulent intent. As the Supreme Court noted:

> [T]he intent which must be established need not be an intent to cause injury to the [appellee] . . . . [I]t is not necessary that the person making the misrepresentations intend to cause loss to the other or gain a profit for himself; it is only necessary that he intend action in reliance on the truth of his representations. . . . [T]he fact that the defendant was disinterested, that he had the best motives, and that he thought he was doing the plaintiff a kindness, will not absolve him from liability so long as he did in fact intend to mislead.

<u>S.E.C. v. Capital Gains Research Bureau, Inc.</u>, 375 U.S. 180, 192 n.39 (1963) (quotations and internal citations omitted); <u>accord</u> <u>Federal Sav. & Loan Ins. Corp. v. Musacchio</u>, 695 F. Supp. 1053,

1  1070 (N.D. Cal. 1988) (intent to cause injury is not required in

2  order to satisfy the third prong of the test articulated in

3  Britton). Haden's intent to repay Irby does not change the fact

4  that he affirmatively misrepresented the risk involved in the

5  transaction in order to induce her to lend him the money.

6          Finally, Haden's reliance on North American Coin is

7  misplaced. See Torres v. Eastlick (In re North Am. Coin &

8  Currency, Ltd.), 767 F.2d 1573 (9th Cir.), modified on other

9  grounds, 774 F.2d 1390 (9th Cir. 1985).  Haden relies on North

10 American Coin to support his argument that "Irby's claim for

11 fraud must go beyond the failure to disclose a contingency that

12 Haden did not believe would happen."  See Appellant's Opening Br.

13 at 6.  At issue in North American Coin was whether, in the

14 absence of a material affirmative misrepresentation, defendant's

15 failure to disclose amounted to fraud.  See id. at 1576.  The

16 court held that it did not.  See id.  At issue here is whether

17 Haden, through his affirmative misrepresentation, intended to

18 deceive Irby.[1]  The bankruptcy court did not commit error when it

19 found that Haden intended to deceive Irby.

20 _ //

21

22     [1]  The two situations are distinguishable.  See North Am.
    Coin, 767 F.2d at 1576.  Before reaching the issue of when an
23  omission constitutes an affirmative misrepresentation, the North
    American Coin court stated:
24          We do not find in this record . . . evidence to establish
            fraud.  The plaintiffs do not contend, nor is there any
25          evidence, that [defendant] committed any affirmative
            misrepresentations that induced them to do business with
26          the company before it became insolvent.  [Plaintiffs] were
            never promised that any special measures would be taken
            to protect their investments.
27  Id.  Here, Haden affirmatively misrepresented the risk.

28                                  8

## B.    Reliance On The Misrepresentations

In order to except a debt from discharge under section 523(a)(2)(a) a creditor's reliance need only be justifiable, not reasonable.  See Field v. Mans, __ U.S. __, 116 S. Ct. 437, 445-46 (1995).  According to the Ninth Circuit: "The general rule is that a person may justifiably rely on a representation even if the falsity could have been ascertained upon investigation. . . ."  Romesh Japra, M.D., F.A.C.C., Inc. v. Apte (In re Apte), 180 B.R. 223, 229 (9th Cir. BAP 1995).  A person cannot, however, rely on a representation knowing that the representation is false or if the falsity of the statement is obvious.  See Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454, 1458 (9th Cir. 1992).  In determining whether a creditor justifiably relied on the representations of the debtor, it is necessary to look at all the circumstances surrounding the transaction and "particularly [to] consider the subjective effect of those circumstances upon the creditor."  Id. at 1460.

Turning to the record in this case, the bankruptcy court's finding that Irby relied on Haden's misrepresentation was not clearly erroneous.  Prior to lending Haden the $75,000, Irby's only other experience in investing was the purchase of Certificates of Deposit.  See Tr. at 78.  She had never invested in the stock market or in mutual funds.  See id.  Irby testified that Haden "seemed very sophisticated".  Id. at 79.  She discussed the fact that Haden had attended college at SMU and had been an Oxford scholar.  See id. at 80.  Finally, Irby testified

1   that Haden was the regional manager of a company and "made good
2   money." See id. at 79, 80.
3           Irby stated that in deciding to lend Haden the money,
4   she relied on his promises that she would get her money back in
5   ninety days, "that the very worst scenario would be
6   that . . . the deal would not go through," and that only ninety
7   days of interest on the CDS would be lost. Tr. at 87.  In
8   addition, prior to lending Haden the money, the only other
9   information that Irby could recall receiving about the deal was a
10  number of brochures, apparently describing the companies that
11  Haden had been dealing with in Germany.  See id. at 86-87.  In
12  view of this record, the bankruptcy court's finding that Irby
13  relied on Haden's assurances was not clearly erroneous.
14          Haden argues that Irby knew that his representations
15  regarding the risk of this investment were false and that Irby
16  did not justifiably rely on them.  Haden points to Irby's
17  statements in the record, claiming that Irby "didn't think 90
18  days sounded realistic" and that "the whole payback arrangement
19  sounded more on a par of winning the lotto."  See Appellant's
20  Opening Brief at 8.  Haden misconstrues what Irby stated in the
21  record.  In her deposition, Irby stated that receiving a return
22  on her investment within ninety days seemed unrealistic and that
23  the type of return Haden discussed sounded like winning the
24  lottery.  See Tr. at 112-13.  Although Irby may have doubted the
25  immediacy and extent of the profit on her investment, such doubts
26  are not inconsistent with the conclusion that she justifiably
27  relied on Haden's guarantee that, at a minimum, her initial
28
                                10

1  investment would be returned to her.

2          After examining the evidence regarding Irby's reliance,

3  the Court is not left with "the definite and firm conviction that

4  a mistake has been committed." _City of Bessemer_, 470 U.S. at

5  573. The finding of the bankruptcy court was not clearly

6  erroneous.

7                          **CONCLUSION**

8          For the foregoing reasons, the decision of the

9  bankruptcy court is AFFIRMED.

10

11

12  SO ORDERED.

13  Dated: November _16_, 1998

14

15

16                          FERN M. SMITH
                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                          11