UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRETA IRBY,

    Plaintiff,

    v.

BROOKS HENDERSON HADEN,

    Defendant.
_____/

No. C 08-80004 MISC PJH

**ORDER DENYING MOTION TO VACATE REGISTRATION OF FOREIGN JUDGMENT**

Defendant's motion to vacate plaintiff's January 2008 registration of foreign judgment, and for a permanent injunction, came on for hearing before this court on May 14, 2008. Plaintiff Ireta Irby ("plaintiff") appeared through her counsel, Vincent A. Harrington. Defendant Brooks Henderson Haden ("defendant"), appeared through his counsel, Malcolm Lider-Picone. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion as follows, and for the reasons stated at the hearing.

**BACKGROUND**

This action is a miscellaneous matter that was assigned to the general duty judge in January 2008. It is based on a California judgment registered in the Northern District of California, which in turn rests upon an underlying Texas judgment.

A.    The Original Registered Judgment

On November 17, 1988, plaintiff obtained a judgment against defendant in the United States District Court for the Southern District of Texas ("Texas judgment"). Plaintiff registered the Texas judgment in this court on August 20, 1996. See Leader-Picone Decl., Ex. A ("California judgment"). This California judgment expired by operation of law on

1   August 20, 2006, ten years after it was registered.

2   B.    The Re-Registered Judgment

3   On January 10, 2008, plaintiff obtained a new Certification of Judgment from the Southern District of Texas.  This certification was based on the same underlying Texas Judgment that plaintiff had obtained on November 17, 1988.  The next day, on January 11, 2008, plaintiff registered the Texas judgment for a second time in this court.  On January 29, 2008, plaintiff sought issuance of a writ of execution in connection with the re-registered judgment.  Plaintiff's supporting declaration did not disclose, however, the earlier 1996 registered judgment, or the fact that the earlier registered judgment had expired on August 20, 2006.

A writ of execution was entered in this action on February 26, 2008, in the amount of $393,867.04.  On March 7, 2008, an Earnings Withholding Order was issued to defendant's employer Mechanics Bank, located in Richmond, CA.  The order notified Mechanics Bank of defendant's outstanding judgment amount, and instructed defendant's employer to begin garnishing defendant's wages.  See Leader-Picone Decl., Ex. B.

On March 26, 2008, defendant filed a motion for temporary restraining order, seeking to prevent the garnishment of his wages and to vacate the re-registered judgment, on grounds that the 2008 judgment was based on the original 1996 registration of the judgment, which had expired in August 2006.

The court denied defendant's motion for temporary restraining order, but allowed defendant to file a motion for an order vacating the January 2008 re-registration of judgment and for a permanent injunction, based on the same legal grounds.  The court also ordered that any money garnished by defendant's employer in the interim was to be held by the U.S. Marshal until a final determination on the merits of the motion to vacate and for permanent injunction could be had.

The motion is now before the court.

**DISCUSSION**

A.  Legal Standards

To prevail on a motion for permanent injunction, plaintiff must show (1) the likelihood of substantial and immediate irreparable injury; and (2) the inadequacy of remedies at law. See Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996); see also Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1042 (9th Cir.1999)("In order to be entitled to an injunction, Plaintiff must make a showing that he faces a real or immediate threat of substantial or irreparable injury."). In issuing a permanent injunction, the court must balance the equities between the parties, and give due regard to the public interest. See Idaho Watersheds Project v. Hahn, 307 F.3d 815, 833 (9th Cir. 2002).

B.  Analysis

This case presents an interesting issue for which there is no controlling case law directly on point: whether a plaintiff who registers a foreign judgment in California and then allows that judgment to go dormant under California law, can subsequently re-register that same foreign judgment as a new judgment (thereby commencing the enforcement period all over again), so long as the underlying judgment remains valid in the foreign state. As applied to the facts here, the question is specifically whether plaintiff's January 2008 registration of an underlying Texas judgment is valid, even though plaintiff originally registered the same Texas judgment in California in 1996 and allowed the period for enforcement to expire under California law, and in view of the fact that the underlying Texas judgment remains enforceable.

Preliminarily, a review of the relevant legal principles regarding enforcement of foreign judgments is in order. A judgment from a sister state is entitled to the same "full faith and credit" in every court within the United States as it has by law or usage in the courts of the sister state. See, e.g., U.S. Const., Art. IV, § 1; see also Valley Nat'l Bank v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). To that end, a plaintiff who secures a monetary judgment in federal district court in a foreign state is permitted to

3

register the judgment in a district of another state, in order to enforce that registered judgment pursuant to the forum state's enforcement laws. See 28 U.S.C. § 1963 ("[a] judgment in an action for the recovery of money or property entered in any court of appeals, district court ... may be registered by filing a certified copy of the judgment in any other district or ... in any judicial district, when the judgment has become final..."). Enforcement measures, however, do not travel with the sister state judgment. Rather, enforcement measures are those of the forum state. Accordingly, a foreign judgment that is registered in district court in California is subject to California enforcement measures. As applied here, this means that, although the original underlying judgment arose in Texas, plaintiff's registration of the judgment in California district court means that it is California law that controls the question of its enforcement in California.

Turning to California law, Code of Civil Procedure § 683.020 defines the period for enforceability of judgments, and provides that a money judgment may not be enforced after the expiration of 10 years following the date of entry of the judgment. See Cal. Code Civ. Proc. § 683.020. There are certain ways to preserve a judgment, however. One way is to file an application for renewal of the judgment under the terms of Code of Civil Procedure sections 683.120 and 683.130. This automatically renews the judgment for another period of ten years. See id. at § 683.120(b)("the filing of the [renewal] application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed"). A renewal application must be filed before the expiration of the 10-year enforceability period, however. Id. at § 683.130 ("the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability provided by Section 683.020"); see also Kertesz v. Ostrovsky, 115 Cal. App. 4th 369, 372-73 (2004).

Alternatively, the second way to preserve a judgment is through Code of Civil Procedure § 683.050, which allows a judgment creditor to bring a separate action on a

judgment. See Cal. Code Civ. Proc. § 683.050 ("Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment"). Any such action under this provision must be commenced "within the period described by [Code of Civil Procedure] Section 337.5." See id. Section 337.5, like the above sections governing general enforcement time and renewal applications, also prescribes a ten year limitation for an "action upon a judgment." See Kertesz, 115 Cal. App. 4th at 373. However, this ten year period is distinct from the ten year limitation period that is applicable to sections 683.020 and 683.130. The ten year period prescribed in section 683.020 commences on the date of the judgment's entry and is not tolled for any reason. The ten year period prescribed by section 337.5, however, commences on the date the judgment is final, and may be tolled in particular circumstances.

Turning to the issue at hand, the following facts are undisputed: that plaintiff obtained a default judgment against defendant in 1988 in district court for the Southern District of Texas; that plaintiff registered that judgment here in the Northern District of California on August 20, 1996; that this 1996 judgment was never renewed via application for renewal; that the underlying Texas judgment has remained valid and enforceable since its entry in 1988 (due to plaintiff's execution of writ of attachment); that on January 10, 2008, plaintiff obtained a new Certification of Judgment from the Southern District of Texas based on the same underlying 1988 Texas judgment; that on January 11, 2008, plaintiff registered the underlying Texas judgment for a second time in this district; and that a writ of execution on the January 11, 2008 judgment was issued in this action on March 3, 2008. See Mot. for Prelimin. Inj. and to Vacate Judgment ("Defendant's Motion"), Ex. C; see also Leader-Picone Decl., Ex. A; Nelson Decl., attached to Defendant's Motion, at Exs. A-B.

Based on this history, defendant argues that, having allowed the ten year period for enforcement of her 1996 California judgment to expire without renewal, plaintiff cannot save that judgment from expiration by registering the original underlying Texas judgment a second time. Defendant invokes California's statutory provisions and Ninth Circuit authority

that holds that a judgment creditor who registers a foreign judgment in California district court, has ten years from the date of registration in which to enforce the judgment under California law. See, e.g., Marx v. Go Publishing Co., 721 F.2d 1272 (9th Cir. 1983).

To this plaintiff responds that, so long as the original underlying Texas judgment was, and is, still enforceable, it may be *re*-filed in California, and is entitled to recognition as a judgment worthy of enforcement under California law. Plaintiff relies on a U.S. Supreme Court case, and an Oklahoma appellate decision, which plaintiff asserts suggest that re-registration of a foreign judgment can cure expiration problems in the enforcement state, as long as the underlying foreign judgment remains valid in the foreign state. See Watkins v. Conway, 385 U.S. 188 (1966); Yorkshire West Capital, Inc. v. Rodman, 149 P.3d 1088 (Okla. Civ. App. Div. 2006).

There is no controlling Ninth Circuit authority that settles the question before the court here – i.e., whether plaintiff can register a valid underlying foreign state judgment a second time, and in so doing, circumvent the 10 year enforcement period that applied to the original registration of the judgment in California. Well-established principles of law do dictate, however, that so long as an originating state has an enforceable judgment, that judgment is entitled to full faith and credit in the foreign state in which a plaintiff seeks enforcement. See, e.g.,Watkins, 385 U.S. 188; see also Rosch v. Kelly, 527 F.2d 871, 872 (5th Cir. 1976). Plaintiff is correct, for example, that in Watkins, the Supreme Court suggested that, where a plaintiff sought to enforce a foreign Florida judgment that had been registered in Georgia and was barred from doing so because the judgment had gone dormant under Georgia law, plaintiff could renew the judgment in Florida, then come back to Georgia and properly file another action to enforce the judgment. See Watkins, 385 U.S. at 189-90. Furthermore, although not controlling authority, the court's reasoning in Yorkshire West Capital is helpful, as it is the only case cited by the parties that addresses the re-registration of valid foreign judgments notwithstanding their expiration in the forum enforcement state. There, the Oklahoma court considered a foreign Texas judgment that

had been registered in Oklahoma and had expired under Oklahoma's enforcement statutes, but had successfully been revived in Texas.  In ruling that plaintiff could seek to register the Texas judgment in Oklahoma for a second time, the court noted: "[t]he judgment's validity in the issuing state is paramount, and nothing in the [Oklahoma Act] expressly prohibits a second filing of a judgment."  See 149 P.3d at 1093.

The court adopts this same rationale here, as it is consistent with the court's reasoning in Watkins, which *is* controlling.  Moreover, neither party disputes that, while §§ 683.020 and 683.050 of the California Code of Civil Procedure contemplate a ten year enforcement period and statute of limitations regarding registered judgments, respectively, there is no statutory provision that expressly *prohibits* the second registration of a judgment.  Nor has defendant relied on any California authority that otherwise prohibits the second registration of an otherwise valid foreign judgment.  All of which supports the conclusion that, even though the foregoing statutory provisions bar plaintiff's enforcement of the 1996 registration of the underlying Texas judgment, plaintiff's timely renewal of the underlying judgment in Texas and subsequent re-registration of the same judgment in California, is permissible.

Seeking to avoid this conclusion, defendant argues that allowing plaintiff to file her judgment a second time permits plaintiff to circumvent California's statutory enforcement scheme, since California law expressly contemplates that, once a judgment is registered, that judgment will necessarily expire after 10 years unless it is either renewed, or an action upon it is taken, with no other possibilities enumerated.  See CCP §§ 683.120 and 683.130 CCP § 683.050.  Without disagreeing with defendant's recitation of the law, however, it is sufficient to note, as above, that California's statutory enforcement provisions take no position with respect to the re-*registration* of a valid judgment.  As such, the statutory scheme is silent on the precise issue before the court here.

Furthermore, the equities in this case are also tilted in favor of allowing plaintiff to re-register the underlying Texas judgment.  See, e.g., Idaho Watersheds Project, 307 F.3d at

7

1  833 ("court must balance the equities between the parties, and give due regard to the
2  public interest"). Plaintiff has spent years attempting to secure her judgment against
3  defendant, and has by all accounts been diligent in her efforts to pursue defendant.
4  Defendant, by contrast, has presented no explanation for his efforts to avoid enforcement
5  of the judgment.

6  Finally, in their papers and at the hearing, the parties also raised alternative
7  arguments that could provide other avenues for resolution of the instant dispute. Wholly
8  aside from the question whether plaintiff's January 2008 re-registration of the underlying
9  Texas judgment is sufficient as a timely second filed judgment, for example, is the question
10  whether plaintiff's February 13, 1997 nondischargeability complaint, and/or the bankruptcy
11  court's April 28, 1998 judgment of nondischargeability in the related bankruptcy
12  proceedings (and subsequent appeal) qualify as timely actions on the judgment
13  commencing their own ten year enforcement periods under California's statutory
14  provisions. There is also the question whether plaintiff is entitled to any tolling under
15  California Code of Civil Procedure § 337.5, due to time spent in bankruptcy proceedings,
16  such that plaintiff's 2008 registration of the judgment can be considered timely. See, e.g.,
17  Rhonda L. Nelson Decl., Exs. C, E, G.

18  Despite having raised these issues, however, the legal implications of defendant's
19  bankruptcy proceedings upon the statutory enforcement provisions in question remain
20  unclear. While plaintiff has cited to Ninth Circuit authority that holds that
21  nondischargeability actions filed in bankruptcy proceedings, and/or nondischargeability
22  rulings issued by the court can constitute actions on the judgment that commence their own
23  ten year enforcement periods, defendant has correctly noted that this authority is
24  unpublished and should not be relied upon as such. Yet the parties failed to cite to any
25  other authority that clarifies the effect of nondischargeability actions on California's
26  enforcement provisions – one way or the other. The parties furthermore failed to brief the
27  issue of tolling under § 337.5, and although they argued it at the hearing, they were unable
28

to agree upon the period of time corresponding to defendant's bankruptcy proceedings that should be tolled, making it impossible for the court to affirmatively resolve the issue of plaintiff's entitlement to tolling under § 337.5.

In sum, the parties' alternative arguments – which are based on the legal effect of defendant's bankruptcy proceedings – cannot be resolved on the record presented to the court. As such, the court declines to reach the merits of these alternative grounds, and rests its decision on the only ground that *was* fully presented – i.e., whether plaintiff's re-registration of the underlying Texas judgment is permissible, even though an earlier registration of the same underlying Texas judgment has expired.

For the reasons already stated, the court resolves this issue in favor of plaintiff.

C.  Conclusion

For the foregoing reasons, defendant's motion to vacate plaintiff's 2008 registration of foreign judgment, and for a permanent injunction, is DENIED. In view of the two decades that plaintiff has attempted to execute on that judgment, the court declines to stay enforcement of plaintiff's judgment against defendant in California.

The court will, however, leave intact its prior order instructing the U.S. Marshal to hold all funds garnished from defendant, pending any appeal that defendant wishes to take. In the event that no appeal is filed, plaintiff shall file a proposed order instructing the Marshal to turn over all funds to plaintiff, within 10 days of the expiration of the appeal deadline.

**IT IS SO ORDERED.**

Dated: June 25, 2008

PHYLLIS J. HAMILTON
United States District Judge