RHONDA L. NELSON (State Bar No. 116043)
PHILIP J. SMITH (State Bar No. 232462)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiff
IRETA IRBY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRETA IRBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BROOKS HENDERSON HADEN,<br><br>　　　　Defendant. | CASE NO. 3:08-MC-80004-PJH<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES PURSUANT TO F.R.Civ.P. 54 [CCP 685.040, CCP 1033.5]**<br><br>DATE:　AUGUST 27, 2008<br>TIME:　9:00 A.M.<br>PLACE:　COURTROOM THREE<br>JUDGE:　HON. JUDGE HAMILTON |

TO DEFENDANT AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2008 at 9 a.m. or as soon thereafter as counsel may be heard in Courtroom three of the above-entitled Court, located on the 17th Floor at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Ireta Irby ("Plaintiff") will, and hereby does, move this Court, pursuant to Rule 54 of the Federal Rules of Civil Procedure, Civil Local Rule 54-6, California Code of Civil Procedure section 685.040 and California Civil Code section 1033.5, for attorney's fees incurred enforcing her judgment against Defendant Brooks Henderson Haden ("Defendant").

This Motion is based upon this Notice of Motion and Motion, the accompanying

Memorandum of Points and Authorities, the Declaration of Philip J. Smith and its attachments, all records on file with the Court relating to this matter, and any and all argument provided by counsel at the hearing.

DATED: July 9, 2008

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ *Philip J. Smith*_____
           Philip J. Smith

Attorneys for Plaintiff
Ireta Irby

Defendant submits this Memorandum of Points and Authorities in support of Defendant's Motion for Attorney's Fees.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

Plaintiff is the owner and holder of a promissory note, executed and delivered by Defendant. The Parties' promissory note stated that Plaintiff was entitled to an award of attorney's fees if Plaintiff retained legal representation to enforce the promissory note. Plaintiff subsequently retained legal representation to enforce the promissory note. Plaintiff filed suit against Defendant seeking, *inter alia*, attorney's fees pursuant to the terms of the promissory note. Plaintiff successfully obtained a judgment against Defendant, which included an award of attorney's fees pursuant to the terms of the promissory note.

Plaintiff thereafter incurred post-judgment attorney's fees enforcing her judgment against Defendant. Plaintiff now seeks to recover the post-judgment attorney's fees she incurred to enforce her judgment.

### B. STATEMENT OF FACTS

On November 17, 1988, Plaintiff obtained a judgment against Defendant in the United States District Court for the Southern District of Texas ("Texas Judgment"). Declaration of Philip J. Smith, ("Smith Decl."), ¶ 4, Exhibit ("Ex.") 3. Plaintiff registered the Texas Judgment in this Court on August 20, 1996 ("California Judgment"). Smith Decl., ¶ 5, Ex. 4.

On January 11, 2008, Plaintiff re-registered the Texas Judgment with this Court ("the Re-Registered Judgment"). Smith Decl., ¶ 6, Ex. 5. Thereafter, Plaintiff took steps to enforce the Re-Registered Judgment.

On January 29, 2008, Plaintiff sought issuance of a writ of execution in connection with the Re-Registered Judgment. Smith Decl., ¶ 7. A writ of execution was entered in this action on February 26, 2008, in the amount of $393,867.04 (hereafter referred to as the "Writ of Execution"). Smith Decl., ¶ 7, Ex. 6.

On March 7, 2008, an Earnings Withholding Order was issued to Defendant's employer

Mechanic's Bank, which is located in Richmond, California (hereafter referred to as the "Earnings Withholding Order"). Smith Decl., ¶ 8, Ex. 7. The Earnings Withholding Order notified Mechanic's Bank of the Re-Registered Judgment, and instructed Mechanic's Bank to begin garnishing Defendant's wages. *Id.*

On March 26, 2008, Defendant filed a motion that sought, *inter alia*, to vacate the Re-Registered Judgment. Smith Decl., ¶ 9. On June 25, 2008, this Court issued its order denying Defendant's motion to vacate the Re-Registered Judgment ("June 25th Order"). Smith Decl., ¶ 9, Ex. 8. The June 25th Order thus concluded the Re-Registered Judgment is valid and enforceable.

Plaintiff incurred $13,817.84 in attorney's fees to enforce the Re-Registered Judgment. Smith Decl., ¶¶ 10, 11 and 12, Ex. 9. More specifically, this amount represents Plaintiff's counsel's fees for preparing Writ of Execution and the Earnings Withholding Order as well as successfully opposing Defendant's motion to vacate the Re-Registered Judgment. *Id.*

Plaintiff's and Defendant's counsel met and conferred in compliance with Civil Local Rule 54-6(b)(1). Smith Decl., ¶ 13, Ex. 10.

On July 9, 2008, Plaintiff filed the present motion for attorney's fees.

### C. ARGUMENT

#### 1. Legal Standard

California Code of Civil Procedure Section 685.040 states that "[a] judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Section 685.040 further states that "[a]ttorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to" California Code of Civil Procedure Section 1033.5 (a)(10)(A). California Code of Civil Procedure Section 1033.5 (a)(10)(A), in turn, states that attorney's fees are recoverable, as costs, when authorized by contract, statute or law.

Rule 54 of the Federal Rules of Civil Procedure, in conjunction with Civil Local Rule 54-6, governs the procedure for requesting an award of attorney's fees in this Court.

#### 2. Plaintiff Incurred Attorney's Fees Enforcing Her Judgment Against Defendant

Plaintiff has sought to enforce the Re-Registered Judgment. On February 26, 2008, the Writ of Execution was entered in this action on Plaintiff's behalf. On March 7, 2008, Plaintiff caused the Earnings Withholding Order to be issued to Defendant's employer Mechanic's Bank, notifying it of the Re-Registered Judgment and directing it to garnish Defendant's wages.

On March 26, 2008, Defendant filed a motion that sought, *inter alia*, to vacate the Re-Registered Judgment. Plaintiff successfully opposed Defendant's motion to vacate the Re-Registered Judgment.

Plaintiff has thus sought to enforce the Re-Registered Judgment through the preparation and issuance of the Writ of Execution and the Earnings Withholding Order, as well as opposing Defendant's motion to vacate the Re-Registered Judgment. Severson & Werson, Plaintiff's counsel, billed Plaintiff $13,814.87 in attorney's fees, including costs and expenses, to prepare the Writ of Execution, the Earnings Withholding Order and oppose Defendant's motion to vacate the Re-Registered Judgment.

As such, Plaintiff incurred $13,814.87 in attorney's fees to enforce the Re-Registered Judgment.

        3.    <u>The Underlying Judgment Included an Award of Attorney's Fees Authorized by Contract</u>

The Re-Registered Judgment is the judgment Plaintiff obtained against Defendant in an action filed in the United States District Court for the Southern District of Texas and captioned *Ireta Irby v. Brooks H. Haden*, Civil Action No. H-88-1781 (hereafter referred to as the "Underlying Civil Action"). Smith Decl., ¶¶ 3, 4, 5, and 6, Ex. 2.

Plaintiff's Complaint in the Underlying Civil Action asserts claims against Defendant based upon a promissory note executed and delivered by Defendant (hereafter referred to as "the Promissory Note"). Smith Decl., ¶ 3, Exs. 1 and 2. Plaintiff is the owner and holder of the Promissory Note. Smith Decl., ¶ 2, Ex. 1. The Promissory Note provided that if "this Note is referred to an attorney for collection, whether or not suit is actually filed, [Defendant] will pay additionally a reasonable attorneys' fee of not less the [sic] 10% of the total amount due hereunder, plus all other Court costs and other costs of collection." *Id.*

Plaintiff retained an attorney in conjunction with the Underlying Civil Action and Plaintiff's Complaint in the Underlying Civil Action stated that Plaintiff sought an award of attorney's fees pursuant to the Promissory Note. Smith Decl., ¶ 3, Ex. 2.

Plaintiff ultimately obtained a judgment against Defendant (previously referred to as the "Texas Judgment") in the Underlying Civil Action. Smith Decl., ¶ 4, Ex. 3. The Texas Judgment, which became the Re-Registered Judgment, includes an award of attorney's fees to Plaintiff pursuant to the terms of the Promissory Note. Smith Decl., ¶¶ 4 and 6, Exs. 3 and 5. As such, the Re-Registered Judgment includes an award of attorney's fees authorized by contract.

### D.   CONCLUSION

Plaintiff incurred attorney's fees enforcing her Re-Registered Judgment against Defendant, by preparing and issuing the Writ of Execution and the Earnings Withholding Order, as well as opposing Defendant's motion to vacate the Re-Registered Judgment. The Re-Registered Judgment included an award of attorney's fees authorized by contract—namely, the Parties' Promissory Note. As such, Plaintiff is eligible to recover the post-judgment attorney's fees she incurred to enforce the Re-Registered Judgment, pursuant to Rule 54 of the Federal Rules of Civil Procedure, Civil Local Rule 54-6, California Code of Civil Procedure section 685.040 and California Civil Code section 1033.5. Plaintiff therefore respectfully requests that the Court grant Plaintiff's present motion for attorney's fees.

DATED: July 9, 2008

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ Philip J. Smith_____
Philip J. Smith

Attorneys for Plaintiff
Ireta Irby