RHONDA L. NELSON (State Bar No. 116043)
PHILIP J. SMITH (State Bar No. 232462)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiff
IRETA IRBY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IRETA IRBY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BROOKS HENDERSON HADEN,<br><br>　　　　Defendant. | **CASE NO. 3:08-MC-80004-PJH**<br><br>**DECLARATION OF PHILIP J. SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>DATE:　　AUGUST 27, 2008<br>TIME:　　9:00 A.M.<br>PLACE:　 COURTROOM THREE<br>JUDGE:　 HON. JUDGE HAMILTON |

I, Philip J. Smith, declare as follows:

1.　　　I am an attorney licensed to practice law in the State of California and an associate at the law firm of Severson & Werson, counsel to Plaintiff Ireta Irby ("Plaintiff") in the above captioned matter. I submit this declaration in support of Plaintiff's Motion for Attorney's Fees. The following facts are within my personal knowledge and, if called as a witness, I could testify competently thereto.

2.　　　Defendant Brooks Henderson Haden ("Defendant") executed and delivered a promissory note to Plaintiff ("Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as Exhibit 1. Plaintiff is the owner and holder of the Promissory Note.

3.    Plaintiff thereafter retained legal counsel and filed an action in the United States District Court for the Southern District of Texas, which was captioned *Ireta Irby v. Brooks H. Haden*, Civil Action No. H-88-1781 (hereafter referred to as the "Underlying Civil Action"). Plaintiff's Complaint in the Underlying Civil Action asserted claims against Defendant based upon the Promissory Note. A true and correct copy of Plaintiff's Complaint in the Underlying Civil Action is attached hereto as Exhibit 2.

4.    On November 17, 1988, Plaintiff obtained a judgment against Defendant in the Underlying Civil Action ("Texas Judgment"). A true and correct copy of the Texas Judgment is attached hereto as Exhibit 3.

5.    Plaintiff registered the Texas Judgment in this Court on August 20, 1996 ("California Judgment"). A true and correct copy of the California Judgment is attached hereto as Exhibit 4.

6.    On January 11, 2008, Plaintiff re-registered the Texas Judgment with this Court ("the Re-Registered Judgment"). A true and correct copy of the Re-Registered Judgment is attached hereto as Exhibit 5.

7.    On January 29, 2008, Plaintiff sought issuance of a writ of execution in connection with the Re-Registered Judgment. A writ of execution was entered in this action on February 26, 2008, in the amount of $393,867.04 (hereafter referred to as the "Writ of Execution"). A true and correct copy of the Writ of Execution is attached hereto as Exhibit 6.

8.    On March 7, 2008, an Earnings Withholding Order was issued to Defendant's employer Mechanic's Bank, which is located in Richmond, California (hereafter referred to as the "Earnings Withholding Order"). The Earnings Withholding Order notified Mechanic's Bank of the Re-Registered Judgment, and instructed Mechanic's Bank to begin garnishing Defendant's wages. A true and correct copy of the Earnings Withholding Order is attached hereto as Exhibit 7.

9.    On March 26, 2008, Defendant filed a motion that sought, *inter alia*, to vacate the Re-Registered Judgment. On June 25, 2008, this Court issued its order denying Defendant's

motion to vacate the Re-Registered Judgment ("June 25th Order").  The June 25th Order thus concluded the Re-Registered Judgment is valid and enforceable.  A true and correct copy of the June 25th Order is attached hereto as Exhibit 8.

10.     David Pinch was previously employed as Special Counsel by Severson & Werson. Mr. Pinch spent 3.30 hours preparing the Writ of Execution and the Earnings Withholding Order. Mr. Pinch has been practicing law since 1986 and was employed by Severson & Werson from 2002 to 2008.  Mr. Pinch's customary billing rate was $315.00 an hour.  Mr. Pinch utilized Juris, Severson & Werson's billable time recording program, to record the hours he spent preparing the Writ of Execution and the Earnings Withholding Order.  Based upon the foregoing, Mr. Pinch's fees to prepare the Writ of Execution and the Earnings Withholding Order totaled $1,039.50.

11.     Jan Chilton, a Partner with Severson & Werson, spent 21.50 hours preparing for, and arguing, Plaintiff's opposition to Defendant's motion to vacate the Re-Registered Judgment. Mr. Chilton has been a Partner with Severson & Werson since 1980.  Mr. Chilton's customary billing rate is $515.00 an hour.  Mr. Chilton utilized Juris, Severson & Werson's billable time recording program, to record the hours he spent preparing for, and arguing, Plaintiff's opposition to Defendant's motion to vacate the Re-Registered Judgment.  Based upon the foregoing, Mr. Chilton's fees to prepare for, and argue, Plaintiff's opposition to Defendant's motion to vacate the Re-Registered Judgment totaled $11,278.50.

12.     In addition, Severson & Werson's costs and expenses to prepare both the Writ of Execution and the Earnings Withholding Order, and oppose Defendant's motion to vacate the Re-Registered Judgment totaled $1,496.87.  As such, Plaintiff incurred $13,814.87 in attorney's fees to enforce the Re-Registered Judgment.  The amount of $13,814.87 does not represent the full amount of attorney's fees incurred by Plaintiff to enforce the Re-Registered Judgment.  In addition, the amount of $13,814.87 does not include any attorney's fees generated in preparing the present motion for attorney's fees.  True and correct copies of Severson & Werson's invoices to Plaintiff for legal work performed, which related to the enforcement of the Re-Registered

Judgment, and occurred during the months of February, March, April and May 2008, are attached hereto as Exhibit 9.

13.     Pursuant to Local Civil Rule 54-6(b)(1), I met and conferred with Defendant's counsel to attempt to resolve any disputes with respect to Plaintiff's Motion for Attorney's Fees. Specifically, I provided Defendant's counsel with a draft of Plaintiff's Motion for Attorney's Fees. A true and correct copy of my July 8, 2008 letter to Defendant's counsel, providing a draft of Plaintiff's Motion for Attorney's Fees, is attached hereto as Exhibit 10. In addition, on July 9, 2008, I spoke with Kaipolani K.B. Young, counsel for Defendant, regarding Plaintiff's Motion for Attorney's Fees. Counsel for the Parties agreed they could not resolve all issues regarding Plaintiff's Motion for Attorney's Fees prior to Plaintiff's filing deadline of July 9, 2008. Counsel for the Parties therefore agreed that Plaintiff would proceed with filing her Motion for Attorney's Fees on July 9, 2008, out of an abundance of caution and in order to comply with statutory filing deadline set forth under Rule 54 of the Federal Rules of Civil Procedure. Counsel for the Parties also agreed to continue their efforts to meet and confer in good faith, regarding Plaintiff's Motion for Attorney's Fees, after Plaintiff filed her Motion for Attorney's Fees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 9th day of July 2008, at San Francisco, California.

_____
              /s/ *Philip J. Smith*
              Philip J. Smith

Exhibit 1

PROMISSORY NOTE

$75,000.00                                    February 20 , 1987

   FOR VALUE RECEIVED, the undersigned (hereinafter "Maker") promises to pay to the order of IRETA IRBY ("Payee") at 22410 Greenbrook Drive, Houston, Texas, or such other place as Payee shall direct, the principal sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), without interest other than that payable if this Promissory Note is not timely paid as hereinafter provided, and other than certain stock to be paid over, transferred and delivered as set forth in a certain Agreement between the parties of even date herewith, all of which are payable on the 90th day following the date hereof.

   Upon any default in making any of the payments due hereunder when same is due, and if this Note is referred to an attorney for collection, whether or not suit is actually filed, Maker will pay additionally a reasonable attorneys' fee of not less the 10% of the total amount then due hereunder, plus all other Court costs and other costs of collection. Further, if this Note not be paid when due, the unpaid principal balance shall bear interest at the highest rate permissible under law from said due date until paid, or if there be no such rate then in effect, at the rate of fifteen percent (15%) per annum.

   Makers, and all endorsers, guarantors and sureties hereof waive presentment, protest, demand, and notice of protest and non-payment and agree to and waive notice of all extensions of this Note or any part thereof.

   Failure of Payee or any holder hereof to exercise any of its rights hereunder at any time shall not constitute a waiver of its right to exercise such rights at any other time, as to the same or any other default or breach theretofore or thereafter occurring.

   This Note shall be the joint and several obligation of Maker, and all sureties, guarantors and endorsers, and shall be binding upon them, their heirs, personal representatives and assigns.

                    EXHIBIT "A"

this _20_ day of February, 1987.

_Brooks H. Haden_

BROOKS H. HADEN

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY                          X
              Plaintiff             X
                                    X
                                    X    CIVIL ACTION NO. H-88-1781
VS.                                 X
                                    X
BROOKS H. HADEN                     X
              Defendant             X

## COMPLAINT

COMES NOW the Plaintiff, **IRETA IRBY** and files this her Complaint complaining of **BROOKS H. HADEN** and for cause of action would show into the Court as follows:

1.    Plaintiff is a resident citizen of Houston, Harris County, Texas were the cause of action arises. Defendant is a resident citizen of the State of Colorado. Pursuant to the Federal Rules of Civil Procedure, service of summons upon Defendant, **BROOKS H. HADEN** may be accomplished by service upon the Secretary of State of Texas in Austin, Travis County, Texas. The Secretary of State may then forward such summons by registered or certified mail, return receipt requested to Defendant **BROOKS H. HADEN**, 1324 Green Gables Court, Fort Collins, Colorado 80525.

2.    Jurisdiction is founded upon diversity of citizenship and amount. The matter in controversy exceeds, exclusive of interests and costs, the sum of $10,000.00.

3.    Attached hereto is a copy of an instrument executed and delivered by Defendant. Plaintiff is the owner and holder of the instrument.

4.    Defendant has defaulted in the payment of the obligation represented by the instrument.    The principal balance remaining due and unpaid is $75,000.00.    Interest on the amount at the rate provided after maturity is also due as shown by the attachment hereto.

5.    Though payment has often been demanded Defendant has failed to pay the indebtedness.    Plaintiff has placed the matured instrument with the undersigned attorney.    Under the agreement evidenced by the instrument the attorney's fees shall be a reasonable amount, but not less than 10 percent of the principal and interest then owing. Therefore, Plaintiff seeks attorney's fees in a reasonable amount.

6    In the alternative, Plaintiff alleges that on or about February 20, 1987, Defendant executed a promissory note to her in return for $75,000.00, and intentionally and falsely represented to her that the principal would be paid on the 90th day following the date.    In reliance upon this intentional false representation, Plaintiff transferred to Defendant the sum of $75,000.00.    Plaintiff has been damaged in that the sum of $75,000.00 has never been repaid and is still due and owing.    Further, Plaintiff alleges that the actions of Defendant were done with evil intent and malice in order to defraud Plaintiff of her funds.    Therefore, Plaintiff seeks punitive damages of twice (2) the amount of actual damages found for Defendant's wrongful conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that summons issue to Defendant and that upon final hearing hereof Plaintiff have Judgment against the Defendant as follows: a) In the sum of $75,000.00 plus 10% Interest from May 20, 1987; plus Interest at the legal rate from the date of Judgment upon the Judgment amount; plus reasonable attorney's fees; plus cost of court; or b) In the alternative the sum of $75,000.00 representing actual damages; plus punitive damages of twice (2) the sum of actual damages found by the court; plus court costs; and, c) Such other and further relief as the Court should deem just and proper.

Respectfully submitted

WAYNE H. PARIS
550 Westlake Park Blvd.
Suite 700
Houston, Texas 77079
(713) 558-8989
I.D. # 797
ATTORNEY FOR PLAINTIFF

THE STATE OF TEXAS    X
                      X
COUNTY OF HARRIS      X

BEFORE ME, the undersigned authority, on this day personally appeared IRETA IRBY, who is the Plaintiff creditor and stated on her oath that the indebtedness sued upon in the principal balance herein is within her knowledge, just and true, and it is due and unpaid, and that all offsets, payments and credits have been allowed, and

that interest is due at the rate and from the times therein
stated.

IRETA IRBY

SWORN TO AND SUBSCRIBED BEFORE ME, on this 23rd day
of May, 1988.

COSIMINA A. CAPO
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 29, 1989

NOTARY PUBLIC, STATE OF TEXAS

## PROMISSORY NOTE

$75,000.00                                February 20 , 1987

FOR VALUE RECEIVED, the undersigned (hereinafter "Maker") promises to pay to the order of IRETA IRBY ("Payee") at 22410 Greenbrook Drive, Houston, Texas, or such other place as Payee shall direct, the principal sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), without interest other than that payable if this Promissory Note is not timely paid as hereinafter provided, and other than certain stock to be paid over, transferred and delivered as set forth in a certain Agreement between the parties of even date herewith, all of which are payable on the 90th day following the date hereof.

Upon any default in making any of the payments due hereunder when same is due, and if this Note is referred to an attorney for collection, whether or not suit is actually filed, Maker will pay additionally a reasonable attorneys' fee of not less the 10% of the total amount then due hereunder, plus all other Court costs and other costs of collection. Further, if this Note not be paid when due, the unpaid principal balance shall bear interest at the highest rate permissible under law from said due date until paid, or if there be no such rate then in effect, at the rate of fifteen percent (15%) per annum.

Makers, and all endorsers, guarantors and sureties hereof waive presentment, protest, demand, and notice of protest and non-payment and agree to and waive notice of all extensions of this Note or any part thereof.

Failure of Payee or any holder hereof to exercise any of its rights hereunder at any time shall not constitute a waiver of its right to exercise such rights at any other time, as to the same or any other default or breach theretofore or thereafter occurring.

This Note shall be the joint and several obligation of Maker, and all sureties, guarantors and endorsers, and shall be binding upon them, their heirs, personal representatives and assigns.

EXHIBIT "A"

IN WITNESS WHEREOF, this Note is executed and delivered as of this _20th_ day of February, 1987.

_Brooks H. Haden_

BROOKS H. HADEN

Exhibit 3

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESSE E. CLARK, CLERK
BY DEPUTY

IRETA IRBY

VS.

BROOKS H. HADEN

X
X
X
X
X

CIVIL ACTION NO. H-88-1781

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of
_____Nov._____, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

Case 3:08-mc-80004-PJH     Document 26-2     Filed 07/09/2008     Page 13 of 29
Case 3:08-mc-80004-PJH     Document 5-2     Filed 03/26/2008     Page 7 of 27
Case 3:08-mc-80004-PJH     Document 2-2     Filed 01/29/2008     Page 3 of 4

UNITED STATES DISTRICT JUDGE

Case 3:08-mc-80004-PJH    Document 26-2    Filed 07/09/2008    Page 14 of 29
Case 3:08-mc-80004-PJH    Document 5-2    Filed 03/26/2008    Page 8 of 27
Case 3:08-mc-80004-PJH    Document 2-2    Filed 01/29/2008    Page 4 of 4



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
PM

Exhibit 4

AO 451 (Rev. 11/91) Certification of Judgment

ORIGINAL
FILED

# United States District Court

AUG 2 0 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

SOUTHERN DISTRICT OF TEXAS

IRETA IRBY

V.

BROOKS H. HADEN

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

Case Number: H-88-1781

I, MICHAEL MILBY , Clerk of the United States district court

certify that the attached judgment is a true and correct copy of the original judgment entered in this action on

November 21, 1988 , as it appears in the records of this court, and that
Date

*

no notice of appeal from this judgment has been filed, and no motion of any kind

listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

August 14, 1996
Date

MICHAEL MILBY
Clerk

(By) Deputy Clerk

---

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ... "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

Exhibit A

5

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IRETA IRBY

VS.

BROOKS H. HADEN

X
X
X    CIVIL ACTION NO. H-88-1781
X
X

## JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this _17_ day of ___Nov.___, 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

UNITED STATES DISTRICT JUDGE



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 2 1 1988

PM
1 2 2 8 4 5 6

Exhibit 5

AO 451 (Rev 12/93)  Certification of Judgment

# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    TEXAS

IRETA IRBY

V.

BROOKS H. HADEN

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

CV 08 80004 MISC

Case Number:  H -88-1781

I, _____ MICHAEL N. MILBY _____ Clerk of the United States district court certify that the **PJH**

attached judgment is a true and correct copy of the original judgment entered in this action _____ 11/17/1988 _____ , as it
Date

appears in the records of this court, and that

no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the

Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

JAN 1 0 2008
Date

**Michael N. Milby**
Clerk

_____
(By) Deputy Clerk

* Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal
Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a)
of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an
appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from
this judgment and the appeal was dismissed by order entered on [date]."

(† Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

Case 3:08-mc-80004-PJH    Document 26-2    Filed 07/09/2008    Page 22 of 29
Case 3:08-mc-80004-PJH    Document 5-2    Filed 03/26/2008    Page 13 of 27

Case 3:08-mc-80004-PJH    Document 2-4    Filed 01/29/2008    Page 3 of 10

**UNITED STATES DISTRICT COURT**     **SOUTHERN DISTRICT OF TEXAS**

## WRIT OF EXECUTION

*To the UNITED STATES MARSHAL for the Southern District of Texas.*

UNITED STATES COURT
SOUTHERN DISTRICT OF T
FILED

| In Civil Action Number | H-88-1781 |
|---|---|

**FEB 25 1999**

| In this Division | Houston |
|---|---|

MICHAEL N. MILBY, CLERK OF C

**Which was styled:**

| Ireta Irby |
|---|

*- versus -*

| Brooks H. Haden |
|---|

**This judgment creditor:**

| Ireta Irby |
|---|

| Recovered a judgment of | $ | 87,450.00 |
|---|---|---|
| Plus costs of | $ | -0- |
| Which judgment was entered on | | 11-17-88 |
| And bears interest at | | 8.55 % |

**From this judgment debtor:**

| Brooks H. Haden |
|---|

**You are commanded to take of the goods, land and choses-in-action of the judgment debtor enough to pay the judgment in full and the costs of this writ. Fail not, and return this writ, certifying how you executed it.**

United States District Court
Southern District of Texas

*Michael N. Milby, Clerk*

By: _____
            **MICHAEL N. MILBY**
                           Deputy Clerk

Date Issued: FEB 25 1999

*PH 448744*

**UNITED STATES DISTRICT COURT**  **SOUTHERN DISTRICT OF TEXAS**

Ireta Irby

§
§
§
§
*versus*   §   CASE NO. _____ H-88-1781 _____
§
Brooks H. Haden   §
§   UNITED STATES COURTS
§   SOUTHERN DISTRICT OF TEXAS
§   FILED

FEB 25 1999   **EC**

**ABSTRACT OF JUDGMENT**   MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| **Date Judgment Entered:** | 11-17-88 |
| **Judgment in Favor of:** | Ireta Irby -- Plaintiff |
| **Judgment Against:** | Brooks H. Haden -- Defendant |
| **Amount of Judgment:** | $ 87,450.00 |
| **Amount of Costs:** | $ -0- |
| **Rate of Interest:** | 8.55    % |
| **Amount of Credits Since Judgment:** | $ -0- |
| **Amount Due:** | $ 162,219.80 |

The above and foregoing is a correct Abstract of Judgment entered in the United States District Court, for the Southern District of Texas, in the above-captioned case.

**MICHAEL N. MILBY, Clerk**

DATED: ___ FEB 2   1999 ___   By: _____

**Deputy Clerk**

Case 3:08-mc-80004-PJH    Document 26-2    Filed 07/09/2008    Page 24 of 29
Case 3:08-mc-80004-PJH    Document 5-2    Filed 03/26/2008    Page 15 of 27
Case 3:08-mc-80004-PJH    Document 2-4    Filed 01/29/2008    Page 5 of 10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**FILED**
11-17-88
JESSE E. CLARK, CLERK
BY DEPUTY

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IRETA IRBY | X |
| VS. | X |
| | X  CIVIL ACTION NO. H-88-1781 |
| BROOKS H. HADEN | X |
| | X |

### JUDGMENT

On this day came on to be heard Plaintiff's Motion for Default Judgment in the above styled cause, and it appearing to the court that Defendant, though duly summoned to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for Defendant has passed, and that Plaintiff's cause of action is based upon a liquidated demand, the court finds that Plaintiff is entitled to judgment by default as prayed for.

It is ORDERED, ADJUDGED, and DECREED that Plaintiff, IRETA IRBY, recover from Defendant, BROOKS H. HADEN, Judgment in the total sum of $87,450.00 (which includes Plaintiff's principal claim of $75,000.00, plus pre-judgment interest on the principal claim of $4,500.00, plus attorney's fees of $7,950.00) together with interest at the legal rate on the total amount from the date of this Judgment until paid, and for all costs of court spent in this cause, for all of which let execution issue.

DONE at Houston, Texas this 17 day of Nov. , 1988.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

Case 3:08-mc-80004-PJH     Document 26-2     Filed 07/09/2008     Page 25 of 29
Case 3:08-mc-80004-PJH     Document 5-2     Filed 03/26/2008     Page 16 of 27
Case 3:08-mc-80004-PJH     Document 2-4     Filed 01/29/2008     Page 6 of 10     P.04/11

UNITED STATES DISTRICT JUDGE

Case 3:08-mc-80004-PJH     Document 26-2     Filed 07/09/2008     Page 26 of 29
Case 3:08-mc-80004-PJH     Document 5-2     Filed 03/26/2008     Page 17 of 27
Case 3:08-mc-80004-PJH     Document 2-4     Filed 01/29/2008     Page 7 of 10          P.05/11



CLERK, U. S. DISTRICT COURT
RECEIVED DOCKET SECTION
HOUSTON, TEXAS
SOUTHERN DISTRICT OF TEXAS

NOV 21 1988
                         PM
12:1;2;3;4;5;6

Case 3:08-mc-80004-PJH    Document 26-2    Filed 07/09/2008    Page 27 of 29
Case 3:08-mc-80004-PJH    Document 5-2    Filed 03/26/2008    Page 18 of 27
Case 3:08-mc-80004-PJH    Document 2-4    Filed 01/29/2008    Page 8 of 10

Nicolas De Lancie, Esq.

Lofton, De Lancie & Nels.    505 Montgomery St., #1550

San Francisco, CA 94111

| XX | ATTORNEY FOR | XX | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |

**NAME OF COURT:** United States District Court

**STREET ADDRESS:** Northern District of California

**MAILING ADDRESS:** 450 Golden Gate Avenue, 16th Floor

**CITY AND ZIP CODE:** San Francisco, CA 94102

**BRANCH NAME:** (See attachment)

RECEIVED
UNITED STATES MARSHAL
96 SEP 25 PM 2: 45
NORTHERN DISTRICT
OF CALIFORNIA

**PLAINTIFF:** IRETA IRBY

**DEFENDANT:** BROOKS H. HADEN

| WRIT OF | XX EXECUTION (Money Judgment) |
| | POSSESSION OF [ ] Personal Property |
| | [ ] Real Property |
| | [ ] SALE |

**CASE NUMBER:** FOREIGN JUDGMENT
96 034VRM

*FOR COURT USE ONLY*

1. To the Sheriff or any Marshal or Constable of the County of:
   San Francisco
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* IRETA IRBY
   is the [XX] judgment creditor. [ ] assignee of record
   whose address is shown on this form above the court's name.  (see attachment)

4. Judgment debtor *(name and last known address):*

   ```
   Brooks H. Haden
   19 Laurelwood Avenue
   Mill Valley, CA 94941
   ```

   [ ] additional judgment debtors on reverse

5. Judgment entered on *(date):* (see attachment)

6. [ ] Judgment renewed on *(dates):*

7. Notice of sale under this writ
   a. [XX] has not been requested.
   b. [ ] has been requested *(see reverse).*

8. [ ] Joint debtor information on reverse.

(SEAL)

9. [ ] See reverse for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [XX] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . $ 87,450.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . $
13. Subtotal *(add 11 and 12)* . . . . . . . . . $ 87,450.00
14. Credits . . . . . . . . . . . . . . . . . . . . . . . $ 0
15. Subtotal *(subtract 14 from 13)* . . . . $ 87,450.00
16. Interest after judgment (per filed affidavit CCP 685.050) . . . . . . . . . . . . . . . . $ 68,402.67
17. Fee for issuance of writ . . . . . . . . . . $ 7.00
18. Total *(add 15, 16, and 17)* . . . . . . . $155,859.67
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* of . . . . . $     23.9589
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3, CCP 699.220(b),(j)) . . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date):* SEP 1 2 1996    Clerk, by THELMA NUDO
                                                SEP 1 2 1996        , Deputy

— NOTICE TO PERSON SERVED:    SEE REVERSE FOR IMPORTANT INFORMATION —

*(Continued on reverse)*

Form Approved by the
Judicial Council of California
EJ-130 (Rev. July 1, 1996)

**WRIT OF EXECUTION**

Code of Civil Procedure, 11 699.520, 712.010, 715.010

*See note on reverse.*

Case 3:08-mc-80004-PJH    Document 26-2    Filed 07/09/2008    Page 28 of 29
Case 3:08-mc-80004-PJH    Document 5-2    Filed 03/26/2008    Page 19 of 27
Case 3:08-mc-80004-PJH    Document 2-4    Filed 01/29/2008    Page 9 of 10    P. 06/10

| SHORT TITLE: | CASE NUMBER: FOREIGN JUDGMENT |
|---|---|
| Irby v. Haden | 96 034 VRW (U.S.D.C. So. Dist. Texas) |

—Items continued from the first page—

4. ☐ Additional judgment debtor *(name and last known address):*

7. ☐ Notice of sale has been requested by *(name and address):*

8. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
    a. on *(date):*
    b. name and address of joint debtor:
            a. on *(date):*
            b. name and address of joint debtor:

    c. ☐ additional costs against certain joint debtors *(itemize):*

9. ☐ *(Writ of Possession or Writ of Sale)* Judgment was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on *(date):*
          *(Check (1) or (2)):*
        (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
            The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
        (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
            (a) $    was the daily rental value on the date the complaint was filed.
            (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
            dates *(specify):*
    b. ☐ Possession of personal property
        ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
    c. ☐ Sale of personal property
    d. ☐ Sale of real property
    e. Description of property:

---

**— NOTICE TO PERSON SERVED —**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying Notice of Levy.
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
► A Claim of Right to Possession fo. (          ) companies this writ (unless the Summons w (          ) rved in compliance with CCP 415.46).

Irby v. Haden                Foreign Judgment  96 034 VRM

## ATTACHMENT TO WRIT OF EXECUTION (Money Judgment)

<u>Name of Court</u>:      The United States District Court for the Northern District of California is the name of the court in which the foreign judgment has been registered as foreign judgment number 96 034 VRM to enforce a judgment originally entered in the United States District Court for the Southern District of Texas, Houston Division in case number H-88-1781. The address of the District Court in the Southern District of Texas is: Bob Casey Federal Building, 151 Rusk Avenue, Houston, Texas 77002.

<u>Item 3</u>:      The address of the judgment creditor is:

         403 Quail Lane
         Ruston, LA 71270

<u>Item 5</u>:      The Judgment for the amount of $87,450.00 was entered in the United States District Court for the Southern District of Texas, Houston Division, on November 17, 1988.

         The "Certification of Judgment for Registration in Another District," certifying the Judgment, was filed in the United States District Court for the Northern District of California on August 14, 1996 as foreign judgment number 96 034 VRM.

Exhibit 6

EJ-130

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, ...te Bar number, and address):
RHONDA L. NELSON (SBN 116043)
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, CA  94111

TELEPHONE NO: 415-398-3344    FAX NO. (Optional): 415-956-0439
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
[X] ATTORNEY FOR  [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

FOR COURT USE ONLY

~~SUPERIOR COURT OF CALIFORNIA, COUNTY OF~~ UNITED STATES DISTRICT COURT
STREET ADDRESS: NORTHERN DISTRICT OF CALIFORNIA
MAILING ADDRESS: P.O. Box 7341
CITY AND ZIP CODE: San Francisco, CA 94104
BRANCH NAME: San Francisco Division

PLAINTIFF: IRETA IRBY

DEFENDANT: BROOKS H. HADEN

| WRIT OF | [X] EXECUTION (Money Judgment) | CASE NUMBER: |
|---|---|---|
| | [ ] POSSESSION OF [ ] Personal Property | CV 08-80004MISC-PJH |
| | [ ] Real Property | |
| | [ ] SALE | |

1. **To the Sheriff or Marshal of the County of:** United States Marshal Northern District of California
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. (Name): IRETA IRBY
   is the [X] judgment creditor  [ ] assignee of record    whose address is shown on this form above the court's name.

4. **Judgment debtor** (name and last known address):

   BROOKS H. HADEN
   1709 Broderick Street
   San Francisco, CA 94115-2525

   [ ] Additional judgment debtors on next page

5. **Judgment entered on** (date): 11/17/1988

6. [X] **Judgment renewed on** (dates): 9/25/1996;
   2/25/1999; and 1/10/2008

7. **Notice of sale** under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

   [SEAL]

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [X] This writ is issued on a ~~sister-state judgment~~ REGISTERED JUD
11. Total judgment . . . . . . . . . . . . . . . . . . $  87,450.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . . $  685.20
13. Subtotal (add 11 and 12) . . . . . . . . . . . $  88,135.20
14. Credits . . . . . . . . . . . . . . . . . . . . . . . . $
15. Subtotal (subtract 14 from 13) . . . . . . . $  88,135.20
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) . . . $  305,731.84
17. Fee for issuance of writ . . . . . . . . . . . . $  25.00
18. Total (add 15, 16, and 17) . . . . . . . . . . $  393,867.04
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) of 8.15% . . . $  102.17
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): FEB 2 6 2008

Clerk, by _Imbriani_, SUSAN IMBRIANI, Deputy

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, §§ 699.520, 712.010
Government Code, § 6013.5

PLAINTIFF:

DEFENDANT: BROOKS H. HADEN

— Items continued from page 1 —

21. ☐ **Additional judgment debtor** *(name and last known address):*

22. ☐ **Notice of sale** has been requested by *(name and address):*

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989-994)
    a. on *(date):*                              a. on *(date):*
    b. name and address of joint debtor:             b. name and address of joint debtor:

    c. ☐ additional costs against certain joint debtors *(itemize):*

24. ☐ *(Writ of Possession or Writ of Sale)* **Judgment** was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on *(date):*       **(Check (1) or (2)):**
        (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
            The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
        (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
            (a) $             was the daily rental value on the date the complaint was filed.
            (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
            dates *(specify):*
    b. ☐ Possession of personal property.
        ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
    c. ☐ Sale of personal property.
    d. ☐ Sale of real property.
    e. Description of property:

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
▶ *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

        **WRIT OF EXECUTION**         

Exhibit 7

WG-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | LEVYING OFFICER *(Name and Address)*: |
|---|---|---|
| RHONDA L. NELSON<br>SEVERSON & WERSON<br>One Embarcadero Center  Ste 2600<br>San Francisco, CA  94111 | (415) 398-3344<br>(415) 956-0439 | United States Marshal - Sn Francisco<br>450 Golden Gate, 20th Floor<br>San Francisco<br>CA, |

ATTORNEY FOR *(Name)*:

NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH, IF ANY:

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT
Northern

PLANTIFF:    **IRETA IRBY**

DEFENDANT:    **BROOKS H. HADEN**

| EARNINGS WITHHOLDING ORDER<br>(Wage Garnishment) | LEVYING OFFICER FILE NO. | COURT CASE NO.:<br>CV-08-80004MISC-PJ |
|---|---|---|

*EMPLOYEE: KEEP YOUR COPY OF THIS LEGAL PAPER.    EMPLEADO:  GUARDE ESTE PAPEL OFICIAL.*

**EMPLOYER:    *Enter the following date to assist your record keeping:***

**Date this order was received by employer *(specify the date of personal delivery by levying officer or registered process server or the date mail receipt was signed:***

TO THE EMPLOYER REGARDING YOUR EMPLOYEE:

Name and address of employer

Mechanics Bank
3170 Hilltop Mall Rd.
Richmond, CA, 94806

Name and address of employee

BROOKS H. HADEN
1709 Broderick St.
San Francisco, CA,94115

Social Security Number *(if known)*

*A judgement creditor has obtained this order to collect a court judgment against your employee.  You are directed to withhold part of the earnings of the employee (see instructions on reverse of this form).*  Pay the withheld sums to the **levying officer** *(name and address above).*

If the employee works for you now, you must give the employee a copy of this order and the *Employee Instructions* (form 982.5(A)) within 10 days after receiving this order.

**Complete both copies of the *Employer's Return*** (form 982.5(4)) and **mail them to the levying officer** within 15 days after receiving this order, whether or not the employee works for you.

2.  The total amount due is:  $393867.0400 + $45.0000 sheriff fee + $10.00/ check assessment + daily interest (102.1700)/day
    Count 10 calendar days from the date when you received this order.  If your employee's pay period ends before the tenth day, *do not* withhold earnings payable for that pay period.   *Do*  withhold from earnings that are payable for any pay period ending on or after that tenth day.  * **Contact sheriff for final payoff**

Continue withholding for all pay periods until you withhold the amount due.  The levying officer will notify you of an assessment you should withhold in addition to the amount due.  Do not withhold more than the total of these amounts.  Never withhold any earnings payable before the beginning of the earnings withholding period.

The judgment was entered in the court on *(date)* 11-17-88

*The judgment creditor (if different from the plaintiff) is (name):* IRETA IRBY

4.  The *Employer's  Instructions*  on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date: March 7, 2008

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)

▶

☐ LEVYING OFFICER      ☒ REGISTERED PROCESS SERVER

*(Employer's Instructions on reverse)*

Form Adopted by the<br>Judicial Council of California<br>WG-002 [ Rev January 1, 2007 ]

**EARNINGS WITHHOLDING ORDER**
**(Wage Garnishment)**

Code of Civil Procedure
§§ 706.022, 706.108, 706.125
Order# P153237/WRIT02

Exhibit _B_

WG-002

# EMPLOYER'S INSTRUCTIONS
## EARNINGS WITHHOLDING ORDERS

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the *withholding period*.

The withholding period is the period covered by the *Earnings With-holding Order* (this order). The withholding period begins ten (10) calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the *Employer's Return*) is received.

You are entitled to rely on and must obey all written notices signed by the levying officer.

The *Employer's Return* (form 982.5(4)) describes several situations that could affect the withholding period for this order. If you receive more than one *Earnings Withholding Order* during a withholding period, review that form (*Employer's Return*) for instructions.

If the employee stops working for you, the *Earnings Withholding Order* ends after no amounts are withheld for a continuous 180 day period. If withholding ends because the earnings are subject to an order of higher priority, the *Earnings Withholding Order* ends after a continuous two year period during which no amounts are withheld under the order.

**Return the *Earnings Withholding Order* to the levying officer with a statement of the reason it is being returned.**

## WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within ten (10) days after the close of the pay period.

*Be sure to mark each check with the case number, the levying officer's file number, if different, and the employee's name so the money will be applied to the correct account.*

## WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law will be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

*THE CHART BELOW AND THESE INSTRUCTIONS DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.*

The chart below shows HOW MUCH TO WITHHOLD when the federal minimum wage is $5.85 per hour.

If the *FEDERAL* minimum wage changes in the future, the levying officer will provide a chart showing the new withholding rates.

## COMPUTATION INSTRUCTIONS

**State and federal law limits the amount of earnings that can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.**

**To determine the CORRECT AMOUNT OF EARNINGS TO BE WITH-HELD (if any), compute the employee's *disposable earnings*.**

(A) Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings since they are not paid by the employer.

(B) *Disposable earnings* are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

After the employee's *disposable earnings* are known, use the chart below to determine what amount should be withheld. In the column listed under the employee's pay period, find the employee's disposable earnings. The amount shown below that is the amount to be withheld. For example, if the employee is paid disposable earnings of $500 twice a month (semi-monthly), the correct amount to withhold is 25 percent each payday, or $125.

The chart below is based on the minimum wage that was effective September 1, 1997. It will change if the minimum wage changes. Restrictions are based on the minimum wage effective at the time the earnings are payable.

Occasionally, the employee's earnings will also be subject to a *Wage and Earnings Assignment Order*, an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

┌─────────────────────────────────────────┐
| **—IMPORTANT WARNINGS—** |

1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF *EARNINGS WITHHOLDING ORDERS* FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are repre- sented in that judgment) the employee may not be fired.

2. IT IS ILLEGAL TO AVOID AN *EARNINGS WITHHOLDING ORDER* by POSTPONING or ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.

3. IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE *EARNINGS WITHHOLDING ORDER* TO THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the laws that apply to this case.

IF YOU VIOLATE ANY OF THESE LAWS, YOU MAY BE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!
└─────────────────────────────────────────┘

**FEDERAL MINIMUM WAGE: $5.85 per hour**                    (Beginning July 24, 2007 and continuing until July 23, 2008.)

| PAY PERIOD | Daily | Weekly | Every Two Weeks | Twice a Month | Monthly |
|---|---|---|---|---|---|
| DISPOSABLE EARNINGS | $0-$175.50 | $0-$175.50 | $0-$351.00 | $0-$380.25 | $0-$760.50 |
| Withhold | None | None | None | None | None |
| DISPOSABLE EARNINGS | $175.51-$234.00 | $175.51-$234.00 | $351.01-$468.00 | $380.26-$507.00 | $760.51-$1,014.00 |
| Withhold | Amount above $175.50 | Amount above $175.50 | Amount above $351.00 | Amount above $380.25 | Amount above $760.50 |
| DISPOSABLE EARNINGS | $234.01 or More | $234.01 or More | $468.01 or More | $507.01 or More | $1,014.01 or More |
| Withhold | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings |

WG-005

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>RHONDA L. NELSON (SBN 116043)<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br><br>TELEPHONE NO.: 415-398-3344     FAX NO. *(Optional):* 415-956-0439<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* IRETA IRBY | **LEVYING OFFICER** *(Name and Address):*<br>United States Marshal<br>Northern District of<br>California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** UNITED STATES DISTRICT COURT<br>STREET ADDRESS: NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION<br>MAILING ADDRESS: 450 Golden Gate Avenue<br>CITY AND ZIP CODE: 16th Floor, #1111<br>BRANCH NAME: San Francisco, CA 94102 | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: IRETA IRBY<br><br>DEFENDANT/RESPONDENT: BROOKS H. HADEN | **CASE NUMBER:**<br>CV08-8004MISC-PJH |

| | |
|---|---|
| **EMPLOYER'S RETURN**<br>**(Wage Garnishment)** | **LEVYING OFFICER FILE NO.:** |

**EMPLOYER:** You must complete both copies of this form and mail them to the levying officer within 15 days. *Please correct any errors* in the mailing information above and provide any missing information, including the name of the person to whom notices should be directed.

### FAILURE TO COMPLETE AND RETURN THESE FORMS MAY SUBJECT YOU TO PAYMENT OF ATTORNEY FEES AND OTHER CIVIL PENALTIES.

| *Name and address of employer* | *Name and address of employee* |
|---|---|
| Mechanics Bank<br>Human Resources Dept/<br>3170 Hilltop Mall Road<br>Richmond, CA 94906 | Brooks H. Haden<br>1709 Broderick Street<br>San Francisco, CA 94115-2525 |

**Attn:**

*(Insert name above)*

Social Security Number *(if known):* XXX-XX- 8923

1. I received the Earnings Withholding Order on
   *(date):*

2. The employee is
   a. [ ] not employed by this employer *(if not employed, omit items 2b through 6 and proceed to the declaration at the end of this form).*
   b. [ ] now employed by this employer and in the last pay period had gross earnings of $:

3. The employee's pay period is
   a. [ ] daily       b. [ ] weekly       c. [ ] every two weeks
   d. [ ] twice a month   e. [ ] monthly      f. [ ] other *(specify):*

### *(IF YOU HAVE RECEIVED NO OTHER ORDERS THAT PRESENTLY AFFECT THIS EMPLOYEE'S EARNINGS, OMIT ITEMS 4, 5 AND 6, AND PROCEED TO THE DECLARATION AT THE END OF THIS FORM. )*

| | | |
|---|---|---|
| Form Adopted by the<br>Judicial Council of California<br>WG-005 [Rev. July 1, 2007] | **EMPLOYER'S RETURN**<br>**(Wage Garnishment)** | Legal<br>Solutions<br>Plus    Code of Civil Procedure, § 706.126 |

| SHORT TITLE: Irby vs. Haden | LEVYING OFFICER FILE NO.: | COURT CASE NO.: |
| --- | --- | --- |
| | | CV08-8004MISC-PJH |

If you have received other orders that presently affect this employee's earnings, another order may have priority over this one. The following list indicates the priority of orders:

Wage and Earnings Assignment Order (For Support) _____ First priority

Earnings Withholding Order for Support_____ Second priority

Earnings Withholding Order for Taxes_____ Third priority

Earnings Withholding Order_____ Fourth priority

If two or more orders have the same priority, comply with the one received first. If both were received on the same date, comply with the one with the earlier date of judgment. If the dates of judgment are the same, you may select which order you choose to comply with.

4. ☐  This order appears to have higher priority than any other order. Earnings will be withheld for this order in accord with the EMPLOYER'S INSTRUCTIONS *(on reverse of Earnings Withholding Order)*.

5. ☐  The employer has received another order affecting the employee's earnings and earnings are being withheld for the other order because:

a. ☐  The other order was received first. The other order was received on (date):

b. ☐  This order does not have higher priority.

c. ☐  A copy of the other order is attached *(retain original for your records. If a copy is not attached, complete item d.)*

d. ☐  A copy of the other order is NOT attached. *Describe the other order by providing the following information:*

(1) Court name, address, and case number:

(2) Levying officer name and address and file number:

(3) Total amount to be withheld: $

6. ☐  This order is not effective for the reason shown in item 5. It is returned to the levying officer with this return.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

*If an Earnings Withholding Order is not effective when served, for any reason, do not hold it. Return it to the levying officer with this return.*

**FAILURE TO COMPLETE AND RETURN THIS FORM MAY SUBJECT AN EMPLOYER TO CIVIL PENALTIES AND ATTORNEY FEES.**

WG-005 [Rev. July 1, 2007]

**EMPLOYER'S RETURN**
**(Wage Garnishment)**

Page 2 of 2

WG-003

# EMPLOYEE INSTRUCTIONS

| -NOTICE- | -NOTICIA- |
|---|---|
| IMPORTANT LEGAL NOTICE TO EMPLOYEE **ABOUT EARNINGS WITHHOLDING ORDERS** (Wage Garnishment) | NOTICIA LEGAL IMPORTANTE RESPECTO **A LAS ORDENES DE RETENCION DE SUELDO** |
| The **Earnings Withholding Order** requires your employer to pay part of your earnings to the sheriff or other levying officer. The levying officer will pay the money to a creditor who has a court judgment you. The against information below may help you protect the money you earn. | El **Orden de Retención de Sueldo** requiere que su empleador pagé una parte de su sueldo a un oficial de retención. El oficial le pagará el dinero retenido a su acreedor que ha consiguido una decisión judicial en contra de Ud. Pida Ud. que un amigo o su abogado le lea este papel oficial. Esta información le podria ayudar a proteger su sueldo. |

## CAN YOU BE FIRED BECAUSE OF THIS?

**NO.** You cannot be fired unless your earnings have been withheld before for a different court judgment. If this is the first judgment for which your wages will be withheld and your employer fires you because of this, the California Labor Commissioner, listed in the phone book of larger cities, can help you get your job back.

## HOW MUCH OF YOUR PAY WILL BE WITHHELD?

The reverse of the Earnings Withholding Order (abbreviated in this notice as EWO) that applies to you contains Employer Instructions. These explain how much of your earnings can be withheld. Generally, the amount is about 25% of your take home pay until the amount due has been withheld. The levying officer will notify the employee of an additional assessment charged for paying out money collected under this order and that amount will also be withheld.

If you have trouble figuring this out, ask your employer for help.

## IS THERE ANYTHING YOU CAN DO?

**YES.** There are several possibilities.

1. See an attorney. If you do not know an attorney, check with the lawyer referral service or the legal aid office in your county (both are listed in the yellow pages under "Attorneys").

   An attorney may be able to help you make an agreement with your creditor, or may be able to help you stop your earnings from being withheld. You may wish to consider bankruptcy or asking the bankruptcy court to help you pay your creditors. These possibilities may stop your wages from being withheld.

   An attorney can help you decide what is best for you. Take your **EWO** to the attorney to help you get the best advice and the fastest help.

2. Try to work out an agreement yourself with your creditor. Call the creditor or the creditor's attorney, listed on the **EWO**. If you make an agreement, the withholding of your wages will stop or be changed to a smaller amount you agree on. *(See item 4 on the reverse for another way to make an offer to your creditor.)*

3. You can ask for an EXEMPTION. An exemption will protect more, or maybe even all of your earnings. You can get an exemption if you need your earnings to support yourself or your family, **but you cannot get an exemption if**

   a. You use some of your earnings for luxuries and they aren't really necessary for support: *OR*

   b. The money you owe is for food, clothing, medical care, or housing; *OR*

   c. You owe the debt for past due child support or spousal support (alimony); *OR*

   d. You owe the debt to a former employee for wages.

## HOW DO YOU ASK FOR AN EXEMPTION?

*(See the reverse of this form for instructions about claiming an exemption.)*

Approved by the
Judicial Council of California
WG-003 [Rev. January 1, 2008]

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

Legal Solutions Plus

Code Civil Procedure, § 706.122

## HOW DO YOU ASK FOR AN EXEMPTION?

1. Call or write the levying officer for three (3) copies each of the forms called "Claim of Exemption" and "Financial Statement." These forms are free. The name and address of the levying officer are in the big box on the right at the top of the **EWO**.

2. Fill out both forms. On the forms are some sentences or words which have boxes ⌐☐┘ in front of them. The box means the words which follow may not apply to your case. If the words do apply, put a check in the box.

   Remember, it is **your** job to prove with the Financial Statement form that your earnings are needed for support. Write down the details about your needs.

3. For example, if your child has special medical expenses, tell which child, what illnesses, who the doctor is, how often the doctor must be visited, the cost per visit, and the costs of medicines. These details should be listed in item 6. If you need more space, put "See attachment 6" and attach a typed 8½ by 11 sheet of paper on which you have explained your expenses in detail.

4. You can use the Claim of Exemption form to make an offer to the judgment creditor to have a specified amount withheld each pay period. Complete item 3 on the form to indicate the amount you agree to have withheld **each pay day during the withholding period.** (Be sure it's less than the amount to be withheld otherwise.) If your creditor accepts your offer, he will not oppose your claim of exemption. (See (1) below. )

5. Sign the Claim of Exemption and Financial Statement forms. Be sure the Claim of Exemption form shows the address where you receive mail.

6. Mail or deliver two (2) copies of each of the two forms to the levying officer. Keep one copy for yourself in case a court hearing is necessary.

Do not use the Claim of Exemption and Financial Statement forms to seek a modification of child support or alimony payments. These payments can be modified only by the family law court that ordered them.

*FILE YOUR CLAIM OF EXEMPTION AS SOON AS POSSIBLE FOR THE MOST PROTECTION.*

## ONE OF TWO THINGS WILL HAPPEN NEXT

(1) The judgment creditor will not oppose (object to) your claim of exemption. If this happens, after 10 days the levying officer will tell your employer to stop withholding or withhold less from your earnings. The part (or all) of your earnings needed for support will be paid to you or paid as you direct. And you will get back earnings the levying officer or your employer were holding when you asked for the exemption.

- OR -

(2) The creditor will oppose (object to) your claim of exemption. If this happens, you will receive a Notice of Opposition and Notice of Hearing on Claim of Exemption, in which the creditor states why your exemption should not be allowed. A box in the middle of the Notice of Hearing tells you the time and place of the court hearing which will be in about ten days. Be sure to go to the hearing if you can.

If the judgment creditor has checked the box in item 3 on the Notice of Hearing on Claim of Exemption, the creditor will not be in court. If you are willing to have the court make its decision based on your Financial Statement and the creditor's Notice of Opposition, you need not go to the hearing.

The Notice of Opposition to Claim of Exemption will tell you why the creditor thinks your claim should not be allowed. If you go to the hearing, take any bills, paycheck stubs, cancelled checks, or other evidence (including witnesses) that will help

you prove your Claim of Exemption and Financial Statement are correct and your earnings are needed to support yourself or your family.

Perhaps you can even prove the Notice of Opposition is wrong. For example, perhaps the Notice of Opposition states that the judgment was for a common necessary of life. This term is generally taken by courts to mean only the essentials that everyone needs to live; sometimes a court will have to decide the matter. For example, while coat may be a "common necessary, a fur coat may not be.

If the judge at the hearing agrees with you, your employer will be ordered to stop withholding your earnings or withhold less money. The judge can even order that the **EWO** end before the hearing (so you would get some earnings back).

If the judge does not agree with you, the withholding will continue unless you **appeal** to a higher court. The rules for appeals are complex so you should see an attorney if you want to appeal.

If you have one court hearing, you should not file another Claim of Exemption about the same **EWO** unless your finances have gotten worse in an important way.

If your **EWO** is to be changed or ended, the levying officer must sign the notice to your employer of the change. He may give you permission to deliver it to the employer, or it can be mailed.

## WHAT HAPPENS TO YOUR EARNINGS IF YOU FILE A CLAIM OF EXEMPTION?

Your employer must continue to hold back part of your earnings for the **EWO** until he receives a notice signed by the levying officer to change the order or end it early.

The levying officer will keep your withheld earnings until your Claim of Exemption is denied or takes effect. At that time your earnings will be paid according to the law that applies to your case.

## REGARDING CHILD SUPPORT

If you are obligated to make child support payments, the local child support agency may help you to have an Order Assigning Salary or Wages entered. This order has the top priority claim on your earnings. When it is in effect, little or no money may be

available to be withheld for an EWO. And, if the local child support agency is involved in collecting this support from you, it may agree to accept less money if this special order is entered.

## WHAT IF YOU STILL HAVE QUESTIONS?

If you cannot see an attorney, or don't want to see an attorney, you might be able to answer some of your questions by reading the law in a law library. Ask the law librarian to help you find sections 706.050 and 706.105 of the California Code of Civil Procedure. Other sections of the code, beginning with section 706.010 may also answer some of your questions.

Also, the office of the Wage and Hour Division of the U.S. Department of Labor may be able to answer some of your questions. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

WG-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*
RHONDA L. NELSON (SBN 116043)
DAVID E. PINCH (SBN 124851)
SEVERSON & WERSON, a Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

TELEPHONE NO.: 415-398-3344

ATTORNEY FOR *(Name)*: Ireta Irby

LEVYING OFFICER *(Name and Address)*:
United States Marshal
Northern District of
California
450 Golden Gate Avenue
San Francisco, CA 94102

NAME OF COURT, JUDICIAL DISTRICT, OR BRANCH COURT, IF ANY:
United States Dustrict Court
Northern District of California - San Francisco Division

PLAINTIFF: IRETA IRBY

DEFENDANT: BROOKS H. HADEN

| **APPLICATION FOR EARNINGS WITHHOLDING ORDER**<br>**(Wage Garnishment)** | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>CV08-80004MISC-PJH |
|---|---|---|

TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF   Alameda County
OR ANY REGISTERED PROCESS SERVER

1. The judgment creditor *(name)*: IRETA IRBY

   requests issuance of an Earnings Withholding Order directing the employer to withhold the earnings of the judgment debtor (employee).

   **Name and address of employer**
   Mechanics Bank
   Human Resources Dept.
   3170 Hilltop Mall Road
   Richmond, CA 94806

   **Name and address of employee**
   Brooks H. Haden
   1709 Broderick Street
   San Francisco, CA 94115-2525

2. The amounts withheld are to be paid to
   a. [x] The attorney (or party without an attorney
      named at the top of this page.

   Social Security Number *(if known)*: xxx-xx-8923*

   b. [ ] Other *(name, address, and telephone)*:
   *Full number is available if needed
   to identify employee but is partial
   here to protect against identity
   theft. Call attorney above for more

3. a. Judgment was entered on *(date)*: 11/17/1988
   b. Collect the amount directed by the Writ of Execution unless a lesser amount is specified here:
   $ 393,867.04

4. [ ] The Writ of Execution was issued to collect delinquent amounts payable for the **support** of a child, former spouse, or spouse
   of the employee.

5. [x] Special instructions *(specify)*:

6. *(Check a or b)*
   a. [x] I have not previously obtained an order directing this employer to withhold the earnings of this employee.
      —OR—
   b. [ ] I have previously obtained such an order, but that order *(check one)*:
      [ ] was terminated by a court order, but I am entitled to apply for another Earnings Withholding Order under the
         provisions of Code of Civil Procedure section 706.105(h).
      [ ] was ineffective.

David E. Pinch
_____
(TYPE OR PRINT NAME)



_____
(SIGNATURE OF ATTORNEY OR PARTY WITHOUT ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/23/08

David E. Pinch
_____
(TYPE OR PRINT NAME)                                    (SI

Form Adopted by the
Judicial Council of California
WG-001 [Rev. January 1, 2007]

**APPLICATION FOR EARNINGS WITHHOLDING ORD[**
**(Wage Garnishment)**

Exhibit 8

**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6

7   IRETA IRBY,

8            Plaintiff,                    No. C 08-80004 MISC PJH

9      v.                                  **ORDER DENYING MOTION TO
                                           VACATE REGISTRATION OF**
10  BROOKS HENDERSON HADEN,                **FOREIGN JUDGMENT**

11           Defendant.

12  _____/

13          Defendant's motion to vacate plaintiff's January 2008 registration of foreign

14  judgment, and for a permanent injunction, came on for hearing before this court on May 14,

15  2008.  Plaintiff Ireta Irby ("plaintiff") appeared through her counsel, Vincent A. Harrington.

16  Defendant Brooks Henderson Haden ("defendant"), appeared through his counsel, Malcolm

17  Lider-Picone.  Having read the parties' papers and carefully considered their arguments

18  and the relevant legal authority, and good cause appearing, the court hereby DENIES

19  defendant's motion as follows, and for the reasons stated at the hearing.

20                              **BACKGROUND**

21          This action is a miscellaneous matter that was assigned to the general duty judge in

22  January 2008.  It is based on a California judgment registered in the Northern District of

23  California, which in turn rests upon an underlying Texas judgment.

24  A.      The Original Registered Judgment

25          On November 17, 1988, plaintiff obtained a judgment against defendant in the

26  United States District Court for the Southern District of Texas ("Texas judgment").  Plaintiff

27  registered the Texas judgment in this court on August 20, 1996.  See Leader-Picone Decl.,

28  Ex. A ("California judgment").  This California judgment expired by operation of law on

**United States District Court**
For the Northern District of California

1   August 20, 2006, ten years after it was registered.

2   B.    The Re-Registered Judgment

3         On January 10, 2008, plaintiff obtained a new Certification of Judgment from the

4   Southern District of Texas.  This certification was based on the same underlying Texas

5   Judgment that plaintiff had obtained on November 17, 1988.  The next day, on January 11,

6   2008, plaintiff registered the Texas judgment for a second time in this court.  On January

7   29, 2008, plaintiff sought issuance of a writ of execution in connection with the re-registered

8   judgment.  Plaintiff's supporting declaration did not disclose, however, the earlier 1996

9   registered judgment, or the fact that the earlier registered judgment had expired on August

10  20, 2006.

11        A writ of execution was entered in this action on February 26, 2008, in the amount of

12  $393,867.04.  On March 7, 2008, an Earnings Withholding Order was issued to defendant's

13  employer Mechanics Bank, located in Richmond, CA.  The order notified Mechanics Bank

14  of defendant's outstanding judgment amount, and instructed defendant's employer to begin

15  garnishing defendant's wages.  See Leader-Picone Decl., Ex. B.

16  On March 26, 2008, defendant filed a motion for temporary restraining order, seeking to

17  prevent the garnishment of his wages and to vacate the re-registered judgment, on

18  grounds that the 2008 judgment was based on the original 1996 registration of the

19  judgment, which had expired in August 2006.

20        The court denied defendant's motion for temporary restraining order, but allowed

21  defendant to file a motion for an order vacating the January 2008 re-registration of

22  judgment and for a permanent injunction, based on the same legal grounds.  The court also

23  ordered that any money garnished by defendant's employer in the interim was to be held by

24  the U.S. Marshal until a final determination on the merits of the motion to vacate and for

25  permanent injunction could be had.

26        The motion is now before the court.

27

28

2

**DISCUSSION**

A.    Legal Standards

To prevail on a motion for permanent injunction, plaintiff must show (1) the likelihood of substantial and immediate irreparable injury; and (2) the inadequacy of remedies at law. See Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996); see also Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1042 (9th Cir.1999)("In order to be entitled to an injunction, Plaintiff must make a showing that he faces a real or immediate threat of substantial or irreparable injury."). In issuing a permanent injunction, the court must balance the equities between the parties, and give due regard to the public interest. See Idaho Watersheds Project v. Hahn, 307 F.3d 815, 833 (9th Cir. 2002).

B.    Analysis

This case presents an interesting issue for which there is no controlling case law directly on point: whether a plaintiff who registers a foreign judgment in California and then allows that judgment to go dormant under California law, can subsequently re-register that same foreign judgment as a new judgment (thereby commencing the enforcement period all over again), so long as the underlying judgment remains valid in the foreign state. As applied to the facts here, the question is specifically whether plaintiff's January 2008 registration of an underlying Texas judgment is valid, even though plaintiff originally registered the same Texas judgment in California in 1996 and allowed the period for enforcement to expire under California law, and in view of the fact that the underlying Texas judgment remains enforceable.

Preliminarily, a review of the relevant legal principles regarding enforcement of foreign judgments is in order. A judgment from a sister state is entitled to the same "full faith and credit" in every court within the United States as it has by law or usage in the courts of the sister state. See, e.g., U.S. Const., Art. IV, § 1; see also Valley Nat'l Bank v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). To that end, a plaintiff who secures a monetary judgment in federal district court in a foreign state is permitted to

3

**United States District Court**
For the Northern District of California

1   register the judgment in a district of another state, in order to enforce that registered

2   judgment pursuant to the forum state's enforcement laws.  See 28 U.S.C. § 1963 ("[a]

3   judgment in an action for the recovery of money or property entered in any court of

4   appeals, district court ... may be registered by filing a certified copy of the judgment in any

5   other district or ... in any judicial district, when the judgment has become final...").

6   Enforcement measures, however, do not travel with the sister state judgment.  Rather,

7   enforcement measures are those of the forum state.  Accordingly, a foreign judgment that

8   is registered in district court in California is subject to California enforcement measures.  As

9   applied here, this means that, although the original underlying judgment arose in Texas,

10  plaintiff's registration of the judgment in California district court means that it is California

11  law that controls the question of its enforcement in California.

12      Turning to California law, Code of Civil Procedure § 683.020 defines the period for

13  enforceability of judgments, and provides that a money judgment may not be enforced after

14  the expiration of 10 years following the date of entry of the judgment.  See Cal. Code Civ.

15  Proc. § 683.020.  There are certain ways to preserve a judgment, however.  One way is to

16  file an application for renewal of the judgment under the terms of Code of Civil Procedure

17  sections 683.120 and 683.130.  This automatically renews the judgment for another period

18  of ten years.  See id. at § 683.120(b)("the filing of the [renewal] application renews the

19  judgment in the amount determined under Section 683.150 and extends the period of

20  enforceability of the judgment as renewed for a period of 10 years from the date the

21  application is filed").  A renewal application must be filed before the expiration of the 10-

22  year enforceability period, however.  Id. at § 683.130 ("the application for renewal of the

23  judgment may be filed at any time before the expiration of the 10-year period of

24  enforceability provided by Section 683.020"); see also Kertesz v. Ostrovsky, 115 Cal. App.

25  4th 369, 372-73 (2004).

26      Alternatively, the second way to preserve a judgment is through Code of Civil

27  Procedure § 683.050, which allows a judgment creditor to bring a separate action on a

28

4

**United States District Court**
For the Northern District of California

1    judgment. See Cal. Code Civ. Proc. § 683.050 ("Nothing in this chapter limits any right the

2    judgment creditor may have to bring an action on a judgment").  Any such action under this

3    provision must be commenced "within the period described by [Code of Civil Procedure]

4    Section 337.5." See id.  Section 337.5, like the above sections governing general

5    enforcement time and renewal applications, also prescribes a ten year limitation for an

6    "action upon a judgment." See Kertesz, 115 Cal. App. 4th at 373.  However, this ten year

7    period is distinct from the ten year limitation period that is applicable to sections 683.020

8    and 683.130.  The ten year period prescribed in section 683.020 commences on the date of

9    the judgment's entry and is not tolled for any reason.  The ten year period prescribed by

10   section 337.5, however, commences on the date the judgment is final, and may be tolled in

11   particular circumstances.

12          Turning to the issue at hand, the following facts are undisputed:  that plaintiff

13   obtained a default judgment against defendant in 1988 in district court for the Southern

14   District of Texas; that plaintiff registered that judgment here in the Northern District of

15   California on August 20, 1996; that this 1996 judgment was never renewed via application

16   for renewal; that the underlying Texas judgment has remained valid and enforceable since

17   its entry in 1988 (due to plaintiff's execution of writ of attachment); that on January 10,

18   2008, plaintiff obtained a new Certification of Judgment from the Southern District of Texas

19   based on the same underlying 1988 Texas judgment; that on January 11, 2008, plaintiff

20   registered the underlying Texas judgment for a second time in this district; and that a writ of

21   execution on the January 11, 2008 judgment was issued in this action on March 3, 2008.

22   See Mot. for Prelimin. Inj. and to Vacate Judgment ("Defendant's Motion"), Ex. C; see also

23   Leader-Picone Decl., Ex. A; Nelson Decl., attached to Defendant's Motion, at Exs. A-B.

24          Based on this history, defendant argues that, having allowed the ten year period for

25   enforcement of her 1996 California judgment to expire without renewal, plaintiff cannot

26   save that judgment from expiration by registering the original underlying Texas judgment a

27   second time.  Defendant invokes California's statutory provisions and Ninth Circuit authority

28

1   that holds that a judgment creditor who registers a foreign judgment in California district

2   court, has ten years from the date of registration in which to enforce the judgment under

3   California law.  See, e.g., Marx v. Go Publishing Co., 721 F.2d 1272 (9th Cir. 1983).

4         To this plaintiff responds that, so long as the original underlying Texas judgment

5   was, and is, still enforceable, it may be re-filed in California, and is entitled to recognition as

6   a judgment worthy of enforcement under California law.  Plaintiff relies on a U.S. Supreme

7   Court case, and an Oklahoma appellate decision, which plaintiff asserts suggest that re-

8   registration of a foreign judgment can cure expiration problems in the enforcement state, as

9   long as the underlying foreign judgment remains valid in the foreign state.  See Watkins v.

10   Conway, 385 U.S. 188 (1966); Yorkshire West Capital, Inc. v. Rodman, 149 P.3d 1088

11   (Okla. Civ. App. Div. 2006).

12         There is no controlling Ninth Circuit authority that settles the question before the

13   court here – i.e., whether plaintiff can register a valid underlying foreign state judgment a

14   second time, and in so doing, circumvent the 10 year enforcement period that applied to

15   the original registration of the judgment in California.  Well-established principles of law do

16   dictate, however, that so long as an originating state has an enforceable judgment, that

17   judgment is entitled to full faith and credit in the foreign state in which a plaintiff seeks

18   enforcement.  See, e.g.,Watkins, 385 U.S. 188; see also Rosch v. Kelly, 527 F.2d 871, 872

19   (5th Cir. 1976).  Plaintiff is correct, for example, that in Watkins, the Supreme Court

20   suggested that, where a plaintiff sought to enforce a foreign Florida judgment that had been

21   registered in Georgia and was barred from doing so because the judgment had gone

22   dormant under Georgia law, plaintiff could renew the judgment in Florida, then come back

23   to Georgia and properly file another action to enforce the judgment.  See Watkins, 385 U.S.

24   at 189-90.  Furthermore, although not controlling authority, the court's reasoning in

25   Yorkshire West Capital is helpful, as it is the only case cited by the parties that addresses

26   the re-registration of valid foreign judgments notwithstanding their expiration in the forum

27   enforcement state.  There, the Oklahoma court considered a foreign Texas judgment that

28

United States District Court
For the Northern District of California

1  had been registered in Oklahoma and had expired under Oklahoma's enforcement

2  statutes, but had successfully been revived in Texas.  In ruling that plaintiff could seek to

3  register the Texas judgment in Oklahoma for a second time, the court noted: "[t]he

4  judgment's validity in the issuing state is paramount, and nothing in the [Oklahoma Act]

5  expressly prohibits a second filing of a judgment."  See 149 P.3d at 1093.

6      The court adopts this same rationale here, as it is consistent with the court's

7  reasoning in Watkins, which is controlling.  Moreover, neither party disputes that, while §§

8  683.020 and 683.050 of the California Code of Civil Procedure contemplate a ten year

9  enforcement period and statute of limitations regarding registered judgments, respectively,

10  there is no statutory provision that expressly prohibits the second registration of a

11  judgment.  Nor has defendant relied on any California authority that otherwise prohibits the

12  second registration of an otherwise valid foreign judgment.  All of which supports the

13  conclusion that, even though the foregoing statutory provisions bar plaintiff's enforcement

14  of the 1996 registration of the underlying Texas judgment, plaintiff's timely renewal of the

15  underlying judgment in Texas and subsequent re-registration of the same judgment in

16  California, is permissible.

17      Seeking to avoid this conclusion, defendant argues that allowing plaintiff to file her

18  judgment a second time permits plaintiff to circumvent California's statutory enforcement

19  scheme, since California law expressly contemplates that, once a judgment is registered,

20  that judgment will necessarily expire after 10 years unless it is either renewed, or an action

21  upon it is taken, with no other possibilities enumerated.  See CCP §§ 683.120 and 683.130

22  CCP § 683.050.  Without disagreeing with defendant's recitation of the law, however, it is

23  sufficient to note, as above, that California's statutory enforcement provisions take no

24  position with respect to the re-registration of a valid judgment.  As such, the statutory

25  scheme is silent on the precise issue before the court here.

26      Furthermore, the equities in this case are also tilted in favor of allowing plaintiff to re-

27  register the underlying Texas judgment.  See, e.g., Idaho Watersheds Project, 307 F.3d at

28

7

United States District Court

For the Northern District of California

1  833 ("court must balance the equities between the parties, and give due regard to the

2  public interest").  Plaintiff has spent years attempting to secure her judgment against

3  defendant, and has by all accounts been diligent in her efforts to pursue defendant.

4  Defendant, by contrast, has presented no explanation for his efforts to avoid enforcement

5  of the judgment.

6         Finally, in their papers and at the hearing, the parties also raised alternative

7  arguments that could provide other avenues for resolution of the instant dispute.  Wholly

8  aside from the question whether plaintiff's January 2008 re-registration of the underlying

9  Texas judgment is sufficient as a timely second filed judgment, for example, is the question

10  whether plaintiff's February 13, 1997 nondischargeability complaint, and/or the bankruptcy

11  court's April 28, 1998 judgment of nondischargeability in the related bankruptcy

12  proceedings (and subsequent appeal) qualify as timely actions on the judgment

13  commencing their own ten year enforcement periods under California's statutory

14  provisions.  There is also the question whether plaintiff is entitled to any tolling under

15  California Code of Civil Procedure § 337.5, due to time spent in bankruptcy proceedings,

16  such that plaintiff's 2008 registration of the judgment can be considered timely.  See, e.g.,

17  Rhonda L. Nelson Decl., Exs. C, E, G.

18         Despite having raised these issues, however, the legal implications of defendant's

19  bankruptcy proceedings upon the statutory enforcement provisions in question remain

20  unclear.  While plaintiff has cited to Ninth Circuit authority that holds that

21  nondischargeability actions filed in bankruptcy proceedings, and/or nondischargeability

22  rulings issued by the court can constitute actions on the judgment that commence their own

23  ten year enforcement periods, defendant has correctly noted that this authority is

24  unpublished and should not be relied upon as such.  Yet the parties failed to cite to any

25  other authority that clarifies the effect of nondischargeability actions on California's

26  enforcement provisions – one way or the other.  The parties furthermore failed to brief the

27  issue of tolling under § 337.5, and although they argued it at the hearing, they were unable

28

United States District Court

For the Northern District of California

1    to agree upon the period of time corresponding to defendant's bankruptcy proceedings that

2    should be tolled, making it impossible for the court to affirmatively resolve the issue of

3    plaintiff's entitlement to tolling under § 337.5.

4         In sum, the parties' alternative arguments – which are based on the legal effect of

5    defendant's bankruptcy proceedings –  cannot be resolved on the record presented to the

6    court.  As such, the court declines to reach the merits of these alternative grounds, and

7    rests its decision on the only ground that *was* fully presented – i.e., whether plaintiff's re-

8    registration of the underlying Texas judgment is permissible, even though an earlier

9    registration of the same underlying Texas judgment has expired.

10        For the reasons already stated, the court resolves this issue in favor of plaintiff.

11   C.    Conclusion

12        For the foregoing reasons, defendant's motion to vacate plaintiff's 2008 registration

13   of foreign judgment, and for a permanent injunction, is DENIED.  In view of the two

14   decades that plaintiff has attempted to execute on that judgment, the court declines to stay

15   enforcement of plaintiff's judgment against defendant in California.

16        The court will, however, leave intact its prior order instructing the U.S. Marshal to

17   hold all funds garnished from defendant, pending any appeal that defendant wishes to take.

18   In the event that no appeal is filed, plaintiff shall file a proposed order instructing the

19   Marshal to turn over all funds to plaintiff, within 10 days of the expiration of the appeal

20   deadline.

21

22   **IT IS SO ORDERED.**

23   Dated: June 25, 2008

24

25                                    PHYLLIS J. HAMILTON
                                     United States District Judge

26

27

28

9

Exhibit 9

# Severson
# &Werson

**A Professional Corporation**
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

TAX ID 94-2774518

Invoice No.    215689    RLN                                   March 24, 2008

Nelwyn Ireta Irby

403 Quail Lane
Ruston, LA 71270

Matter    10281 0001    In re Brooks Henderson Haden

## FOR PROFESSIONAL SERVICES RENDERED

| Atty | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| DEP | 02/13/08 | Writ of execution | 0.20 | 63.00 |
| DEP | 02/27/08 | Telephone call to United State Marshal | 0.20 | 63.00 |
| DEP | 02/27/08 | Drafting | 0.30 | 94.50 |
| DEP | 02/28/08 | Drafting | 1.80 | 567.00 |

REDACTED

| | **TOTAL** | | **2.50** | **$787.50** |

### COSTS & EXPENSES

| | | **Amount** |
|---|---|---|
| 02/06/08 | Vendor Federal Express Corporation EDI; Federal Express; kristina Doorlag Severson & Werson One Embarcadero CTR 2600 San Francisco, CA 94111 01/11/08 | 16.49 |
| 02/08/08 | Vendor Pacer Service Center; Data Search: 10/1/07 - 12/31/07 | 1.12 |
| 02/29/08 | Photocopies for this period | 4.00 |

| **TOTAL COSTS & EXPENSES** | **$21.61** |

| FEES | $787.50 |
| COSTS & EXPENSES | $21.61 |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

# Severson & Werson

A Professional Corporation
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

TAX ID 94-2774518

| | | | | |
|---|---|---|---|---|
| Invoice No. 215689 | CLIENT | Irby, Nelwyn Ireta | Page | 2 |
| | MATTER | In re Brooks Henderson Haden | | |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$809.11** |
| PREVIOUS BALANCE | $3,834.06 |
| **TOTAL AMOUNT DUE** | **$4,643.17** |

| | |
|---|---|
| PRIOR FEES | $13,116.50 |
| PRIOR COSTS & EXPENSES | $4,166.05 |

| Timekeeper | | Position | Hours | Rate | Value |
|---|---|---|---|---|---|
| Pinch, David | DEP | Special Counsel | 2.50 | 315.00 | $787.50 |
| **TOTAL** | | | **2.50** | | **$787.50** |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

# Severson
# & Werson

**A Professional Corporation**
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

TAX ID 94-2774518

Invoice No.    217164    RLN

April 25, 2008

Nelwyn Ireta Irby
403 Quail Lane
Ruston, LA 71270
Matter    10281 0001    In re Brooks Henderson Haden

FOR PROFESSIONAL SERVICES RENDERED

| Atty | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| DEP | 03/27/08 | Receipt ex parte application to vacate judgment | 0.30 | 94.50 |
| DEP | 03/31/08 | Review | 0.20 | 63.00 |
| DEP | 03/31/08 | Legal research | 0.30 | 94.50 |

## REDACTED

| | | **TOTAL** | **1.50** | **$409.50** |
|--|--|-----------|----------|-------------|

### COSTS & EXPENSES

| | | **Amount** |
|--|--|-----------|
| 03/20/08 | Vendor Wheels of Justice, Inc.; Court Services: USDC/NDC - San Francisco 450 Golden Gate Ave 16th Fl S.F. Ca 94102 2/26/08 | 45.00 |
| 03/28/08 | Westlaw Research | 144.00 |
| 03/31/08 | Photocopies for this period | 14.40 |

| **TOTAL COSTS & EXPENSES** | **$203.40** |
|----------------------------|-------------|

| FEES | $409.50 |
|------|---------|
| COSTS & EXPENSES | $203.40 |

| **TOTAL THIS INVOICE** | **$612.90** |
|------------------------|-------------|

| PREVIOUS BALANCE | $4,043.17 |
|------------------|-----------|

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

# Severson & Werson

**A Professional Corporation**
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

TAX ID 94-2774518

| Invoice No. | 217164 | CLIENT | Irby, Nelwyn Ireta | Page | 2 |
|---|---|---|---|---|---|
| | | MATTER | In re Brooks Henderson Haden | | |

### TOTAL AMOUNT DUE                                   $4,656.07

| PRIOR FEES | $13,904.00 |
|---|---|
| PRIOR COSTS & EXPENSES | $4,187.66 |

| Timekeeper | | Position | Hours | Rate | Value |
|---|---|---|---|---|---|
| Elliott, Andrew | ASE | Associate | 0.70 | 225.00 | $157.50 |
| Pinch, David | DEP | Special Counsel | 0.80 | 315.00 | $252.00 |
| **TOTAL** | | | **1.50** | | **$409.50** |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

# Severson & Werson

**A Professional Corporation**
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

**TAX ID 94-2774518**

Invoice No.    218212    RLN                                    May 27, 2008

Nelwyn Ireta Irby
403 Quail Lane
Ruston, LA 71270
Matter    10281 0001    In re Brooks Henderson Haden

**FOR PROFESSIONAL SERVICES RENDERED**

| Atty | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|

# REDACTED

| | | **TOTAL** | 2.70 | $607.50 |
|---|---|---|---|---|

## COSTS & EXPENSES

| | | **Amount** |
|---|---|---|
| 04/29/08 | Vendor Interceptor Legal Support Services, Inc; Serv Process, Subpoena Fees: Served: Mechanics Bank for Brooks H. Haden at 3170 Hilltop Mall Rd. Richmond Ca 94806 on 3/20/08 | 124.50 |
| 04/30/08 | Vendor Strong Pipkin Bissel & Ledyard, L.L.P.; Professional Services: 2/29/08 | 772.40 |
| 04/30/08 | Telephone for this period | 10.03 |
| 04/30/08 | Photocopies for this period | 37.60 |
| | **TOTAL COSTS & EXPENSES** | **$944.53** |
| | FEES | $607.50 |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

# Severson & Werson

A Professional Corporation
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

TAX ID 94-2774518

| Invoice No. | 218212 | CLIENT | Irby, Nelwyn Ireta | Page | 2 |
|---|---|---|---|---|---|
| | | MATTER | In re Brooks Henderson Haden | | |

| | |
|---|---|
| COSTS & EXPENSES | $944.53 |
| **TOTAL THIS INVOICE** | **$1,552.03** |
| PREVIOUS BALANCE | $4,656.07 |
| **TOTAL AMOUNT DUE** | **$6,208.10** |

| | |
|---|---|
| PRIOR FEES | $14,313.50 |
| PRIOR COSTS & EXPENSES | $4,391.06 |

| Timekeeper | | Position | Hours | Rate | Value |
|---|---|---|---|---|---|
| Elliott, Andrew | ASE | Associate | 2.70 | 225.00 | $607.50 |
| **TOTAL** | | | **2.70** | | **$607.50** |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

# Severson & Werson

**A Professional Corporation**
One Embarcadero Center
San Francisco, CA 94111
(415) 398-3344

**TAX ID 94-2774518**

Invoice No.    218920    RLN                                June 11, 2008

Nelwyn Ireta Irby
403 Quail Lane
Ruston, LA 71270
Matter    10281 0001    In re Brooks Henderson Haden

### FOR PROFESSIONAL SERVICES RENDERED

| Atty | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| JTC | 05/05/08 | Research re | 4.80 | 2,472.00 |
| JTC | 05/06/08 | Draft memo re | 7.50 | 3,862.50 |
| JTC | 05/07/08 | Research re | 2.00 | 1,030.00 |
| JTC | 05/12/08 | Draft letter | 0.60 | 309.00 |
| JTC | 05/13/08 | Prepare outline | 3.80 | 1,957.00 |
| JTC | 05/14/08 | Present oral argument on motion to vacate judgment | 2.80 | 1,442.00 |
| JTC | 05/19/08 | Attention to issue | 0.40 | 206.00 |
| | | **TOTAL** | **21.90** | **$11,278.50** |

**REDACTED**

### COSTS & EXPENSES

| Date | Description | Amount |
|------|-------------|--------|
| 05/01/08 | Westlaw Research | 15.00 |
| 05/02/08 | Vendor Ronald Manuel; Data Search Property Search: Countnay Daniels San Francisco, CA 01/11/08 | 14.00 |
| 05/06/08 | Westlaw Research | 5.00 |
| 05/07/08 | Westlaw Research | 151.00 |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement



**Severson & Werson**
A Professional Corporation
One Embarcadero Center
San Francisco, CA  94111
(415) 398-3344

TAX ID 94-2774518

| Invoice No. | 218920 | CLIENT | Irby, Nelwyn Ireta | Page | 2 |
| | | MATTER | In re Brooks Henderson Haden | | |

| Date | Description | Amount |
|---|---|---|
| 05/13/08 | Westlaw Research | 29.00 |
| 05/14/08 | Vendor Palmer Reporting Service-D; Trial Transcripts: Hearing Transcript 5/5/08 | 90.75 |
| 05/14/08 | Vendor Federal Express Corporation EDI; Federal Express; Mechanics Bank Human Resources Dept. 3170 Hilltop Mall RD Richmond, CA 94806 04/30/08 | 12.53 |
| 05/21/08 | Trial Transcripts Palmer Reporting Services refund unused portion deposit 5/21/08 | -18.15 |
| 05/27/08 | Vendor Jan T. Chilton; Transportation: Parking before and after hearing in federal district court on motion to vacate registered judgment; Golden Gate Bridge toll 5/16/08 | 23.00 |
| 05/31/08 | Photocopies for this period | 5.20 |

| | | |
|---|---|---|
| **TOTAL COSTS & EXPENSES** | | **$327.33** |

| | |
|---|---|
| FEES | $11,278.50 |
| COSTS & EXPENSES | $327.33 |
| **TOTAL THIS INVOICE** | **$11,605.83** |
| PREVIOUS BALANCE | $5,808.10 |
| **TOTAL AMOUNT DUE** | **$17,413.93** |

| | |
|---|---|
| PRIOR FEES | $14,921.00 |
| PRIOR COSTS & EXPENSES | $5,335.59 |

| Timekeeper | | Position | Hours | Rate | Value |
|---|---|---|---|---|---|
| Chilton, Jan T. | JTC | Member | 21.90 | 515.00 | $11,278.50 |
| **TOTAL** | | | **21.90** | | **$11,278.50** |

Payment is due 30 days of receipt
Disbursements made for your account, for which bills have not yet been received
will appear on a later statement

Exhibit 10

# Severson
# &Werson
### A Professional Corporation

Philip J. Smith
Attorney
Direct Line: (415) 677-5504
pjs@severson.com

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

July 8, 2008

**VIA FACSIMILE ORIGINAL VIA FIRST CLASS MAIL**

Malcolm Leader-Picone, Esq.
Bartlett & Leader-Picone & Young
2201 Broadway, Suite 803
Oakland, CA 94612

      Re:    Irby v. Haden
           USDC-- Northern District of California Case No. 3:08-80004 MISC PJH

Dear Mr. Leader-Picone:

Plaintiff Ireta Irby intends to seek an award of attorney's fees in conjunction with enforcing her judgment against Defendant Brooks Henderson Haden. *See* California Code of Civil Procedure section 685.040.

Pursuant to Civil Local Rule 54-6 of the United States District Court for the Northern District of California, I am writing to meet and confer regarding Ms. Irby's intent to seek such an award. Accordingly, please find enclosed herewith, Ms. Irby's draft motion for attorney's fees. This draft motion presents Ms. Irby's basis for seeking an award of attorney's fees in conjunction with enforcing her judgment against Mr. Haden.

Once you have reviewed Ms. Irby's draft motion for attorney's fees, I ask that you please contact me to further meet and confer regarding this issue. Please note, however, that Ms. Irby must file her motion for attorney's fees no later than tomorrow, July 9, 2008, in order to comply with the filing deadline set forth in Rule 54 of the Federal Rules of Civil Procedure. As such, I ask that you please contact me no later than 12 p.m. tomorrow, July 9, 2008.

If the Parties cannot informally resolve this issue, Ms. Irby will have no choice but to file her motion for attorney's fees tomorrow, July 9, 2008.

Sincerely,

*Philip J. Smith*

Philip J. Smith

PJS:lar
(w/encl.)

San Francisco *&* Orange County

10281/0001/678801.1

1  RHONDA L. NELSON (State Bar No. 116043)
   SEVERSON & WERSON
2  A Professional Corporation
   One Embarcadero Center, Suite 2600
3  San Francisco, CA  94111
   Telephone:  (415) 398-3344
4  Facsimile:  (415) 956-0439

5  Attorneys for Plaintiff
   IRETA IRBY

6

7

8                    UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT

10                   SAN FRANCISCO DIVISION

11

12  IRETA IRBY,                        )   CASE NO. CV 08-80004MISC-PJH
                                       )
13           Plaintiff,                )   NOTICE OF MOTION AND MOTION
                                       )   FOR ATTORNEY'S FEES PURSUANT
14      vs.                            )   TO F.R.Civ.P. 54 [CCP 685.040, CCP
                                       )   1033.5]
15  BROOKS HENDERSON HADEN,            )
                                       )
16           Defendant.                )   DATE:
                                       )   TIME:
17  _____)       PLACE:
                                           JUDGE:
18

19  TO DEFENDANT AND HIS COUNSEL OF RECORD:

20          PLEASE TAKE NOTICE that on _____, 2008 at _____ a.m. or as soon thereafter as

21  counsel may be heard in Courtroom _____ of the above-entitled Court, located on the _____ Floor

22  at _____, California, Plaintiff Ireta Irby ("Plaintiff ") will, and hereby does, move this

23  Court, pursuant to Rule 54 of the Federal Rules of Civil Procedure, Civil Local Rule 54-6,

24  California Code of Civil Procedure section 685.040 and California Civil Code section 1033.5, for

25  attorney's fees incurred enforcing her judgment against Defendant Brooks Henderson Haden

26  ("Defendant").

27          This Motion is based upon this Notice of Motion and Motion, the accompanying

28  Memorandum of Points and Authorities, the Declaration of Rhonda L. Nelson and its

1  attachment(s), all records on file with the Court relating to this matter, and any and all argument

2  provided by counsel at the hearing.

3

4  DATED:  July 9, 2008

5

SEVERSON & WERSON
A Professional Corporation

6

7  By:_____ /s/ *Rhonda L. Nelson*_____
                    Rhonda L. Nelson

8

9  Attorneys for Plaintiff
   Ireta Irby

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       Defendant submits this Memorandum of Points and Authorities in support of Defendant's

2 Motion for Attorney's Fees.

### I.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.    INTRODUCTION

5       Plaintiff is the owner and holder of a promissory note, executed and delivered by

6 Defendant.  The Parties' promissory note stated that Plaintiff was entitled to an award of

7 attorney's fees if Plaintiff retained legal representation to enforce the promissory note.  Plaintiff

8 subsequently retained legal representation to enforce the promissory note.  Plaintiff filed suit

9 against Defendant seeking, *inter alia*, attorney's fees pursuant to the terms of the promissory note.

10 Plaintiff successfully obtained a judgment against Defendant, which included an award of

11 attorney's fees.

12       Plaintiff thereafter incurred attorney's fees enforcing her judgment against Defendant.

13 Plaintiff now seeks to recover the post-judgment attorney's fees she incurred to enforce her

14 judgment.

### B.    STATEMENT OF FACTS

16       On November 17, 1988, Plaintiff obtained a judgment against Defendant in the United

17 States District Court for the Southern District of Texas ("Texas Judgment").  Declaration of

18 Rhonda L. Nelson, ("Nelson Decl."), ¶__, Ex. __.  Plaintiff registered the Texas Judgment in this

19 Court on August 20, 1996 ("California Judgment").  Nelson Decl., ¶ __, Ex. __.  The California

20 Judgment expired by operation of law on August 20, 2006.  Nelson Decl., ¶ __.

21       On January 10, 2008, Plaintiff obtained a new Certification of Judgment from the

22 Southern District of Texas.  Nelson Decl., ¶ __, Ex. __.  This Certification of Judgment was based

23 on the same underlying Texas Judgment that Plaintiff had obtained on November 17, 1988.

24 Nelson Decl., ¶ __.  On January 11, 2008, Plaintiff registered the Texas Judgment for a second

25 time with this Court ("the Re-Registered Judgment").  Nelson Decl., ¶ __, Ex. __.  Thereafter,

26 Plaintiff took steps to enforce the Re-Registered Judgment.

27

28

1      On January 29, 2008, Plaintiff sought issuance of a writ of execution in connection with

2  the Re-Registered Judgment.  Nelson Decl., ¶ __, Ex. __.  A writ of execution was entered in this

3  action on February 26, 2008, in the amount of $393,867.04 (hereafter referred to as the "Writ of

4  Execution").  Nelson Decl., ¶ __, Ex. __.

5      On March 7, 2008, an Earnings Withholding Order was issued to Defendant's employer

6  Mechanic's Bank, which is located in Richmond, California (hereafter referred to as the "Earnings

7  Withholding Order").  Nelson Decl., ¶ __, Ex. __.  The Earnings Withholding Order notified

8  Mechanic's Bank of the Re-Registered Judgment, and instructed Mechanic's Bank to begin

9  garnishing Defendant's wages.  Nelson Decl., ¶ __, Ex. __.

10      On March 26, 2008, Defendant filed a motion that sought, *inter alia*, to vacate the Re-

11  Registered Judgment.  Nelson Decl., ¶ __, Ex. __.

12      On June 25, 2008, this Court issued its order denying Defendant's motion to vacate the

13  Re-Registered Judgment ("June 25th Order").  Nelson Decl., ¶ __, Ex. __.  The June 25th Order

14  thus concluded the Re-Registered Judgment is valid and enforceable.  Nelson Decl., ¶ __, Ex. __.

15      Plaintiff incurred $12,870.34 in attorney's fees to enforce the Re-Registered Judgment.

16  Nelson Decl., ¶ __, Ex. __.  More specifically, this amount represents Plaintiff's counsel's fees for

17  preparing Writ of Execution and the Earnings Withholding Order as well as successfully opposing

18  Defendant's motion to vacate the Re-Registered Judgment.  Nelson Decl., ¶ __, Ex. __.

19      Jan Chilton, a Partner with Severson & Werson and counsel for Plaintiff in this action,

20  spent 21.50 hours preparing for, and arguing, Plaintiff's opposition to Defendant's motion to

21  vacate the Re-Registered Judgment.  Mr. Chilton has been a Partner with Severson & Werson

22  since 1980.  Mr. Chilton's customary billing rate is $515.00 an hour.  Mr. Chilton utilized Juris,

23  Severson & Werson's billable time recording program, to record the hours he spent preparing for,

24  and arguing, Plaintiff's opposition to Defendant's motion to vacate the Re-Registered Judgment.

25  Based upon the foregoing, Mr. Chilton's fees to prepare for, and argue, Plaintiff's opposition to

26  Defendant's motion to vacate the Re-Registered Judgment totaled $11,278.50.  Nelson Decl., ¶

27

1   \_\_, Ex. \_\_.

2        David Pinch was previously employed as Special Counsel by Severson & Werson. Mr.

3 Pinch spent 3.30 hours preparing the Writ of Execution and the Earnings Withholding Order. Mr.

4 Pinch has been practicing law since 1986 and was employed by Severson & Werson from 2002 to

5 2008. Mr. Pinch's customary billing rate was $315.00 an hour. Mr. Pinch utilized Juris, Severson

6 & Werson's billable time recording program, to record the hours he spent preparing the Writ of

7 Execution and the Earnings Withholding Order. Based upon the foregoing, Mr. Pinch's fees to

8 prepare the Writ of Execution and the Earnings Withholding Order totaled $1,039.50. Nelson

9 Decl., ¶ \_\_, Ex. \_\_.

10        In addition, Severson & Werson's costs and expenses to prepare both the Writ of

11 Execution and the Earnings Withholding Order, and oppose Defendant's motion to vacate the Re-

12 Registered Judgment totaled $1,496.87. As such, Plaintiff incurred $13,814.87 in attorney's fees

13 to enforce the Re-Registered Judgment.

14        On July 9, 2008, Plaintiff filed the present motion for attorney's fees. Nelson Decl., ¶ \_\_.

15     **C.**     **ARGUMENT**

16         1.    <u>Legal Standard</u>

17        California Code of Civil Procedure Section 685.040 states that "[a] judgment creditor is

18 entitled to the reasonable and necessary costs of enforcing a judgment." Section 685.040 further

19 states that "[a]ttorney's fees incurred in enforcing a judgment are included as costs collectible

20 under this title if the underlying judgment includes an award of attorney's fees to the judgment

21 creditor pursuant to" California Code of Civil Procedure Section 1033.5 (a)(10)(A). California

22 Code of Civil Procedure Section 1033.5 (a)(10)(A), in turn, states that attorney's fees are

23 recoverable, as costs, when authorized by contract, statute or law.

24        Rule 54 of the Federal Rules of Civil Procedure, in conjunction with Civil Local Rule 54-

25 6, governs the procedure for requesting an award of attorney's fees in this Court.

26         2.    <u>Plaintiff Incurred Attorney's Fees Enforcing Her Judgment Against</u>

27             <u>Defendant</u>

28    10281/0001/159292.5         - 5 -         Motion for Attorney's Fees – Case No. CV 08-80004MISC-PJH

1    Plaintiff has taken steps to enforce the Re-Registered Judgment.

2    On February 26, 2008, the Writ of Execution was entered in this action on Plaintiff's

3  behalf.  On March 7, 2008, the Earnings Withholding Order was issued to Defendant's employer

4  Mechanic's Bank, notifying it of the Re-Registered Judgment and directing it to garnish

5  Defendant's wages.

6    On March 26, 2008, Defendant filed a motion that sought, *inter alia*, to vacate the Re-

7  Registered Judgment.  Plaintiff successfully opposed Defendant's motion to vacate the Re-

8  Registered Judgment.

9    Plaintiff has thus sought to enforce the Re-Registered judgment through the preparation

10  and issuance of the Writ of Execution and the Earnings Withholding Order, as well as opposing

11  Defendant's motion to vacate the Re-Registered Judgment.  Severson & Werson, Plaintiff's

12  counsel, billed Plaintiff for $13,814.87 in attorney's fees, including costs and expenses, to prepare

13  the Writ of Execution, the Earnings Withholding Order and oppose Defendant's motion to vacate

14  the Re-Registered Judgment.

15    As such, Plaintiff incurred $13,814.87 in attorney's fees to enforce the Re-Registered

16  Judgment.

17      3.    The Underlying Judgment Included an Award of Attorney's Fees
             Authorized by Contract

18
19    The Re-Registered Judgment is the judgment Plaintiff obtained against Defendant in an

20  action filed in the United States District Court for the Southern District of Texas and captioned

21  *Ireta Irby v. Brooks H. Haden*, Civil Action No. H-88-1781 (hereafter referred to as the

22  "Underlying Civil Action").

23    Plaintiff's Complaint in the Underlying Civil Action asserts claims against Defendant

24  based upon a promissory noted executed and delivered by Defendant (hereafter referred to as "the

25  Promissory Note").  Plaintiff is the owner and holder of the Promissory Note.  The Promissory

26  Note provided that if "this Note is referred to an attorney for collection, whether or not suit is

27  actually filed, [Defendant] will pay additionally a reasonable attorneys' fee of not less the [sic]

28

1    10% of the total amount due hereunder, plus all other Court costs and other costs of collection."

2    Plaintiff retained an attorney in conjunction with the Underlying Civil Action and

3    Plaintiff's Complaint in the Underlying Civil Action stated that Plaintiff sought an award of

4    attorney's fees pursuant to the Promissory Note.

5    Plaintiff ultimately obtained a judgment against Defendant (previously referred to as the

6    "Texas Judgment") in the Underlying Civil Action. The Texas Judgment, which became the Re-

7    Registered Judgment, includes an award of attorney's fees to Plaintiff pursuant to the terms of the

8    Promissory Note. As such, the Re-Registered Judgment includes an award of attorney's fees

9    authorized by contract.

10    **D.    CONCLUSION**

11    Plaintiff incurred attorney's fees enforcing her Re-Registered Judgment against Defendant,

12    by preparing and issuing the Writ of Execution and the Earnings Withholding Order, as well as

13    opposing Defendant's motion to vacate the Re-Registered Judgment. The Re-Registered

14    Judgment included an award of attorney's fees authorized by contract—namely, the Parties'

15    Promissory Note. As such, Plaintiff is eligible to recover the post-judgment attorney's fees she

16    incurred to enforce the Re-Registered Judgment, pursuant to Rule 54 of the Federal Rules of Civil

17    Procedure, Civil Local Rule 54-6, California Code of Civil Procedure section 685.040 and

18    California Civil Code section 1033.5. Plaintiff therefore respectfully requests that the Court grant

19    Plaintiff's present motion for attorney's fees.

20

21    DATED: July 9, 2008                          SEVERSON & WERSON
                                                     A Professional Corporation
22

23

24    By:_____/s/ _Rhonda L. Nelson_____
                                                     Rhonda L. Nelson

25                                                   Attorneys for Plaintiff
                                                     Ireta Irby
26

27

28    10281/0001/159292.5              - 7 -        Motion for Attorney's Fees – Case No. CV 08-80004MISC-
                                                    PJH