\\BL-PSERVER\...\FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\VACATE R...RATION\MOTION VACATE\NOTICE APPEAL 072308 MLP.DOC

FILED

1  BARTLETT, LEADER-PICONE & YOUNG, LLP
   MALCOLM LEADER-PICONE (State Bar No. 104620)
2  2201 BROADWAY, SUITE 803
   OAKLAND, CA 94612
3  TELEPHONE: (510) 444-2404
   FACSIMILE: (510) 444-1291
4

Attorneys for Defendant, specially appearing
BROOKS HENDERSON HADEN

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IRETA IRBY, | No. 3:08-c-80004-PJH |
| Plaintiff, | **NOTICE OF APPEAL OF ORDER AND AMENDED ORDER DENYING DEFENDANT'S MOTION TO VACATE JANUARY 11, 2008 REGISTRATION OF FOREIGN JUDGMENT.** |
| vs. | |
| BROOKS HENDERSON HADEN, | |
| Defendants. | Order Entered on June 25, 2008 and Amended on July 9, 2008 |
| | Hon. Phyllis J. Hamilton |

**TO THE COURT, AND TO PLAINTIFF IRETA IRBY THROUGH HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Brooks Haden does hereby appeal the Court's Order, entered on June 25, 2008, and amended by order entered on July 9, 2008, denying defendant's motion to vacate the District Court's registration of the plaintiff's Texas judgment in the Northern District of California on January 11, 2008. True and correct copies of the Order and the Amendment to Order are attached hereto and made a part hereof.

////

////

\\BL-PSERVER\...\FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\VACATE R...RATION\MOTION VACATE\NOTICE APPEAL 072308 MLP.DOC

Respectfully submitted,

DATED: July 23, 2008.

BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: _____
MALCOLM LEADER-PICONE
Attorneys for Defendant

**NOTICE OF APPEAL.** Case No. 3:08-c-80004-PJH

-ii-

Case 3:08-mc-80004-PJH   Document 27   Filed 07/23/2008   Page 3 of 14

\\BL-PSERVER\…\FILES\CLIENT FILES\G TO I\HADEN, B\IRBY\MOTIONS\VACATE R…RATION\MOTION VACATE\NOTICE APPEAL 072308 MLP.DOC

# PROOF OF SERVICE

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803 Oakland, CA 94612. On July 23, 2008, I served the following document(s) entitled:

**NOTICE OF APPEAL OF ORDER AND AMENDED ORDER DENYING DEFENDANT'S MOTION TO VACATE JANUARY 11, 2008 REGISTRATION OF FOREIGN JUDGMENT.**

upon the following person(s) in said action as follows:

| **By Email and First Class Mail**: | **Chambers Copy By First Class Mail**: |
|---|---|
| Rhonda I. Nelson, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br><br>Telephone: 415-398-3344<br>Facsimile: 415-956-0439<br>Email: rln@severson.com | Hon. Phyllis J. Hamilton<br>U.S. District Court Judge<br>U.S. District Court, Crtrm. 3, 17th Floor<br>U.S. Courthouse/Phillip Burton Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on July 23, 2008.

Malcolm Leader-Picone

**PROOF OF SERVICE**   Case No. 3:08-c-80004-PJH

Case 3:08-mc-80004-PJH   Document 23   Filed 06/25/2008   Page 1 of 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRETA IRBY,

    Plaintiff,

    v.

BROOKS HENDERSON HADEN,

    Defendant.

No. C 08-80004 MISC PJH

**ORDER DENYING MOTION TO VACATE REGISTRATION OF FOREIGN JUDGMENT**

Defendant's motion to vacate plaintiff's January 2008 registration of foreign judgment, and for a permanent injunction, came on for hearing before this court on May 14, 2008. Plaintiff Ireta Irby ("plaintiff") appeared through her counsel, Vincent A. Harrington. Defendant Brooks Henderson Haden ("defendant"), appeared through his counsel, Malcolm Lider-Picone. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion as follows, and for the reasons stated at the hearing.

**BACKGROUND**

This action is a miscellaneous matter that was assigned to the general duty judge in January 2008. It is based on a California judgment registered in the Northern District of California, which in turn rests upon an underlying Texas judgment.

A.    The Original Registered Judgment

On November 17, 1988, plaintiff obtained a judgment against defendant in the United States District Court for the Southern District of Texas ("Texas judgment"). Plaintiff registered the Texas judgment in this court on August 20, 1996. See Leader-Picone Decl., Ex. A ("California judgment"). This California judgment expired by operation of law on



Exhibit A

1  August 20, 2006, ten years after it was registered.

2  B.  The Re-Registered Judgment

3  On January 10, 2008, plaintiff obtained a new Certification of Judgment from the
4  Southern District of Texas. This certification was based on the same underlying Texas
5  Judgment that plaintiff had obtained on November 17, 1988. The next day, on January 11,
6  2008, plaintiff registered the Texas judgment for a second time in this court. On January
7  29, 2008, plaintiff sought issuance of a writ of execution in connection with the re-registered
8  judgment. Plaintiff's supporting declaration did not disclose, however, the earlier 1996
9  registered judgment, or the fact that the earlier registered judgment had expired on August
10  20, 2006.

11  A writ of execution was entered in this action on February 26, 2008, in the amount of
12  $393,867.04. On March 7, 2008, an Earnings Withholding Order was issued to defendant's
13  employer Mechanics Bank, located in Richmond, CA. The order notified Mechanics Bank
14  of defendant's outstanding judgment amount, and instructed defendant's employer to begin
15  garnishing defendant's wages. See Leader-Picone Decl., Ex. B.
16  On March 26, 2008, defendant filed a motion for temporary restraining order, seeking to
17  prevent the garnishment of his wages and to vacate the re-registered judgment, on
18  grounds that the 2008 judgment was based on the original 1996 registration of the
19  judgment, which had expired in August 2006.

20  The court denied defendant's motion for temporary restraining order, but allowed
21  defendant to file a motion for an order vacating the January 2008 re-registration of
22  judgment and for a permanent injunction, based on the same legal grounds. The court also
23  ordered that any money garnished by defendant's employer in the interim was to be held by
24  the U.S. Marshal until a final determination on the merits of the motion to vacate and for
25  permanent injunction could be had.

26  The motion is now before the court.

27

28

2

## DISCUSSION

A.  Legal Standards

To prevail on a motion for permanent injunction, plaintiff must show (1) the likelihood of substantial and immediate irreparable injury; and (2) the inadequacy of remedies at law. See Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996); see also Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1042 (9th Cir.1999)("In order to be entitled to an injunction, Plaintiff must make a showing that he faces a real or immediate threat of substantial or irreparable injury."). In issuing a permanent injunction, the court must balance the equities between the parties, and give due regard to the public interest. See Idaho Watersheds Project v. Hahn, 307 F.3d 815, 833 (9th Cir. 2002).

B.  Analysis

This case presents an interesting issue for which there is no controlling case law directly on point: whether a plaintiff who registers a foreign judgment in California and then allows that judgment to go dormant under California law, can subsequently re-register that same foreign judgment as a new judgment (thereby commencing the enforcement period all over again), so long as the underlying judgment remains valid in the foreign state. As applied to the facts here, the question is specifically whether plaintiff's January 2008 registration of an underlying Texas judgment is valid, even though plaintiff originally registered the same Texas judgment in California in 1996 and allowed the period for enforcement to expire under California law, and in view of the fact that the underlying Texas judgment remains enforceable.

Preliminarily, a review of the relevant legal principles regarding enforcement of foreign judgments is in order. A judgment from a sister state is entitled to the same "full faith and credit" in every court within the United States as it has by law or usage in the courts of the sister state. See, e.g., U.S. Const., Art. IV, § 1; see also Valley Nat'l Bank v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). To that end, a plaintiff who secures a monetary judgment in federal district court in a foreign state is permitted to

3

register the judgment in a district of another state, in order to enforce that registered judgment pursuant to the forum state's enforcement laws. See 28 U.S.C. § 1963 ("[a] judgment in an action for the recovery of money or property entered in any court of appeals, district court ... may be registered by filing a certified copy of the judgment in any other district or ... in any judicial district, when the judgment has become final..."). Enforcement measures, however, do not travel with the sister state judgment. Rather, enforcement measures are those of the forum state. Accordingly, a foreign judgment that is registered in district court in California is subject to California enforcement measures. As applied here, this means that, although the original underlying judgment arose in Texas, plaintiff's registration of the judgment in California district court means that it is California law that controls the question of its enforcement in California.

Turning to California law, Code of Civil Procedure § 683.020 defines the period for enforceability of judgments, and provides that a money judgment may not be enforced after the expiration of 10 years following the date of entry of the judgment. See Cal. Code Civ. Proc. § 683.020. There are certain ways to preserve a judgment, however. One way is to file an application for renewal of the judgment under the terms of Code of Civil Procedure sections 683.120 and 683.130. This automatically renews the judgment for another period of ten years. See id. at § 683.120(b)("the filing of the [renewal] application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed"). A renewal application must be filed before the expiration of the 10-year enforceability period, however. Id. at § 683.130 ("the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability provided by Section 683.020"); see also Kertesz v. Ostrovsky, 115 Cal. App. 4th 369, 372-73 (2004).

Alternatively, the second way to preserve a judgment is through Code of Civil Procedure § 683.050, which allows a judgment creditor to bring a separate action on a

4

1  judgment. See Cal. Code Civ. Proc. § 683.050 ("Nothing in this chapter limits any right the
2  judgment creditor may have to bring an action on a judgment"). Any such action under this
3  provision must be commenced "within the period described by [Code of Civil Procedure]
4  Section 337.5." See id. Section 337.5, like the above sections governing general
5  enforcement time and renewal applications, also prescribes a ten year limitation for an
6  "action upon a judgment." See Kertesz, 115 Cal. App. 4th at 373. However, this ten year
7  period is distinct from the ten year limitation period that is applicable to sections 683.020
8  and 683.130. The ten year period prescribed in section 683.020 commences on the date of
9  the judgment's entry and is not tolled for any reason. The ten year period prescribed by
10 section 337.5, however, commences on the date the judgment is final, and may be tolled in
11 particular circumstances.
12      Turning to the issue at hand, the following facts are undisputed: that plaintiff
13 obtained a default judgment against defendant in 1988 in district court for the Southern
14 District of Texas; that plaintiff registered that judgment here in the Northern District of
15 California on August 20, 1996; that this 1996 judgment was never renewed via application
16 for renewal; that the underlying Texas judgment has remained valid and enforceable since
17 its entry in 1988 (due to plaintiff's execution of writ of attachment); that on January 10,
18 2008, plaintiff obtained a new Certification of Judgment from the Southern District of Texas
19 based on the same underlying 1988 Texas judgment; that on January 11, 2008, plaintiff
20 registered the underlying Texas judgment for a second time in this district; and that a writ of
21 execution on the January 11, 2008 judgment was issued in this action on March 3, 2008.
22 See Mot. for Prelimin. Inj. and to Vacate Judgment ("Defendant's Motion"), Ex. C; see also
23 Leader-Picone Decl., Ex. A; Nelson Decl., attached to Defendant's Motion, at Exs. A-B.
24      Based on this history, defendant argues that, having allowed the ten year period for
25 enforcement of her 1996 California judgment to expire without renewal, plaintiff cannot
26 save that judgment from expiration by registering the original underlying Texas judgment a
27 second time. Defendant invokes California's statutory provisions and Ninth Circuit authority
28

1  that holds that a judgment creditor who registers a foreign judgment in California district
2  court, has ten years from the date of registration in which to enforce the judgment under
3  California law. See, e.g., Marx v. Go Publishing Co., 721 F.2d 1272 (9th Cir. 1983).
4      To this plaintiff responds that, so long as the original underlying Texas judgment
5  was, and is, still enforceable, it may be *re*-filed in California, and is entitled to recognition as
6  a judgment worthy of enforcement under California law. Plaintiff relies on a U.S. Supreme
7  Court case, and an Oklahoma appellate decision, which plaintiff asserts suggest that re-
8  registration of a foreign judgment can cure expiration problems in the enforcement state, as
9  long as the underlying foreign judgment remains valid in the foreign state. See Watkins v.
10 Conway, 385 U.S. 188 (1966); Yorkshire West Capital, Inc. v. Rodman, 149 P.3d 1088
11 (Okla. Civ. App. Div. 2006).
12     There is no controlling Ninth Circuit authority that settles the question before the
13 court here – i.e., whether plaintiff can register a valid underlying foreign state judgment a
14 second time, and in so doing, circumvent the 10 year enforcement period that applied to
15 the original registration of the judgment in California. Well-established principles of law do
16 dictate, however, that so long as an originating state has an enforceable judgment, that
17 judgment is entitled to full faith and credit in the foreign state in which a plaintiff seeks
18 enforcement. See, e.g., Watkins, 385 U.S. 188; see also Rosch v. Kelly, 527 F.2d 871, 872
19 (5th Cir. 1976). Plaintiff is correct, for example, that in Watkins, the Supreme Court
20 suggested that, where a plaintiff sought to enforce a foreign Florida judgment that had been
21 registered in Georgia and was barred from doing so because the judgment had gone
22 dormant under Georgia law, plaintiff could renew the judgment in Florida, then come back
23 to Georgia and properly file another action to enforce the judgment. See Watkins, 385 U.S.
24 at 189-90. Furthermore, although not controlling authority, the court's reasoning in
25 Yorkshire West Capital is helpful, as it is the only case cited by the parties that addresses
26 the re-registration of valid foreign judgments notwithstanding their expiration in the forum
27 enforcement state. There, the Oklahoma court considered a foreign Texas judgment that
28

6

1  had been registered in Oklahoma and had expired under Oklahoma's enforcement
2  statutes, but had successfully been revived in Texas. In ruling that plaintiff could seek to
3  register the Texas judgment in Oklahoma for a second time, the court noted: "[t]he
4  judgment's validity in the issuing state is paramount, and nothing in the [Oklahoma Act]
5  expressly prohibits a second filing of a judgment." See 149 P.3d at 1093.

6        The court adopts this same rationale here, as it is consistent with the court's
7  reasoning in Watkins, which *is* controlling. Moreover, neither party disputes that, while §§
8  683.020 and 683.050 of the California Code of Civil Procedure contemplate a ten year
9  enforcement period and statute of limitations regarding registered judgments, respectively,
10 there is no statutory provision that expressly *prohibits* the second registration of a
11 judgment. Nor has defendant relied on any California authority that otherwise prohibits the
12 second registration of an otherwise valid foreign judgment. All of which supports the
13 conclusion that, even though the foregoing statutory provisions bar plaintiff's enforcement
14 of the 1996 registration of the underlying Texas judgment, plaintiff's timely renewal of the
15 underlying judgment in Texas and subsequent re-registration of the same judgment in
16 California, is permissible.

17       Seeking to avoid this conclusion, defendant argues that allowing plaintiff to file her
18 judgment a second time permits plaintiff to circumvent California's statutory enforcement
19 scheme, since California law expressly contemplates that, once a judgment is registered,
20 that judgment will necessarily expire after 10 years unless it is either renewed, or an action
21 upon it is taken, with no other possibilities enumerated. See CCP §§ 683.120 and 683.130
22 CCP § 683.050. Without disagreeing with defendant's recitation of the law, however, it is
23 sufficient to note, as above, that California's statutory enforcement provisions take no
24 position with respect to the re-*registration* of a valid judgment. As such, the statutory
25 scheme is silent on the precise issue before the court here.

26       Furthermore, the equities in this case are also tilted in favor of allowing plaintiff to re-
27 register the underlying Texas judgment. See, e.g., Idaho Watersheds Project, 307 F.3d at
28

7

1  833 ("court must balance the equities between the parties, and give due regard to the
2  public interest"). Plaintiff has spent years attempting to secure her judgment against
3  defendant, and has by all accounts been diligent in her efforts to pursue defendant.
4  Defendant, by contrast, has presented no explanation for his efforts to avoid enforcement
5  of the judgment.

6  Finally, in their papers and at the hearing, the parties also raised alternative
7  arguments that could provide other avenues for resolution of the instant dispute. Wholly
8  aside from the question whether plaintiff's January 2008 re-registration of the underlying
9  Texas judgment is sufficient as a timely second filed judgment, for example, is the question
10 whether plaintiff's February 13, 1997 nondischargeability complaint, and/or the bankruptcy
11 court's April 28, 1998 judgment of nondischargeability in the related bankruptcy
12 proceedings (and subsequent appeal) qualify as timely actions on the judgment
13 commencing their own ten year enforcement periods under California's statutory
14 provisions. There is also the question whether plaintiff is entitled to any tolling under
15 California Code of Civil Procedure § 337.5, due to time spent in bankruptcy proceedings,
16 such that plaintiff's 2008 registration of the judgment can be considered timely. See, e.g.,
17 Rhonda L. Nelson Decl., Exs. C, E, G.

18 Despite having raised these issues, however, the legal implications of defendant's
19 bankruptcy proceedings upon the statutory enforcement provisions in question remain
20 unclear. While plaintiff has cited to Ninth Circuit authority that holds that
21 nondischargeability actions filed in bankruptcy proceedings, and/or nondischargeability
22 rulings issued by the court can constitute actions on the judgment that commence their own
23 ten year enforcement periods, defendant has correctly noted that this authority is
24 unpublished and should not be relied upon as such. Yet the parties failed to cite to any
25 other authority that clarifies the effect of nondischargeability actions on California's
26 enforcement provisions – one way or the other. The parties furthermore failed to brief the
27 issue of tolling under § 337.5, and although they argued it at the hearing, they were unable
28

8

to agree upon the period of time corresponding to defendant's bankruptcy proceedings that should be tolled, making it impossible for the court to affirmatively resolve the issue of plaintiff's entitlement to tolling under § 337.5.

In sum, the parties' alternative arguments – which are based on the legal effect of defendant's bankruptcy proceedings – cannot be resolved on the record presented to the court. As such, the court declines to reach the merits of these alternative grounds, and rests its decision on the only ground that *was* fully presented – i.e., whether plaintiff's re-registration of the underlying Texas judgment is permissible, even though an earlier registration of the same underlying Texas judgment has expired.

For the reasons already stated, the court resolves this issue in favor of plaintiff.

C.    Conclusion

For the foregoing reasons, defendant's motion to vacate plaintiff's 2008 registration of foreign judgment, and for a permanent injunction, is DENIED. In view of the two decades that plaintiff has attempted to execute on that judgment, the court declines to stay enforcement of plaintiff's judgment against defendant in California.

The court will, however, leave intact its prior order instructing the U.S. Marshal to hold all funds garnished from defendant, pending any appeal that defendant wishes to take. In the event that no appeal is filed, plaintiff shall file a proposed order instructing the Marshal to turn over all funds to plaintiff, within 10 days of the expiration of the appeal deadline.

**IT IS SO ORDERED.**

Dated: June 25, 2008

PHYLLIS J. HAMILTON
United States District Judge

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRETA IRBY,

    Plaintiff,

    v.

BROOKS HENDERSON HADEN,

    Defendant.

No. C 08-80004 MISC PJH

**AMENDMENT TO ORDER DATED JUNE 25, 2008**

    The court is in receipt of a June 26, 2008 letter from plaintiff's counsel, requesting that the court amend its order of June 25, 2008 in order to correct the identification of plaintiff's counsel to reflect "Rhonda L. Nelson and Jan T. Chilton" rather than "Vincent A. Harrington", and further requesting that the court publish the decision. In a response dated June 27, 2008, defendant does not oppose an amendment correcting counsel's name, but opposes any request for publication.

    Plaintiff's request to correct the names appearing in the order is GRANTED and the court hereby AMENDS the June 25 order to reflect that plaintiff was represented by Rhonda L. Nelson and Jan T. Chilton at the hearing on defendant's motion to vacate registration of foreign judgment.

    The court construes plaintiff's request that the court publish the June 25 order as a request that the court submit the order to West Publishing with a request that it publish the order. The request is DENIED. This court cannot recall ever making such a request of West or of any other publisher, yet the parties are advised that there are nonetheless dozens of this court's orders and decisions published in the Federal Supplement and hundreds published on-line. All of this court's written product is in the public record and

Exhibit B

Case 3:08-mc-80004-PJH   Document 24   Filed 07/09/2008   Page 2 of 2

1  publishers decide for themselves what to publish. Thus this denial has no effect on
2  whether the order will ultimately be published.
3      The court takes this opportunity to correct defense counsel's mis-characterization of
4  the June 25 order. The court did not *rely* upon an Oklahoma state court applying
5  Oklahoma state law in deciding the California law question presented by this motion.
6  Rather the court found the reasoning of the Oklahoma court helpful, although not
7  controlling, and more importantly, consistent with United States Supreme Court authority,
8  which is controlling.
9  **IT IS SO ORDERED.**
10 Dated: July 9, 2008

PHYLLIS J. HAMILTON
United States District Judge